1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ERIC NELSON,
Plaintiff/Petitioner

v.

TOWN OF SOUTH KINGSTOWN;
SOUTH KINGSTOWN POLICE DEPARTMENT;
MATTHEW C. MOYNIHAN, individually and in his official capacity;
MEGAN RENSHAW, individually and in her official capacity;
URSILLO, TEITZ & RITCH LTD.;
UNKNOWN ATTORNEYS AND AGENTS OF URSILLO, TEITZ & RITCH LTD. and the following
listed attorneys of the same: MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH;
TROY L. COSTA; AMY H. GOINS; PETER F. SKWIRZ;
and DOES 1–100;  Defendants/Respondents

Case to be Assigned: _____

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

INTRODUCTION

1. This action seeks declaratory and prospective injunctive relief concerning a recurring and substantial federal constitutional question arising from the conduct of governmental actors and attorneys operating under color of state law within the State of Rhode Island.

2. Specifically, Plaintiff seeks a judicial declaration concerning whether governmental entities and attorneys acting under color of law may:
   a. issue legally operative governmental determinations anonymously;
   b. conceal the identity of the responsible legal actor;
   c. deny or obstruct statutory rights through unattributed legal instruments;
   d. employ repetitive opaque procedures and boilerplate denials;
   e. impose allegedly unlawful procedural burdens and fee structures; and
   f. retaliate against citizens for engaging in protected petitioning and transparency activity.

3. Plaintiff further seeks declarations that such conduct:
   a. violates procedural due process;
   b. violates the First Amendment and Petition Clause;

   c. constitutes actionable retaliation under 42 U.S.C. § 1983;

   d. unlawfully chills protected governmental petitioning;

   e. impairs meaningful access to governmental review mechanisms; and

   f. is actionable by private citizens subjected to such conduct.

4. Plaintiff does not seek abstract advisory opinions.

5. Rather, Plaintiff seeks resolution of an ongoing and active controversy arising from repeated governmental actions allegedly undertaken pursuant to municipal customs, practices, supervisory failures, or institutionalized opaque administrative procedures.

## JURISDICTION AND VENUE

6. This Court possesses jurisdiction pursuant to:

   a. 28 U.S.C. § 1331;

   b. 28 U.S.C. § 1343;

   c. 42 U.S.C. § 1983;

   d. 28 U.S.C. §§ 2201–2202;

   and

   e. supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Plaintiff Michael Eric Nelson is a resident of South Kingstown, Rhode Island.

9. Plaintiff engaged in constitutionally protected activities including:

   a. APRA requests;

   b. governmental petitioning;

   c. requests for transparency;

   d. criticism of governmental conduct;

   and

   e. attempts to obtain public accountability.

10. Defendant Town of South Kingstown is a municipal corporation acting under color of state law.

11. Defendant South Kingstown Police Department ("SKPD") is an agency and instrumentality of the Town.

12. Defendant Matthew C. Moynihan acted at all relevant times under color of state law, even when pretending to befriend the plaintiff under the guise of caring for his family during a crisis.

13. Defendant Megan Renshaw acted individually and/or as an employee, representative, records official, or governmental actor associated with APRA administration.

14. Defendant Ursillo, Teitz & Ritch Ltd. ("UTR") acted as municipal counsel and/or legal advisor concerning APRA administration and governmental determinations.

15. Defendant Peter F. Skwirz acted individually and/or in supervisory or advisory capacities concerning municipal legal determinations and APRA administration.

16. DOES 1–100 are presently unidentified attorneys, municipal officials, supervisors, employees, agents, or participants involved in the conduct described herein.

## FACTUAL BACKGROUND

## I. SYSTEMATIC USE OF UNATTRIBUTED LEGAL DETERMINATIONS

17. Beginning no later than February 2026 and continuing thereafter, Defendants repeatedly issued legally substantive APRA-related communications:
a. denying records;
b. asserting exemptions;
c. interpreting statutes;
d. imposing fee demands;
e. asserting tolling rights;
f. determining segregability;
and
g. applying legal precedent.

18. Communications by the Town of South Kingstown on its own letterhead and in letters on the letterhead of the law firm in communications:
a. omitted signatures;
b. omitted attribution;
c. omitted identification of custodians;

d. omitted responsible attorneys;
and

e. omitted accountable governmental decisionmakers

f. omitting any possibility of citizens to appeal,

g. omitting any sworn certification as required under law.

19. Plaintiff alleges these unattributed communications materially impaired:
a. meaningful appellate review;
b. accountability;
c. transparency;
d. disciplinary review;
e. procedural fairness;
and
f. meaningful exercise of statutory and constitutional rights.

## II. REPETITIVE BOILERPLATE RESPONSES

20. Defendants repeatedly deployed materially identical unsigned communications across numerous APRA requests regardless of:
a. subject matter or Date;
b. custodial differences;
c. scope;
d. responsive-record categories;
or
e. complexity.

21. Plaintiff alleges the repeated use of materially identical unattributed legal determinations evidences:
a. institutionalized practices;
b. lack of individualized review;
c. deliberate opacity;
d. constructive denial mechanisms;
and
e. retaliatory administrative burdening.

## III. CONTRADICTORY GOVERNMENTAL REPRESENTATIONS

22.    Defendants allegedly issued materially inconsistent statements regarding:
   a. whether records existed;
   b. whether responsive records had already been produced;
   c. whether records could be segregated;
   d. whether investigations justified withholding;
   and
   e. whether responsive materials existed at all.
23.    Plaintiff alleges these contradictions support plausible inferences of:
   a. arbitrary administration;
   b. procedural unreliability;
   c. bad faith;
   d. lack of standardized procedures;
   and
   e. unconstitutional opacity.

