**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL ERIC NELSON,**
Plaintiff,

v.

Town of South Kingstown;
South Kingstown Police Department;
Matthew C. Moynihan, in his official and individual capacities; and JOHN DOES
1–25,
Defendants.

Civil Action No. _____

---

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED PRESERVATION RELIEF PURSUANT TO FED. R. CIV. P. 65**

Plaintiff Michael Eric Nelson ("Plaintiff"), appearing pro se, hereby moves this Honorable Court pursuant to Rules 26(d), 34, 37(e), and 65 of the Federal Rules of Civil Procedure for the immediate issuance of a Temporary Restraining Order ("TRO"), Preliminary Injunction, and related emergency preservation relief against Defendants.

In support thereof, Plaintiff states as follows:

---

## I. INTRODUCTION

This action arises from an escalating pattern of retaliatory governmental conduct directed toward Plaintiff, a federal whistleblower who has, since approximately

2017–2018, reported extensive cryptocurrency-related fraud schemes involving alleged securities fraud, money laundering, financial exploitation, and associated violent criminal conduct impacting tens of thousands of American citizens.

Plaintiff seeks emergency equitable relief because there exists a substantial and imminent risk that Defendants will destroy, alter, conceal, overwrite, redact, or otherwise render unavailable materially relevant evidence, including electronically stored information ("ESI"), body-worn camera recordings, CAD logs, dispatch recordings, communications, metadata, and inter-agency correspondence relevant to anticipated federal civil-rights litigation.

The requested relief is necessary to preserve the integrity of judicial proceedings and prevent irreparable evidentiary spoliation.

## II. JURISDICTION AND VENUE

This Court possesses subject matter jurisdiction pursuant to:

- 28 U.S.C. § 1331 (Federal Question Jurisdiction);
- 28 U.S.C. § 1343(a)(3)–(4);
- 42 U.S.C. § 1983; and
- the First, Fourth, and Fourteenth Amendments to the United States Constitution.

Venue is proper within this District pursuant to 28 U.S.C. § 1391 because the acts and omissions complained of occurred substantially within the District of Rhode Island.

## III. FACTUAL BACKGROUND

### A. Plaintiff's Whistleblower Activity

Plaintiff has for years engaged in protected whistleblower activity concerning alleged large-scale cryptocurrency fraud schemes and related criminal activity.

Upon information and belief, those disclosures overlap with multiple ongoing federal and international investigations involving securities fraud, money laundering, and associated criminal enterprises.

Publicly available federal enforcement litigation filed by the U.S. Securities and Exchange Commission identifies Salina, Kansas as a relevant locus of conduct connected to ongoing investigations.

---

## B. Escalating Retaliatory Conduct

Plaintiff alleges that Defendants have engaged in a continuing course of retaliatory conduct, including but not limited to:

1. selective enforcement actions;
2. retaliatory investigatory conduct;
3. obstruction and concealment of public records;
4. inconsistent and contradictory governmental representations;
5. deprivation of procedural due process; and
6. conduct intended to chill constitutionally protected speech and petitioning activity.

Plaintiff further alleges that Defendants have issued contradictory statements regarding the existence, custody, and preservation status of responsive evidence.

---

## C. Immediate Threat of Spoliation

Plaintiff has reason to believe that materially relevant evidence is presently at risk of destruction or alteration, including:

- body-worn camera footage;
- CAD records;
- dispatch audio;
- internal communications;
- metadata;
- mobile device communications;

- server and audit logs; and
- inter-agency communications involving third-party agencies.

Absent immediate judicial intervention, Plaintiff faces the imminent risk that critical evidence will be permanently lost.

---

## IV. LEGAL STANDARD

A TRO and preliminary injunction are appropriate where the movant demonstrates:

1. a likelihood of success on the merits;
2. irreparable harm absent injunctive relief;
3. that the balance of equities favors the movant; and
4. that the requested injunction serves the public interest.

See Winter v. Natural Resources Defense Council.

Courts possess broad equitable authority to issue preservation orders and anti-spoliation directives where evidence destruction is reasonably anticipated.

---

## V. ARGUMENT

### A. Plaintiff Is Likely To Succeed On The Merits

Plaintiff has plausibly alleged violations of:

- the First Amendment;
- the Fourteenth Amendment Due Process Clause;
- federal civil-rights statutes;
- federal anti-retaliation protections; and
- municipal liability principles under Monell v. Department of Social Services.

The documentary record already demonstrates contradictions and inconsistencies concerning evidence preservation and disclosure.

Such contradictions strongly support an inference of bad faith, retaliatory motive, and deliberate indifference.

---

## B. Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief

Once destroyed, overwritten, or altered, electronically stored evidence cannot be meaningfully restored.

The destruction of evidence central to constitutional litigation constitutes quintessential irreparable harm.

Courts routinely recognize that spoliation of digital evidence justifies immediate injunctive intervention.

---

## C. Balance of Equities Favors Plaintiff

The requested relief merely requires Defendants to preserve evidence they are already legally obligated to maintain.

Defendants suffer no cognizable prejudice from compliance with federal preservation obligations.

By contrast, Plaintiff faces catastrophic prejudice if responsive materials are destroyed.

---

## D. The Public Interest Strongly Supports Injunctive Relief

The public maintains a profound interest in:

- governmental transparency;
- preservation of evidence;
- protection of whistleblowers;
- integrity of law enforcement operations; and
- enforcement of constitutional safeguards.

The requested relief advances all such interests.

---

## VI. REQUEST FOR EXPEDITED DISCOVERY

Plaintiff additionally requests narrowly tailored expedited discovery pursuant to Rule 26(d), including immediate preservation imaging and disclosure concerning:

1. body-worn camera retention policies;
2. CAD retention schedules;
3. communications preservation status;
4. identities of all custodians;
5. audit logs;
6. deletion protocols; and
7. all communications relating to Plaintiff.

---

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

### A. Temporary Restraining Order

Immediately restraining Defendants, their agents, employees, attorneys, contractors, and all persons acting in concert with them from:

- deleting;
- altering;
- overwriting;
- concealing;
- redacting;
- purging; or
- otherwise destroying

any evidence potentially relevant to this litigation.

---

## B. Mandatory Preservation Directive

Compelling Defendants to preserve:

- all ESI;
- body camera footage;
- dispatch recordings;
- CAD logs;
- emails;
- text messages;
- encrypted communications;
- metadata;
- cloud backups;
- mobile device data; and
- all inter-agency communications.

---

## C. Forensic Preservation

Requiring Defendants to suspend all automated deletion policies and preserve all audit trails and metadata in native format.

---

## D. Expedited Discovery

Authorizing immediate expedited discovery under Rule 26(d).

---

## E. Certification Requirement

Requiring Defendants to submit sworn certifications identifying:

- all custodians;
- all repositories of responsive information;
- all retention schedules; and
- all preservation steps undertaken.

---

## F. Further Relief

Granting such additional relief as the Court deems just and proper.

---

## VIII. NOTICE REGARDING EXHIBITS

Plaintiff incorporates by reference:

- **Exhibit A** – Litigation Hold Notice and Preservation Demand;
- additional exhibits to be filed contemporaneously or supplementally.

---

## IX. CONCLUSION

Plaintiff respectfully submits that extraordinary equitable intervention is necessary to preserve the integrity of forthcoming constitutional litigation and prevent irreparable evidentiary destruction.

Accordingly, Plaintiff requests immediate emergency relief.

---

Respectfully submitted,

**/s/**

**Michael Eric Nelson**
Plaintiff, Pro Se

33hartfordavesnugharborwakefieldsouthkingstownri02879