# Exhibit

FILED

JUN 29 2026

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND



# March 23, 2026 unsigned letter on South Kingstown Letterhead

**Civil Action No. 1:26-cv-00352-MRD-AEM**

*Exhibit A - two pages to follow*

Town of South Kingstown
180 High Street
Wakefield, RI 02879

March 23, 2026

Michael Eric Nelson
nelsontelco@gmail.com

Re:    **APRA Requests to the Town of South Kingstown**

Dear Mr. Nelson,

The Town of South Kingstown (Town) is in receipt of your Access to Public Records Act (APRA) request received through the online records portal on March 20, 2026, and logged as APRA-1257. In your request you ask for an inventory of the "total number of currently active contacts and/or agreements involving Town-owned real property," including a subset from that list identifying the "number of contracts under which the Town receives compensation." You also ask that this inventory includes the aggregate page count of such contracts/agreements and an indication of whether the contracts/agreements are stored electronically or otherwise. You also ask the Town to provide a description of the "system(s) used by the Town to store, index, or track" such contracts and let you know whether the Town "maintains a centralized contract registration log." You also make clear that you are not asking for "production of the contracts themselves" but instead you are seeking "records sufficient to identify, quantify, and describe them" in the manner you specify. You have not limited your request by timeframe at all. This correspondence is in response to your request.

The Rhode Island Attorney General has repeatedly held that "the APRA does not require a public body to respond to interrogatories or questions, but instead requires a public body to produce responsive public documents." Caldwell v. Rhode Island College, PR 23-02. "[T]he APRA governs the public's right to access public documents but does not mandate or require that public bodies answer questions." Id. Further, pursuant to RIGL 38-2-3(h), nothing in the APRA "shall be construed as requiring a public body to reorganize, consolidate, or compile data not maintained by the public body in the form requested at the time the request to inspect the public records was made except to the extent that such records are in an electronic format and the public body would not be unduly burdened in providing such data." To the extent that you are asking the Town to provide you with information regarding the contracts specified, it is not a request properly made under the APRA. To the extent that you are asking for a specific document or index containing a list of the information you are seeking regarding the contracts specified, no such document exists. Pursuant to RIGL 38-2-3(h), the Town is not required to compile such a list for you and, if it were to do so, it would impose an undue burden on the Town. Accordingly, your request is denied.

You are not seeking any contracts themselves, so none are provided to you. However, to the extent that you do seek contracts fitting the parameters you have specified in some future request, I would note, "Public bodies are repositories of records, not libraries; and their administrators are not research assistants." Falcone v. Westerly Public School District, PR 24-18, at *2 (R.I.A.G. June 17, 2024) (quoting Blais v. Revens, 2002 WL 31546103 at *9 (R.I. Super.

1

Nov. 7, 2002)). RIGL 38-2-3(a) only gives you "the right to inspect and/or copy" public records. It doesn't require the Town to expend significant public resources to put together a compendium of all contracts and agreements entered at any point in time regarding Town-owned real estate. Certain of those contracts you seek are recorded in the Town's Land Evidence Records, which you may review online at https://webhost01.newvisionsystems.com/SKPublicSearch/. Such contracts/agreements would also have been approved by the South Kingstown Town Council, so you can identify them by reviewing the Town Council minutes, which are available online at https://clerkshq.com/southkingstown-ri. Any Land Evidence Records or Council minutes that are too old to be reviewed online may be reviewed at Town Hall in the Clerk's Office during normal business hours, 180 High Street, Wakefield, RI 02879. If you have a request for a specific contract, you may ask for that contract specifically and the Town will review to see whether it can be produced to you. If, however, you seek a wide swath of contracts touching on the topics you've identified, I would respond by directing you to review the Land Evidence Records and the Council minutes yourself so that you can better identify a particular contract or contracts that interest you.

Pursuant to RIGL 38-2-8, any person or entity denied the right to inspect a record of a public body may petition the chief administrative officer of that public body for a review of the determinations made by his or her subordinate. The chief administrative officer shall make a final determination whether or not to allow public inspection within ten (10) business days after the submission of the review petition.

If the custodian of the records or the chief administrative officer determines that the record is not subject to public inspection, the person or entity seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court of the county where the record is maintained. Nothing within RIGL 38-2-8 shall prohibit any individual or entity from retaining private counsel for the purpose of instituting proceedings for injunctive or declaratory relief in the superior court of the county where the record is maintained.

Thank you for your APRA request. If you desire any further information regarding your request or this correspondence, please do not hesitate to contact me.