# Exhibit

FILED

JUN 29 2026

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

# C

# April 7, 2026 <u>unsigned</u> letter on UTR Letterhead
# (Ursillo, Teitz & Ritch Ltd.)

**Civil Action No. 1:26-cv-00352-MRD-AEM**

*Exhibit B - three pages to follow*

# ⚓ Ursillo, Teitz & Ritch, Ltd.

*Counsellors At Law*

2 Williams Street
(at South Main Street)
Providence, Rhode Island 02903-2918

Michael A. Ursillo *
Andrew M. Teitz, AICP * †
Scott A. Ritch * †
_____
Troy L. Costa †
Amy H. Goins * †
Peter F. Skwirz * †
David Marks * †
Admitted in RI*, MA†

Tel (401) 331-2222
Fax (401) 751-5257
*peteskwirz@utrlaw.com*

April 7, 2026

Michael Nelson
nelsontelco@gmail.com

**Re: APRA Requests to the Town of South Kingstown**

Dear Mr. Nelson,

The Town of South Kingstown (Town) is in receipt of numerous extensive Access to Public Records Act (APRA) requests from you received in the online records portal between April 3, 2026, and todays date, April 7, 2026. These requests have been logged as APRA-1281, APRA-1284, APRA-1286, APRA-1287, APRA-1289, APRA-1290, APRA-1291, APRA-1292, APRA-1293, & APRA-1295. These pending requests are in addition to the APRA requests you made between March 20, 2026, and April 3, 2026, that have been closed out, which were logged as APRA-1283, APRA-1280, APRA-1273, APRA-1265, APRA-1264, and APRA-1257. This correspondence is in response to your pending requests.

The South Kingstown Police Department completed an estimate of the time it would take to complete the requests directed to it – APRA-1290, APRA-1291, & APRA-1293. It estimated it would take approximately 47 hours of staff/officer time to search for responsive documents, review the documents to determine which are responsive and which are exempt from the APRA, and to redact and/or produce responsive documents to you as appropriate for these three requests. These three requests represent less than a third of your total pending requests. Thus, it is estimated it would take 156.67 hours to respond to all of your outstanding requests.

The Town is authorized pursuant to RIGL 38-2-4, to charge fifteen dollars ($15.00) per hour spent responding to an APRA request, with no cost charged for the first hour. Further, the Town is authorized to charge a prepayment estimate in this amount before undertaking the work to produce the records. See Saunders v. Rhode Island Division of Lotteries, No. PR 15-10 (March 9, 2015). Additionally, under RIGL 38-2-4, all APRA requests made within a 30-day period are considered a single request for the purpose of creating a prepayment estimate. You previously have expended your free hour of search and retrieval time in the closed out requests logged as APRA-1283, APRA-1280, APRA-1273, APRA-1265, APRA-1264, and APRA-1257. In accordance with RIGL 38-2-7(b), from the time a prepayment estimate is issued until the time

the prepayment estimate is paid, the time for responding to your APRA request is tolled and will not begin to run again until the estimate is prepaid.

Due to the amount of work entailed in reviewing responsive documents, withholding as necessary, redacting as necessary, and producing the records to you, the Town is charging you a prepayment estimate. As noted above, it is estimated that it would take 156.67 hours to review, potentially redact, and produce all of the responsive documents to you. With the single hour of free search and retrieval time already expended, this entails a prepayment two thousand, three hundred and fifty dollars and five cents ($2,350.05).

I would note that many of the documents you request may be exempt from disclosure under the APRA. The documents would still need to be reviewed, however, to determine which documents fall within an exemption. The $15-per-hour charge is made with "no reference to the amount of documents produced and instead is calculated according to the time a public body expends searching and retrieving documents." See Duxbury v. Town of Coventry, PR 13-16 (July 25, 2013). Accordingly, the Town is authorized to charge $15 per hour even for reviewing emails that are ultimately not produced to you.

Due to the voluminous nature of your requests, the Town is also exercising its right to extend the ten (10) business-day response period by an additional twenty (20) business days pursuant to RIGL 38-2-3(e). Accordingly, the deadline for responding to this APRA will be tolled until payment of the prepayment estimate and, upon payment of the prepayment estimate, the extended response period will begin to run. Of course, you are free to resubmit your APRA request with a narrower scope, by restricting the dates of interest, or narrowing the emails to only those containing certain keywords, or both. "[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." Black v. Bristol County Water Authority, PR 11-25 at *12 (R.I.A.G. Sept. 19, 2011). If you withdraw and resubmit your request with a narrower scope, the Town will reconsider the prepayment estimate and extended response deadline as necessary.

Pursuant to RIGL 38-2-8, any person or entity denied the right to inspect a record of a public body may petition the chief administrative officer of that public body for a review of the determinations made by his or her subordinate. The chief administrative officer shall make a final determination whether or not to allow public inspection within ten (10) business days after the submission of the review petition.

If the custodian of the records or the chief administrative officer determines that the record is not subject to public inspection, the person or entity seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court of the county where the record is maintained. Nothing within RIGL 38-2-8 shall prohibit any

2

individual or entity from retaining private counsel for the purpose of instituting proceedings for injunctive or declaratory relief in the superior court of the county where the record is maintained.

Thank you for your request. If you desire any further information regarding your request or this correspondence, please do not hesitate to contact me.