# Exhibit

**D**

# 25 June 2026 unsigned letter on South Kingstown Letterhead

**Civil Action No. 1:26-cv-00352-MRD-AEM**

*Exhibit B - two pages to follow*



Town of South Kingstown
180 High Street
Wakefield, RI 02879

June 25, 2026

Michael Nelson
nelsontelco@gmail.com

**Re: APRA Requests to the Town of South Kingstown**

Dear Ms. Nelson,

The Town of South Kingstown (Town) is in receipt of your Access to Public Records Act (APRA) requests received through the online records portal on June 15-23, 2026, and logged as APRA-1393, APRA-1394, APRA-1398, APRA-1399, & APRA-1404. The Town provided you with a prepayment estimate for all of these requests based upon conducting a keyword search through the Town's emails for the terms you used in APRA-1398. In response, through a posting on the portal in APRA-1393, you narrowed the search parameters for those emails, asking that the Town search for emails containing "red flagged" and/or "red flag" between January 27, 2026 through June 21, 2026. Aside from this narrowed email search, you stated that your follow up correspondence "does not withdraw, supersede, modify, waive, abandon, replace, or otherwise affect APRA Requests 1393, 1394, 1398, 1399, or any other pending APRA request except to the limited extent that it narrows the particular search terms and date range discussed in your June 22, 2026 correspondence."

The Town's IT Department conducted the revised keyword search and found 499 potentially responsive emails. This estimate only covers a fraction of your requests, since it only takes the keyword search portion of one of multiple APRA requests. APRA-1398 also seeks non-email correspondence and it is estimated that it would take an equal amount of time to search for and produce non-email correspondence. In addition, you have four other pending APRA requests, with fourteen separate subparts in total for those requests. It is estimated that each of these subparts would take roughly the same amount of time to search, retrieve, review, and produce as the small portion where 499 emails were identified.

Due to the substantial amount of work entailed in reviewing all of these records, withholding as necessary, redacting as necessary, and producing the records to you, the Town is charging you a prepayment estimate. This estimate will be applied to all of your APRA requests submitted during a 30-day period or submitted within 30 days of an unpaid estimate. Based on a preliminary review of this small subset of responsive emails, it is estimated that it would take two minutes per email for review, potential redaction, and production. The Rhode Island Attorney General has held that a prepayment estimate of two minutes per email is not an unreasonable charge under the APRA. See Jerry Transparency v. City of Providence, PR 19-29 (December 20, 2019). It is, thus, estimated that it would take 16.64 hours to review, potentially redact, and produce all of these emails. When this estimate is applied to the other records sought in APRA-1398, as well as all of the fourteen subparts in the other APRA requests, it is estimated that it would take 266.24 hours to review, potentially redact, and produce all responsive documents.

1

With a single hour of free search and retrieval time for this request, this entails a prepayment estimate of three thousand, nine hundred and seventy-eight dollars and sixty cents ($3,978.60).

I would note that some of the records you request may be exempt from disclosure under the APRA. The records would still need to be reviewed, however, to determine which records fall within an APRA exemption. The $15-per-hour charge is made with "no reference to the amount of documents produced and instead is calculated according to the time a public body expends searching and retrieving documents." See Duxbury v. Town of Coventry, PR 13-16 (July 25, 2013). Accordingly, the Town is authorized to charge $15 per hour even for reviewing records that are ultimately not produced to you.

In addition, due to the voluminous nature of this request, the Town is exercising its right to extend the ten (10) business-day response period by an additional twenty (20) business days pursuant to RIGL 38-2-3(e). Accordingly, the deadline to respond to this request will be tolled until payment of the prepayment estimate and, upon payment of the prepayment estimate, the extended response period will begin to run. Of course, you are free to resubmit your APRA request with a narrower scope, by restricting the dates of interest, or narrowing the documents of interest, or both. If you resubmit your request with a narrower scope, the Town will reconsider the prepayment estimate and extended response deadline as necessary.

Pursuant to RIGL 38-2-8, any person or entity denied the right to inspect a record of a public body may petition the chief administrative officer of that public body for a review of the determinations made by his or her subordinate. The chief administrative officer shall make a final determination whether or not to allow public inspection within ten (10) business days after the submission of the review petition.

If the custodian of the records or the chief administrative officer determines that the record is not subject to public inspection, the person or entity seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court of the county where the record is maintained. Nothing within RIGL 38-2-8 shall prohibit any individual or entity from retaining private counsel for the purpose of instituting proceedings for injunctive or declaratory relief in the superior court of the county where the record is maintained.

Thank you for your APRA request. If you desire any further information regarding your request or this correspondence, please do not hesitate to contact me.

2