# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL NELSON,**
 Plaintiff,

v. C.A. No. **1:26-cv-00352-MRD-AEM**

**TOWN OF SOUTH KINGSTOWN;**
 **URSILLO, TEITZ & RITCH, LTD.;**
 **MICHAEL A. URSILLO;**
 **ANDREW M. TEITZ;**
 **SCOTT A. RITCH;**
 **ADAM JACOB SHOLES; and**
 **JOHN/JANE DOES 1–27,**

Defendants.

## PLAINTIFF'S NOTICE OF FILING CORRECTED PROOF OF SERVICE AND MOTION TO SUBSTITUTE CORRECTED PROOF OF SERVICE *NUNC PRO TUNC* FOR DOCKET ENTRY NO. 13

Plaintiff **Michael Eric Nelson**, appearing pro se, hereby gives notice of the filing of a corrected, completed, and duly executed Proof of Service upon Defendant **Ursillo, Teitz & Ritch, Ltd.**, and respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 4(l)(3), District of Rhode Island Local Rules Cv 5.1 and Cv 7, and the Court's inherent authority to ensure the accuracy and integrity of its docket, to accept the corrected Proof of Service and substitute it, nunc pro tunc, for the materially incomplete proof previously submitted at **Docket Entry No. 13**.

In support thereof, Plaintiff states as follows:

1. Plaintiff previously caused a filing to be entered at **Docket Entry No. 13** for the purpose of memorializing and establishing completed service of process upon Defendant Ursillo, Teitz & Ritch, Ltd.

2. The document submitted with the prior filing was derived from a return-of-service document furnished to Plaintiff by the independent service company engaged to effectuate service.

3. Plaintiff subsequently discovered that the return initially furnished by the service company was incomplete and was not in proper conformity with the requirements governing proof of service because it did not contain the process server's operative signature and completed declaration under penalty of perjury.

4. The deficiency concerned the documentary proof and memorialization of service. It did not arise from, alter, negate, or otherwise affect the underlying act of service completed upon Defendant Ursillo, Teitz & Ritch, Ltd. on **July 14, 2026**.

5. Plaintiff thereafter obtained the corrected and duly executed Proof of Service from the individual who effectuated service.

6. The corrected Proof of Service is attached hereto as **Exhibit A**, incorporated herein by reference as though fully set forth, and submitted as the complete and operative return of service upon Defendant Ursillo, Teitz & Ritch, Ltd.

7. The corrected return establishes that:

   a. the summons directed to Ursillo, Teitz & Ritch, Ltd. was received by the process server on **July 13, 2026**;

   b. service was completed on **July 14, 2026**;

   c. service was made upon **Michelle Peterson, Administrative Assistant**,

who was identified in the return as a person designated or authorized to accept service of process on behalf of Ursillo, Teitz & Ritch, Ltd.;

d. the return was executed and dated **July 14, 2026** by **James Lynch, Rhode Island Constable No. 6049**; and

e. the process server declared under penalty of perjury that the information contained in the return was true and correct.

8. Federal Rule of Civil Procedure 4(l)(1) requires proof of service to be made to the Court by the server's affidavit or sworn return unless service has been waived.

9. Federal Rule of Civil Procedure 4(l)(3) further provides that a failure or deficiency in proving service does not affect the validity of the underlying service and expressly authorizes the Court to permit proof of service to be amended.

10. District of Rhode Island Local Rule Cv 5.1(a) similarly requires proof of service to certify the date and manner of service, the identity of the person served, and the service address.

11. The corrected Proof of Service satisfies those requirements and accurately memorializes the operative service completed upon Ursillo, Teitz & Ritch, Ltd. on July 14, 2026.

12. The requested substitution is corrective and ministerial in character. Plaintiff does not seek through this filing to alter the historical date of service, manufacture a new service date, or obtain any substantive adjudication beyond correction of the documentary record.

13. Rather, Plaintiff seeks an accurate docket reflecting that Defendant Ursillo, Teitz & Ritch, Ltd. was served on **July 14, 2026**, notwithstanding

the incomplete return initially furnished to Plaintiff and subsequently submitted at Docket Entry No. 13.

14.    Acceptance of the corrected return will cause no legally cognizable prejudice to any Defendant because it does not alter the actual date, manner, recipient, or circumstances of service. It merely supplies the process server's completed signature and declaration and corrects the evidentiary documentation of an act of service that had already occurred.

15.    To the extent the Court determines that nunc pro tunc relief is appropriate, Plaintiff respectfully requests that the corrected Proof of Service be substituted effective as of the filing date of Docket Entry No. 13, while continuing to reflect **July 14, 2026** as the actual and operative date upon which service was accomplished.

16.    Alternatively, should the Court determine that formal nunc pro tunc substitution is unnecessary, Plaintiff requests that the corrected return be accepted as an **amended proof of service pursuant to Federal Rule of Civil Procedure 4(l)(3)** and that the docket reflect that Exhibit A supersedes Docket Entry No. 13 insofar as the earlier filing purported to document service upon Ursillo, Teitz & Ritch, Ltd.

17.    This filing is confined exclusively to correction of the proof-of-service record. Plaintiff does not presently request through this motion any adjudication concerning subsequent conduct, disputed documents, alleged post-service activities, or the possible future supplementation of the operative pleading.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Accept the signed and completed Proof of Service attached as Exhibit A;

B. Permit amendment of the proof of service pursuant to Federal Rule of Civil Procedure 4(l)(3);

C. Deem the corrected Proof of Service to supersede Docket Entry No. 13 for all operative purposes concerning service upon Defendant Ursillo, Teitz & Ritch, Ltd.;

D. Direct that the docket accurately reflect that Ursillo, Teitz & Ritch, Ltd. was served on **July 14, 2026**;

E. Grant the requested substitution *nunc pro tunc* as of the original filing date of Docket Entry No. 13, to the extent the Court determines nunc pro tunc relief to be procedurally necessary or appropriate; and

F. Grant such other and further relief as the Court deems just, proper, and equitable.

# STATEMENT CONCERNING ORAL ARGUMENT

Pursuant to DRI LR Cv 7(c), Plaintiff does not request oral argument or an evidentiary hearing because the requested relief concerns correction of the documentary proof of service and may be adjudicated upon the written submissions.

Respectfully submitted,

**MICHAEL ERIC NELSON**
 Plaintiff, Pro Se

/s/

Michael Eric Nelson
33hartfordave southkingstown ri 02879
 Telephone: 702.932.3434Email: nelsontelco@gmail.com

Dated: July 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2026, the foregoing **Plaintiff's Notice of Filing Corrected Proof of Service and Motion to Substitute Corrected Proof of Service Nunc Pro Tunc for Docket Entry No. 13**, together with proof of service signed, was filed with the Clerk of the Court.

I further certify that the foregoing was served through the Court's CM/ECF system upon all counsel of record registered to receive electronic notice.

/s/

Michael Eric Nelson - Pro Se