**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MICHAEL NELSON,<br><br>   Plaintiff,<br><br>v.<br><br> TOWN OF SOUTH KINGSTOWN; URSILLO, TEITZ & RITCH, LTD.; MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH; **ADAM J. SHOLES**; and JANE AND JOHN DOES 1-27,<br><br>   Defendants. | C.A. No.<br>1:26-cv-00352-MRD-AEM<br><br> PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF THE OPERATIVE EEO-4 REGULATORY FRAMEWORK, EEOC FORM 164, AND THE JULY 23, 2026 NOTICE OF PROPOSED RULEMAKING |

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF THE FEDERAL EEO-4 REPORTING AND RECORDKEEPING REGULATORY FRAMEWORK, EEOC FORM 164, AND THE JULY 23, 2026 NOTICE OF PROPOSED RULEMAKING**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves pursuant to Federal Rule of Evidence 201, Federal Rule of Evidence 902(5), 44 U.S.C. § 1507, and the Court's authority to ascertain and apply governing federal law, for judicial notice of the official federal materials attached as Exhibits A, B, and C. Those exhibits are incorporated herein by reference in their entirety. Plaintiff requests notice only of the existence, authenticity, contents, publication, and present legal or procedural status of the official materials, and not of the truth of disputed policy judgments contained in the Notice of Proposed Rulemaking or of any unproven party-specific fact.

## I. MATERIALS PRESENTED FOR JUDICIAL NOTICE

**1.** Exhibit A is the official Federal Register publication entitled Removal of Reporting Requirements, 91 Fed. Reg. 46,332-46,349 (July 23, 2026), RIN 3046-AB37. The exhibit includes an organizational cover sheet followed by the official Federal Register pages. Exhibit A identifies the publication as a proposed rule, supplies the comment and hearing schedule, describes the existing EEO-4 framework, and states

the precise regulatory provisions the EEOC proposes to remove. See Ex. A at 3-4, 10-11.

**2.** Exhibit B is an official Government Publishing Office reproduction of 29 C.F.R. §§ 1602.30-1602.37 from the 2025 annual edition of Title 29. The exhibit includes an organizational cover sheet followed by the official Code of Federal Regulations pages. Sections 1602.30 and 1602.32 appear at Exhibit B pages 2-3; sections 1602.33 through 1602.37 appear at Exhibit B pages 3-4. See Ex. B at 2-4.

**3.** Exhibit C is the official EEOC Form 164 sample EEO-4 report and the accompanying EEO-4 Instruction Booklet bearing OMB Control Number 3046-0008. The sample report appears at Exhibit C pages 2-9, and the instruction booklet begins at Exhibit C page 10. The booklet explains the legal basis, covered filers, record-retention duties, reporting categories, governmental functions, and filing methodology. See Ex. C at 10-17, 40-52.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 permits judicial notice of an adjudicative fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). When a party requests judicial notice and supplies the necessary information, the Court must take notice of a qualifying adjudicative fact. Fed. R. Evid. 201(c)(2). Rule 201 governs adjudicative facts; it does not limit a court's ordinary authority to ascertain domestic law or consult legislative facts bearing on legal analysis. Fed. R. Evid. 201(a). Congress has separately directed that the contents of the Federal Register "shall be judicially noticed." 44 U.S.C. § 1507. Thus, Exhibit A is subject to an express statutory command of judicial notice. Exhibits B and C are official publications purporting to have been issued by federal public authorities and are self-authenticating under Federal Rule of Evidence 902(5).

The First Circuit recognizes that courts may consider official public records and documents susceptible to judicial notice without treating every document held by a public agency as indisputably true. Freeman v. Town of Hudson, 714 F.3d 29, 36-37 (1st Cir. 2013). Plaintiff accordingly seeks notice of what the attached official materials state, require, propose, and prescribe—not the truth of disputed factual or policy assertions embedded within them.

## III. ARGUMENT

### A. Exhibit A conclusively establishes the existence and nonfinal status of the July 23, 2026 NPRM.

Exhibit A is the official Federal Register notice. Its operative heading identifies the agency action as a "Proposed Rule," and the notice establishes that comments are due August 24, 2026, that a public hearing is scheduled for August 11, 2026, and that requests to testify are due August 7, 2026. Ex. A at 3. Those procedural dates are not collateral details; they demonstrate that the agency remains in the notice-and-comment stage and has not completed final rulemaking.

The notice itself describes the existing EEO-4 requirement as one that "requires certain state and local governments to biennially report the number of employees according to specified job categories and salary bands by race/ethnicity and sex." Ex. A at 4. This agency description corresponds to the operative regulatory text reproduced in Exhibit B and the reporting architecture reproduced in Exhibit C.

