**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

MICHAEL NELSON,
 Plaintiff,

v.

URSILLO, TEITZ & RITCH, LTD.;
 MICHAEL A. URSILLO;
 ANDREW M. TEITZ;
 SCOTT A. RITCH;
 ADAM J. SHOLES;
 TOWN OF SOUTH KINGSTOWN; and
 JANE AND JOHN DOES 1–27,
 Defendants.

C.A. No. **1:26-cv-00352-MRD-AEM**

**PLAINTIFF'S MOTION FOR LIMITED JUDICIAL NOTICE OF ACLU (AMERICAN CIVIL LIBERTIES UNION) CORRESPONDENCE DIRECTED TO <u>DEFENDANT ADAM J. SHOLES</u> AND INCORPORATED GOVERNMENTAL RECORD, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves pursuant to Federal Rule of Evidence 201 for limited judicial notice of the existence, date, authorship, publication, and facial contents of the documents attached hereto as **Exhibit A**, consisting of:

1. An August 14, 2025 letter issued by the **American Civil Liberties Union of Rhode Island** to Colonel Darnell S. Weaver, Superintendent of the Rhode Island State Police;

1

2. The underlying August 12, 2025 Access to Public Records Act request described in that correspondence; and

3. An August 12, 2025 written APRA denial issued on Rhode Island Department of Public Safety letterhead and signed electronically by Defendant Adam J. Sholes in his then-identified capacity as Chief Legal Counsel.

In the alternative, Plaintiff requests that the Court receive Exhibit A for the limited purposes of establishing the existence of the documents and preserving Plaintiff's ability, following authentication and proof of receipt, to rely upon the documents as evidence of notice, knowledge, intent, effect upon the recipient, and absence of mistake.

Plaintiff does **not** request that the Court presently accept as true the ACLU's disputed legal conclusion that **Defendant Sholes committed a knowing and willful violation of APRA**. Rather, Plaintiff requests notice that the ACLU made that specific accusation, identified the governing statutory and decisional authorities, and facially directed a copy of that correspondence to Defendant Sholes before the subsequent APRA-related conduct alleged in this action.

## I. RELEVANT BACKGROUND

1. Plaintiff's First Amended Complaint alleges, among other matters, repeated conduct concerning APRA requests, governmental transparency, the issuance of legal determinations affecting access to governmental records, the use of categorical denials and financial barriers, and retaliation allegedly associated with Plaintiff's exercise of his First Amendment right to petition government.

2. Defendant Adam J. Sholes is named individually as a Defendant in this action based upon his alleged participation in, responsibility for, or connection to certain governmental legal determinations and APRA-related conduct more particularly described in the operative complaint.

3. Exhibit A contains an ACLU of Rhode Island letter dated August 14, 2025 and addressed to Colonel Darnell S. Weaver, Superintendent of the Rhode Island State Police.

4. The ACLU letter concerns an anonymous August 12, 2025 APRA request for an adult arrest report.

5. The letter states that Defendant Sholes, acting as Chief Legal Counsel for the Rhode Island Department of Public Safety, denied the request in full on the same date it was submitted.

6. The governmental denial incorporated into Exhibit A invoked five separate statutory exemptions, including exemptions relating to personal privacy, interference with criminal investigations, fair-trial rights, law-enforcement privacy, and preliminary drafts or working papers.

7. The denial further asserted that the requested arrest records were exempt in their entirety and that no reasonably segregable portion could be disclosed.

8. The ACLU's August 14, 2025 letter expressly stated:

   *"this **denial is baseless and borders on the frivolous**, and constitutes, in our view <u>**a knowing and willful violation of the Act**</u>."*

9. The ACLU letter identified statutory language providing that records reflecting the initial arrest of an adult and the accompanying charges are public and cited decisional and administrative authority addressing the public status of arrest reports.

10. The letter further challenged the invocation of the "preliminary drafts" exemption as a justification for withholding an adult arrest report.

11. The letter was signed by **Steven Brown, Executive Director of the ACLU of Rhode Island**, and facially identifies "Adam Sholes" as a copied recipient.

12. Plaintiff offers Exhibit A as one component of a broader alleged chronology. Plaintiff does not contend that this single incident, standing alone, conclusively establishes an ongoing practice, municipal custom, constitutional violation, or knowing and willful violation of APRA.

13. Rather, Plaintiff contends that, if receipt and review are established, the letter is probative of whether Defendant Sholes had received specific notice of the governing APRA requirements before engaging in the later APRA-related conduct alleged in this action.

14. Evidence that an official received specific statutory and decisional notice before allegedly repeating similar conduct may bear upon knowledge, intent, absence of mistake, good faith, and whether the later conduct represented an isolated error or knowing continuation of a previously challenged interpretive practice.

