# EXHIBIT

# A

Letter to Colonel Darrell Weaver, Superintendent RI State Police, from the <u>American Civil Liberties Union</u> regarding **DEFENDANT Adam J. Sholes**

APRA **"denial is baseless and borders on the frivolous, and constitutes, in our view a knowing and willful violation of the Act."**

Actual letter from ACLU to Col. Weaver to follow (five pages) …



AMERICAN CIVIL LIBERTIES UNION
Rhode Island

128 Dorrance Street, Suite 400
Providence, RI 02903
Phone: (401) 831-7171
Fax: (401) 831-7175
www.riaclu.org
info@riaclu.org

August 14, 2025

Colonel Darrell Weaver
Superintendent
RI State Police
311 Danielson Pike
North Scituate, RI 02857

Dear Col. Weaver:

I am writing on behalf of an individual whose request for records pursuant to the Access to Public Records Act (APRA) was denied by your Department's legal counsel. Because we believe that there is absolutely no basis for denial of this request under APRA, I ask that you immediately reverse that decision.

Specifically, on August 12, 2025, the person who contacted us made an anonymous public records request[1] for the "arrest report of Aaron Cabreja, dob       at 98 Western Promenade St., Cranston on 8/7/25." On the same date as the request, Chief Legal Counsel Adam Sholes denied it in full, claiming that the requested "records are exempt in their entirety under Rhode Island law." Mr. Sholes proceeded to cite five separate exemptions in APRA in support of his decision. However, this denial is baseless and borders on the frivolous, and constitutes, in our view, a knowing and willful violation of the Act. Hence this letter and request for your intervention.

As you are undoubtedly aware, APRA specifically provides that "records or reports reflecting the initial arrest of an adult and the accompanying charges brought against an adult *shall be public*." R.I. Gen. Laws § 38-2-2(4)(D) (emphasis added). There is no ambiguity in that command: arrest reports are public documents – period. This clear reading of the law regarding public access to arrest reports has been confirmed time and again, both in the courts and in innumerable opinions of the Attorney General:

> [W]e have routinely affirmed the "General Assembly's specific determination that arrest reports are public," though subject to *limited* redaction on a case-by-case basis. Radtke v. Rhode Island Department of Public Safety, PR 13-10; see

---

[1] Although APRA explicitly authorizes anonymous complaints, this requester advised us that, after refusing to provide a driver's license for copying, he was initially told by the trooper serving him that his request would not be reviewed unless he provided his phone number. Ultimately, the individual provided an email address to which a response could be sent.

also Hatch v. Town of Middletown, 311 F.3d 83, 86 (1st Cir. 2002) ("[The APRA] impose[s] an affirmative obligation on law enforcement agencies to make arrest records available to the public."). We have also noted that a request for an arrest report-as defined by this provision-encompasses both the initial face sheet of an arrest report <u>and</u> the accompanying initial narrative report. See WPRI v. Woonsocket Police Department, PR 12-17. (emphasis added)
Milkovits v. Cranston Police Department, Office of the Attorney General, PR 18-24, December 5, 2018, 2018 WL 6682904 (R.I.A.G.)

While arrest reports are, as cited in the quote above, "subject to limited redaction on a case-by-case basis" and "may be released with certain redactions aimed at protecting privacy interests, particularly those of innocent third parties and victims," *id.*, the Attorney General has also emphasized the limited nature of allowable redactions, highlighting the strong presumption in favor of full, unredacted release of arrest reports.[2]

In light of the clear wording of the statute regarding arrest reports, and the repeated legal affirmation that it means what it says, it is all the more egregious to see some of the utterly frivolous reasons that were given by your Department for denying our complainant access to the arrest report in this instance, such as by citing APRA's exemption for "preliminary drafts."

We therefore request that you reverse this denial and promptly provide the requester access to the sought-after arrest report in unredacted form, except for limited, specific personally identifiable information of third parties, the disclosure of which would clearly be an unwarranted invasion of privacy. Copies of the initial request and the denial letter are enclosed for your reference.

Thank you in advance for your immediate attention to this matter.

Sincerely,

Steven Brown
Executive Director

cc: Adam Sholes

Enclosures

---

[2] See, e.g., Hathaway v. Westerly Police Department, Office of the Attorney General, PR 24-21, August 6, 2024, 2024 WL 4356536 (R.I.A.G.) (emphasizing the word "limited"). To add insult to injury, Mr. Cabreja's arrest received a good deal of media attention, and it is clear that the reported details about the arrest must have come from the State Police itself.

