UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON
    *Plaintiff*

v.

URSILLO, TEITZ & RITCH LTD;      C.A. No. 1:26-cv-00352-MRD-AEM
MICHAEL A. URSILLO; ANDREW M.
TEITZ; SCOTT A. RITCH; ADAM J.
SHOLES; TOWN OF SOUTH
KINGSTOWN; and JANE AND JOHN
DOES 1-27
    *Defendants*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS IN LIEU OF ANSWER

### I.    Introduction

Plaintiff's sixty-eight (68) page, 426-paragraph Amended Complaint can be distilled down to one simple grievance: Plaintiff is dissatisfied with the Town of South Kingstown's ("Town") response to a number of document requests he submitted pursuant to Rhode Island's Access to Public Records Act ("APRA"). Specifically, Plaintiff alleges that the Town repeatedly issued responses to his APRA requests without signatures or identifying the responsible decision-maker. According to Plaintiff, these failures violate his rights under the United States Constitution, including his First Amendment rights, his right to procedural and substantive due process, and his right to equal protection. Plaintiff asks this Court to declare that the Town's APRA responses violate the United States Constitution and that the Town's attorneys violated the Rhode Island Rules of Professional Conduct. Contrary to Plaintiff's assertions, the information he seeks neither invokes any federally protected constitutional rights nor need be disclosed pursuant to APRA. Consequently, the Defendants respectfully request that this Court dismiss Plaintiffs' Amended

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

## II.    Standard of Review

The Federal Rules of Civil Procedure provide that pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  F.R. Civ. P. 8(a)(2). This Court must dismiss a complaint if it "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard involves a two-step inquiry. *A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). First, the court "'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, "the court must determine whether the remaining factual content allows 'a reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Morales-Cruz*, 676 F.3d at 224).  Although *pro se* complaints are held to less stringent standards than complaints drafted by attorneys, Plaintiff's *pro se* status does not excuse him from compliance with procedural rules and substantive law. *Bogosian v. R.I. Airport Corp.*, No. 17-16S, 2017 WL 9324764, at *4 (D.R.I. May 3, 2017).

## III.    Argument

A.    There is no federally protected constitutional right to file public records requests or to receive government records under APRA.

The majority of the claims set forth in Plaintiff's Amended Complaint are premised on Plaintiffs' contention that the Town's failure to include certain information in its APRA responses violates the United States Constitution. *See Amended Complaint*, E.C.F. No. 5, (June 29, 2026),

2

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

Counts I, II, III, VI, VII, VIII, IX, X, XI. All of these claims must fail because there is no federally protected constitutional right to file public records requests or to receive government records under APRA.

It is well-settled that "[t]here is no general constitutional right to access information in the government's possession." *In re Boston Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003). The United States Supreme Court has expressly held that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality). The Rhode Island Supreme Court has likewise consistently treated APRA as a statutory substantive right rather than a constitutional right. *See Direct Action for Rights and Equality v. Gannon*, 819 A.2d 651, 659 (R.I. 2003) (holding APRA "confer[s] upon the public the substantive right to have access to public records."); *Robinson v. Malinoff*, 770 A.2d 873, 876 (R.I. 2001) ("The APRA only creates a cause of action for an individual or entity denied access to records maintained by a public body against the public body that is the custodian of the records.").

In light of the foregoing, the Town's alleged failure to include identifying information concerning records custodians, decision-making officials, or Town attorneys in APRA responses simply does not implicate Plaintiff's rights to free speech, petition, due process, or equal protection under the United States Constitution. Consequently, this Court should grant Defendants' Motion to Dismiss with respect to Plaintiff's constitutional claims.[1]

---

[1] The Defendants note that APRA provides its own administrative and judicial remedies. Specifically, an individual whose APRA request has been denied may petition the chief administrative officer of the public body, may file a complaint with the Attorney General, and may seek judicial relief in the Superior Court. *See* R.I. Gen. Laws §§ 38–2–8; 38–2–9. Thus, to the extent Plaintiff believes he has been aggrieved by the Town's denial of his APRA requests, he may avail himself of the statutorily prescribed appellate procedure under APRA.

3

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

> B.  APRA does not require a governmental agency to identify the government employee or official responding to APRA requests on the agency's behalf.

Plaintiff also seeks a declaration from this Court that "governmental entities must identify the governmental actor exercising authority affecting statutory rights" under APRA. *See Pl's Am. Complaint*, ¶ 299. APRA, however, does not impose any such requirement on public bodies.

Under APRA, any denial of the right to inspect or copy records, in whole or in part, must satisfy four (4) requirements. *See* R.I. Gen. Laws § 38–2–7. First, the denial must be made in writing to the person or entity requesting the records. *See id.*, § 38–2–7(a). Second, the denial must provide the specific reason(s) for the denial. *See id.* Third, the denial must be made within ten (10) business days of the request. *See id.* And fourth, the denial must indicate the procedures for appealing the denial. *See id.* Here, Plaintiff appended four (4) of the Town's APRA responses as exhibits to his Amended Complaint. Notably, all four (4) of these responses comport with the requirements of section § 38–2–7(a).

Section § 38–2–7 does not require disclosure of the identity of the employee or agent who prepares the denial on behalf of the government agency. Moreover, the Defendants are unaware of any provision of APRA that requires the responding government employee or agent to include his or her name, signature, or certification in the public body's response. This is likely because the statute consistently frames obligations as belonging to the "public body" rather than any individual. *See generally* R.I. Gen. Laws § 38–2–1 *et seq.*; *see also Robinson*, 770 A.2d at 876 (explaining APRA creates cause of action for individuals denied access to records against the public body that is the custodian of the records). In short, APRA does not confer a statutory right to identifying information with respect to the responding government employee or agent. As such, Plaintiff is not entitled to a declaration that governmental entities must disclose such information in APRA responses.

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

    C.  <u>The Town's attorneys have not violated the Rules of Professional Conduct.</u>

Finally, Plaintiff asks this Court to declare that the Town's attorneys violated the Rhode Island Rules of Professional Conduct by issuing "anonymous and unattributed governmental legal determinations" under APRA. *See Pl's Am. Complaint*, Count V. As discussed *supra*, there is nothing in APRA that requires a responding public body to identify the government employee or agent preparing responses on its behalf. Thus, to the extent that the Town's attorneys have been involved in the drafting, approval, and/or denial of Plaintiff's APRA requests, their failure to identify themselves in those written denials does not violate APRA. It follows that the Town's attorneys have not violated the Rules of Professional Conduct because their conduct is consistent with State law.

## IV.    <u>Conclusion</u>

For the reasons set forth herein, the Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

### <u>Reservation of Rights</u>

Defendants expressly reserve all defenses and objections, including but not limited to lack of personal jurisdiction pursuant to Rule 12(b)(2) and insufficient service of process pursuant to Rule 12(b)(4). Nothing in this motion or any related filing shall be deemed a waiver of these or any other available rights or defenses, whether at law or in equity.

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

Respectfully submitted,

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
*/s/ Sarah D. Boucher*
Marc DeSisto, Esq. (#2757)
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam Sholes, By their Attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

6

*Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 28th day of July 2026 and is available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 28th day of July 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

*/s/ Marc DeSisto*