# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON,
Plaintiff,

V.                                          **No. 1:26-cv-00352-MRD-AEM**

TOWN OF SOUTH KINGSTOWN;
URSILLO, TEITZ & RITCH, LTD.;
MICHAEL A. URSILLO;
ANDREW M. TEITZ;
SCOTT A. RITCH;
ADAM J. SHOLES; and
JANE AND JOHN DOES 1–27,
Defendants.


**PLAINTIFF'S MOTION FOR ORDER DEEMING COUNSEL'S JULY 28, 2026 FILING AN APPEARANCE FOR EACH IDENTIFIED DEFENDANT, REQUIRING DESIGNATION OF LEAD COUNSEL PURSUANT TO LR GEN 206(c), REQUIRING COMPLIANCE WITH FED. R. CIV. P. 7.1, AND CLARIFYING COUNSEL OF RECORD**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves pursuant to Fed. R. Civ. P. 7, 7.1, and 11; D.R.I. LR Gen 206(b)–(c), LR Gen 208, LR Gen 308, and LR Cv 7, for a limited procedural order clarifying the attorneys of record for each Defendant, requiring designation of lead counsel for each separately named Defendant, and requiring Defendant Ursillo, Teitz & Ritch, Ltd. ("UTR") to satisfy any disclosure obligation imposed by Fed. R. Civ. P. 7.1.

This Motion does not presently request adjudication of any anticipated motion concerning attorney disqualification, conflicts of interest, discovery directed to counsel, or counsel's potential status as a fact witness. Those matters are referenced only insofar as they establish a concrete need for an unambiguous record concerning which attorney represents each Defendant and which attorney has been designated as lead counsel.

**I. JULY 28, 2026 FILING CONSTITUTES AN APPEARANCE BY ATTORNEY PETER SKWIRZ FOR EACH DEFENDANT EXPRESSLY IDENTIFIED AS HIS CLIENT**

1. On July 28, 2026, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), together with a supporting memorandum.

2. The signature block of the supporting memorandum separately identifies Defendant Town of South Kingstown as represented by Attorneys Marc DeSisto and Sarah D. Boucher.

3. The same filing thereafter expressly identifies:

"Defendants, Ursillo, Teitz & Ritch LTD, Michael A Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam Sholes, By their Attorney,"

followed by the signature, Rhode Island bar number, address, telephone number, and electronic-mail address of Attorney Peter F. Skwirz.

4. The filing therefore does not merely contain Attorney Skwirz's name in some collateral or ministerial capacity. It affirmatively represents to this Court that Attorney Skwirz acts as the attorney for five separately named Defendants: UTR, Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam J. Sholes.

5. D.R.I. LR Gen 206(b) provides that "[t]he filing of a written entry of appearance or any other document signed on behalf of a party constitutes an entry of appearance for that party."

6. The same rule further provides that, once counsel enters an appearance for a party, counsel remains obligated to represent that party unless and until withdrawal is permitted in accordance with the Local Rules.

7. Accordingly, Attorney Skwirz's execution and filing of the July 28, 2026 dispositive submission on behalf of each of the five identified Defendants constituted an appearance for each such Defendant by operation of LR Gen 206(b), irrespective of whether a separately captioned "Notice of Appearance" was contemporaneously filed.

8. That conclusion is reinforced by Fed. R. Civ. P. 11(a), which requires written motions and other papers to be signed by an attorney of record when a party is

represented, as well as LR Gen 308, governing signatures upon documents filed electronically in this Court.

9. Plaintiff therefore respectfully requests that the Court deem Attorney Peter F. Skwirz to have entered an appearance, effective no later than July 28, 2026, for:
   a. Ursillo, Teitz & Ritch, Ltd.;
   b. Michael A. Ursillo;
   c. Andrew M. Teitz;
   d. Scott A. Ritch; and
   e. Adam J. Sholes.

10. To the extent the CM/ECF docket does not presently and individually reflect Attorney Skwirz as counsel of record for each foregoing Defendant, Plaintiff requests that Attorney Skwirz be directed to file an appropriate notice identifying each party whom he represents so that the docket corresponds with the representation made in Defendants' July 28, 2026 filing.

11. Alternatively, if any Defendant identified in Attorney Skwirz's signature block contends that Attorney Skwirz does not represent that Defendant, Plaintiff respectfully requests that such Defendant be required to state that position unequivocally and identify the attorney, if any, presently serving as counsel of record.

