**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Michael Eric Nelson,

*Plaintiff,*

v.

Town of South Kingstown; Ursillo, Teitz & Ritch, Ltd.;
Michael A. Ursillo; Andrew M. Teitz; Scott A. Ritch;
Adam J. Sholes; John and Jane Does 1-27,

*Defendants.*

C.A. No. 1:26-cv-00352-MRD-AEM

Hon. Melissa R. DuBose

**PLAINTIFF'S MOTION FOR ORDER PERMITTING AND DIRECTING CURATIVE SERVICE OF PROCESS UPON DEFENDANT TOWN OF SOUTH KINGSTOWN PURSUANT TO FED. R. CIV. P. 4(j)(2), FOR REISSUANCE OF SUMMONS IF NECESSARY, AND FOR EXTENSION OF TIME TO CURE ANY SERVICE DEFECT**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 4(b), 4(j)(2), 4(l)(3), and 4(m), together with D.R.I. LR Cv 5.1 and LR Cv 7, for an order permitting and directing prompt curative service of process upon municipal Defendant Town of South Kingstown. The relief is requested because the private process server's return reflects an attempted abode-style service upon a person identified as "Tracey Manni," rather than delivery to Town Manager James M. Manni or another person or location identified by the rules governing service upon a municipality. Plaintiff seeks to cure any possible defect immediately and to eliminate collateral litigation over service.

**FACTUAL AND PROCEDURAL BASIS**

1. On July 1, 2026, the Clerk issued an AO 440 summons directed to Defendant Town of South Kingstown, c/o James M. Manni, Town Manager, at 27 Bud Browning Circle, South Kingstown, Rhode Island 02879.

1

2. Plaintiff thereafter retained a disinterested private process server to effect service upon the Town through Mr. Manni.

3. The returned proof of service reflects that, on July 27, 2026, the server selected the portion of the AO 440 form stating that the summons was left at an individual's residence or usual place of abode and wrote the name "Tracey Manni." The return further states that a copy was mailed to the individual's last known address. The server signed the proof on July 29, 2026. A true copy of the summons and returned proof is attached as Exhibit A.

4. The return does not state that James M. Manni was personally served. Nor does it identify Tracey Manni as an officer, director, manager, managing or general agent, Town employee, or agent authorized by appointment or law to receive process on behalf of the Town.

5. The return likewise does not indicate that process was left at an office of the Town with a person employed there. Instead, the return memorializes residential substitute service ordinarily associated with service upon an individual.

## ARGUMENT

### I. Rule 4(j)(2), Not Individual Abode Service, Governs Service Upon the Town.

6. Federal Rule of Civil Procedure 4(j)(2) specifically governs service upon a state, municipal corporation, or other state-created governmental organization. It permits service by either: (A) delivering a copy of the summons and complaint to the entity's chief executive officer; or (B) serving a copy of each in the manner prescribed by state law for serving a summons or like process upon such a defendant.

7. Rhode Island Superior Court Rule of Civil Procedure 4(e)(3), incorporated as an available method by Rule 4(j)(2)(B), permits service upon a public corporation, body, or authority by delivering the required papers to an officer, director, manager, managing or general agent; by leaving the papers at an office of the corporation with a person employed there; or by delivering the papers to an agent authorized by appointment or law to receive service.

2

8. The method recorded on Exhibit A does not facially correspond to either federal municipal-service route. The return documents abode service on Tracey Manni at a residence and does not establish that she occupied any official, managerial, employment, or agency status with the Town.

9. Although actual notice is relevant to the practical equities, the First Circuit has cautioned that actual notice, standing alone, does not substitute for substantial compliance with the prescribed manner of service. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992). Prompt cure is therefore the most efficient course and avoids an unnecessary Rule 12(b)(5) dispute.

**II. Curative Service Should Be Authorized and Any Applicable Rule 4(m) Period Enlarged.**
10. Plaintiff acted diligently by obtaining the issued summons, engaging a professional process server, furnishing the designated service information, and seeking judicial clarification immediately after receiving a return that memorializes a different method of service.

11. Rule 4(m) expressly authorizes the Court, where service has not been completed within the governing period, to order that service be made within a specified time, and it requires an appropriate extension upon a showing of good cause. Here, any defect arose from the server's selected manner of execution after Plaintiff affirmatively attempted service, rather than from abandonment or dilatory inaction by Plaintiff.

12. The Town Manager's Office is located at 180 High Street, Wakefield, Rhode Island 02879. Personal delivery there to James M. Manni, in his official capacity as Town Manager, would eliminate the residential-service ambiguity reflected in Exhibit A and squarely comport with the state-law manager method recognized by Rule 4(j)(2)(B). To the extent the Court determines that the Town Manager is the Town's chief executive officer for purposes of Rule 4(j)(2)(A), the same personal delivery would independently satisfy the federal method.

3

13. Authorizing a prompt cure advances Rule 1's command to secure the just, speedy, and inexpensive determination of the action. It also preserves the parties' ability to litigate the merits without expenditure of judicial or public resources on a readily correctable threshold dispute.

### RELIEF REQUESTED

14. Accordingly, Plaintiff respectfully requests that the Court enter an order permitting and directing Plaintiff to cure service upon Defendant Town of South Kingstown by causing the summons and operative complaint to be personally delivered to James M. Manni, Town Manager, at the Town Manager's Office, 180 High Street, Wakefield, Rhode Island 02879.

15. In the alternative, Plaintiff requests clarification that service may be completed by any method authorized by Rhode Island Superior Court Rule of Civil Procedure 4(e)(3), as incorporated through Federal Rule 4(j)(2)(B), including delivery at a Town office to a person qualifying under that rule.

16. Plaintiff further requests that, if the Clerk determines a replacement or reissued summons is administratively necessary to accomplish curative service, the Court authorize the Clerk to issue such summons without requiring commencement of a new action or payment of an additional filing fee.

17. To the extent necessary, Plaintiff requests that the Rule 4(m) service period be extended through thirty (30) days after entry of the Court's order so that service can be completed and a conforming proof of service filed pursuant to D.R.I. LR Cv 5.1(a).

18. Plaintiff further requests such other and further relief as the Court deems just and appropriate.

### REQUEST FOR HEARING

Pursuant to D.R.I. LR Cv 7(c), Plaintiff does not request oral argument or an evidentiary hearing and respectfully submits that this motion may be decided on the papers.

4

Respectfully submitted,
/s/ Michael Eric Nelson
Michael Eric Nelson, Plaintiff Pro Se
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-WEB-3434
Email: nelsontelco@gmail.com
Dated: July 29, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I caused a true and correct copy of the foregoing

Motion, including Exhibit A, to be served by electronic mail upon Marc DeSisto, Esq., DeSisto Law

LLC, 4 Richmond Square, Suite 500, Providence, Rhode Island 02906, at marc@desistolaw.com,

counsel for Defendant Town of South Kingstown.


/s/ Michael Eric Nelson