# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MICHAEL NELSON,
Plaintiff,

v.                                                    C.A. No. 1:26-cv-00352-MRD-AEM

TOWN OF SOUTH KINGSTOWN, et al.,
Defendants.

**PLAINTIFF'S EMERGENCY EXPEDITED MOTION FOR PRESERVATION ORDER AND FOR LEAVE TO CONDUCT NARROWLY TAILORED EARLY DISCOVERY CONCERNING THE CREATION, EXPORT, AND UPLOAD OF BACKDATED APRA-1280 PDF IN CLOSE TEMPORAL PROXIMITY TO SERVICE ON ADAM J. SHOLES**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully **moves pursuant to Federal Rules of Civil Procedure 1, 16, 26(b)(1), 26(d)(1), 26(f), 34, 37(e), and 45; Local Rules LR Cv 7, LR Cv 9, and LR Cv 26**; and the Court's inherent authority to preserve the integrity of its proceedings, for entry of an expedited order:

1. directing Defendants, their officers, employees, attorneys, agents, contractors, information-technology personnel, records custodians, and persons acting in concert with them to preserve narrowly identified electronically stored information concerning the creation, revision, export, approval, transmission, and upload of a PDF responding to Town of South Kingstown APRA Request No. 1280;

2. permitting Plaintiff to serve narrowly tailored early interrogatories and requests for production concerning the document's chronology, source file, custodians, audit history, and upload history before the ordinary Rule 26(f) discovery conference;

3. permitting Plaintiff to obtain corresponding audit and preservation information from OpenGov or identified platform administrator via narrowly tailored Rule 45 subpoena;

4. requiring the Town of South Kingstown to provide a sworn preservation certification and to identify the persons and systems reasonably likely to possess the relevant information; requiring defendant Sholes to produce documents and answer interrogatories given the temporal proximity between service of process upon Defendant Sholes and the manipulated government record(s) and

5. granting such other limited prophylactic relief as the Court deems necessary to prevent routine deletion, alteration, overwriting, or loss of the relevant electronically stored info.

Plaintiff does **not** presently request sanctions, an adverse inference, a finding of spoliation, or a finding that any Defendant committed misconduct. Plaintiff instead seeks preservation and objective discovery so that the chronology may be determined from authenticated source files, platform records, version histories, and audit logs rather than accusation or conjecture. The creation and publication of an unlabeled, later-generated version of an earlier governmental record; while retaining the original date, removing institutional identifiers, and failing to disclose the revision; could constitute conduct involving dishonesty or misrepresentation under Rule 8.4(c), particularly if a licensed attorney knowingly directed, approved, ratified, or subsequently relied upon the alteration. If the conduct altered, concealed, or falsified evidence relevant to pending litigation, Rules 3.4 and 3.3 may also be implicated.

# I. FACTUAL BASIS

## A. Service upon Defendant Adam J. Sholes

**On Tuesday, July 21, 2026, at approximately 9:54 a.m., Defendant Adam J. Sholes was served** with process in this action at the Rhode Island State Police Headquarters, 311 Danielson Pike, North Scituate, Rhode Island 02857. The affidavit or return of service documenting that service is attached as **Exhibit A** or will be filed contemporaneously with this motion, in addition a screen capture from ProofServe is also provided showing the precise time that process server Gary Tantimonaco served Defendant Adam Jacob Sholes at the headquarters for the Rhode Island State Police.

Location of service is stated only to establish the objective circumstances, date, and time of service. Plaintiff does **not presently** allege RI State Police equipment, personnel, accounts, or governmental resources were used in connection with the events addressed by this motion.

## B. Subsequent upload of a newly generated APRA-1280 PDF

Later on July 21, 2026, the Town of South Kingstown caused a PDF relating to APRA Request No. 1280 to be made available through its OpenGov public-records platform. The document is facially dated "April 6, 2026" and characterizes itself as a response to APRA-1280, allegedly received by the Town on April 3, 2026. The filename associated with the newly available file included:

APRA-1280_response_Updated_Tue_Jul_21_2026_14-25-08.pdf

A portal screenshot, download record, notification, or other record demonstrating the July 21 availability of the file is attached as **Exhibit B**.

