# EXHIBIT

# C

**EMERGENCY REQUEST FOR EXPEDITED RELIEF (INSTANTER)**

**PLAINTIFF'S EMERGENCY EXPEDITED MOTION FOR PRESERVATION ORDER AND FOR LEAVE TO CONDUCT NARROWLY TAILORED EARLY DISCOVERY CONCERNING THE CREATION, EXPORT, AND UPLOAD OF THE APRA-1280 PDF IN CLOSE TEMPORAL PROXIMITY TO SERVICE ON ADAM J. SHOLES**

The exact PDF downloaded or obtained by Plaintiff - 21 July PDF to APRA 1280 (2 pages)

Town of South Kingstown
180 High Street
Wakefield, RI 02879

April 6, 2026

Michael Nelson
nelsontelco@gmail.com

**Re: APRA Requests to the Town of South Kingstown**

Dear Mr. Nelson,

The Town of South Kingstown (Town) is in receipt of your Access to Public Records Act (APRA) request received through the online records portal on April 3, 2026, and logged as APRA-1280. In your request you ask for the Town to create a document containing "[a]ggregated Workforce, Hiring, and Applicant Demographic Data," from January 1, 2020 through the present. You ask that this document segregate employees by department and include employment status, religious affiliation, and ethnicity/race. You also ask for a similar document covering hiring data. This correspondence is in response to your request.

The Rhode Island Attorney General has repeatedly held that "the APRA does not require a public body to respond to interrogatories or questions, but instead requires a public body to produce responsive public documents." Caldwell v. Rhode Island College, PR 23-02. "[T]he APRA governs the public's right to access public documents but does not mandate or require that public bodies answer questions." Id. Further, pursuant to RIGL 38-2-3(h), nothing in the APRA "shall be construed as requiring a public body to reorganize, consolidate, or compile data not maintained by the public body in the form requested at the time the request to inspect the public records was made except to the extent that such records are in an electronic format and the public body would not be unduly burdened in providing such data." To the extent that you are asking the Town to provide you with survey information concerning religion, ethnicity, and race, it is not a request properly made under the APRA. To the extent that you are asking for a specific document or index containing a list of the information you are seeking regarding the such data, no such document exists. Pursuant to RIGL 38-2-3(h), the Town is not required to compile such a list for you and, if it were to do so, it would impose an undue burden on the Town. Accordingly, your request is denied.

Pursuant to RIGL 38-2-8, any person or entity denied the right to inspect a record of a public body may petition the chief administrative officer of that public body for a review of the determinations made by his or her subordinate. The chief administrative officer shall make a final determination whether or not to allow public inspection within ten (10) business days after the submission of the review petition.

If the custodian of the records or the chief administrative officer determines that the record is not subject to public inspection, the person or entity seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court

1

of the county where the record is maintained. Nothing within RIGL 38-2-8 shall prohibit any individual or entity from retaining private counsel for the purpose of instituting proceedings for injunctive or declaratory relief in the superior court of the county where the record is maintained.

       Thank you for your APRA request.  If you desire any further information regarding your request or this correspondence, please do not hesitate to contact me.