# EXHIBIT

# H

**PLAINTIFF'S EMERGENCY EXPEDITED MOTION FOR PRESERVATION ORDER AND FOR LEAVE TO CONDUCT NARROWLY TAILORED EARLY DISCOVERY CONCERNING THE CREATION, EXPORT, AND UPLOAD OF THE APRA-1280 PDF IN CLOSE TEMPORAL PROXIMITY TO SERVICE ON ADAM J. SHOLES**

**Exhibit H:  First and Second Conferral Attempts with Defendant Adam Sholes via email (28 pages)**

 Gmail

**Eric** <nelsontelco@gmail.com>

---

**SECOND CONFERRAL ATTEMPT ... Fwd: CONFERRAL ATTEMPT: Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes.**

---

**Eric** <nelsontelco@gmail.com>                                       Tue, Jul 28, 2026 at 8:00 AM
To: adam.sholes@risp.gov

---------- Forwarded message ---------
From: **Eric** <nelsontelco@gmail.com>
Date: Tue, Jul 28, 2026 at 7:26 AM
Subject: Fwd: SECOND CONFERRAL ATTEMPT ... Fwd: CONFERRAL ATTEMPT: Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes.
To: rispmuseum@gmail.com <rispmuseum@gmail.com>, <John.Allen@risp.gov>, <records@risp.gov>

---------- Forwarded message ---------
From: **Eric** <nelsontelco@gmail.com>
Date: Tue, Jul 28, 2026 at 7:21 AM
Subject: Fwd: SECOND CONFERRAL ATTEMPT ... Fwd: CONFERRAL ATTEMPT: Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes.
To: <rispdps@risp.gov>

---------- Forwarded message ---------
From: **Eric** <nelsontelco@gmail.com>
Date: Tue, Jul 28, 2026 at 7:19 AM
Subject: SECOND CONFERRAL ATTEMPT ... Fwd: CONFERRAL ATTEMPT: Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes.
To: <municipalcourt@southkingstownri.gov>, Eric <nelsontelco@gmail.com>

# SECOND GOOD-FAITH CONFERRAL ATTEMPT
# REGARDING EMERGENCY PRESERVATION

# OF EVIDENCE AND NARROWLY TAILORED EXPEDITED DISCOVERY

**Re: Michael Eric Nelson v. Town of South Kingstown, et al.**
**C.A. No. 1:26-cv-00352-MRD-AEM**
United States District Court for the District of Rhode Island

**Hon. Adam Jacob Sholes, Defendant:**

This correspondence constitutes **Plaintiff Michael Eric Nelson's second documented good-faith attempt to confer** with Defendant Adam Jacob Sholes concerning Plaintiff's contemplated **Emergency Request for Expedited Relief (Instanter)** and **Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, Transmission, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes**.

Plaintiff previously attempted to confer concerning substantially the same requested relief and afforded Defendant Sholes an opportunity to state whether he would consent,

object, confer regarding the scope of preservation, or propose an alternative mechanism through which the relevant electronically stored information could be preserved without judicial intervention. **As of the transmission of this second conferral attempt, Defendant Sholes has not substantively responded to Plaintiff's prior conferral request, has not communicated a willingness to confer, has not advised Plaintiff whether he opposes the contemplated relief, and has not identified any voluntary preservation protocol acceptable to him.**

Accordingly, Plaintiff again seeks meaningful conferral before requesting emergency judicial intervention. This second correspondence is intended both to provide Defendant Sholes another reasonable opportunity to resolve or materially narrow the preservation and expedited-discovery issues and to create a contemporaneous record establishing Plaintiff's repeated efforts to obtain cooperation without unnecessarily burdening the Court.

Plaintiff anticipates seeking expedited relief pursuant to Federal Rules of Civil Procedure 1, 16, 26(b)(1), 26(d)(1), 26(f), 34, 37(e), and, insofar as third-party evidence becomes implicated, Rule 45; the applicable Local Rules of the United States District Court for the District of Rhode Island; and the Court's inherent authority to preserve potentially relevant evidence and protect the integrity of its proceedings.

# I. SUBJECT OF THE CONTEMPLATED EMERGENCY MOTION

The contemplated motion concerns the circumstances surrounding records associated with **APRA Request No. 1280**, and specifically the creation, drafting, modification, dating, finalization, conversion, export, transmission, receipt, access, publication, and/or upload of a PDF to the previously closed APRA-1280 matter on the same date that Defendant Adam Jacob Sholes was served with process in this federal action.

