**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL ERIC NELSON,
  Plaintiff,

           **C.A. No. 1:26-cv-00352-MRD-AEM**

v.

TOWN OF SOUTH KINGSTOWN;
URSILLO, TEITZ & RITCH, LTD.;
MICHAEL A. URSILLO; ANDREW M. TEITZ;
SCOTT A. RITCH; ADAM J. SHOLES;
JOHN AND JANE DOES 1-27,
  Defendants.

**PLAINTIFF'S MOTION FOR ISSUANCE OF REPLACEMENT SUMMONS AND FOR
LEAVE AND EXTENSION OF TIME TO CURE SERVICE OF PROCESS UPON
DEFENDANT TOWN OF SOUTH KINGSTOWN
PURSUANT TO FED. R. CIV. P. 4(a)(2), 4(b), 4(j)(2), AND 4(m)**

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves for issuance of the

replacement AO 440 summons submitted contemporaneously with this Motion and, to the extent

necessary, for leave and an enlargement of time to complete curative service of process upon

Defendant Town of South Kingstown. Plaintiff seeks this relief out of an abundance of

procedural caution after the first service attempt resulted in substitute residential service upon a

person identified by the process server as "Tracey Manni," rather than direct delivery to James

M. Manni in his official capacity as Town Manager and chief executive officer of the Town.

Defendants have now indicated, expressly or by implication, that the sufficiency of service may

be asserted as a defense. Plaintiff therefore seeks to eliminate any collateral dispute over process

and to place the municipal Defendant before the Court through a method that squarely satisfies

Federal Rule of Civil Procedure 4(j)(2).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On July 1, 2026, the Clerk issued an AO 440 summons directed to Defendant Town of South

Kingstown, c/o James M. Manni, Town Manager. Plaintiff thereafter retained a disinterested

private process server to effect service.

2. The returned Proof of Service reflects that on July 27, 2026, the process server left the

summons at the residence or usual place of abode associated with Mr. Manni with a person

1

identified in the return as "Tracey Manni," and further reflected mailing to the individual's last known address. The server executed the proof on July 29, 2026. A copy of that summons and proof is attached as Exhibit A.

3. Plaintiff believes the person identified on the return as "Tracey Manni" to be Traci Manni, the spouse of James M. Manni. Plaintiff does not ask the Court on this Motion to determine the recipient's identity, household status, or the ultimate legal effect of that residential service.

4. Plaintiff recognizes that substitute abode service is an authorized method for service upon an individual under Fed. R. Civ. P. 4(e)(2)(B), and Rhode Island likewise permits service upon an individual by leaving the required papers at the individual's dwelling house or usual place of abode with a person of suitable age and discretion then residing there. R.I. Super. Ct. R. Civ. P. 4(e)(1). The named Defendant at issue here, however, is the Town of South Kingstown, not James M. Manni in his individual capacity.

5. Federal Rule 4(j)(2) specifically governs service on a municipal corporation or other state-created governmental organization. The Rule permits service either by delivering the summons and complaint to the entity's chief executive officer or by using the method prescribed by state law for service upon such a governmental defendant.

6. The South Kingstown Town Charter designates the Town Manager as the Town's chief executive and administrative officer. South Kingstown Town Charter § 3.04. The Town's official records presently identify James M. Manni as Town Manager, and the Town Manager's Office is located at Town Hall, 180 High Street, Wakefield, Rhode Island 02879.

7. Rhode Island law independently provides a state-law method available through Fed. R. Civ. P. 4(j)(2)(B). Rhode Island Superior Court Rule of Civil Procedure 4(e)(3) permits service upon a public corporation, body, or authority by delivering the required process to an officer, director, manager, managing or general agent; by leaving the papers at an office of the corporation with a person employed there; or by delivery to an authorized agent.

8. Accordingly, personal delivery of the replacement summons and operative complaint to James M. Manni at the Town Manager's Office would directly satisfy Fed. R. Civ. P. 4(j)(2)(A). Alternatively, service at the Town's office in the manner permitted by R.I. Super. Ct. R. Civ. P. 4(e)(3) would provide an independent route under Fed. R. Civ. P. 4(j)(2)(B).

