# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON,

 Plaintiff,

v.                                                      C.A. No. 1:26-cv-00352-MRD-AEM

URSILLO, TEITZ & RITCH, LTD.;

 MICHAEL A. URSILLO;

 ANDREW M. TEITZ;

 SCOTT A. RITCH;

 ADAM JACOB SHOLES;

 TOWN OF SOUTH KINGSTOWN; and

 JANE/JOHN DOES 1–27,

Defendants.


**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d), FED. R. CIV. P. 1, AND DRI LR Cv 15**

Plaintiff Michael Eric Nelson, appearing pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 15(d) and 1, and DRI LR Cv 7 and 15, for leave to file the attached **Proposed Supplemental Complaint to the First Amended Complaint**.

The proposed supplementation concerns transactions, occurrences, and events arising after Plaintiff filed the operative First Amended Complaint on June 29, 2026. The proposed pleading does not introduce an unrelated controversy. Rather, it alleges the continuation and alleged escalation of the same

governmental course of conduct already placed before this Court, including Plaintiff's exercise of First Amendment speech and petition rights; his requests for governmental records under the Rhode Island Access to Public Records Act ("APRA"); the challenged issuance of unsigned or unattributed governmental legal determinations; alleged retaliation arising from Plaintiff's governmental-transparency and petitioning activities; municipal policy, custom, practice, ratification, and deliberate indifference; and the continuing necessity for prospective relief.

Federal Rule of Civil Procedure 15(d) expressly authorizes supplementation concerning transactions, occurrences, and events happening after the pleading sought to be supplemented. The First Circuit has recognized that supplementation under Rule 15(d) serves the objective of achieving a complete adjudication of an existing controversy and can avoid the "pointless formality" of requiring a separate lawsuit concerning later events. *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4–7 (1st Cir. 2015).

The proposed supplementation also advances Rule 1 by permitting related post-filing events to be addressed through a single action, discovery process, evidentiary record, and adjudication rather than through duplicative litigation.

# I. THE PROPOSED SUPPLEMENTAL ALLEGATIONS

### A. Continuing Post-Filing Governmental Correspondence and Repeated Gender Misidentification

Since June 29, 2026, the Town of South Kingstown has allegedly issued at least **nineteen post-filing governmental communications between July 7 and July 23, 2026** in which Plaintiff was repeatedly and inaccurately designated as **"Ms. Nelson."**

Those communications concern numerous separate APRA matters, including APRA Request Nos. 1435, 1445, 1448, 1415, 1439, 1440, 1455, 1457, 1458, 1459, 1461, 1462, 1468, 1469, 1473, and 1474.

Nine of the allegedly inaccurate communications were issued on July 17, 2026 alone.

Plaintiff alleges that he is male, was born male, identifies as male, has never used the honorific "Ms.," did not provide that designation to the Town, and did not authorize any Town official, employee, attorney, contractor, agent, or technology provider to designate him as female.

The Supplemental Complaint does **not** depend upon a theory that an isolated erroneous honorific, standing alone, necessarily establishes an independent federal constitutional violation or criminal offense. Rather, Plaintiff alleges that the frequency, persistence, governmental-record context, continuation during protected petitioning and pending federal litigation, and alleged persistence after notice constitute circumstantial evidence relevant to retaliatory hostility, discriminatory animus, selective treatment, municipal knowledge, deliberate indifference, ratification, and the need for prospective relief.

The repeated designation also raises factual questions concerning whether the inaccurate information originated in an OpenGov requester profile, shared correspondence template, automated document-generation process, repeated manual entry, administrative directive, knowingly uncorrected system field, or other common governmental mechanism. Those matters are capable of objective examination through discovery of records primarily within Defendants' possession or control.

Plaintiff further alleges that the inaccurate designations appear in official governmental records capable of retention, reproduction, disclosure,

republication, searching, indexing, and continued governmental use, thereby creating an alleged continuing injury and supporting the request for prospective, non-destructive corrective relief.

## B. Continuing Unsigned and Unattributed Governmental Legal Determinations

The Supplemental Complaint further alleges that, after filing of the operative pleading, the Town continued the practice already challenged in this action of issuing governmental correspondence containing legal conclusions, citations to judicial precedent, APRA determinations, procedural directives, estimated burdens, and other legally consequential assertions without transparently identifying the individual author, decisionmaker, records custodian, attorney, or governmental actor responsible for exercising that authority.

That alleged practice is not new to the proposed supplementation. It is central to the controversy already before the Court.

Plaintiff alleges that the post-filing communications therefore constitute later occurrences relevant to whether the challenged conduct is isolated or recurring and whether it results from a municipal policy, custom, practice, administrative system, supervisory failure, ratification, or deliberate indifference.

## C. July 21, 2026 Post-Service Event Concerning APRA-1280 and Defendant Adam Jacob Sholes

The proposed Supplemental Complaint also alleges a separate and significant post-filing occurrence involving APRA Request No. 1280 and Defendant Adam Jacob Sholes.

