MICHAEL E. NELSON
    *Plaintiff*

v.

URSILLO, TEITZ & RITCH LTD;               C.A. No. 1:26-cv-00352-MRD-AEM
MICHAEL A. URSILLO; ANDREW M.
TEITZ; SCOTT A. RITCH; ADAM J.
SHOLES; TOWN OF SOUTH
KINGSTOWN; and JANE AND JOHN
DOES 1-27
    *Defendants*

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER

I.    INTRODUCTION

Defendants, Ursillo, Teitz & Ritch Ltd., Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, Adam J. Sholes, and Town of South Kingstown, have moved to dismiss Plaintiff's Complaint, in lieu of answer, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on Plaintiff's failure to state a claim because there is no federally protected constitutional right to public records. Plaintiff has objected and claims that apart from the claimed entitlement to access the public records, the Amended Complaint states valid constitutional claims. However, all of Plaintiff's claims rely upon an underlying perceived constitutional right to public records and specifically the perceived right to receive responses from the Town, signed by particular officials, which as a matter of law, does not exist. Plaintiff's summary, formulaic recitation of

the elements of the causes of action, with only vague and conclusory facts, are simply insufficient and are ripe for dismissal.[1]

## II.    ARGUMENT

### A.    First Amendment Retaliation

In opposition to Defendants' Motion to Dismiss, Plaintiff primarily relies upon the First Amendment claim and maintains that it is not based on a constitutional entitlement to government records but rather is for the "retaliation" of his First Amendment rights of protected conduct and right to petition the government for the records. However, as a matter of law, Plaintiff's First Amendment claim fails not only because Plaintiff fails to identify constitutionally protected conduct but also because he fails to demonstrate that he was subject to the requisite adverse action.

The First Circuit applies a three-part test to First Amendment retaliation claims brought by private citizens against government entities under 42 U.S.C. § 1983. To state a cognizable claim, a plaintiff must plead and prove: (1) that the plaintiff engaged in constitutionally protected conduct; (2) that the plaintiff was subjected to an adverse action by the defendant; and (3) that the protected conduct was a substantial or motivating factor in the adverse action. *Falmouth Sch. Dep't v. Doe on behalf of Doe, 44 F.4th 23, 47 (1st Cir. 2022) (quotation omitted).*

The first step in this analysis requires Plaintiff to demonstrate that he engaged in "protected conduct." Plaintiff's Amended Complaint claims that "protected conduct" consisted of "repeated submission of APRA requests, demands for governmental transparency, objections to anonymous determinations and efforts to obtain accountability" and resulting questions and criticism of the legality of the response and pressing for compliance. *First Am. Complaint, at ¶¶*

---

[1] See generally *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and Bell *Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

*327 & 328.* As previously briefed, Plaintiff's claimed "protected activities" break down to Plaintiff's attempt to gain access to public records. However, it is settled that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." See *Defendants' Memorandum of Law in Support of Motion to Dismiss*, at 3 quoting *Houchins v. KQED*, Inc., 438 U.S. 1, 15 (1978) (plurality) and citing *In re Boston Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003) ("[t]here is no general constitutional right to access information in the government's possession").

Plaintiff's attempt to couch the claim as a First Amendment "retaliation" claim does not negate the obligation to demonstrate underlying protected conduct. As the Tenth Circuit recognized, because requesting public records is not a "protected activity" under the First Amendment, plaintiff cannot maintain a constitutional claim based an alleged First Amendment retaliation claim. *Allen v. Lang*, 738 F. App'x 934 (10th Cir. 2018)( *unpublished)*. See also *Zesiger v. Bd. of Cnty. Commissioners of Leavenworth Cnty., Kansas*, No. 2:25-CV-02324-JAR-RES, 2026 WL 1784816, at *7 (D. Kan. June 22, 2026) (granting Motion for Judgment on Pleadings because right of access to government information is not "protected activity" ); *Rodriguez v. Serna,* No. 1:17-CV-01147-WJ-LF, 2019 WL 2340958, at *6 (D.N.M. June 3, 2019) (because requesting public records is not a protected activity under the First Amendment, "denials of her public record requests are not retaliatory actions under the First Amendment"); *Werner v. Therien*, No. 99-12497-GAO, 2005 WL 1000010 (D. Mass. Mar. 31, 2005).

