UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ERIC NELSON
    *Plaintiff*

v.

URSILLO, TEITZ & RITCH, LTD.;        C.A. No. 1:26-cv-00352-MRD-AEM
MICHAEL A. URSILLO; ANDREW M.
TEITZ; SCOTT A. RITCH; ADAM J.
SHOLES, TOWN OF SOUTH
KINGSTOWN, and JANE AND JOHN
DOES 1-27
    *Defendants*

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S
EMERGENCY EXPEDITED MOTION FOR PRESERVATION ORDER AND FOR
LEAVE TO CONDUCT NARROWLY TAILORED EARLY DISCOVERY
CONCERNING THE CREATION, EXPORT, AND UPLOAD OF BACKDATED APRA-
1280 PDF IN CLOSE TEMPORAL PROXIMITY TO SERVICE ON ADAM J. SHOLES</u>**

*Pro se* Plaintiff is dissatisfied with the Town of South Kingstown's responses to his

various APRA requests. Plaintiff primarily takes issue with the Town submitting responses in the

name of the Town but without the name and/or signature of the particular official or employee

who authored the responses. Plaintiff elevates this dissatisfaction to a sixty-eight (68) page, 426-

paragraph Amended Complaint that asserts a number of constitutional and statutory violations.

Defendants filed a Motion to Dismiss the Amended Complaint in lieu of Answer based

on the failure of the Amended Complaint to state a claim for relief. This Motion is supported by

clear precedent that, as a matter of law, there is no federally protected constitutional right to file

public records requests nor to receive government records under APRA.  See *ECF No. 20, 20-1

and 29 (July 28, 2026)*. Against this backdrop, on July 30, 2026, Plaintiff filed an "*Emergency

Expedited Motion For Preservation Order and for Leave to Conduct Narrowly Tailored Early

Discovery Concerning the Creation, Export, and Upload of Backdated APRA-1280 PDF in*

*Close Temporal Proximity to Service on Adam J. Sholes.*" Defendants submit that there is no basis for such expedited discovery during the pendency of the Motion to Dismiss in Lieu of Answer and prior to the Court's Rule 16 conference and resulting Pretrial Order.

Under the auspices of the *possibility* that he may not be able to obtain metadata from the Secretary of State's OpenGov public records platform and other metadata related to the .pdf version of the Town's APRA response served on Plaintiff in April 2026 and apparently uploaded on the OpenGov website in July 2026, Plaintiff moves for the expedited right to conduct discovery prior to the resolution of the pending Motion to Dismiss and before the Court's Rule 16 Pretrial Conference. Plaintiff specifically seeks the Court's permission to obtain discovery in the form of Interrogatories, Production of Documents and Rule 45 Subpoena, as well as asking for an Order of the Court compelling the Town to provide sworn preservation certifications.[1]

The extensive discovery being preliminarily sought by Plaintiff includes invasive information such as Municipal Judge Adam Sholes' telephone numbers, phone extensions, as well as his personal call records and voicemails for particular dates. It also seeks voluminous materials and information centered *inter alia* on the officials who participated in the initial drafting and preparation of APRA-1280 response, any and all drafts of APRA-1280 response, and any and all electronic information surrounding the response and drafts. See *Attachments to Plaintiff's Motion to Expedite* (ECF No. 23).

---

[1] Plaintiff also includes a general request for a Protective Order compelling Defendants to preserve discoverable ESI information. However, as the Court is aware, parties are under general duty to preserve relevant evidence once they are on notice of litigation. See generally *Boudreau v. Petit*, No. CV 17-301MSM, 2025 WL 553975, at *2 (D.R.I. Feb. 19, 2025 (discussing whether and when a duty to preserve the lost ESI arose, including relevancy to pending litigation); *Mejia v. Charette*, No. 12-CV-449-JD-LM, 2013 WL 6001081, at *4 (McCaffrey, USMJ)(D.R.I. Nov. 12, 2013) citing P.*R. Tel. Co., v. San Juan Cable LLC*, No. 11–2135(GAG/BJM), 2013 WL 5533711, *1 (D.P.R. Oct.7, 2013) ("Parties have a general duty to preserve relevant evidence once it has notice of, or reasonably foresees, litigation"). Plaintiff provides no basis for an added requirement in the instant case.

Notably, although referencing the metadata from .pdf uploaded on the OpenGov website on the day that Defendant Shole was served, Plaintiff specifically concedes that he does not seek a finding of spoilation or misconduct by the Defendants. In fact, Plaintiff makes no allegation that there is any difference in the substantive response contained in the APRA response he received in April 2026 compared to the document uploaded on OpenGov website in July, 2026. That is, the contents of the documents identifying the reason for denying the particular APRA request is the same. Rather, Plaintiff appears to be focused on the formatting of the response on particular letterhead. Plaintiff, however, notably fails to demonstrate how or why any such information of subsequent publication of the response is relevant to his claims that in April 2026, the Town violated his various constitutional rights by serving him with an APRA response or denying his access to certain APRA requests.

The request for such extensive information prior to the resolution of Defendants' Motion to Dismiss and determination of whether the Amended Complaint even states a claim, as well as before the appropriate discovery conference as to the proper scope of discovery, places an undue burden on not only Defendants but the Court as well especially in light of the utter lack of relevance of the same to Plaintiff's constitutional claims. Defendants thus submit that there is no basis to subject Defendants to the extensive discovery outside the ordinary course and in particular, until after the Court has heard and ruled on the pending Motion to Dismiss.

Accordingly, Plaintiff's Expedited Motion for Preliminary Discovery should be denied.

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)

3

/s/ Sarah D. Boucher
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo,
Andrew M. Teitz, Scott A. Ritch, and Adam Sholes,
By their Attorney,

/s/ Peter Skwirz
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 13th of August 2026, and available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 13th day of August 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

/s/ Marc DeSisto

4