## IV. ALLEGED RETALIATORY BURDENING

24.    Plaintiff alleges that after engaging in protected APRA and governmental petitioning activity (including medical advocacy), Defendants repeatedly:
   a. imposed allegedly excessive fee structures;
   b. issued repetitive boilerplate denials;
   c. employed opaque procedures;
   d. concealed decisionmakers;
   e. failed to identify custodians;
   and
   f. burdened Plaintiff's ability to pursue transparency rights.
25.    Plaintiff alleges the cumulative effect of these practices was reasonably capable of deterring a person of ordinary firmness from continuing to exercise protected rights.  Even then Chief Matthew Moynihan befriended the Plaintiff under guise of concern for the welfare of his family in the midst of multiple medical crises, instead Moynihan complained on 24 March 2026 regarding a certified mail letter he received on 23 March 2026 making APRA requests at his urging.

## V. ONGOING CONTROVERSY

26. Plaintiff alleges the challenged practices remain active, ongoing, and capable of repetition.

27. Plaintiff further alleges that the conduct complained of is not isolated but reflects:

a. customs;

b. practices;

c. supervisory failures;

d. deliberate indifference;

or

e. institutional ratification.

## COUNT I
## DECLARATORY JUDGMENT — PROCEDURAL DUE PROCESS (US Constitutional guaranteed right)

28. Plaintiff incorporates all preceding paragraphs.

29. An actual and justiciable controversy exists concerning whether governmental entities and attorneys acting under color of state law may constitutionally:

a. issue legally operative determinations anonymously;

b. conceal responsible legal actors;

c. deny statutory rights through unattributed legal instruments;

and

d. materially impair meaningful review and accountability.

30. Plaintiff seeks declarations that such conduct violates:

a. procedural due process;

b. principles of accountable governmental administration;

and

c. constitutional requirements of identifiable governmental authority.

## <u>COUNT II</u>
## DECLARATORY JUDGMENT — FIRST AMENDMENT AND PETITION CLAUSE

31. Plaintiff incorporates all preceding paragraphs.

32. Plaintiff engaged in protected First Amendment activity including:
   a. APRA requests;
   b. governmental petitioning;
   c. criticism of governmental conduct;
   and
   d. requests for transparency and accountability.

33. Plaintiff seeks declarations that governmental actors may not constitutionally retaliate against citizens through:
a. opaque administrative procedures;
b. repetitive boilerplate denials;
c. allegedly pretextual fee structures;
d. concealment of decisionmakers;
or
e. constructive burdening of transparency activity.

34. Plaintiff further seeks declarations that such conduct is actionable under 42 U.S.C. § 1983 by private citizens subjected to such retaliation or burdening.

## COUNT III
## DECLARATORY JUDGMENT — MONELL LIABILITY AND MUNICIPAL CUSTOMS

35. Plaintiff incorporates all preceding paragraphs.

36. Plaintiff seeks declarations that municipal entities may be held liable under Monell where constitutional injuries arise from:
a. municipal customs;
b. institutional practices;
c. supervisory failures;
d. deliberate indifference;
e. ratification;
or
f. widespread opaque administrative procedures.

37. Plaintiff alleges the repeated use of materially identical unattributed governmental determinations supports plausible inference of institutionalized practices rather than isolated conduct.

## COUNT IV
## DECLARATORY JUDGMENT — ACTIONABILITY OF OPAQUE GOVERNMENTAL PRACTICES

38.    Plaintiff incorporates all preceding paragraphs.

39.    Plaintiff seeks declarations that private citizens subjected to:
   a. anonymous governmental determinations;
   b. concealed legal decisionmakers;
   c. contradictory governmental representations;
   d. retaliatory procedural burdening;
   e. constructive denial mechanisms;
   and
   f. opaque administrative frameworks

may seek relief under federal civil-rights law.

40.    Plaintiff further seeks declarations that governmental opacity and concealment of legally responsible actors may constitute actionable constitutional injury where such conduct materially impairs review, accountability, petitioning, or procedural fairness.

## COUNT V
## INJUNCTIVE RELIEF

41.    Plaintiff incorporates all preceding paragraphs.

42.    Plaintiff faces ongoing and continuing injury because the challenged practices allegedly remain active and capable of repetition.

43.    Plaintiff seeks prospective injunctive relief requiring:
   a. attribution of legally operative governmental determinations;
   b. identification of custodians and accountable decisionmakers;
   c. transparent APRA review procedures;
   d. individualized governmental review practices;
   and
   e. prohibition of unattributed legally operative governmental determinations affecting statutory rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that governmental and legal authority affecting statutory rights may not constitutionally be exercised anonymously while concealing the responsible legal actor;

B. Declare that citizens possess enforceable constitutional rights to identifiable and accountable governmental decisionmaking where statutory rights are materially affected;

C. Declare that retaliation, burdening, harassment, or constructive obstruction directed at citizens for exercising protected transparency and petitioning rights is actionable under 42 U.S.C. § 1983;

D. Declare that municipal customs, supervisory failures, deliberate indifference, and institutional ratification may give rise to Monell liability where opaque governmental practices impair constitutional rights;

E. Enjoin Defendants from issuing unattributed legally operative governmental determinations;

F. Require implementation of constitutionally adequate attribution and accountability procedures;

G. Award costs and fees pursuant to 42 U.S.C. § 1988;

H. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

/s/

Michael Eric Nelson
33 hartfod av s. kingstownRIO2879 702.932.3434