Exhibit A further states that the Commission "has proposed" rescission of the portions of 29 C.F.R. part 1602 requiring EEO reports and report-related records. Ex. A at 10. The section-by-section analysis then states that the proposed rule "would remove" § 1602.30 and "would also remove" § 1602.32, together with §§ 1602.33-1602.35 and related provisions. Ex. A at 11. The repeated use of prospective, conditional language—"proposed" and "would remove"—confirms that the notice does not itself repeal the existing regulations.

The Court should therefore judicially notice that, as of the date of the NPRM and absent publication of a later effective final rule, Exhibit A announces a contemplated regulatory

change rather than an accomplished rescission. Plaintiff does not ask the Court to endorse the Commission's constitutional, economic, enforcement, or policy rationales stated elsewhere in the notice.

**B. Exhibit B establishes the presently codified EEO-4 recordmaking, retention, and filing framework.**

Exhibit B supplies the operative regulatory language rather than a secondary description. Section 1602.30 requires every political jurisdiction with fifteen or more employees to make or keep the records and information necessary to complete the EEO-4 report, whether or not that jurisdiction is itself required to file under § 1602.32. Ex. B at 2-3. Section 1602.30 further provides that the reports and information must be retained for three years at the political jurisdiction's central office; that separate data for each agency must be maintained; and that the information must be made available when requested by an authorized EEOC representative. Id.

Section 1602.31 separately requires political jurisdictions to preserve personnel and employment records concerning hiring, promotion, demotion, transfer, layoff, termination, compensation, and selection for training or apprenticeship for prescribed periods, and it requires preservation of records relevant to a discrimination charge or action until final disposition. Ex. B at 3.

Section 1602.32 requires covered political jurisdictions to file executed copies of the State and Local Government Information Report, EEO-4, biennially and in conformity with the form and accompanying instructions. The routine filing requirement applies to political jurisdictions with one hundred or more employees, while jurisdictions with fifteen or more employees may also be required to file upon Commission request. Ex. B at 3. Section 1602.32 also requires retention of the most recently filed EEO-4 report at the central office for three years. Id.

Sections 1602.33 through 1602.37 address false statements, judicial enforcement for failure to file, undue-hardship exemptions, alternative reporting, and the Commission's

authority to require additional reporting or recordkeeping. Ex. B at 3-4. These provisions corroborate that the EEO-4 framework is regulatory and mandatory for covered jurisdictions, not merely advisory guidance.

Plaintiff does not ask the Court, on Exhibits A-C alone, to determine the Town of South Kingstown's employee count, whether the Town received a Commission request to file, whether any particular submission was accurate, or whether the Town complied with every obligation. Those are party-specific adjudicative matters requiring an appropriate evidentiary basis. The requested notice is confined to the content and legal status of the governing framework.

**C. Exhibit C demonstrates the standardized nature and substantive content of the records contemplated by the regulations.**

Exhibit C materially reinforces Exhibit B because § 1602.32 expressly requires filing "in conformity with the directions set forth in the form and accompanying instructions." Ex. B at 3. The official instruction booklet states that covered state and local governments with one hundred or more employees must report biennially and that the regulations require governmental entities to make or keep all records necessary for an EEO-4 submission, retain those records for three years, and retain filed reports for three years.

Ex. C at 14-16.
The booklet identifies the EEO-4 data as workforce-demographic information organized by job category, sex, salary band, and race or ethnicity. Ex. C at 14-15. It further states that the filing obligation is mandatory for eligible state and local governments and cites 29 C.F.R. §§ 1602.30 and 1602.32-1602.37 as the governing authorities. Ex. C at 15-16.

The reporting mechanism is not amorphous. Exhibit C includes the actual sample Form 164 report at pages 2-9 and explains electronic submission through the EEO-4 Online Filing System at page 17. The instructions define the race and ethnicity categories at pages 40-41; enumerate job categories at pages 47-48; prescribe salary bands at page

49; and identify governmental functions—including general control, streets and highways, police protection, fire protection, natural resources, parks and recreation, health, housing, community development, corrections, utilities, sanitation, and other governmental functions—at pages 50-51. See Ex. C at 2-9, 17, 40-41, 47-51.

Accordingly, Exhibits B and C permit the Court to recognize that the federal framework contemplates identifiable, structured, centrally retained governmental records, often separated by agency or function, rather than an undefined request for data that a covered jurisdiction would have no regulatory reason to compile. That proposition does not establish that any specific Defendant actually created every required record; it establishes the nature of the federal recordmaking and reporting system against which party-specific evidence may be evaluated.

**D. The exhibits are relevant to existence, custody, search methodology, burden, preservation, and the accuracy of representations concerning EEO-4 materials.**

The attached materials are relevant whenever a claim, defense, discovery response, public-record representation, preservation obligation, or litigation position concerns whether EEO-4-related records are ordinarily created, what categories they contain, where they are maintained, how long they are retained, and whether they are maintained by department, agency, or governmental function. Exhibit B speaks directly to central-office retention and separate agency data. Ex. B at 2-3. Exhibit C supplies the standardized form, category definitions, reporting functions, and electronic filing structure. Ex. C at 2-17, 40-51.