## II. GOVERNING STANDARD

15. Federal Rule of Evidence 201 permits judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either generally known within the Court's territorial jurisdiction or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

16. Judicial notice of the existence and facial contents of a document does not necessarily constitute judicial notice of the truth of every factual assertion or legal conclusion contained within that document.

17. The First Circuit has recognized only narrow circumstances in which extrinsic documents may be considered without converting a Rule 12(b)(6) proceeding into one for summary judgment. Those circumstances may include undisputedly authentic documents, official public records, documents central to the pleaded claims, and documents sufficiently referenced in the complaint. *Freeman v. Town of Hudson*, 714 F.3d 29, 36–37 (1st Cir. 2013).

18. The First Circuit has further explained that the extent to which a court may consider a public record or facts contained within it depends upon whether the particular matter is susceptible to judicial notice under Rule 201. A court may not use judicial notice as a means of assuming the truth of disputed factual assertions. *Gattineri v. Town of Lynnfield*, 58 F.4th 512, 515–16 (1st Cir. 2023).

## III. THE COURT MAY TAKE LIMITED NOTICE OF THE EXISTENCE, DATE, AND FACIAL CONTENTS OF EXHIBIT A

19. Plaintiff requests judicial notice only of objective matters apparent from the face of Exhibit A, including:

4

a. That a document bearing the ACLU of Rhode Island's letterhead is dated August 14, 2025;

b. That the document is addressed to the Superintendent of the Rhode Island State Police;

c. That the document discusses an August 12, 2025 APRA denial attributed to Defendant Sholes;

d. That Exhibit A includes a governmental denial bearing Rhode Island Department of Public Safety letterhead and Defendant Sholes's electronic signature;

e. That the ACLU letter made a specific allegation that the denial was knowing and willful;

f. That the letter identified statutory, judicial, and Attorney General authorities concerning public access to adult arrest reports; and

g. That the letter facially identifies Defendant Sholes as a copied recipient.

20. Plaintiff does not request that the Court judicially notice that the ACLU's characterization was legally correct (although it is believed the ACLU articulated the facts correctly), that Defendant Sholes actually received or read the letter, or that the earlier denial conclusively constituted a statutory violation.

21. Those matters may remain subject to authentication, discovery, evidentiary development, adversarial presentation, and determination by the appropriate finder of fact.

22. This limited request respects the distinction between judicially noticing that a statement was made and accepting the disputed statement as substantively true.

## IV. THE DOCUMENTS ARE RELEVANT TO NOTICE, KNOWLEDGE, AND ABSENCE OF MISTAKE

23. The ACLU correspondence is independently relevant for the non-hearsay purpose of demonstrating notice and the effect of the communication upon its recipient, provided Plaintiff establishes that Defendant Sholes received or reviewed it.

24. A statement offered to establish that a recipient was placed on notice, rather than to establish the truth of the statement itself, is not offered for the hearsay purpose defined by Federal Rule of Evidence 801(c).

25. The incorporated August 12, 2025 denial is separately significant because it is a written statement facially attributed to **Defendant Sholes** and issued under his governmental title. Subject to authentication, it may qualify as an opposing-party statement under Federal Rule of Evidence 801(d)(2).

26. Evidence of an earlier act may not be employed merely to argue that Defendant Sholes possessed a particular character and therefore acted in conformity with that character on a later occasion.

27. It may, however, be relevant for permissible purposes including knowledge, intent, motive, plan, or absence of mistake under Federal Rule of Evidence 404(b)(2), subject to the Court's determination of relevance, foundation, similarity, and Federal Rule of Evidence 403.

28. Plaintiff offers Exhibit A for these limited purposes. Plaintiff does not offer it as generalized character or propensity evidence, at this time.

29. If **Defendant Sholes** received a detailed warning identifying the governing statutory language and supporting authorities before engaging in later materially similar conduct, that circumstance may tend to make inadvertence, mistake, or an asserted lack of knowledge less probable.

30. Whether the later conduct was sufficiently similar, whether Defendant Sholes actually received the correspondence, and what weight should be afforded the evidence remain matters for subsequent evidentiary development.

## V. EXHIBIT A IS ONE COMPONENT OF THE ALLEGED PATTERN AND DOES NOT, STANDING ALONE, ESTABLISH MUNICIPAL LIABILITY

31. Plaintiff's operative complaint alleges a broader course of conduct involving APRA determinations, restrictions upon access to governmental information, unsigned or unattributed legal determinations, burdensome fee demands, and alleged retaliation for petitioning and public-records activity.

32. Exhibit A may corroborate Plaintiff's allegation that certain later conduct was not an isolated misunderstanding of APRA, particularly if discovery establishes prior notice and materially similar subsequent conduct.

33. Plaintiff nevertheless recognizes that one earlier incident involving a different governmental agency does not, by itself, establish a policy or custom attributable to the Town of South Kingstown.