 

# RHODE ISLAND STATE POLICE
# PUBLIC RECORDS REQUEST FORM

Requests for records may be submitted by mail to the Rhode Island State Police Headquarters, Legal Office, 311 Danielson Pike, North Scituate, RI 02857; by fax to (401) 444-1105; by e-mail to records@risp.gov, or hand-delivered to any of the RI State Police barracks locations.

**Date of Request:** 8/12/25

**Name (optional):** _____

**Address (optional):** _____

**City/Town, State, Zip Code (optional):** _____

**Telephone Number (optional)   Home: (___) _____   Mobile: (___) _____**

**Report Number or Description of Records Being Requested:**

arrest report of Aaron Cabreja, dob 1/1/ at 98 Western Promanade St, Cranston on 8/7/25

**Please indicate how you wish to receive your response from the following:**

- ☐ Pick up the records
- ☐ Records to be sent via postal mail to address above
- ☐ Records to be faxed to fax number: (___) _____
- ☐ Records to be e-mailed to: _____

---

### *For Office Use Only*

Request Taken By: _____   Request Number: _____

Date: _____   Time: _____   Records Available On: _____

Records Provided: _____ Yes _____ No _____ In Part

Date response provided if any exemptions are claimed: _____

Costs for Records:   Copies $ _____   Search and Retrieval $ _____

---

### Department of Public Safety – Access to Public Records Request Receipt

Sandy 764·0537

If you desire to pick up the records, you will be contacted via the phone number or email address, if one was provided, or you may contact the Legal Office at (401) 444-1083 to see when the response is available for pick-up at the Department of Public Safety, Rhode Island State Police Headquarters, at the front desk in the main lobby. If, after review of your request, it is determined that the requested records are exempt from disclosure for a reason set forth in the Access to Public Records Act, the Department reserves its right to claim such exemption. Note: If you choose to pick up the records but did not include identifying information on this form (name, etc.), please provide the trooper at the front desk of the identifying call log number given to you at the time the request was made. Any parent, guardian or attorney of an involved juvenile requesting records must show identification in order to obtain records, pursuant to R.I.G.L. § 14-1-64.



**RHODE ISLAND DEPARTMENT OF PUBLIC SAFETY**

*Office of Legal Counsel*

*311 Danielson Pike, North Scituate, RI 02857*

*Telephone: (401) 764-0537 — Fax: (401) 444-1105*

Colonel Darnell S. Weaver
Director, Department of Public Safety
Superintendent, Rhode Island State Police

Adam J. Sholes, Esq.
Office of Legal Counsel
Department of Public Safety

August 12, 2025

RE: Public Records Request-Arrest report of Aaron Cabreja at 98 Western Promenade ST, Cranson on 08/07/25

To whom it may concern:

I am in receipt of your Access to Public Records Act ("APRA") Request of August 12, 2025, for the above-referenced report from the R.I. State Police. Your request is governed by R.I.G.L. Chapter 38-2. In response to a request for public records, an agency is required to make available for public disclosure those records that are responsive to a request, are in the possession of the agency and are not otherwise exempted from disclosure.

Please be advised that the records maintained by the Rhode Island State Police are exempt from disclosure at this time under the APRA. Please see below exemptions:

- R.I. Gen. Laws § 38-2-2(4)(A)(I)(b) personnel and other personal individually-identifiable records otherwise deemed confidential by federal or state law or regulation, or the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
- R.I. Gen. Laws § 38-2-2(4)(D)(a) records in law enforcement files that could reasonably be expected to interfere with investigations of criminal activity or with enforcement proceedings;
- R.I. Gen. Laws § 38-2-2(4)(D)(b) records which would deprive a person of a right to a fair trial or an impartial adjudication;
- R.I. Gen. Laws § 38-2-2(4)(D)(c) records which could reasonably be expected to constitute an unwarranted invasion of personal privacy;
- R.I. Gen. Laws § 38-2-2(4)(K) preliminary drafts, notes, impressions, memoranda, working papers and work products.

Furthermore, as these records are exempt in their entirety under Rhode Island Law, no portions are segregable under Rhode Island General Law § 38-2-3(b).

In accordance with R.I. Gen. Laws § 38-2-8, you have the right to appeal this to Colonel Darnell S. Weaver, Superintendent, Rhode Island State Police, 311 Danielson Pike, North Scituate, Rhode Island 02857. Or you may file a complaint with the Department of the Attorney General, 150 South Main Street, Providence, Rhode Island, 02903, or the Rhode Island Superior Court of the county where the record(s) are maintained.

If you have any questions or concerns, feel free to contact my office.  Otherwise, feel free to check back on the status of this matter at a later time.

Sincerely,

/s/ *Adam J. Sholes*
Adam J. Sholes, Esq.
Chief Legal Counsel

AJS/sg