## II. EACH PARTY MUST DESIGNATE LEAD COUNSEL PURSUANT TO LR GEN 206(c)

12. D.R.I. LR Gen 206(c) independently provides that "[e]ach party shall designate one attorney to act as lead counsel for the case" and that such lead counsel bears primary responsibility for the litigation.

13. The obligation attaches to each party. The collective identification of several Defendants beneath a single attorney signature does not eliminate the requirement that the record identify the attorney designated as lead counsel for each separately named party.

14. Attorney Skwirz may, subject to all otherwise applicable rules governing representation, be designated as lead counsel for more than one Defendant. The

material issue for purposes of the present Motion is not whether different Defendants must retain different attorneys, but whether the lead-counsel designation required by LR Gen 206(c) has been made clearly and unequivocally for each Defendant.

15. Likewise, because the July 28 filing identifies both Marc DeSisto and Sarah D. Boucher as attorneys for the Town of South Kingstown, LR Gen 206(c) requires identification of which attorney is designated as lead counsel for the Town.

16. Plaintiff therefore respectfully requests an order requiring the represented Defendants to designate, or confirm the existing designation of, one lead attorney for each separately named Defendant, specifically:

    a. Town of South Kingstown;

    b. Ursillo, Teitz & Ritch, Ltd.;

    c. Michael A. Ursillo;

    d. Andrew M. Teitz;

    e. Scott A. Ritch; and

    f. Adam J. Sholes.

## III. UTR MUST COMPLY WITH FED. R. CIV. P. 7.1 IF IT IS A NONGOVERNMENTAL CORPORATION

17. Defendant Ursillo, Teitz & Ritch, Ltd. is a nongovernmental business entity and is itself a separately named Defendant in this action.

18. Plaintiff understands UTR to be organized as a corporate entity. To the extent UTR is a "nongovernmental corporate party" within the meaning of Fed. R. Civ. P. 7.1(a)(1), the Rule requires UTR to file a disclosure statement that:

    a. identifies any parent corporation and any publicly held corporation owning ten percent or more of its stock; or

    b. affirmatively states that no such corporation exists.

19. The obligation to file a Rule 7.1 statement exists even where there is nothing substantive to disclose. In that circumstance, the corporate party must state that no qualifying parent or publicly held corporation exists.

20. Rule 7.1(b)(1) requires the statement to be filed with the party's "first appearance, pleading, petition, motion, response, or other request addressed to the court."

21. UTR expressly joined the July 28, 2026 Motion to Dismiss and supporting memorandum and affirmatively requested dismissal of Plaintiff's operative complaint.

22. Accordingly, if UTR is a nongovernmental corporation, its Rule 7.1 disclosure obligation arose no later than its July 28, 2026 appearance and request for affirmative judicial relief.

23. Plaintiff therefore respectfully requests that UTR be directed promptly to file its disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(1) and (b).

24. If UTR contends that Rule 7.1(a)(1) does not apply because UTR is not organized as a corporation, Plaintiff respectfully requests that UTR identify its legal organizational form so that the Court and parties possess an accurate record concerning the status of the named entity and the applicability of Rule 7.1.

25. Plaintiff does not seek through this Motion discovery exceeding the disclosure required by Rule 7.1, nor does Plaintiff seek disclosure of information outside the scope of that Rule. Plaintiff seeks only compliance with the federal procedural obligation applicable to the entity, if applicable.

## IV. AN UNAMBIGUOUS IDENTIFICATION OF COUNSEL IS PARTICULARLY MATERIAL IN THIS ACTION

26. Ordinarily, the operation of LR Gen 206(b) might render a separate motion concerning appearance unnecessary because counsel's signature upon a filing itself constitutes an appearance.

27. The circumstances of this action, however, create a concrete procedural necessity for an unambiguous record identifying counsel of record and lead counsel for each Defendant.

28. Plaintiff alleges that Attorney Peter F. Skwirz possesses direct, first-hand knowledge concerning communications, disputes, legal positions, threatened litigation, and governmental responses predating March 26, 2026, which constitute part of the factual chronology underlying Plaintiff's claims for prospective declaratory relief.

29. Plaintiff further alleges that the operative controversy developed through escalating governmental and attorney communications concerning Plaintiff's APRA activity and his persistent efforts to petition governmental officials for information, accountability, and redress.

30. According to Plaintiff's allegations, communications initially appearing upon Town of South Kingstown letterhead were followed by communications employing other institutional letterheads, including UTR law-firm letterhead and South Kingstown Municipal Court letterhead, while the authorship, decisional attribution, and identity of the governmental or legal actor exercising authority remained disputed.