The exact PDF downloaded or obtained by Plaintiff is attached as **Exhibit C** and the original with Municipal Letterhead is attached as **Exhibit G**.

The original letter issued on April 6, 2026 using the double official letterhead that included the Town of South Kingstown Municipal Court Official Letterhead is named: APRA_1280_Denial_Letter_Mon_Apr_6_2026_08-50-24.pdf

## C. Preliminary forensic examination

A preliminary technical examination of the PDF identified the following internally embedded metadata, see Exhibit E for further clarification:

| Metadata field | Embedded value |
|---|---|
| PDF Info /ModDate | D:20260721142429-04'00' |
| XMP CreateDate | 2026-07-21T14:24:29-04:00 |
| XMP ModifyDate | 2026-07-21T14:24:29-04:00 |
| Author | John |
| Document UUID | 31917620-0D6D-4E35-9931-F305E545C58B |

The agreement between the PDF Info dictionary and XMP metadata supports the preliminary conclusion that the examined PDF instance was exported from Microsoft Word on July 21, 2026, at approximately 2:24:29 p.m. Eastern Daylight Time.

That export occurred approximately four hours and thirty minutes after service upon Sholes and 106 days after the date printed on the face of the document. The filename time of approximately 2:25:08 p.m. follows the embedded creation timestamp by approximately 39 seconds. That sequence is consistent with the PDF being exported at 2:24:29 p.m. and subsequently being named, downloaded, processed, or placed on a portal at approximately 2:25:08 p.m.

## D. File-identification hashes

The following hashes identify the exact examined file:

**SHA-256** 36ed14ac8369383f2d7d197744aaf51fe0e9bc70c4705fc4104c90ae184ddcba

**MD5** c7eba96ac5eb607ccba0198cff1f1f9b

The hashes identify the examined file and will permit future comparison with any server-side, portal-side, or Town-maintained copy. They do not, standing alone, establish the identity of the author or prove when the underlying text was initially drafted. Full Object Stream Hashes are provided in **Exhibit F.**

## E. Incremental PDF structure

The file contains two `%%EOF` markers, two `startxref` markers, and a `/Prev` pointer, indicating an incremental PDF structure. The appended portion is approximately 182 bytes and contains no newly added or replaced page, text, metadata, image, annotation, or font object. **Exhibit E**

## F. Evidentiary limitations acknowledged by Plaintiff

Plaintiff expressly acknowledges the following limitations:

1. The July 21 PDF-generation timestamp does not conclusively establish that the underlying letter text was first drafted on July 21. An earlier Word document could have been reopened and newly exported.
2. The metadata value "John" may refer to an Office user profile, document-property value, template author, or inherited metadata. It is not a digital signature and does not identify a particular Town employee or other individual.
3. The filename timestamp is external filename or filesystem information and is corroborative rather than independently conclusive.
4. The PDF contains no digital signature, trusted cryptographic timestamp, embedded source DOCX filename, computer username, local file path, "last saved by" field, revision count, or total editing time.
5. Temporal proximity between service upon Sholes and generation of the PDF does not, without additional evidence, prove that Sholes communicated with the Town, directed the creation or upload, authored the document, or possessed contemporaneous knowledge of the upload.
6. Plaintiff presently lacks access to the native Word document, Microsoft 365 version history, SharePoint or OneDrive audit history, OpenGov upload records, account identifiers, server logs, email headers, approval workflow records, or other objective evidence capable of resolving those questions.

These limitations are why narrowly tailored preservation early & discovery are necessary.

## II. REQUEST FOR EXPEDITED TREATMENT

This request is expedited because the most probative evidence consists of cloud-platform audit logs, version histories, autosave data, temporary files, portal-access logs, account-session information, and other ESI that may be subject to rolling retention periods, routine overwriting, automated deletion, account changes, or ordinary system maintenance. Plaintiff does not know the Town's, OpenGov's, Microsoft 365's, or any individual custodian's applicable retention settings. Delay until completion of service upon every Defendant, filing of every responsive pleading, and occurrence of the ordinary Rule 26(f) conference could materially increase the risk that short-duration audit data will no longer be available. The requested relief will impose minimal burden because it is limited to a single APRA request, a single two-page PDF, a discrete document workflow, a confined group of custodians, and a **narrow temporal period**.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that a party ordinarily may not seek discovery before the Rule 26(f) conference except when discovery is authorized by the Federal Rules, stipulation, or court order. The Court may therefore authorize limited early discovery upon a showing that the discovery is relevant, proportional, appropriately confined, and necessary to prevent prejudice or loss of evidence.