Defendant Sholes was served with process at approximately **9:54 a.m. on July 21, 2026**. Approximately four and one-half hours thereafter, a document facially bearing an earlier date was

Case 1:26-cv-00352-MRD-AEM   Document 23-9   Filed 07/30/26   Page 6 of 29 PageID #: 378

uploaded to the previously closed APRA-1280 matter.

Plaintiff contends that this extraordinarily close temporal sequence presents substantial and legitimate questions concerning, inter alia:

1. when the document was actually created;

2. when its substantive contents were drafted and finalized;

3. when the document was converted or exported into PDF format;

4. whether the document was modified before or after service upon Defendant Sholes;

5. when the document was transmitted, received, accessed, and uploaded;

6. the identity of every person participating in its creation, revision, approval, transmission, or upload;

7. the governmental or nongovernmental computer systems, accounts, networks, cloud repositories, cellular devices, or other electronic instrumentalities utilized in connection with those activities;

8. whether multiple versions of the document exist;

9. whether electronically maintained metadata, audit information, version histories, access records, or system logs establish the actual provenance and chronology of the document; and

10. whether any relevant electronically stored information is susceptible to routine deletion, modification, overwriting, rotation, or other loss through ordinary operation of the systems upon which it is maintained.

Plaintiff does **not** request through this conferral that Defendant Sholes concede Plaintiff's factual characterization, acknowledge wrongdoing, admit that any governmental record was manipulated, or adopt Plaintiff's interpretation of the evidentiary significance of the July 21, 2026 activity.

The immediate issue is considerably narrower: **whether the objective electronic evidence capable of establishing what actually occurred will be preserved before that evidence is altered, overwritten, deleted,**

7/28/26, 8:00 AM Gmail - VERSION - CONFIDENTIAL ATTEMPT TO CURE CONFERRAL ATTEMPT - Emergency Request for Agreed-to Order (Insatag...) and Plaintif...

Case 1:26-cv-00353-MRD-AEM Document 23-9 Filed 07/30/26 Page 8 of 29 PageID #: 380

**rotated, replaced, or otherwise rendered unavailable.**

## II. PARTICULAR SIGNIFICANCE OF PRESERVING OBJECTIVE ELECTRONIC EVIDENCE

The underlying records are additionally material because Plaintiff understands them to concern governmental reporting obligations applicable to municipalities satisfying the pertinent employment threshold. Their chronology, provenance, authorship, authenticity, and electronic history may therefore bear upon factual and legal questions implicated by the pending federal litigation.

Electronic evidence relevant to these questions may include information that exists independently of the visible contents of the PDF itself. Metadata, audit trails, version histories, user-account records, server logs, access records, automated timestamps, cloud synchronization information, temporary files, document-management records, email transmissions, text communications, device records, backup information, and OpenGov activity may

objectively establish when particular acts occurred and who performed them.

Because some categories of electronically stored information are transient by their nature and may be automatically overwritten or deleted in the ordinary course of business, Plaintiff seeks preservation **before undertaking merits discovery regarding the evidentiary significance of that material**.

## III. SECOND REQUEST FOR VOLUNTARY PRESERVATION

Before requesting intervention from the Court, Plaintiff again requests that Defendant Sholes state whether he will voluntarily agree, individually and/or in conjunction with the other Defendants, to the immediate preservation of the following:

## A. APRA-1280 Records

All electronically stored information concerning APRA Request No. 1280, including documents, drafts, native-format files, PDFs, intermediate versions, attachments, correspondence, internal communications, OpenGov records, and

7/28/26, 8:00 AM Gmail - SECOND MORE DRAMATIC ATTEMPT: DOCUMENT GENERAL ATTACHED: Emergency Request for Expedited Relief, Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 10 of 29 PageID #: 382

electronically maintained information concerning the APRA-1280 matter.

## B. Document Provenance and Metadata

All existing evidence sufficient to establish the creation date, modification date, authorship, revision history, conversion date, export date, transmission history, receipt history, access history, and upload history of the document uploaded to APRA-1280 on July 21, 2026, including the original native-format file and all reasonably identifiable versions thereof.

## C. Communications

All emails, text messages, SMS/MMS communications, instant messages, platform communications, direct messages, memoranda, notes, voicemail records, call logs, calendar records, attachments, and other recorded communications concerning:

- Michael Eric Nelson;
- APRA-1280;
- the Federal Action;
- service upon Adam Jacob Sholes;
- the disputed document;

- its creation, revision, dating, approval, transmission, or upload;

- OpenGov activity associated with APRA-1280; and

- preservation of evidence relating to these subjects.