9. Plaintiff has prepared a replacement AO 440 summons directed to "Town of South Kingstown, c/o James M. Manni, Town Manager, Town of South Kingstown Town Hall, 180 High Street, Wakefield, RI 02879," and requests that the Clerk sign, seal, and issue that summons for curative service.

10. Plaintiff has undertaken good-faith efforts to effect service and now seeks relief promptly upon learning that Defendants may contest the adequacy of the first attempt. Plaintiff further represents that direct service upon Mr. Manni has not yet been accomplished and that the circumstances surrounding the unsuccessful effort have created a concern that direct personal service may be difficult or may be avoided. The Court need not make a finding of intentional evasion to grant the narrow curative relief requested here.

## ARGUMENT

### I. THE REPLACEMENT SUMMONS SHOULD BE ISSUED SO THAT SERVICE MAY BE PERFECTED UNDER RULE 4(j)(2).

11. Rule 4(b) provides that, after the complaint is filed, a plaintiff may present a properly completed summons to the Clerk, who must sign, seal, and issue it for service. Rule 4(a)(2) further authorizes the Court to permit amendment of a summons. The replacement summons does not alter the parties, claims, or relief in this action; it merely redirects service of the existing municipal Defendant to the Town's official office through its chief executive officer.

12. Rule 4(j)(2)(A) supplies a direct federal method for municipal service: delivery of the summons and complaint to the municipality's chief executive officer. Because the Town Charter

3

identifies the Town Manager as the Town's chief executive officer, personal delivery to James M. Manni in that official capacity at Town Hall is a rule-prescribed method, not an alternative form of service requiring substantive modification of Rule 4.

13. Rule 4(j)(2)(B) also incorporates Rhode Island's governmental-service method. R.I. Super. Ct. R. Civ. P. 4(e)(3) expressly permits delivery to a manager and also permits leaving the process at an office of the public corporation with a person employed there. Thus, even if Mr. Manni is unavailable for hand-to-hand delivery, the rules provide a state-law route for service at the Town's official office, provided the process server completes service in conformity with Rule 4(e)(3) and accurately documents the person, place, date, and manner of service.

14. The First Circuit has explained that actual notice, standing alone, does not dispense with substantial compliance with the prescribed manner of service. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992). Plaintiff therefore seeks a clean cure rather than unnecessary motion practice concerning whether the first return substantially complied with the rules applicable to service on the Town.

## II. GOOD CAUSE EXISTS FOR CURATIVE SERVICE AND, TO THE EXTENT NECESSARY, AN EXTENSION UNDER RULE 4(m).

15. Rule 4(m) authorizes the Court to order service within a specified time and requires an appropriate extension where good cause is shown. Plaintiff did not neglect service. He obtained the original summons, retained a private process server, caused an attempt to be made, obtained the return, reviewed the manner recorded by the server, and promptly sought a replacement summons when the municipality's service requirements became contested.

16. The need for cure arose from the distinction between individual abode service and service on a municipal entity. The first return records a residential substitute-service method. Because the Town is the named Defendant, Plaintiff now seeks the more direct and unambiguous method of delivery to the Town's chief executive officer at the official Town Manager's Office.

17. No cognizable prejudice will result from permitting prompt curative service. The requested relief does not expand the action, add a party, amend a claim, or alter the merits. It only ensures that the procedural threshold is satisfied before litigation proceeds on the constitutional questions presented in the operative complaint.

18. To the extent the Rule 4(m) period is implicated, Plaintiff requests an extension through thirty (30) days after issuance of the replacement summons or entry of the Court's order, whichever occurs later. That limited period will permit a disinterested adult process server to attempt personal delivery to Mr. Manni at Town Hall and, if necessary, to use another method expressly authorized by Rule 4(j)(2)(B) and Rhode Island Rule 4(e)(3).

## III. THE REQUEST IS WITHOUT PREJUDICE TO THE LEGAL EFFECT OF THE PRIOR ATTEMPTED SERVICE.

19. Plaintiff seeks curative service without conceding that every legal consequence of the July 27, 2026 service attempt is null. The individual-abode provisions of federal and Rhode Island procedure recognize substitute residential service in appropriate circumstances, and the existing return may bear on notice, diligence, good cause, waiver, or other procedural issues. Nevertheless, because the Defendant being served is the Town itself, Plaintiff asks the Court to avoid an unnecessary collateral controversy by allowing service to be perfected through the municipality-specific methods expressly provided by Rule 4(j)(2).