APRA-1280 had allegedly been administratively completed and closed on April 6, 2026.

The original April 6 denial already placed in controversy in the First Amended Complaint allegedly bore both **Town of South Kingstown** and **South Kingstown Municipal Court** letterhead, contained substantive legal determinations and citations, but did not identify the individual author or governmental decisionmaker responsible for those conclusions.

The use of Municipal Court letterhead in connection with a nonjudicial public-records determination forms part of the factual allegations already asserted in this action concerning Defendant Sholes. On July 21, 2026, at approximately **9:54 a.m.**, Defendant Sholes was personally served with process in this federal action, including the operative First Amended Complaint placing APRA-1280 and the April 6 record in controversy.

Approximately four and one-half hours later, at approximately **2:24 p.m.**, a new PDF instance concerning APRA-1280 was allegedly generated or exported. The proposed Supplemental Complaint alleges that the PDF's internal metadata reflects creation and modification on **July 21, 2026**, while the document facially bears the date **April 6, 2026**, approximately 106 days earlier. The later-generated version allegedly thereafter appeared or was placed within the previously closed APRA-1280 governmental record.

The Supplemental Complaint further alleges that the later-generated version appears materially different from the original record because it apparently omits the **South Kingstown Municipal Court** designation appearing upon the original April 6 document—the precise institutional attribution already material to Plaintiff's allegations concerning Defendant Sholes.

Plaintiff does not contend in this Motion that metadata, temporal proximity, or the facial date alone conclusively establishes who created, revised, directed, authorized, uploaded, or approved the later document.

Rather, based upon the alleged chronology, identity of subject matter, prior closure of APRA-1280, temporal proximity to service, and apparent alteration of a feature already material to this litigation, Plaintiff alleges **upon information and belief** that Defendant Sholes directed, requested, caused, authorized, participated in, encouraged, procured, approved, or subsequently ratified the post-service activity concerning the later-generated APRA-1280 record.

The precise role, if any, of Defendant Sholes and any Town officials, employees, attorneys, Municipal Court personnel, contractors, or Doe Defendants presents a factual question to be established or disproven through discovery of source files, revision histories, OpenGov audit logs, user-account activity, document metadata, communications, access records, and other electronically stored information.

Accordingly, Plaintiff does not ask the Court through this Motion to determine that unlawful backdating, alteration, or manipulation actually occurred. Plaintiff seeks leave to plead the later-occurring facts and pursue the evidentiary record necessary to resolve them.

**D. The Differing Use of "Mr." and "Ms." Is Relevant Circumstantial Evidence**

The later-generated APRA-1280 document facially dated April 6 allegedly addresses Plaintiff correctly as **"Mr. Nelson,"** while numerous other governmental communications generated during the relevant period identify Plaintiff as **"Ms. Nelson."**

Plaintiff alleges that this differential treatment is relevant circumstantial evidence because it demonstrates, at minimum, that Town records or personnel possessed and used the correct designation in some official correspondence while the inaccurate designation repeatedly appeared in others.

Plaintiff does **not** contend that this discrepancy, standing alone, conclusively establishes the subjective intent of any particular governmental employee.

Rather, it supports discovery into the origin of the inconsistent designations, the persons responsible for creating or approving them, the relevant templates or requester profiles, and whether continued use of the inaccurate designation was inadvertent, systemic, reckless, deliberately indifferent, discriminatory, retaliatory, or intentional.

# II. THE PROPOSED SUPPLEMENT IS DIRECTLY RELATED TO THE OPERATIVE CONTROVERSY

The supplemental allegations arise from substantially the same factual and legal controversy as the First Amended Complaint.

They involve, among other things:

1. the same Plaintiff and existing Defendants;
2. the same Town governmental structure;
3. the same APRA process;
4. the same OpenGov governmental records platform;
5. the same protected petitioning and governmental-transparency activity;
6. the same challenged practice of unsigned or unattributed governmental legal determinations;
7. the same allegations concerning municipal policy, practice, supervision, ratification, and deliberate indifference;
8. the same questions concerning the identity and accountability of governmental decisionmakers; and
9. substantially overlapping documents, witnesses, electronically stored information, custodians, policies, and discovery.

The APRA-1280 occurrence is particularly intertwined with the operative pleading because it concerns a document and governmental action already specifically at issue in this litigation.

The Supplemental Complaint therefore does not transform this action into a different lawsuit. It supplies subsequent factual developments bearing directly upon whether the challenged conduct continued after June 29, 2026.

## III. SUPPLEMENTATION WILL PROMOTE JUDICIAL ECONOMY AND AVOID CLAIM-SPLITTING

Requiring Plaintiff to institute a second federal action concerning the July events would unnecessarily duplicate proceedings involving substantially the same parties, municipal systems, records custodians, witnesses, evidence, discovery, constitutional theories, and requests for prospective relief.

Separate litigation would foreseeably duplicate discovery concerning:

- OpenGov audit and access records;
- requester-profile information;
- municipal correspondence templates;
- document-generation systems;
- source files and metadata;
- drafting, review, and approval histories;
- Town records custodians;
- communications among officials, employees, attorneys, and agents;
- APRA procedures and training;
- municipal supervision and policymaker knowledge;
- records-management and preservation practices; and

- the chronology of Plaintiff's protected activity and Defendants' alleged responses.

Permitting supplementation therefore avoids unnecessary claim-splitting, duplicative discovery, parallel litigation, inconsistent factual determinations, needless expense, and the procedural inefficiency that Rules 1 and 15(d) are intended to prevent.

## IV. THERE IS NO UNDUE DELAY OR UNFAIR PREJUDICE

The material supplemental events arose during July 2026, with several alleged occurrences taking place as recently as July 21 through July 23. Plaintiff could not have included those subsequent events in the June 29 First Amended Complaint because they had not yet occurred. Plaintiff has therefore acted promptly. Nor will Defendants suffer cognizable unfair prejudice. The new allegations concern recent governmental records and activity generated through systems controlled by the Town or related Defendants and substantially overlap with evidence and discovery already relevant to the operative action.

The supplementation does not require litigation of a remote or unrelated controversy. It allows the present controversy to be adjudicated upon an updated and complete factual record.

## V. THE PROPOSED SUPPLEMENTAL COMPLAINT COMPLIES WITH DRI LR Cv 15

The accompanying Proposed Supplemental Complaint explains and pleads the newly occurring events in numbered paragraphs, identifies how those allegations supplement the operative First Amended Complaint, and states the additional prospective and other relief sought in light of the alleged continuing conduct.

A complete and signed copy of the Proposed Supplemental Complaint is attached as **Exhibit A**. Plaintiff therefore respectfully submits that the requirements of DRI LR Cv 15 have been satisfied.

## VI. RELIEF REQUESTED

For the reasons stated herein and more fully set forth in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court:

**A.** GRANT Plaintiff leave pursuant to Fed. R. Civ. P. 15(d) to file the Proposed Supplemental Complaint attached as Exhibit A;

**B.** DIRECT the Clerk to docket the Proposed Supplemental Complaint in accordance with DRI LR Cv 15;

**C.** ORDER that the Supplemental Complaint be adjudicated together with the operative First Amended Complaint;

**D.** PERMIT discovery and adjudication of the post-filing transactions, occurrences, and events alleged therein together with the existing claims;

**E.** DIRECT Defendants to answer or otherwise respond to the Supplemental Complaint within the time prescribed by the Federal Rules of Civil Procedure or such other period as the Court directs;

**F.** ALTERNATIVELY, if the Court determines that a single consolidated pleading would better facilitate administration of the action, permit Plaintiff to file a complete **Amended and Supplemental Complaint** incorporating the operative and supplemental allegations within seven (7) days of entry of the Court's Order; and

**G.** GRANT such other and further relief as the Court deems just and proper.

## DRI LR Cv 7(c) STATEMENT CONCERNING ORAL ARGUMENT AND EVIDENTIARY HEARING

Plaintiff does **not presently request an evidentiary hearing** on this Motion. The Motion seeks procedural leave to supplement the operative pleading; Plaintiff does not request that the Court determine the ultimate truth of the supplemental factual allegations at this stage.

Plaintiff respectfully requests oral argument only if the Court determines that oral presentation would materially assist its consideration of the Rule 15(d) issues, including the relationship between the post-filing events and the operative controversy, judicial economy, prejudice, and the procedural propriety of supplementation. If oral argument is granted, Plaintiff estimates that **twenty (20) minutes** will be sufficient for presentation of his position.

The merits of the supplemental allegations—including whether the evidence ultimately establishes intentional retaliation, discriminatory treatment, deliberate indifference, municipal ratification, alteration or retroactive generation of governmental records, or actionable harassment—should be determined upon the evidentiary record developed through discovery and not resolved against Plaintiff as a prerequisite to permitting supplementation.

Respectfully submitted,

**/s/ Michael Eric Nelson**

 **MICHAEL ERIC NELSON**

 Plaintiff, Pro Se

 33 Hartford Ave

 South Kingstown, Rhode Island 02879

Dated: **July 31, 2026**

# CERTIFICATE OF SERVICE

I hereby certify that on **July 31, 2026**, I served a true and correct copy of the foregoing **Plaintiff's Motion for Leave to File Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d), Fed. R. Civ. P. 1, and DRI LR Cv 15**, together with the accompanying Memorandum of Law and attachments, upon all counsel of record and any unrepresented party entitled to service by the means authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's electronic filing procedures, as applicable.

**/s/ Michael Eric Nelson**

Michael Eric Nelson

Plaintiff, Pro Se

33 Hartford Ave

South Kingstown, Rhode Island 02879

Dated: **July 31, 2026**