In opposition to the instant motion, Plaintiff relies upon *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289-90 (11th Cir. 2019) and cites its conclusory sentence that "a citizen's public records requests and lawsuits against the government can clearly constitute

protected First Amendment activity." *Plaintiff's Memo., at 5*. However, Plaintiff's reliance on *DeMartini* falls short under First Circuit precedent. Not only was *DeMartini's* primary analytical focus on whether the presence of probable cause defeats a § 1983 retaliation claim predicated on a retaliatory civil lawsuit rather than on the distinct question of whether the underlying public records requests were constitutionally protected, but in any event, the First Circuit has clearly reaffirmed the well-established principle that there is no general constitutional right to compel the government to produce information. The First Circuit stated this plainly in *In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003) where it held "There is no general constitutional right of access to information in the government's possession." *In re Bos. Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003)*In re Boston Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003)citing *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control") and *Zemel v. Rusk*, 381 U.S. 1 (1965) ("The right to speak and publish does not carry with it the unrestrained right to gather information").

This principle was applied directly to a public records request in *Werner v. Therien*, No. 99-12497-GAO, 2005 WL 1000010 (D. Mass. Mar. 31, 2005) where the District Court of Massachusetts held that the plaintiff "has no constitutional right to compel the government to produce or provide information or documents," and that even if the plaintiff had a right of access to the records under state public records law, "it was not a right protected by the First Amendment of the Federal Constitution." *Werner v. Therien*, No. CIV.A. 99-12497-GAO, 2005 WL 1000010, *8 (D. Mass. Mar. 31, 2005). In *Werner*, the court dismissed the retaliation claim on the ground that the public records request did not constitute constitutionally protected conduct—the first element of any retaliation claim. *Id.* Plaintiff's attempt to utilize Eleventh

4

Circuit case therefore falls short in light of the First Circuit precedent finding that such activity is not protected activity such to satisfy a claim for retaliation under the First Amendment. *Id.*

Even if Plaintiff could establish that he engaged in "protected conduct," a First Amendment retaliation claim further requires Plaintiff to demonstrate that he suffered an adverse action. *Falmouth*, 44 F.4th at 47. The adverse action element requires that the Defendants' conduct be more than *de minimis* — it must be sufficient to chill a reasonably hardy person, or a person of ordinary firmness, from continuing to exercise constitutional rights. *Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011). The First Circuit has defined this as an objective standard: the question is not whether the plaintiff was actually deterred, but whether the conduct would have deterred a person of ordinary firmness. *Id.* Specifically related to public records, Courts have found the bare denial or delay of a public records request is an insufficient "adverse action" to qualify for a perceived First Amendment retaliation claim. See e.g *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1204 (10th Cir. 2007) (the City's denial of his requests for council packets and the mayor's implementation of a time limitation on his speech are, at best, de minimis injuries); *Eggenberger v. W. Albany Twp.*, 90 F. Supp. 3d 860 (D. Minn. 2015) (same).[2] The claim that the specific individual providing the response to the request on behalf of the municipality was not identified is similarly insufficient of an adverse action qualify for First Amendment retaliation claim.

Without elaboration or explanation, Plaintiff cites to the "unconstitutional conditions doctrine" in an apparent attempt to overcome dismissal of the instant action. Even assuming this has been properly raised and/or briefed, the unconstitutional conditions doctrine does not apply

---

[2] A finding that the denials did not amount to an adverse action is further supported by the fact that Plaintiff himself represents that despite the prior denials, the Defendants' actions did not deter him because he continued to file "repeated APRA" requests. *Amended Complaint, at ¶ 327*

to the instant case. In summary the doctrine operates to prevent an official from taking an "adverse action against someone based on [a] forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). To prevail on a claim under the unconstitutional conditions doctrine, plaintiff must not only demonstrate an "adverse action" but also "must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury'" or adverse action. *Id*. (quoting *Hartman*, 547 U.S. at 259). See e.g. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972) (prevents the government from denying a benefit to an individual on a basis that infringes his constitutionally protected rights). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Id*.

As demonstrated *infra,* Plaintiff's Complaint fails to identify an 'adverse action' sufficient to warrant a finding of an unconstitutional condition. That is, the bare denial or delay of a public records request, as well as a response being forwarded in the name of the municipality rather than an individual official, is insufficient to chill a "reasonably hardy person, or a person of ordinary firmness." Moreover, Plaintiff's Amended Complaint fails to demonstrate a causal connection between the alleged animus and plaintiff's perceived injury. Plaintiff claims he was injured because the Town repeatedly provided "anonymous" APRA determinations, denied at least one of his APRA requests, and issued "conclusory and unsupported 'undue burden' determinations," and refused to provide substantive responses to his "certified correspondences seeking correction and attribution." See *First Am. Complaint* (ECF No. 5) (June 29, 2026). As discussed in Defendants' Memorandum in Support of their Motion to Dismiss,

APRA neither guarantees approval of all APRA requests nor requires the responding municipal entity to provide any of the information that Plaintiff seeks. See generally *R.I. Gen. Laws § 38–2–1 et seq.* Consequently, Plaintiff has failed to plead that he was denied some governmental benefit based upon his exercise of his First Amendment rights because the information he seeks from the Town is not a "benefit" afforded under APRA. See *Perry*, 408 U.S. at 597 (holding government cannot deny a benefit to an individual on a basis that infringes his constitutionally protected rights). As such, Plaintiff's reliance on the unconstitutional conditions doctrine is misplaced. Further, Plaintiff has not plausibly alleged that any of the APRA responses were causally linked to Plaintiff's protected activity rather than to legitimate administrative considerations such as volume, complexity, or subject matter of his requests.

Consequently, Plaintiff's First Amendment retaliation claim must fail. See *Nieves*, 587 U.S. at 398-99.

B.     Right to Petition

Related to Plaintiff's retaliation claim is Plaintiff's claimed violation of the right to Petition Clause. For all the reasons previously briefed, Plaintiff first does not identify any constitutionally protected petitioning activity under the First Amendment and should thus be dismissed. The Petition Clause "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Vincent v. Dolan*, 755 F. Supp. 3d 158, 167 (D.R.I. 2024). "The right to petition allows citizens to express their ideas, hopes, and concerns to the government and their elected representatives." *Id*. Generally, the right to petition is "concerned with 'expression directed to the government seeking redress of a grievance.'" *Id*. (quoting *Borough of Duryea v. Guarnieri*, 546 U.S. 379, 387 (2011)).

Here, Plaintiff alleges that the Town's failure to identify the individual municipal employee who prepared the response to APRA requests on the Town's behalf somehow burdens protected rights to petition the government. See *First Am. Complaint*, ¶¶ 266, 267.[3] However, Plaintiff does not explain how or why so-called "anonymous" APRA responses burden or prevent citizens from exercising their statutory right to challenge municipal APRA determinations. APRA does not require the disclosure of identifying information, and the statutorily prescribed APRA appeals procedure does not require an APRA requester to identify the individual municipal employee who denied his APRA request in order initiate an appeal challenging a municipal agency's denial of the same. See *R.I. Gen. Laws §§ 38–2–7, 38–2–8*. Consequently, Plaintiff cannot show that the issuance of "anonymous" APRA responses burdens his First Amendment right to petition the government for redress of grievances.

C.      Right to Information Under APRA

Plaintiff also argues that Defendants' statutory argument that R.I. Gen Laws § 38–2–7 does not require the name or signature of the municipal employee(s) responsible for drafting an APRA response ignores APRA's broader statutory framework. Specifically, Plaintiff cites APRA's annual certification requirement for officers with grant-or-deny authority, see *R.I. Gen. Laws § 38–2–3.16*, designated public records officer requirement, see *R.I. Gen. Laws at § 38–2–3(d)*, review hierarchy, see *R.I. Gen Laws § 38–2–8(a)*, as well as the Attorney General's implementing regulations, to support his position that the identity, authority, training, institutional status, and decisional level of the individual exercising APRA authority is legally material with respect to the content of municipal APRA decisions.

---

[3] Plaintiff's related claim that the lack of an official's signature infringes on his right to access the courts fails for similar reasons. In particular, an individual challenging a municipalities' response to an APRA request would name the municipality, not the official who provided the response in any appeal brought with the Attorney General or the Courts.

Plaintiff's reliance on these statutory provisions and the Attorney General's regulations is misplaced because those provisions regulate the Town's internal administrative compliance obligations and do not create a private right enforceable by an individual APRA requester. See *Reyes-Garay v. Integrand Assur. Co.*, 818 F. Supp. 2d 414, 432 (D.P.R. 2011) (explaining that "regulations alone cannot create private rights of action; the source of the right must be a statute"); *Stebbins v. Wells*, 818 A.2d 711, 716 (R.I. 2003) ("When a statute does not plainly provide for a private cause of action [], such a right cannot be inferred."). Even if the Town had failed to comply with APRA's annual certification requirements or to ensure that only trained and authorized personnel issued APRA responses, such administrative noncompliance does not give rise to an individual cause of action under APRA or a claim under the United States Constitution. See *Reyes Garay,* 818 F. Supp. 2d at 432; *Stebbins*, 818 A.2d at 716; *Roy v. City of Augusta*, 712 F.2d 1517, 1523 (1st Cir. 1983) (explaining that "even the outright violation of state law by local officials" is predominantly the state's concern and does not implicate the federal Constitution absent "fundamental procedural irregularity, racial animus, or the like.").

In short, Plaintiff has not established either a statutory or constitutional right to receive the information he seeks and, as such, his claim for declaratory relief regarding identifiable governmental authority must be dismissed.

D.     Monell Claim

Plaintiff contends that his Monell claim cannot be dismissed because his First Amended Complaint alleges an ongoing municipal practice of violating First Amendment rights through "repeated omissions of signatures, accountable decisionmakers, custodians, attorneys, and other governmental actors exercising authority. See *Pl's Obj.* at 11; *First Am. Complaint*, ¶ 278. Plaintiff's Monell claim is entirely derivative of his First Amendment retaliation claim. Thus, if

this Court dismisses Plaintiff's First Amendment retaliation claim, his Monell claim must also be dismissed. See *Burns v. City of Worcester*, 772 F. Supp. 3d 109, 139 (D. Mass. 2025) (explaining "municipal liability under Section 1983 requires an underlying constitutional violation").

Moreover, Plaintiff's First Amended Complaint alleges only that the Town maintained a policy or practice of "omissions of signatures, accountable decisionmakers, custodians, attorneys, and other governmental actors exercising authority" and that this practice caused his constitutional injuries. See *First Am. Complaint*, ¶ 278. As discussed at length in Defendants' Memorandum in Support of their Motion to Dismiss, there is nothing in APRA that requires a government agency to include in its APRA responses the name or other identifying information of the individual government employee(s) who draft responses. Consequently, Plaintiff alleges that the Town has adopted a policy or practice that is entirely consistent with State law. Under these circumstances, Plaintiff's First Amended Complaint fails to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791-92 (7th Cir. 1991) ("It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, then the 'policy' of enforcing state law. If the language and standards from Monell are not be become a dead letter, such a 'policy' simply cannot be sufficient to ground liability against a municipality.").

E.    Equal Protection

Plaintiff also seeks to avoid dismissal of the claim that the Town's method of responding to his request for records violates his right to Equal Protection. In support, Plaintiff claims that the Amended Complaint states a valid 'class of one' claim for intentionally differential treatment from 'similarly situated' individuals. *Pl's Obj., at 14.* Contrary to his claim that it is a policy and

10

practice of the town to use "anonymous" responses on behalf of the Town, Plaintiff avers that the

Amended Complaint adequately pleads that the Town particularly employed such anonymous

responses to Plaintiff's requests while issuing signed responses in some cases to alleged

"similarly situated" requests. Plaintiff's general recitation of the elements of the claim, however,

is simply insufficient to overcome summary judgment.

As this Court is aware, under the now-settled *Twombly/Iqbal* standard, in order to survive

a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

> "The Iqbal/Twombly plausibility inquiry requires a two-step pavane. Garcia–Catalan,
> 734 F.3d at 103. First, the court must distinguish "the complaint's factual allegations
> (which must be accepted as true) from its conclusory legal allegations (which need not be
> credited)." *Morales–Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir.2012). Second, the
> court must determine whether the factual allegations are sufficient to support "the
> reasonable inference that the defendant is liable for the misconduct alleged." *Haley v.*
> *City of Boston*, 657 F.3d 39, 46 (1st Cir.2011) (quoting Iqbal, 556 U.S. at 678) (internal
> quotation marks omitted). This context specific inquiry does not demand "a high degree
> of factual specificity," but the complaint "must contain more than a rote recital of the
> elements of a cause of action"—"[f]or pleading purposes, circumstantial evidence often
> suffices to clarify a protean issue." Garcia–Catalan, 734 F.3d at 103. The complaint
> should not be read "too mechanically;" rather, it should be considered holistically with a
> heavy dose of common sense. See Rodriguez–Vives v. P.R. Firefighters Corps of P.R.,
> 743 F.3d 278, 283 (1st Cir.2014)."[4]

This standard requires more than a mere "formulaic recitation of the elements of a cause

of action." *Id.* at 555; see also *Iqbal*, 556 U.S. at 681 (holding that "conclusory" allegations are

"not entitled to be assumed true"). Accordingly, "allegations that merely parrot the relevant legal

standard are disregarded." *Manning v. Bos. Med. Ctr. Corp*., 725 F.3d 34, 43 (1st Cir. 2013). *In*

*re Ariad Pharms., Inc. Sec. Litig.,* 842 F.3d 744, 756 (1st Cir. 2016).

---

[4] *Reilly v. Cox Enters., Inc.*, No. CA 13-785S, 2014 WL 4473772, at *3 (Sullivan, USMJ) (D.R.I. Apr. 16, 2014)

In this case, the Amended Complaint consists of the very same "conclusory allegations and a formulaic recitation" of some of the elements of an equal protection claim that courts have found to be insufficient to survive dismissal under the *Twombly/Iqbal* standard. See *Williams v. Walgreen Co.*, No. 8:08-CV-2472-T-23TBM, 2009 WL 10670462, at *1 (M.D. Fla. June 24, 2009). Under *Twombly/Iqbal*, such conclusory statements that must be disregarded. *Morales-Cruz v. Univ. of Puerto Rico,* 676 F.3d 220, 225-226 (1st Cir. 2012) ("speculation, unaccompanied by any factual predicate, is not sufficient to confer plausibility;" affirming Rule 12(b)(6) dismissal of claim lacking facts to support inference of discriminatory animus); *Mayale–Eke v. Merrill Lynch*, 754 F.Supp.2d 372, 377 (D.R.I.2010) (allegation that plaintiff was treated less favorably than similarly-situated employees is wholly conclusory and amounts to nothing more than a "formulaic recitation" of a discrimination claim). Plaintiff generally claims that some other parties may have received responses signed by named officials rather than in the name of the Town and therefore that he was allegedly treated differently. Such a conclusory allegations, however, without factual support is insufficient.

Plaintiff's equal protection claim should accordingly be dismissed.

F. Due Process

Plaintiff also seek to maintain claims for the alleged violation of his right to procedural and substantive due process rights. Once again, in order to maintain due process claims, plaintiff's must first allege a constitutionally protected life, liberty or property interest.[5] For all

---

[5] See e.g. *Reed v. Goertz,* 598 U.S. 230, 236, 143 S.Ct. 955, 215 L.Ed.2d 218 (2023) ("A procedural due  process claim consists of two elements: (i) deprivation by state action of **a protected interest in life, liberty, or property**, and (ii) inadequate state process") and *Harron v. Town of Franklin*, 660 F .3d 531, 536 (1st Cir.2011) (to demonstrate substantive due process violation "plaintiff must show **both** that the [defendant's] acts were so egregious as to shock the conscience **and** that they deprived him of a **protected interest in life, liberty, or property**" (emphasis added)

the reasons previously identified, Plaintiff cannot demonstrate a constitutionally protected right to access the public records, nor can he demonstrate a statutorily protected right to have APRA responses signed by particular officials. See *Defendants' Memorandum of Law in Support of Motion to Dismiss*, at 3 quoting *Houchins v. KQED*, Inc., 438 U.S. 1, 15 (1978) (plurality) and citing *In re Boston Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003) ("[t]here is no general constitutional right to access information in the government's possession"). But that being said, Plaintiff's Amended Complaint nevertheless fails to identify an claimed deprivation of procedural or substantive due process guarantees.

In the first instance, as noted, a procedural due process claim requires a showing of both a deprivation of protected interest as well as an inadequate state process. Rhode Island General Laws clearly provide individuals the right to seek review of a municipality or other governmental entities response to an APRA request pursuant to R.I. Gen. Laws § 38–2–7 and § 38–2–8. Plaintiff's Amended Complaint does not allege that such a review process is inadequate and in fact it offers individuals more than adequate process to challenge a municipality's response to an APRA request. R.*I. Gen. Laws § 38–2–7 and § 38–2–8.*

Plaintiff's substantive due process claim fairs no better. Once again, even assuming the Amended Complaint contains an adequate protected interest, Plaintiff must further allege sufficient facts to demonstrate that the Defendant's acts were so egregious as to shock the conscience. *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994) ("A viable substantive due process claim requires proof that the state action was "*in and of itself* ... egregiously unacceptable, outrageous, or conscience-shocking") quoting *Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir.1990) (emphasis in original), *cert. denied*, 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). As Plaintiff recognizes, the shock the conscience standard is "an extremely

demanding one, … limit[ing] executive action only when that action 'was infected or driven by something much worse — more blameworthy — than mere negligence, lack of proper compassion, or lack of fairness.'" *González-Fuentes v. Molina, 607 F.3d 864, 885 (1st Cir. 2010) (quoting Hawkins v. Freeman, 195 F.3d 732, 746 (4th Cir. 1999) (en banc)).* In this case, the action complained of is the failure of individual officials to sign the Town's response to an APRA request. Such an action, which is not only not required under APRA, simply does not amount to conscience shocking behavior to support a substantive due process violation. *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir. 1992) (violations of state law — even where arbitrary, capricious, or undertaken in bad faith — do not, without more, give rise to a denial of substantive due process under the federal Constitution).

> J.     Professional Conduct

As noted, Plaintiff also asks this Court to declare that the Town's attorneys violated the Rhode Island Rules of Professional Conduct by issuing "anonymous and unattributed governmental legal determinations" under APRA. *See Pl's Am. Complaint*, Count V. In response to Defendants' Motion to Dismiss, Plaintiff seeks to distinguish an attorney's statutory requirements under the APRA and Rules of Professional Conduct and proceeds to admit that he is not seeking private "damages" for the alleged violation of the Rules of Professional Conduct. *Pl's Obj. at 18.* Rather, Plaintiff maintains that "Count V should be construed as requesting ancillary recognition or referral, or as allegations relevant to counsel's role in the pleaded § 1983 joint action." *Id.*

In essence, Plaintiff is seeking declaratory relief that amounts to an advisory opinion from this Court as to whether the Town Solicitors have violated the Rhode Island Rules of Professional Conduct. Not only is the issuance of such an advisory opinion improper, but as a

matter of law, there is nevertheless no private right of action to seek a declaration of professional misconduct. See *Belanger v. Kazarosian*, No. 17-CV-10087-ADB, 2017 WL 1186339, at *6 (D. Mass. Mar. 29, 2017). Accordingly, not only does Plaintiff's Amended Complaint fail to state a viable claim for the violation of the Rules of Professional Conduct, but in any event Plaintiff cannot maintain such a private right of action for declaratory relief before this Court. Count V should accordingly be dismissed.

III.     Conclusion

Plaintiff's sixty-five (65) page, 423-paragraph First Amended Complaint states one simple gripe: Plaintiff wants more information from the Town than APRA requires it to provide, including an identification of the official who forwarded the response to his APRA requests on behalf of the Town. Not only is the Town, not the individual official, the proper party to respond to APRA requests, Plaintiff cannot identify either a constitutional right or a statutory obligation requiring such an individual identification in an APRA response.

Although lengthy, the First Amendment Complaint merely employs the very same "formulaic recitation of the elements of a cause of action," that "merely parrot the relevant legal standard" without an underlying factual support which the Supreme Court has found to be insufficient and disregarded. *Twombly*, 550 U.S. at 570 (standard "requires more than a mere "formulaic recitation of the elements of a cause of action"); *Iqbal*, 556 U.S. at 681 (holding that "conclusory" allegations are "not entitled to be assumed true"). See also *Manning*, 725 F.3d at 43.

In this case, the failure to have individual officials affix their signature to the Town's response to an APRA request does not violate either plaintiff's constitutional or statutory rights. Thus, for the reasons set forth herein as well as those address in Defendant's Memorandum of Law in Support of their Motion to Dismiss, the Defendants respectfully request that this Court dismiss

Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief may be granted.

Respectfully submitted,

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
*/s/ Sarah D. Boucher*
Marc DeSisto, Esq. (#2757)
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo,
Andrew M. Teitz, Scott A. Ritch, and Adam Sholes,
By their Attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 12th day of August 2026 and is available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 28th day of July 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

*/s/ Marc DeSisto*