The pending NPRM adds temporal significance but does not alter the legal analysis. Exhibit A proposes prospective removal of the report-specific provisions. Ex. A at 10-11. It does not state that historical reports or underlying records are retroactively erased, that existing litigation-preservation duties are extinguished, or that records may be destroyed contrary to otherwise applicable law, retention schedules, discovery

obligations, or preservation notices. Judicial notice of the NPRM therefore prevents the nonfinal proposal from being misconstrued as an already effective repeal.

**E. The requested notice is deliberately limited and does not invade the factfinding function.**

Plaintiff requests that the Court notice only the following indisputable matters demonstrated by the attached official publications:

**a.** Exhibit A was published in the Federal Register on July 23, 2026 as a notice of proposed rulemaking, with the procedural dates stated at Exhibit A page 3;

**b.** Exhibit A describes the existing EEO-4 system and proposes, but does not itself effectuate, removal of §§ 1602.30 and 1602.32 and related provisions, as shown at Exhibit A pages 4 and 10-11;

**c.** Exhibit B reproduces the operative text of 29 C.F.R. §§ 1602.30-1602.37, including the recordmaking, retention, biennial filing, and enforcement provisions shown at Exhibit B pages 2-4;

**d.** Exhibit C reproduces the official Form 164 sample report and instructions describing the legal basis, covered filers, data categories, governmental functions, and filing method shown at Exhibit C pages 2-17 and 40-52; and

**e.** The exhibits do not, without further evidence, establish the Town's precise employee count, actual filing history, accuracy of any submission, compliance or noncompliance, discriminatory intent, or the truth of disputed policy assertions in the NPRM.

## IV. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

**A.** taking judicial notice pursuant to 44 U.S.C. § 1507 of the existence, publication, contents, and nonfinal procedural status of the July 23, 2026 Federal Register notice attached as Exhibit A;

**B.** recognizing the operative text and legal status of 29 C.F.R. §§ 1602.30-1602.37 as reproduced in Exhibit B, subject to any later final rule demonstrated to have become effective;

**C.** taking judicial notice of the official existence, structure, and prescribed contents of EEOC Form 164 and the EEO-4 Instruction Booklet attached as Exhibit C;

**D.** holding that the July 23, 2026 NPRM, standing alone, does not establish that the existing EEO-4 provisions have been rescinded, suspended, or rendered inoperative;

**E.** clarifying that notice is not taken of the truth of disputed policy assertions in Exhibit A or of unproven party-specific facts concerning the Town's employee count, filing history, compliance, workforce composition, discriminatory intent, or record accuracy; and

**F.** granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/

MICHAEL ERIC NELSON
Plaintiff, Pro Se

By: /s/ Michael Eric Nelson
Michael Eric Nelson
33hartfordave southkingstown ri 02879
Telephone: 702.932.3434
Email: nelsontelco@gmail.com

Dated: July 23, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, I caused the foregoing Plaintiff's Motion for Judicial Notice, together with Exhibits A, B, and C, to be filed through the Court's CM/ECF system, thereby providing electronic notice to all registered counsel of record. To the extent any party or counsel is not a registered CM/ECF participant, I further certify that a true and correct copy was served by UNITED STATES MAIL at the address maintained in the record.

/s/ Michael Eric Nelson
Michael Eric Nelson

**UNITED STATES DISTRICT COURT**
 **FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL ERIC NELSON, Plaintiff,

v.                                       C.A. No. 1:26-cv-00352-MRD-AEM

 TOWN OF SOUTH KINGSTOWN, et al., Defendants.

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion for Judicial Notice of the Operative EEO-4 Regulatory Framework, EEOC Form 164, and the July 23, 2026 Notice of Proposed Rulemaking, the Motion is GRANTED to the following extent:

**1.** The Court takes judicial notice, pursuant to 44 U.S.C. § 1507, of the existence, publication, contents, and procedural status of the Federal Register notice entitled Removal of Reporting Requirements, 91 Fed. Reg. 46,332-46,349 (July 23, 2026), RIN 3046-AB37, attached as Exhibit A.

**2.** The Court recognizes that Exhibit A is a notice of proposed rulemaking and, standing alone, does not establish that the existing EEO-4 provisions have been rescinded, suspended, or rendered inoperative.

**3.** The Court recognizes the text of 29 C.F.R. §§ 1602.30-1602.37 reproduced in Exhibit B and the official existence, structure, and prescribed contents of EEOC Form 164 and its instructions reproduced in Exhibit C.

**4.** The Court does not take judicial notice of the truth of disputed constitutional, economic, enforcement, or policy assertions expressed in Exhibit A.

**5.** The Court does not, by this Order, determine the Town of South Kingstown's employee count, actual filing history, compliance or noncompliance, workforce composition, discriminatory intent, or the accuracy or existence of any particular party-specific record.

**SO ORDERED.**

_____
 UNITED STATES DISTRICT JUDGE

Dated: _____