34. Municipal liability under 42 U.S.C. § 1983 requires proof that a constitutional deprivation was caused by an official policy, established custom, decision of a final policymaker, or legally sufficient ratification. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978).

35. Accordingly, Plaintiff offers Exhibit A principally as evidence concerning Defendant Sholes's individual knowledge and state of mind. Its significance to the Town depends upon additional evidence concerning Defendant Sholes's later authority, the Town's knowledge, delegation, adoption, ratification, and the causal relationship between the alleged practice and Plaintiff's constitutional injuries.

36. Plaintiff further recognizes that a violation of state public-records law, without more, does not automatically establish a federal constitutional violation.

37. Exhibit A is relevant to the federal claims only insofar as it bears upon the pleaded questions of knowledge, retaliatory motive, intentional obstruction, absence of mistake, municipal authorization or ratification, and the alleged use of public-records administration as an instrument for burdening constitutionally protected petitioning activity.

## VI. ALTERNATIVE RELIEF

38. Should the Court determine that Exhibit A, or any portion thereof, does not presently satisfy Rule 201, Plaintiff respectfully requests that the Court:

    a. Accept Exhibit A as an exhibit accompanying this motion;

    b. Decline to make any determination concerning its ultimate evidentiary weight at this preliminary stage;

    c. Permit Plaintiff to authenticate the documents and establish transmission and receipt through discovery, admissions, declarations, deposition testimony, or other competent evidence; and

    d. Preserve Plaintiff's ability to rely upon the documents at an appropriate later stage for the limited purposes of notice, knowledge, intent, effect upon the recipient, and absence of mistake.

## VII. CONCLUSION

WHEREFORE, Plaintiff Michael Eric Nelson respectfully requests that this Court:

A. Take limited judicial notice of the existence, date, authorship, facial contents, and public availability of the August 14, 2025 ACLU of Rhode Island letter attached as Exhibit A;

B. Take limited judicial notice of the existence and facial contents of the incorporated August 12, 2025 Rhode Island Department of Public Safety APRA denial bearing Defendant Adam J. Sholes's electronic signature and governmental title;

C. Take notice that the ACLU correspondence made the specified accusation concerning Defendant Sholes's denial and identified statutory and decisional authority addressing public access to adult arrest reports;

D. Expressly refrain, at this stage, from accepting as true the ACLU's disputed legal conclusion, from finding that Defendant Sholes actually received the correspondence, or from finding that Defendant Sholes committed a knowing and willful APRA violation;

E. Alternatively, accept Exhibit A into the record subject to later authentication and permit its use, following an appropriate evidentiary foundation, for the limited purposes of notice, knowledge, intent, effect upon the recipient, and absence of mistake; and

F. Grant such other and further relief as the Court deems just and proper.

**REQUEST REGARDING ORAL ARGUMENT PURSUANT WITH LOCAL RULE**

Plaintiff does not request oral argument or an evidentiary hearing unless the Court determines that either would materially assist in resolving this motion.

Respectfully submitted on 24 July 2026,

/s/

**MICHAEL ERIC NELSON**  Plaintiff, Pro Se
 33 Hartford Avenue
 South Kingstown, Rhode Island 02879
702.932.3434

**CERTIFICATE OF SERVICE**

I hereby certify that, on 24 July 2026, I caused the foregoing **Plaintiff's Motion for Limited Judicial Notice of ACLU Correspondence and Incorporated Governmental Record, and Incorporated Memorandum of Law**, together with Exhibit A, to be served upon all counsel of record through the Court's CM/ECF system and, as to any party not participating in CM/ECF, by first-class United States mail, postage prepaid, addressed to that party's last known address.

**/s/ Michael Eric Nelson**

**[PROPOSED] ORDER**

UNITED STATES DISTRICT COURT
 DISTRICT OF RHODE ISLAND

**MICHAEL ERIC NELSON,**
 Plaintiff,

v.
 **URSILLO, TEITZ & RITCH, LTD., et al.,**
 Defendants.

C.A. No. **1:26-cv-00352-MRD-AEM**

**ORDER**

Upon consideration of Plaintiff's Motion for Limited Judicial Notice, the motion is
**GRANTED IN PART** as follows:

1. The Court takes judicial notice solely of the existence, date, and facial contents of the August 14, 2025 ACLU of Rhode Island correspondence and the documents incorporated therein.
2. The Court takes notice that the correspondence made the statements and identified the authorities appearing on its face.
3. The Court does not take judicial notice of the truth of the ACLU's disputed legal conclusions, does not determine that Defendant Adam J. Sholes received or reviewed the correspondence, and does not determine that any knowing and willful APRA violation occurred.
4. The parties' respective evidentiary objections concerning authentication, receipt, relevance, hearsay, Federal Rules of Evidence 403 and 404(b), and ultimate weight are preserved.

IT IS SO ORDERED.

_____

United States District Judge

Dated: _____