31. Plaintiff alleges that these successive institutional communications, viewed cumulatively and in context, operated as an escalating mechanism of governmental and legal pressure capable of deterring a person of ordinary firmness from continuing protected petitioning activity.

32. Plaintiff further alleges that his disagreement with Attorney Skwirz regarding the governing law and underlying facts preceded additional allegedly adverse conduct relevant to this action, including conduct Plaintiff attributes to persons associated with UTR, including Attorney Amy H. Goins.

33. These allegations are not offered through this Motion as adjudicated facts, nor does Plaintiff presently request findings concerning liability, retaliation, attorney misconduct, or disqualification.

34. Rather, they demonstrate why ambiguity concerning Attorney Skwirz's litigation role is no longer merely technical. Plaintiff anticipates that subsequent motion practice may concern Attorney Skwirz's personal knowledge, his participation in events preceding this litigation, discoverability of relevant nonprivileged facts,

potential witness status, and the professional-responsibility consequences, if any, arising from those circumstances.

35. D.R.I. LR Gen 208 provides that attorneys appearing or practicing before this Court are governed by the Rules of Professional Conduct adopted by the Rhode Island Supreme Court.

36. Rhode Island Rule of Professional Conduct 3.7 addresses circumstances in which an attorney is likely to be a necessary witness while also functioning as an advocate at trial. Plaintiff recognizes that the existence, scope, timing, and consequences of any advocate-witness issue must be determined upon a developed record and does not ask the Court to adjudicate that question through the present Motion.

37. It is nevertheless appropriate, before such issues are presented, that the docket state with precision whether Attorney Skwirz represents UTR, Ursillo, Teitz, Ritch, Sholes, or some subset thereof, and whether he is designated as lead counsel for any or all such Defendants.

38. Formal clarification will prevent subsequent uncertainty concerning service, communications with represented parties, discovery obligations, conflicts, withdrawal or substitution of counsel, and any future motion implicating Attorney Skwirz personally.

39. Plaintiff therefore seeks a narrow administrative and procedural order enforcing and clarifying obligations already established by the Federal Rules and this Court's Local Rules, without requesting premature adjudication of the substantive attorney-witness or conflict issues that may subsequently arise.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

A. DECLARING, pursuant to D.R.I. LR Gen 206(b), that Attorney Peter F. Skwirz's July 28, 2026 filing signed "By their Attorney" constitutes an entry of appearance for Defendants Ursillo, Teitz & Ritch, Ltd.; Michael A. Ursillo; Andrew M. Teitz; Scott A. Ritch; and Adam J. Sholes;

B. REQUIRING, to the extent the docket does not already reflect those attorney-client representations individually, Attorney Skwirz to file a notice identifying each Defendant for whom he presently appears;

C. REQUIRING each represented Defendant to designate one attorney as lead counsel pursuant to D.R.I. LR Gen 206(c), including identification of lead counsel for the Town of South Kingstown and for each Defendant represented by Attorney Skwirz;

D. REQUIRING Defendant Ursillo, Teitz & Ritch, Ltd., if it is a nongovernmental corporation within the meaning of Fed. R. Civ. P. 7.1(a)(1), to file forthwith the disclosure statement required by Fed. R. Civ. P. 7.1(a)(1) and (b);

E. ALTERNATIVELY, if UTR maintains that Rule 7.1(a)(1) does not apply because it is not a corporation, requiring clarification of UTR's organizational form sufficient to resolve the applicability of the Rule;

F. PROVIDING that the foregoing clarification is without prejudice to Plaintiff's right to present, by separate motion upon an appropriate evidentiary record, issues concerning conflicts of interest, advocate-witness status, discovery, preservation, or other matters arising from counsel's alleged personal participation in events material to this action; and

G. GRANTING such other and further procedural relief as this Court deems just and appropriate.

**REQUEST FOR HEARING**

Pursuant to LR Cv 7(c), Plaintiff does not request oral argument or an evidentiary hearing on this Motion unless the Court determines that either would materially assist resolution of the discrete procedural issues presented.

Respectfully submitted,

/s/

Michael E. Nelson
Plaintiff, pro se
33 Hartford Avenue South Kingstown, RI 02879

Dated: July 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a true and accurate copy of the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, through the Court's ECF system as the document is docketed.

/s/

Michael Eric Nelson
Plaintiff, Pro Se