Rule 26(f)(2) expressly requires parties to discuss issues concerning the preservation of discoverable information. Rule 26(b)(1) permits discovery concerning nonprivileged matters relevant to a claim or defense and proportional to the needs of the case.

Rule 34 authorizes production and inspection of documents and electronically stored information in the responding party's possession, custody, or control. Rule 45 permits corresponding production from a nonparty platform administrator or service provider, subject to the protections afforded to nonparties.

Rule 37(e) addresses remedial measures where ESI that should have been preserved in anticipation or conduct of litigation is lost because reasonable preservation steps were not taken and the information cannot be restored or replaced through additional discovery.

**Present motion seeks to avoid such loss. It does not request sanctions under Rule 37(e).**

First Circuit has cautioned that severe spoliation remedies must rest upon an adequately developed record and should be proportionate to the established conduct and prejudice. See, e.g., *Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 41–42 (1st Cir. 2017); *Nation-Wide Check Corp. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 217–18 (1st Cir. 1982). The Court also possesses inherent authority to manage proceedings, protect the integrity of the judicial process, and issue orders necessary to prevent frustration of its jurisdiction. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).

# IV. ARGUMENT

## A. The objective chronology establishes good cause for preservation

The facial date of April 6, 2026, the internally embedded July 21, 2026 creation and modification timestamps, and the July 21 portal-related filename create a material and objectively verifiable chronology discrepancy.

The discrepancy is directly relevant to:

1. when APRA-1280 response was drafted, revised, approved, exported, and uploaded;
2. whether the July 21 PDF was a newly created response, a reproduction of an earlier response, a revision, a replacement, or a newly exported copy of an older source document;
3. whether any earlier version existed and, if so, whether it differed from the July 21 file;
4. who participated in creating, reviewing, approving, exporting, transmitting, or uploading the file;

5. whether the Town's public-facing records accurately identify the chronology and provenance of governmental determinations;
6. Plaintiff's existing allegations concerning anonymous, unsigned, or unattributed govt decisions;
7. whether post-filing or post-service conduct bears upon the practices, customs, knowledge, intent, or ratification alleged in the operative complaint; and
8. whether supplemental allegations under Rule 15(d) may later be warranted.

A preservation order would not adjudicate any of those questions. It would ensure that the evidence capable of answering them remains available.

## B. The requested discovery is narrowly tailored and proportional

Plaintiff does not seek unfettered access to Town networks, personal devices, law-enforcement systems, or privileged attorney-client communications.  Plaintiff seeks only:

1. the native source file and all preserved versions of the document;
2. the exact server-side and portal-side copies of the July 21 PDF;
3. document properties, version histories, audit records, and export records;
4. OpenGov upload, replacement, revision, and access logs;
5. **identity information for persons** who created, edited, approved, exported, transmitted, or uploaded the document;
6. narrowly confined nonprivileged communications sufficient to identify the document workflow;
7. records showing whether an April 6 version actually existed and where it was maintained; and
8. retention information sufficient to prevent loss of the foregoing evidence.

The production period can be confined principally to April 1 through July 27, 2026, with communications concerning the July 21 creation and upload limited further.

## C. Objective info is exclusively within Defendants' and third parties' control

Plaintiff possesses only the public-facing PDF, related portal information, and preliminary forensic results. Plaintiff cannot independently obtain:

- the original DOCX;
- Microsoft 365 unified audit records;
- SharePoint or OneDrive version history;
- Exchange or Teams records;
- local or network-drive file history;
- OpenGov administrator logs;
- authenticated account identifiers;
- server-side upload timestamps;

- replacement or deletion records;
- approval-workflow history; or
- Town retention settings.

Those records are within the possession, custody, or control of the Town, its personnel, its contractors, or the platform administrator.

## D. Preservation is less burdensome than later reconstruction

Preserving the limited information now is materially less burdensome than attempting to reconstruct the chronology after audit records or version histories have expired.

The requested order does not require preservation of every Town record or every device used by every Defendant. It is confined to APRA-1280, the July 21 PDF, its source document, the pertinent workflow, and communications or logs necessary to determine provenance and chronology.

## E. The Court need not determine misconduct to grant relief

The issue presented is not whether Plaintiff has proven that a Defendant directed creation of a backdated record. Plaintiff has not made that showing and does not ask the Court to make that finding now.

The issue is whether a facially April-dated governmental response, internally generated as a PDF on the afternoon of July 21 and uploaded after commencement of litigation, presents sufficient good cause to preserve the underlying objective records before they may be overwritten.

**It does.**

## V. SPECIFIC PRESERVATION RELIEF REQUESTED

Plaintiff respectfully requests an order directing the Town of South Kingstown and the individual Defendants, to the extent information is within their possession, custody, or control, to preserve without alteration:

1. every copy and version of the APRA-1280 response, including DOCX, DOC, PDF, PDF/A, email attachment, temporary, autosave, autorecovery, draft, template-derived, printed-to-PDF, scanned, and exported versions;
2. original filesystem metadata and extended metadata;
3. Microsoft 365 document properties and version history;
4. SharePoint, OneDrive, Exchange, Teams, network-drive, local-drive, cloud-storage, and document-management audit records;

5. OpenGov upload, download, replacement, revision, publication, deletion, access, and administrator records;
6. account identifiers, user IDs, role assignments, session records, IP logs, and device identifiers associated with creation, modification, export, transmission, or upload of the document;
7. email, text message, Teams message, or other nonprivileged communications concerning APRA-1280 or the creation, approval, export, replacement, or upload of the July 21 file;
8. records sufficient to establish whether a materially identical or different version existed on or before April 6, 2026;
9. any records identifying the person associated with the metadata value "John" in the relevant Microsoft Office environment;
10. relevant backup, snapshot, retention, recycle-bin, deleted-item, journaling, or archival;
11. OpenGov notices, automated emails, webhooks, upload receipts, or admin notifications;
12. litigation-hold implementation records sufficient to establish the date, scope, and custodians subject to a hold, without requiring disclosure of privileged legal advice;
13. cryptographic hashes or integrity-verification records maintained for the files.

The order should direct preservation in native form with metadata intact and should prohibit preservation solely by printing the electronic information to paper or converting it into flattened screenshots.

## VI. LIMITED EARLY DISCOVERY REQUESTED

Plaintiff requests permission to serve the proposed discovery attached as **Attachment A** immediately upon entry of the Court's order.

Plaintiff proposes:

1. no more than ten narrowly tailored requests for production;
2. no more than ten interrogatories;
3. a response period of 7 days;
4. production in native format where reasonably available;
5. a privilege log for responsive materials withheld on privilege grounds;
6. no deposition absent further agreement or order of the Court; and
7. a narrowly tailored Rule 45 subpoena to OpenGov limited to preservation and objective platform records concerning APRA-1280.

If Defendants contend that any requested data no longer exists, Plaintiff requests a sworn declaration from a knowledgeable records or information-technology custodian with full name and signature identifying:

- what information is unavailable;
- when it became unavailable;

- the ordinary retention setting;
- whether deletion was automatic or manual;
- whether backups or alternate sources exist; and
- the reasonable steps undertaken to locate, restore, or replace the information.

# VII. GOOD-FAITH CONFERRAL

On July 22, 2026, Plaintiff made repeated good-faith efforts to contact Defendant Adam J. Sholes by telephone and was referred first to Colonel Darnell S. Weaver, Superintendent of the Rhode Island State Police, and thereafter to Major Peter J. Cambio, Director of Operations for the Rhode Island Department of Public Safety.  Plaintiff then caused to be sent formal conferral emails to a number of email addresses associated with DEFENDANT Adam Jacob Sholes, when those emails returned additional email addresses those too were contacted with second attempts at conferral including 7am on 27 July 2026 and again at 8am on 28 July 2026, the following email addresses were contacted in attempts at conferral with Defendant Adam Jacob Sholes:  rispdps@risp.gov; municipalcourt@southkingstownri.gov; rispmuseum@gmail.com; John.Allen@risp.gov, records@risp.gov; adam.sholes@risp.gov **EXHIBIT H. Additionally Plaintiff emailed sarah@desistolaw.com;** peteskwirz@utrlaw.com; marc@desistolaw.com, info@desistolaw.com after filings and entry of appearances by those described counsel.   At the time of filing, no responsive representative of the Rhode Island Department of Public Safety or Rhode Island State Police, any response from any email sent or phone calls made including leaving messages for counsel was available.   Plaintiff received a telephone call from Attorney Marc Disoto at 0736 hours on 29 July 2026, Mr. Desisto stated he will object to any discovery and refuses to participate in a Rule 26F conference; he believes his Rule 12b(6) motion to dismiss is sufficient to dispose of the litigation in its entirety and therefore he objects to any discovery.  No other counsel has returned calls or email.

# VIII. NO PRESENT REQUEST FOR SANCTIONS

Plaintiff expressly reserves all rights but does not presently seek: Rule 37 sanctions;; an adverse inference; Contempt;  default; disciplinary referral;  a **finding of bad faith**; a finding that any Defendant authored or directed the document; a finding that the document's underlying text did not exist before July 21; or a finding that Rhode Island State Police resources were used.  Any such issue should be addressed, if at all, only after authenticated records testimony establish an adequate factual foundation.

# IX. REQUEST FOR HEARING

Pursuant to LR Cv 7(c), Plaintiff states that oral argument is requested only if the Court determines that argument would materially assist its consideration of the motion. Plaintiff estimates that 45 minutes would be sufficient if the court feels oral arguments are necessary. Plaintiff does not presently request an evidentiary hearing. If a Defendant submits evidence materially disputing the source, chronology, custody, or continued existence of the relevant ESI, Plaintiff requests leave to renew a request for a focused evidentiary hearing.

# X. CONCLUSION For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. grant expedited treatment;
2. enter the proposed preservation order;
3. authorize service of the limited early discovery attached as Attachment 1-3;
4. authorize issuance of a narrowly tailored Rule 45 subpoena to OpenGov or other;
5. require a preservation certification within seven days;
6. require responses to the limited discovery within 14 days;
7. direct that privileged materials may be withheld subject to an appropriate privilege log;
8. preserve Plaintiff's right to seek additional relief if discovery establishes loss, alteration, concealment, misrepresentation, or other misconduct; and
9. grant such other relief as the Court considers just and appropriate.

Plaintiff proceeds pro se, the filings must be liberally construed and held to a less stringent standard than pleadings drafted by counsel. First Circuit has repeatedly recognized that courts should afford pro se litigants substantial latitude and discern potentially viable claims notwithstanding technical deficiencies. See *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Instituto de Educación Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000); *Rodi v. Southern New England School of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Accordingly, the Court should evaluate the substance of the constitutional controversies alleged rather than the technical precision of Plaintiff's drafting and, where the pleaded facts reasonably support a viable claim, construe the pleading to do substantial justice and favor adjudication on the merits over dismissal for formal defects. See Fed. R. Civ. P. 8(e); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

Respectfully submitted,

/s/

**MICHAEL ERIC NELSON**
 Plaintiff, Pro Se
 33 Hartford Avenue
 South Kingstown, Rhode Island 02879
702.932.3434    30 July 2026


## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I served the foregoing Plaintiff's Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery, together with all exhibits and attachments and the proposed order, upon the following persons by the courts electronic filing system and first class mail to Town of South Kingstown and Adam Jacob Sholes and the Town of South Kingstown Municipal Court presided over by Adam J. Sholes.

/s/

Michael Nelson - Plaintiff Pro se

33 Hartford Avenue South Kingstown, Rhode Island 02879     702.932.3434

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ERIC NELSON,
Plaintiff,

v. C.A. No. 1:26-cv-00352-MRD-AEM

TOWN OF SOUTH KINGSTOWN, et al.,
Defendants.

# ORDER GRANTING LIMITED PRESERVATION RELIEF AND EARLY DISCOVERY

Upon consideration of Plaintiff's Expedited Motion for Entry of an Evidence-Preservation Order, Identification of ESI Custodians, and Leave to Serve Narrowly Tailored Early Discovery, any responses, and the record, the Court ORDERS:

## 1. General preservation

The Town of South Kingstown and the individual Defendants shall take reasonable steps to preserve ESI within their possession, custody, or control concerning:

1. APRA Request No. 1280;
2. the response facially dated April 6, 2026;
3. creation, drafting, revision, review, approval, authorization, export, transmission, upload, replacement, or publication of the response;
4. selection or use of Municipal Court letterhead;
5. authorship and attribution;
6. Plaintiff;
7. service of this litigation upon Sholes; and
8. communications concerning the foregoing subjects.

## 2. Town and attorney systems

Preservation shall include native files, drafts, versions, metadata, Microsoft 365 records, SharePoint and OneDrive histories, Exchange and Teams records, OpenGov records,

communications, upload records, account information, audit records, and relevant backup or deleted-item repositories.

# 3. Sholes devices and accounts

Defendant Adam J. Sholes shall immediately preserve potentially responsive ESI maintained on or accessible through every personal, governmental, employer-issued, or other device or account used by him.

This includes:

1. cellular telephones;
2. office telephones;
3. desk telephones;
4. softphones;
5. voicemail systems;
6. tablets;
7. smartwatches;
8. laptops;
9. desktop computers;
10. removable storage;
11. email accounts;
12. messaging applications;
13. Microsoft 365;
14. Outlook;
15. Exchange;
16. Teams;
17. SharePoint;
18. OneDrive;
19. OpenGov;
20. cloud-storage accounts;
21. cloud backups;
22. call records;
23. audit records;
24. login records; and
25. device-management records.

# 4. Prohibition against destructive actions

Until verified preservation has been completed, Sholes shall not destroy, delete, wipe, factory-reset, trade in, surrender, recycle, replace, reassign, or dispose of any potentially relevant device or responsive ESI.

Sholes shall suspend automatic deletion, disappearing-message settings, voicemail expiration, routine call-history deletion, and other settings capable of destroying responsive information.

# 5. Personal information

Nothing in this Order authorizes unrestricted inspection of unrelated personal information.

Any forensic collection or inspection shall be conducted pursuant to:

1. an agreed protocol;
2. appropriate privilege and privacy safeguards;
3. a neutral examiner;
4. a protective order; or
5. further order of the Court.

# 6. Department of Public Safety and State Police systems

If responsive information is maintained through a Rhode Island Department of Public Safety or Rhode Island State Police device, telephone, computer, account, network, or communication system, Sholes shall:

1. notify the appropriate records, legal-hold, and information-technology custodians;
2. request preservation;
3. take reasonable steps within his authority to prevent routine deletion;
4. preserve information within his possession, custody, or control; and
5. identify the relevant system and custodian.

# 7. Sholes certification

Within five days, Sholes shall serve a sworn certification:

1. identifying devices, telephone numbers, accounts, and systems subject to preservation;
2. describing preservation measures implemented;
3. identifying any relevant device lost, replaced, wiped, reset, surrendered, traded in, recycled, or reassigned since April 1, 2026;
4. identifying responsive information controlled by a nonparty custodian; and
5. stating whether automatic-deletion or ephemeral-message settings were active.

# 8. Town certification

Within seven days, the Town shall serve a sworn certification identifying:

1. the relevant custodians;

2. the systems preserved;
3. whether the native source document was located;
4. whether OpenGov records were preserved;
5. whether version and audit histories were preserved; and
6. the person responsible for coordinating preservation.

## 9. Early discovery

Plaintiff may serve the interrogatories and requests for production attached to his motion.

Responses and objections shall be served within 14 days unless otherwise agreed or ordered.

## 10. Form of production

Responsive ESI shall be produced in native format with available metadata intact where reasonably available, unless the parties agree to another reasonably usable form.

## 11. Privilege

Nothing in this Order requires disclosure of attorney-client privileged communications or attorney work product.

Responsive privileged materials may be withheld subject to an appropriate privilege log.

## 12. Nonparty discovery

Plaintiff may serve narrowly tailored Rule 45 subpoenas upon OpenGov and any identified governmental records custodian consistent with the scope described in Attachment 3.

## 13. Forensic inspection

No wholesale forensic inspection of an entire personal device, governmental account, server, or network shall occur without agreement or further order of the Court.

## 14. No merits determination

This Order makes no finding concerning:

1. authorship;
2. intent;
3. falsification;

4. backdating;
5. retaliation;
6. privilege;
7. spoliation;
8. use of State Police resources; or
9. the merits of any claim or defense.

All parties' rights are preserved.

SO ORDERED.

_____

United States District Judge
or United States Magistrate Judge

Dated: _____

# ATTACHMENT 1

## PROPOSED LIMITED EARLY DISCOVERY

### DEFINITIONS

1. "APRA-1280 Document" means the two-page Town of South Kingstown response facially dated April 6, 2026, and made available through OpenGov on or about July 21, 2026, together with all drafts, versions, source files, exports, replacements, and associated records.
2. "Native format" means the format in which ESI was ordinarily created or maintained, together with intact associated metadata.
3. "Identify," when referring to a person, means state the person's full name, title, employer, role concerning the APRA-1280 Document, and relevant account or user identifier.
4. The relevant period is April 1 through July 22, 2026, unless a request states a narrower period.

### REQUESTS FOR PRODUCTION

**Request No. 1**

Produce the APRA-1280 Document in its native or original maintained format, together with every preserved draft, source DOCX or DOC file, exported PDF, replacement PDF, duplicate, temporary file, autosave file, autorecovery file, and version maintained by or accessible to the Town.

**Request No. 2**

Produce the complete Microsoft 365, SharePoint, OneDrive, network-drive, document-management, or comparable version history and audit history for the APRA-1280 Document and its source file, including creation, modification, access, export, rename, move, copy, print, download, and deletion events.

**Request No. 3**

Produce all OpenGov records concerning the APRA-1280 Document, including upload records, publication records, replacement records, revision records, deletion records, administrator activity, user IDs, timestamps, filenames, server-side file identifiers, automated notices, and available IP or session information.

**Request No. 4**

Produce records sufficient to identify every person who drafted, edited, reviewed, approved, exported, renamed, transmitted, uploaded, replaced, or published the APRA-1280 Document.

**Request No. 5**

Produce communications from July 21, 2026, between 9:30 a.m. and 8:00 p.m. that concern APRA-1280 or the drafting, revision, approval, export, upload, replacement, or publication of the APRA-1280 Document and any communication regarding this litigation made by Defendant Adam J. Sholes after service of process at 0954am to 245pm when APRA 1280 document was backdated and uploaded to OpenGov systems.

To the extent a responsive communication is withheld as privileged, identify it on a privilege log without disclosing privileged legal advice, the person or persons and phone numbers called, texted or emails used are relevant and must be produced.

**Request No. 6**

Produce records sufficient to establish:

a. whether a version of the APRA-1280 response existed on or before April 6, 2026;

b. where that version was maintained;

c. who created or possessed it;

d. whether it differed from the July 21, 2026 PDF;

e. the applicable retention periods for the relevant source files, audit logs, OpenGov records, and communications; and

f. the steps taken to preserve those records following notice of this litigation.

g. who author of challenged APRA 1280 revised document named "John" as per forensic analysis of the challenged PDF file

**ATTACHMENT 2**

**<u>PLAINTIFF'S PROPOSED LIMITED EARLY INTERROGATORIES</u>**

# INTERROGATORY NO. 1

Identify every person who participated in drafting, revising, reviewing, approving, authorizing, exporting, transmitting, uploading, replacing, or publishing the APRA-1280 Document, and describe each person's role.

# INTERROGATORY NO. 2

Identify every software application, account, device, server, cloud platform, document repository, records-management system, and portal used to create, store, modify, export, transmit, or upload the APRA-1280 Document.

# INTERROGATORY NO. 3

State whether the Town contends that the text appearing in the July 21, 2026 PDF existed in identical form on April 6, 2026.

If so, identify every record, custodian, source file, email, version-history entry, transmission record, or other item supporting that contention.

# INTERROGATORY NO. 4

State the governmental, judicial, legal, administrative, or other capacity in which Sholes acted in connection with the APRA-1280 communication.

# INTERROGATORY NO. 5

State whether Sholes communicated with any Town official, employee, attorney, contractor, Municipal Court employee, or OpenGov administrator concerning:

1. this litigation;
2. service upon him;
3. Plaintiff;
4. APRA-1280; or
5. the challenged document,

between 9:00 a.m. and 4:00 p.m. on July 21, 2026.

For each communication, identify the participants, approximate time, communication method, device or account used, and general subject matter, without disclosing the substance of privileged legal advice.

# INTERROGATORY NO. 6

Explain why the PDF generated on July 21, 2026, bears an April 6, 2026 facial date.

State whether the Town contends that:

1. an earlier native document existed;
2. the July 21 PDF is identical to an earlier version;
3. the July 21 PDF is a revision;
4. the July 21 PDF is a replacement;
5. any text changed;
6. any letterhead changed;
7. any date changed;
8. any attribution changed;
9. any formatting changed; and
10. the public was informed that the PDF had been newly generated, revised, replaced, reproduced, or uploaded.

# INTERROGATORY NO. 7

Identify every personal, governmental, employer-issued, or other cellular telephone used by Sholes from April 1, 2026, through the present.

For each, state:

1. the telephone number;
2. manufacturer;
3. model;
4. service provider;
5. ownership;
6. dates of use;
7. present disposition; and
8. location of any backup.

# INTERROGATORY NO. 8

Identify every office telephone, telephone extension, softphone, voicemail box, laptop, desktop computer, tablet, smartwatch, email account, messaging account, Microsoft 365 account, and cloud account used by Sholes for responsive communications or activity.

# INTERROGATORY NO. 9

State whether, between approximately 9:54 a.m. and 2:25 p.m. on July 21, 2026, Sholes communicated with any person concerning:

1. service of process;
2. Plaintiff;
3. this litigation;
4. APRA-1280;
5. the challenged PDF;
6. Town letterhead;
7. UTR letterhead;
8. Municipal Court letterhead;
9. preparation of a response to Plaintiff; or
10. the OpenGov platform.

For each such communication, identify the participants, approximate time, method, device or account used, and general subject matter, without disclosing privileged legal advice.

# INTERROGATORY NO. 10

Identify every automatic-deletion, disappearing-message, message-expiration, voicemail-retention, call-history-retention, device-replacement, mobile-device-management, email-retention, or account-retention setting applicable to any device or account used by Sholes for responsive activity.

**ATTACHMENT 3**

**PROPOSED SUBJECTS FOR NARROWLY TAILORED RULE 45 DISCOVERY**

## A. OpenGov

Plaintiff requests leave to seek from OpenGov records concerning APRA Request No. 1280 and the challenged July 21, 2026 document, including:

1. account and user identifiers;
2. upload date and time;
3. publication date and time;
4. filename history;
5. server-side file identifiers;
6. upload, replacement, revision, publication, and deletion events;
7. administrator events;
8. source IP information;
9. user-agent information;
10. automated email notices;
11. audit records;
12. prior versions;
13. deleted versions;
14. original server-side files and hashes;
15. applicable retention policies; and
16. identification of the account or custodian that performed each relevant event.

## B. Rhode Island Department of Public Safety and/or Rhode Island State Police

If Sholes identifies responsive information maintained on a nonparty agency system, Plaintiff requests leave to seek narrowly tailored records concerning:

1. telephone numbers and extensions assigned to Sholes;
2. responsive call-detail records for July 21, 2026, between 9:00 a.m. and 4:00 p.m.;
3. responsive voicemail and voicemail metadata;

4. identification of computers or mobile devices assigned to Sholes;
5. responsive email and Teams communications;
6. Microsoft 365 audit records concerning responsive activity;
7. device-management records showing whether a relevant device was wiped, reset, replaced, or reassigned;
8. applicable retention periods;
9. preservation actions taken following notice of this litigation; and
10. identification of the relevant records and information-technology custodians.

No subpoena should seek unrelated law-enforcement investigative information, operational security material, unrelated personal communications, or privileged legal advice.