## D. OpenGov and System Records

All OpenGov audit information, administrative-user activity, upload records, modification records, replacement records, access histories, event timestamps, status changes, notification histories, user-account information, and other system-generated records concerning APRA-1280 and the July 21, 2026 upload.

## E. Computer and Server Records

All existing server logs, file histories, document properties, user-account logs, network records, cloud-system records, backup records, synchronization histories, file-system information, or comparable electronically maintained evidence capable of identifying when relevant records were created, modified, accessed, transmitted, exported, or uploaded.

## F. Relevant Devices and Accounts

Responsive information maintained upon governmental, professional, or personal devices or accounts used to conduct governmental business or communications concerning APRA-1280, the disputed document, Nelson, service of process, or the Federal Action.

This preservation request includes information maintained on computers, cellular telephones, tablets, office systems, email accounts, messaging platforms, cloud-storage accounts, and other devices or repositories actually used for responsive activity.

Plaintiff is **not presently demanding forensic inspection of those devices through this conferral correspondence**. Plaintiff requests that potentially responsive evidence maintained upon them be preserved pending resolution of the appropriate scope and method of discovery.

## IV. SECOND REQUEST TO CONFER REGARDING NARROWLY TAILORED EXPEDITED DISCOVERY

Plaintiff further requests that Defendant Sholes state whether he will consent to narrowly tailored expedited discovery confined to establishing:

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 13 of 29 PageID #: 385

1. the provenance of the disputed APRA-1280 document;

2. the chronology of its creation, drafting, modification, finalization, export, transmission, and upload;

3. its authorship;

4. the identity of persons participating in its preparation, review, approval, transmission, or publication;

5. the location and custodianship of relevant native files and electronically stored information;

6. the existence of prior, intermediate, or subsequent versions;

7. relevant metadata and system-generated information;

8. OpenGov administrative and audit activity associated with the document; and

9. the preservation status of the evidence described above.

Plaintiff is willing to confer concerning reasonable limitations upon custodians, search terms, date ranges, repositories, methods of production,

privilege protections, and other proportional limitations calculated to secure the relevant evidence while minimizing unnecessary burden.

# V. REQUEST FOR A DEFINITIVE POSITION

To avoid unnecessary motion practice, Defendant Sholes is respectfully requested to state whether he:

**(1)** consents to the requested preservation measures;

**(2)** opposes the requested preservation measures;

**(3)** consents to narrowly tailored expedited discovery concerning the provenance and chronology of the APRA-1280 document;

**(4)** opposes such expedited discovery;

**(5)** consents to only part of the contemplated relief and, if so, identifies the portions to which he consents;

**(6)** proposes an alternative preservation protocol capable of protecting the same evidence; or

**(7)** wishes to confer directly with Plaintiff concerning a stipulation or narrowing of the requested relief.

A categorical concession concerning the merits of Plaintiff's allegations is neither requested nor necessary. A preservation agreement would merely maintain the relevant evidence in its present condition while the parties and, if necessary, the Court determine its significance.

## VI. PRIOR CONFERRAL EFFORT AND CONTINUED NONRESPONSE

Plaintiff emphasizes that this correspondence is **not Plaintiff's initial effort to communicate with Defendant Sholes concerning preservation and expedited discovery**.

Plaintiff previously transmitted a good-faith conferral request specifically identifying the contemplated emergency relief, the evidence at issue, the preservation measures sought, and Plaintiff's willingness to confer before resorting to motion practice.

As of this second request, Defendant Sholes has not supplied a substantive response to that conferral effort.

Plaintiff therefore makes this **second independent attempt** to obtain a response, secure voluntary preservation, ascertain

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 16 of 29 PageID #: 388

Defendant Sholes's position, narrow areas of disagreement, and eliminate issues that otherwise would require presentation to the Court.

Plaintiff respectfully submits that repeated documented attempts to engage an opposing party before invoking judicial intervention are particularly appropriate where preservation of potentially transient electronically stored information is at issue.

Should Defendant Sholes again decline or fail to respond, Plaintiff anticipates informing the Court accurately that:

- Plaintiff transmitted an initial conferral request concerning the contemplated relief;

- no substantive response was received;

- Plaintiff thereafter transmitted this second conferral request;

- Defendant Sholes was again afforded an opportunity to consent, object, negotiate, propose an alternative preservation protocol, or otherwise confer;

- Plaintiff expressly offered to narrow the requested relief;

- Plaintiff sought to avoid unnecessary judicial intervention; and

- despite those efforts, Plaintiff was unable to obtain meaningful conferral or a substantive statement of Defendant Sholes's position before seeking Court intervention.

Plaintiff will not characterize silence as an admission concerning the merits of the underlying allegations. The significance of continued nonresponse is instead procedural: **it demonstrates that Plaintiff repeatedly attempted in good faith to obtain Defendant Sholes's participation in an extrajudicial resolution or narrowing of the preservation dispute before requesting relief from the Court.**

## VII. NEED FOR PROMPT RESPONSE

The request for prompt conferral arises from the nature of the evidence, not merely the litigation timetable.

Electronically stored information—including metadata, audit records, temporary data, automated logs, cloud activity, synchronization information, version histories, and device

7/28/26, 8:00 AM Gmail - SECOND MORE FORMAL ATTEMPT - DOCUMENTED NEUTRAL ATTACHED: Emergency Request for Expedited Relief - Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 18 of 29 PageID #: 390

information—may be modified, rotated, overwritten, automatically deleted, or otherwise lost through ordinary operation of electronic systems.

Plaintiff therefore regards immediate preservation as necessary regardless of whether the parties ultimately agree regarding the significance of the July 21, 2026 activity.

**Please provide a substantive response to this second conferral attempt no later than 29 July 2026 at 1200 (NOON).**

If Defendant Sholes requires a reasonable modification of that deadline for the purpose of actually engaging in conferral, Plaintiff requests that he communicate that request before expiration of the stated period.

In the absence of a substantive response, Plaintiff intends to proceed with the contemplated request for emergency relief and to present this correspondence, together with the prior conferral attempt and evidence of their transmission, as documentation of Plaintiff's efforts to obtain voluntary cooperation and narrow the issues before invoking the Court's intervention.

# VIII. RESERVATION OF RIGHTS

Nothing in this correspondence constitutes a waiver of any claim, factual allegation, legal argument, evidentiary contention, discovery mechanism, preservation demand, motion, remedy, objection, appellate right, or other right available to Plaintiff.

Nothing herein should be interpreted as limiting Plaintiff's ability to seek broader discovery at the procedurally appropriate time.

This correspondence is transmitted specifically as a **second good-faith conferral attempt** concerning the immediate preservation of potentially relevant evidence and narrowly tailored expedited discovery.

Plaintiff remains willing to confer regarding the requested relief in an effort to avoid or materially narrow emergency motion practice.

Respectfully,

**Michael Eric Nelson**
Plaintiff, Pro Se
*Michael Eric Nelson v. Town of South Kingstown, et al.*
C.A. No. 1:26-cv-00352-MRD-AEM

# United States District Court
# District of Rhode Island

---------- Forwarded message ---------
From: **Eric** <nelsontelco@gmail.com>
Date: Mon, Jul 27, 2026 at 7:14 AM
Subject: CONFERRAL ATTEMPT: Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes.
To: <municipalcourt@southkingstownri.gov>

Judge ADAM JACOB SHOLES:

This correspondence constitutes Plaintiff Michael Eric Nelson's good-faith attempt to confer with the opposing parties prior to filing an **Emergency Request for Expedited Relief (Instanter) and Plaintiff's Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, Modification, and Upload of the APRA-1280 PDF in Close Temporal Proximity to Service upon Defendant Adam Jacob Sholes**.

Plaintiff anticipates seeking expedited relief pursuant to Federal Rules of Civil Procedure 1, 16, 26(b)(1), 26(d)(1), 26(f), 34, 37(e), and 45; Local Rules LR Cv 7, LR Cv 9, and LR Cv 26; and the Court's inherent authority to preserve evidence and safeguard the integrity of its proceedings.

The contemplated motion concerns the circumstances surrounding records associated with APRA Request No. 1280 and, specifically, the creation, modification, export, generation, transmission, and/or upload of a PDF to the previously closed APRA-1280 matter on the same date that Defendant Adam Jacob Sholes was served with process in this federal action.

Plaintiff's concern arises principally from the unusually close temporal proximity between service upon Defendant Sholes and subsequent activity involving the APRA-1280 records. Defendant Sholes was served at approximately 9:54 a.m. on July 21, 2026. Approximately four and one-half hours thereafter, a document facially bearing an earlier date was uploaded to the closed APRA-1280 matter. Plaintiff contends that the timing and apparent chronology raise substantial questions concerning when the document was actually created, finalized, exported to PDF, modified, transmitted, and uploaded; by whom those acts were performed; what computer systems, accounts, or electronic devices were utilized; and whether metadata or other electronically stored information may establish the document's actual provenance and chronology.

The underlying records are additionally significant because Plaintiff understands them to concern governmental reporting obligations applicable to municipalities meeting the relevant employment threshold. The timing, provenance, and authenticity of those records therefore bear directly upon issues implicated by the pending federal litigation.

Before seeking judicial intervention, Plaintiff requests that Defendants state whether they will voluntarily agree to:

1. Immediately preserve all electronically stored information, metadata, audit logs, access logs, version histories, emails, text messages, communications, files, drafts, PDFs, native-format documents, cloud records, OpenGov records, and other information concerning APRA-1280 and the document uploaded on July 21, 2026;

2. Preserve all evidence sufficient to establish the date and time of creation, modification, conversion, export, transmission, receipt, access, and upload of the disputed document, including original native files and associated metadata;

3. Preserve responsive information maintained on governmental, professional, or personal devices or accounts used for communications or activity concerning APRA-1280;

4. Preserve system logs, OpenGov audit information, server records, user-account activity, file histories, and other electronically generated records capable of identifying the persons responsible for creating, modifying, exporting, transmitting, or uploading the document;

5. Consent to narrowly tailored expedited discovery directed solely toward establishing the provenance, chronology, authorship, custody, modification history, and upload history of the APRA-1280 document; and

6. Identify whether Defendants oppose the contemplated emergency preservation motion, oppose the requested narrowly tailored early discovery, or would consent to some or all of the relief without requiring judicial intervention.

Plaintiff seeks this conferral because electronically stored information—including metadata, logs, temporary files, version histories, cloud activity, device information, and other transient electronic evidence—may be altered, overwritten, automatically deleted, or otherwise rendered unavailable through ordinary system operations. Plaintiff therefore regards preservation as immediately necessary irrespective of the parties' ultimate disagreement concerning the evidentiary significance of the July 21, 2026 activity.

Nothing in this conferral request asks Defendants to concede Plaintiff's characterization of the underlying events. Rather, Plaintiff seeks preservation of the objective electronic evidence from which the actual chronology and provenance of the document can subsequently be determined.

Please advise whether Defendants consent to the requested preservation measures and narrowly tailored expedited discovery, whether they oppose the requested relief, or whether they propose an alternative preservation protocol that would adequately secure the relevant evidence.

This correspondence is intended to constitute a good-faith conferral attempt before Plaintiff seeks emergency judicial relief. Plaintiff expressly reserves all claims,

7/28/26, 8:00 AM Gmail - SECOND MORE FORMAL ATTEMPT: CONFERRAL ATTEMPT : Emergency Request for Expedited Relief, Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 22 of 29 PageID #: 394

arguments, remedies, discovery rights, and requests for appropriate relief in the pending federal action.

Respectfully,

Michael Eric Nelson
Plaintiff, Pro Se


1
FORENSIC PDF METADATA AND STRUCTURE REPORT
File: APRA-1280_response_Updated_Tue_Jul_21_2026_14-25-08.pdf
Analysis date: 2026-07-22
EXECUTIVE FINDING
The strongest internal evidence establishes that this specific PDF
file was generated/exported on July 21, 2026 at 2:24:29 p.m. Eastern
Daylight Time (UTC-04:00), not on the visible face date of April 6,
2026. The same timestamp appears independently in both the PDF Info
dictionary and the XMP metadata stream. The PDF creation and
modification times are identical.
The filename contains "Updated_Tue_Jul_21_2026_14-25-08", which is 39
seconds after the embedded creation time. A filename is not intrinsic
PDF metadata and may have been assigned by a portal, browser, download
process, or user. The suffix "(2)" is consistent with
duplicate-download or duplicate-file naming and is not evidence of a
second document revision.
IMPORTANT LIMITATION
This establishes the creation/export time of this PDF instance. It
does not conclusively establish when the underlying Word document or
letter text was first drafted. The PDF metadata is not digitally
signed and can be altered. The original DOCX, portal audit logs, email
headers, server records, or a digitally signed timestamp would be
needed to authenticate the drafting chronology independently.
VISIBLE DATE VERSUS FILE DATE
Visible letter date: April 6, 2026
Internal PDF creation: July 21, 2026 14:24:29 UTC-04:00
Internal PDF modification: July 21, 2026 14:24:29 UTC-04:00
Difference: 106 calendar days after the visible date
METADATA
Author: John
Creator: Microsoft Word for Microsoft 365
Producer: Microsoft Word for Microsoft 365
PDF version: 1.7
Pages: 2
Page size: 612 x 792 points (US Letter)2
Language: en
Tagged PDF: yes

7/28/26, 8:00 AM Gmail - SECOND INTERNAL ATTEMPT: DOCUMENT CONTROL & GENERAL ATTENTION: Emergency Request for Expedited Relief, Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 23 of 29 PageID #: 395

Encrypted: no

Linearized/optimized for fast web view: no

Document title metadata: absent

Subject metadata: absent

Keywords metadata: absent

Company metadata: absent

Source DOCX filename/path: not embedded

Last-saved-by field: not embedded

Original Word creation date: not embedded

Word revision number/total editing time/template: not embedded

IDENTIFIERS

XMP DocumentID: uuid:31917620-0D6D-4E35-9931-F305E545C58B

XMP InstanceID: uuid:31917620-0D6D-4E35-9931-F305E545C58B

PDF trailer ID bytes: 207691316D0D354E9931F305E545C58B

The trailer ID is the same GUID encoded in Microsoft/Windows byte ordering for the first GUID fields. The DocumentID and InstanceID being identical is consistent with an initial export rather than a later content-level XMP save, but it is not cryptographic proof.

AUTHOR ATTRIBUTION

The only personal-name metadata is "John" in the PDF Author field and XMP dc:creator field. This may derive from the Microsoft Office user profile, source document properties, or a template. It is not a digital signature and does not prove which individual wrote, approved, or transmitted the letter.

INCREMENTAL REVISION / APPENDED DATA

The file contains two %%EOF markers and two startxref markers.

Revision 1 length: 161,205 bytes

Full file length: 161,387 bytes

Appended block: 182 bytes

The appended 182-byte block contains only an empty cross-reference section and trailer pointer:

xref3

0 0

trailer

... /Prev 159747 /XRefStm 159342 ...

No PDF objects, page content, metadata, image, font, annotation, or visible text were added or replaced in the appended block. A pixel comparison between revision 1 and the full file found zero changed pages and 0.0% changed pixels. This is a structural/compatibility append, not evidence of a substantive visible edit. The append itself contains no timestamp.

EMBEDDED CONTENT AND ACTIVE FEATURES

Embedded files/attachments: none

AcroForm fields: none

JavaScript: none

OpenAction: none

7/28/26, 8:00 AM Gmail - SECOND MONUMENTAL ATTEMPT: DOCUMENT-NEUTRAL ATTEMPT: Emergency Request for Expedited Relief, Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 24 of 29 PageID #: 396

Additional actions: none

Optional-content layers: none

Digital signatures: none

Comments/sticky-note annotations: none

Outlines/bookmarks: none

One link annotation is present:

Type: URI link

Target: mailto:nelsontelco@gmail.com

Page: 1

No hidden or invisible text was identified. Text spans were fully opaque and located within the page boundaries. There was no text-rendering mode 3, no optional-content layer, and no off-page text detected. The only non-black visible text is the blue email hyperlink.

EMBEDDED IMAGE

One raster image is embedded on page 1:

Content: Town seal/logo

Dimensions: 231 x 231 pixels

Color: DeviceRGB with grayscale soft mask/alpha

Nominal resolution: 200 x 200 ppi

Decoded RGB stream SHA-256:

34b3323864a7473b3c6dfa8918bc1d09481a691e2f9413c2004a4326e53de8624

Alpha-mask stream SHA-256:

9b4597ff18946e59e59a2750f63014de42b4338e16cf81830ab4e3963dee3499

FONTS

Embedded subset fonts:

Times New Roman Regular, version 7.11

Times New Roman Bold, version 7.11

Times New Roman Italic, version 7.11

A CID/Unicode Times New Roman regular subset

The font metadata identifies Monotype/Microsoft font resources. It does not identify the author or a specific computer.

ACCESSIBILITY / STRUCTURAL DATA

The file is tagged and contains a structure tree with paragraph, link, span, document, header/footer, note, and related role mappings. It contains no alternate text or hidden authorial notes that identify an additional person. Viewer preference DisplayDocTitle is enabled, but no title metadata is present.

CRYPTOGRAPHIC HASHES

Full uploaded PDF:

SHA-256:

36ed14ac8369383f2d7d197744aaf51fe0e9bc70c4705fc4104c90ae184ddcba

SHA-512:

b27771edaad6757e5d155fd362b980704cf4946377ad3457ea9936cadd90a881069a7f 2ef0c1a41b6bd52f543ccc94e5431aa560d9232ec588b9c5fe1ff0e65a

MD5: c7eba96ac5eb607ccba0198cff1f1f9b

First revision through first %%EOF:

7/28/26, 8:00 AM Gmail - SECOND MOR-DERIVAL ATTEMPDocument NEERAL ATTHER: Emergency Request for Repeated Relief, Instanter, and Plaintif…

Case 1:26-cv-00352-MRD-AEM Document 23-9 Filed 07/30/26 Page 25 of 29 PageID #: 397

SHA-256:
26fa88d4bbed4f554b41f05258414211e18b151f2c50aac15167353881f4323c
Appended 182-byte structural block:
SHA-256:
caa7762f09744435ee4276117ba83dc5871626cb6a0fd4f4118d5df9b1df23245
FORENSIC CONCLUSION
The most defensible conclusion is that the particular PDF supplied for
examination was exported from Microsoft Word for Microsoft 365 on July
21, 2026 at 2:24:29 p.m. EDT. Its face date of April 6, 2026 describes
the date printed in the letter, not the PDF file-creation date. The
file was then subject to a 182-byte non-substantive cross-reference
append, and its filename suggests a naming or portal event at
approximately 2:25:08 p.m., 39 seconds after export. The PDF contains
no digital signature or authenticated timestamp, so the underlying
text's original drafting date and the human identity of its author
cannot be conclusively proven from this PDF alone.
FORENSIC EXAMINATION REPORT - APRA-1280 PDF
Scope
-----
Examined exact uploaded bytes of:
APRA-1280_response_Updated_Tue_Jul_21_2026_14-25-08.pdf
Size: 161,387 bytes
PDF: 1.7, 2 pages
Cryptographic hashes of uploaded file
--------------------------------------
MD5: c7eba96ac5eb607ccba0198cff1f1f9b
SHA-1: 1c2a0184781a46f80922ae91d92a7b08aaa93108
SHA-256:
36ed14ac8369383f2d7d197744aaf51fe0e9bc70c4705fc4104c90ae184ddcba
SHA-512:
b27771edaad6757e5d155fd362b980704cf4946377ad3457ea9936cadd90a881069a7f
2ef0c1a41b6bd52f543ccc94e5431aa560d9232ec588b9c5fe1ff0e65a
BLAKE2b:
f41f049768d0cd0f717bc1cb8b7e136b6fbd887b4270cf16f1c83b20af1b3884d7283c
e49a1a2c0d83f2f6553b76db3c2cd87db8866840fdc03fd19dfbab32ae
Document metadata
-----------------
Author: John6
Creator: Microsoft® Word for Microsoft 365
Producer: Microsoft® Word for Microsoft 365
CreationDate: D:20260721142429-04'00' (July 21, 2026 2:24:29 PM EDT)
ModDate: D:20260721142429-04'00' (July 21, 2026 2:24:29 PM EDT)
XMP CreateDate: 2026-07-21T14:24:29-04:00
XMP ModifyDate: 2026-07-21T14:24:29-04:00
XMP DocumentID: uuid:31917620-0D6D-4E35-9931-F305E545C58B
XMP InstanceID: uuid:31917620-0D6D-4E35-9931-F305E545C58B

Trailer ID: 207691316D0D354E9931F305E545C58B (both ID array entries)

ID consistency note

------------------

The trailer ID is the little-endian byte representation of the same
UUID carried in XMP. This is internally consistent with a single
Microsoft-generated identifier.

Incremental revision analysis

-----------------------------

PyMuPDF reports 2 PDF versions. Raw bytes contain 2 startxref markers,
2 %%EOF markers, and 1 /Prev pointer.

First revision size: 161,205 bytes

First revision SHA-256:
26fa88d4bbed4f554b41f05258414211e18b151f2c50aac15167353881f4323c

Final appended segment: 182 bytes

Append SHA-256:
caa7762f09744435ee4276117ba83dc5871626cb6a0fd4f4118d5df9b1df2324

The appended segment contains only an empty xref section (0 0) and
trailer referencing the prior xref and existing XRefStm. It contains
no new or changed indirect object.

Comparison of first revision vs final

-------------------------------------

Extracted text SHA-256 is identical:
b816ecea18d606bd279fcfa49232c3a9342066d1a985c45e49dc54cc32b9967f

Rendered page 1 SHA-256 identical:
93a890c7840f8b36fce58272caa2142c390f80981fdad9ca2d838015bf8fecfb

Rendered page 2 SHA-256 identical:
d34fc56827a6540f594e90a396966181a15de8b32a87824f8ac67eb082311e82

Pixel comparison: 0 changed pages; 0.0% changed pixels on each page.7

Conclusion: the 182-byte incremental append did not alter visible
content or extracted text.

Security / active-content findings

----------------------------------

Digital signatures: none

Encryption: none

Embedded files: none

AcroForm: none

JavaScript: none reported

Annotation: one mailto link on page 1 to nelsontelco@gmail.com

Embedded resources

------------------

Page 1 content stream xref 4 SHA-256:
422f17bf7048fc2d08fe5b442552ec9566552fd346e36d4994c081a4a7a675e8

Town seal image xref 9 extracted PNG SHA-256:
e0c08682a8c24da468480175ef39b0d2221c0f06847a842543929a917e9c377e

Page 2 content stream xref 20 SHA-256:
7e836ab2a61a9997009757d1d831580ec6a0cbcc532d4a44038ae06993c9350f9

XMP metadata xref 62 SHA-256:
8edd74c9493ea1b76abeea27c73aa5ae1921b124b37e0f9b9cdc5aaa59ab6813
Full object/stream hash inventory: object_stream_hashes.csv
Forensic interpretation
----------------------
1. The PDF's visible letter date is April 6, 2026, while both its standard Info metadata and XMP metadata state that the PDF itself was created and modified on July 21, 2026 at 2:24:29 PM EDT. This proves only the timestamp recorded in this PDF, not when the underlying prose was originally drafted.
2. The creator/producer metadata consistently identifies Microsoft Word for Microsoft 365; the file appears to be a Word-generated PDF.
3. There is no digital signature or trusted timestamp. Therefore the PDF, standing alone, cannot cryptographically authenticate the identity of the author, the governmental source, or the truth of the April 6 date.
4. The second PDF revision is a 182-byte structural append with no changed content objects. It should not be characterized as a substantive content alteration on the evidence in this file.8
5. The SHA-256 hash above authenticates the exact bytes examined here. A later copy with the same SHA-256 is byte-for-byte identical.
6. Stronger provenance requires an independently preserved copy from the Town/OpenGov, email attachment, server backup, or audit log, followed by hash comparison and, ideally, production of the source Word document and its native metadata/version history.
Caution
-------
Metadata is probative but editable. This report is a technical examination of the supplied file, not a representation that the file

is genuine, backdated, forged, or authored by any particular person.


--
Michael Nelson
702-WEB-3434


Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not

the intended recipient you are notified that disclosing,
copying, distributing or taking any action in reliance on the
contents of this information is strictly prohibited.


--
Michael Nelson
702-WEB-3434

Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager. This message contains confidential
information and is intended only for the individual named. If you are not the named
addressee you should not disseminate, distribute or copy this e-mail. Please notify the
sender immediately by e-mail if you have received this e-mail by mistake and delete this
e-mail from your system. If you are not the intended recipient you are notified that
disclosing, copying, distributing or taking any action in reliance on the contents of
this information is strictly prohibited.


--
Michael Nelson
702-WEB-3434

Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager. This message contains confidential
information and is intended only for the individual named. If you are not the named
addressee you should not disseminate, distribute or copy this e-mail. Please notify the
sender immediately by e-mail if you have received this e-mail by mistake and delete this
e-mail from your system. If you are not the intended recipient you are notified that
disclosing, copying, distributing or taking any action in reliance on the contents of
this information is strictly prohibited.


--
Michael Nelson
702-WEB-3434

Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager. This message contains confidential
information and is intended only for the individual named. If you are not the named
addressee you should not disseminate, distribute or copy this e-mail. Please notify the
sender immediately by e-mail if you have received this e-mail by mistake and delete this
e-mail from your system. If you are not the intended recipient you are notified that
disclosing, copying, distributing or taking any action in reliance on the contents of
this information is strictly prohibited.


--
Michael Nelson
702-WEB-3434

Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.