20. This approach advances Fed. R. Civ. P. 1 by permitting the parties and the Court to address the merits of the action rather than expend resources litigating a readily curable service issue.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Michael Eric Nelson respectfully requests that the Court:

a) authorize and direct the Clerk to sign, seal, and issue the replacement AO 440 summons submitted contemporaneously with this Motion, directed to Defendant Town of South

Kingstown, c/o James M. Manni, Town Manager, Town of South Kingstown Town Hall, 180 High Street, Wakefield, Rhode Island 02879;

b) permit Plaintiff to complete curative service by delivering the replacement summons and operative complaint to James M. Manni, Town Manager and chief executive officer, at Town Hall pursuant to Fed. R. Civ. P. 4(j)(2)(A);

c) confirm, in the alternative, that Plaintiff may complete service by a state-law method authorized by R.I. Super. Ct. R. Civ. P. 4(e)(3), as incorporated by Fed. R. Civ. P. 4(j)(2)(B), including delivery to a qualifying officer, manager, or agent, or leaving the required papers at an office of the Town with a person employed there;

d) to the extent necessary, extend the Rule 4(m) service period through thirty (30) days after issuance of the replacement summons or entry of the Court's order, whichever occurs later;

e) permit Plaintiff thereafter to file the process server's affidavit or completed proof of service in conformity with Fed. R. Civ. P. 4(l) and D.R.I. LR Cv 5.1(a); and

f) grant such other and further relief as the Court deems just and appropriate.

### REQUEST FOR HEARING

Pursuant to D.R.I. LR Cv 7(c), Plaintiff does not request oral argument or an evidentiary hearing and respectfully submits that this Motion may be decided on the papers.

Respectfully submitted,
**/s/ Michael Eric Nelson**
Michael Eric Nelson, Plaintiff Pro Se
33 Hartford Avenue
Wakefield, Rhode Island 02879
Telephone: 702-WEB-3434
Email: nelsontelco@gmail.com
Dated: July 29, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I caused a true and correct copy of the foregoing Motion, including Exhibit A, to be served by electronic mail upon Marc DeSisto, Esq., DeSisto

Law LLC, 4 Richmond Square, Suite 500, Providence, Rhode Island 02906, at

marc@desistolaw.com, counsel for Defendant Town of South Kingstown.

/s/ Michael Eric Nelson

**EXHIBIT A**
**AO 440 SUMMONS ISSUED JULY 1, 2026 AND RETURNED PROOF OF SERVICE**
Reflecting substitute residential service on a person identified by the process server as "Tracey

Manni" on July 27, 2026, and execution of the proof on July 29, 2026.

*The original two-page summons and proof of service are appended to the court-ready PDF*

*following this exhibit cover.*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | | |
|---|---|---|
| Michael Eric Nelson | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:26-cv-00352-MRD-AEM |
| | ) | |
| Town of South Kingstown; Ursillo, Teitz & Ritch, Ltd.; | ) | |
| Michael A. Ursillo; Andrew M. Teitz; Scott A. Ritch; | ) | |
| Adam J. Sholes; John and Jane Does 1-27 | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Town of South Kingstown
c/o James M. Manni
Town Manager
27 Bud Browning Circle
South Kingstown, RI 02879

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Michael E. Nelson
33 Hartford Avenue
Wakefield, RI 02879

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  __July 01, 2026__

__/s/ Hanorah Tyer-Witek__
**Clerk of Court**

 

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  1:26-cv-00352-MRD-AEM

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                      .

❏ I personally served the summons on the individual at *(place)*

on *(date)*                          ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
**TRACEY MANNI**                   , a person of suitable age and discretion who resides there,
on *(date)* **7·27·2026**   , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)*                                      , who is
designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                          ; or

❏ I returned the summons unexecuted because                                      ; or

❏ Other *(specify):*

My fees are $                 for travel and $                 for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:      7·29·2026

*Server's signature*  #181

**RAYMOND T. SALVATORE**
*Printed name and title*

35 SOUTHBURY ROAD, CUMBERLAND RI
                                                    02864
*Server's address*

Additional information regarding attempted service, etc:


