# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v.                                                       C.A. No. 1:26-cv-00352-MRD-AEM

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO; ANDREW M. TEITZ;**
**SCOTT A. RITCH; ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

# PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED
# SURREPLY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully moves pursuant to DRI LR Cv 7(a)(4)–(5), Fed. R. Civ. P. 1, and the Court's inherent authority to manage briefing, for leave to file the **Limited Surreply in Opposition to Defendants' Motion to Dismiss**, attached hereto as **Exhibit A**.

Leave is warranted because Defendants' Reply Memorandum, filed August 12, 2026, materially expands the grounds developed in Defendants' original seven-page Memorandum in Support of Motion to Dismiss, ECF No. 20-1. The proposed surreply is confined to those newly developed or materially expanded arguments and does not seek merely to repeat Plaintiff's Opposition.

Alternatively, if leave is denied, Plaintiff respectfully requests that the Court decline to consider any materially expanded ground for dismissal first developed in Defendants' Reply.

# NO SEPARATE ORAL ARGUMENT REQUESTED

Plaintiff does not request separate oral argument or an evidentiary hearing on this Motion for Leave. Plaintiff maintains the request for oral argument previously made concerning Defendants' underlying Motion to Dismiss.

# I. RELEVANT PROCEDURAL HISTORY

1. On July 28, 2026, Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 20, accompanied by a seven-page supporting memorandum, ECF No. 20-1.

2. The original memorandum developed three principal substantive propositions.

3. First, Defendants argued that there is no generalized federal constitutional right to obtain government records and contended on that basis that Counts I, II, III, VI, VII, VIII, IX, X, and XI should be dismissed. Defs.' Mem. 2–3.

4. Second, Defendants argued that R.I. Gen. Laws § 38-2-7 does not expressly require an APRA response to identify or bear the signature of the governmental employee or agent who prepared it. Id. at 4.

5. Third, Defendants argued that the Town's attorneys did not violate the Rhode Island Rules of Professional Conduct because, according to Defendants, APRA itself did not require counsel to identify themselves in the challenged responses. Id. at 5.

6. The opening memorandum did not separately analyze the elements of First Amendment retaliation, the objective adverse-action standard, retaliatory causation, the unconstitutional-conditions doctrine, the Petition Clause, class-of-one comparator pleading, Monell causation, procedural due process, substantive due process, or the

asserted distinction between APRA's administrative requirements and an implied private cause of action.

7. Plaintiff thereafter filed a detailed Opposition explaining, among other things, that the First Amended Complaint ("FAC") does **not** assert a freestanding federal constitutional entitlement to receive every public record or an absolute constitutional requirement that every APRA response bear a handwritten signature.

8. Plaintiff instead argued that the FAC alleges distinct constitutional injuries arising from alleged retaliation, selective burdens, disparate administration, petitioning activity, municipal policy or custom, and joint governmental action. Plaintiff further explained that APRA's statutory provisions concerning authorized grant-or-deny personnel, training, designation, and administrative hierarchy were cited as relevant to authority, delegation, governmental action, and municipal practice—not as an independent federal cause of action created by those provisions.

9. Defendants' August 12, 2026 Reply then expanded from the original generalized information-access theory into a substantially broader, claim-specific Rule 12(b)(6) attack.

10. The Reply newly develops, among other things:

a. whether Plaintiff's activities constitute First Amendment "protected conduct";

b. whether the pleaded conduct constitutes an objectively sufficient "adverse action";

c. whether Plaintiff's continued APRA activity defeats or undermines the adverse-action element;

d. whether legitimate administrative considerations such as volume, complexity, or subject matter defeat retaliatory causation;

e. whether the unconstitutional-conditions doctrine applies;

f. whether Plaintiff sufficiently pleaded interference with the Petition Clause;

g. whether APRA's training and authorization provisions create a private right of action;

h. whether the FAC adequately states municipal liability under *Monell*;

i. whether the FAC identifies sufficiently particularized comparators for a class-of-one Equal Protection claim;

j. whether Plaintiff possesses a protected interest for procedural due process;

k. whether Rhode Island's APRA review procedure constitutes constitutionally adequate process;

l. whether the pleaded conduct satisfies the "shocks the conscience" standard applicable to substantive due process; and

m. whether Plaintiff may obtain declaratory or ancillary relief concerning professional-conduct allegations.

11. The Reply supports those additional theories with substantial new authority, including *Falmouth School Department v. Doe*, 44 F.4th 23 (1st Cir. 2022); *Allen v. Lang*, 738 F. App'x 934 (10th Cir. 2018); *Zesiger v. Board of County Commissioners*, 2026 WL 1784816 (D. Kan. June 22, 2026); *Rodriguez v. Serna*, 2019 WL 2340958 (D.N.M. June 3, 2019); *Werner v. Therien*, 2005 WL 1000010 (D. Mass. Mar. 31, 2005); *Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011); *Shero v. City of Grove*, 510 F.3d 1196 (10th Cir. 2007); *Eggenberger v. West Albany Township*, 90 F. Supp. 3d 860 (D. Minn. 2015); *Nieves v. Bartlett*, 587 U.S. 391 (2019); *Vincent v. Dolan*, 755 F. Supp. 3d 158 (D.R.I. 2024); *Reyes-Garay v. Integrand Assurance Co.*, 818 F. Supp. 2d 414 (D.P.R. 2011); *Stebbins v. Wells*, 818 A.2d 711 (R.I. 2003); *Roy v. City of Augusta*, 712 F.2d 1517 (1st Cir. 1983); *Burns v. City of Worcester*, 772 F. Supp. 3d 109 (D. Mass. 2025); and additional authorities concerning Equal Protection and Due Process.

12. Plaintiff has not previously had an opportunity to respond to those newly developed grounds and authorities.

## II. DRI LR CV 7 EXPRESSLY LIMITS THE SCOPE OF A REPLY AND REQUIRES LEAVE FOR A SURREPLY

DRI LR Cv 7(a)(4) provides:

> "A reply shall not present matters that do not relate to the response, or reargue or expand upon the arguments made in support of the motion."

DRI LR Cv 7(a)(5) separately provides:

> "Sur-replies may only be filed with prior leave of Court."

Plaintiff therefore does not file the proposed surreply as of right. He seeks prior permission precisely as the Local Rule requires.

The First Circuit likewise follows the general principle that newly presented reply arguments ordinarily should not provide the basis for adjudication without an adequate opportunity to respond. See, e.g., *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 788 F.3d 25, 29 (1st Cir. 2015).

The concern implicated here is not merely that Defendants cited additional cases supporting an unchanged proposition. The Reply materially develops **new claim-specific routes to dismissal** that were not developed in the opening memorandum.

The distinction is particularly important on a Rule 12(b)(6) motion seeking dismissal of the entire operative complaint.

## III. THE ORIGINAL MOTION DID NOT DEVELOP THE CLAIM-SPECIFIC GROUNDS NOW PRESENTED IN REPLY

Defendants' opening memorandum attempted to dispose of nine constitutional counts primarily through a single syllogism:

1. there is no generalized constitutional right to obtain government information;
2. APRA does not expressly require an identified or signed decisionmaker; therefore
3. Plaintiff's constitutional claims fail.

Plaintiff's Opposition disputed that syllogism and explained that the FAC alleges retaliation, petitioning, differential treatment, municipal practice, joint action, and related constitutional theories distinct from a freestanding right to records.

The Reply does not merely defend the original syllogism. It substantially supplements it.

For example, the original memorandum did not analyze whether:

- Plaintiff's criticism, objections, accountability demands, and petitions constitute protected speech or petitioning;
- the alleged aggregated fees, delays, tolling, "undue burden" determinations, opacity, refusals to identify responsible actors, and other alleged measures collectively satisfy the adverse-action standard;
- Plaintiff's actual persistence is material under an objective ordinary-firmness standard;
- alleged temporal sequence, knowledge, escalation, and differential burdens plausibly support retaliatory causation;
- administrative volume, complexity, or subject matter supplies a competing innocent explanation defeating causation at the pleading stage;
- Plaintiff pleaded sufficiently particularized Equal Protection comparators;
- APRA review constitutes constitutionally adequate process;
- the alleged course of conduct is conscience-shocking; or
- the APRA training and authorization provisions improperly are being asserted as creating a private right of action.

Those are not merely citations elaborating an already-developed argument. They are independently dispositive analyses directed to elements of distinct constitutional causes of action.

## IV. THE PROPOSED SURREPLY IS NARROWLY LIMITED TO THOSE NEW OR MATERIALLY EXPANDED MATTERS

Plaintiff does not seek an unrestricted additional memorandum or an opportunity merely to obtain the last word.

The proposed surreply is limited to:

1. clarifying the distinction between a freestanding constitutional entitlement to government records and protection from retaliation for speech and petitioning;
2. responding to Defendants' newly developed authorities concerning whether the pleaded activity constitutes protected conduct;
3. addressing the newly developed adverse-action and causation arguments;
4. responding to Defendants' reliance upon Plaintiff's continued activity under an objective chilling standard;
5. addressing the newly developed characterization of APRA's authorization and training provisions as an attempted implied private cause of action;
6. responding to the newly developed Petition Clause, Monell, Equal Protection, and Due Process analyses; and
7. clarifying the narrow treatment Plaintiff requested in his Opposition regarding professional-conduct allegations and potentially curable count-specific deficiencies.

The proposed surreply does not rely upon new evidence outside the pleadings and materials properly before the Court on Rule 12(b)(6). Nor does it seek to amend the FAC through briefing.

## V. LIMITED SURREPLY BRIEFING WILL ASSIST THE COURT AND CAUSE NO UNFAIR PREJUDICE

Permitting the proposed filing will place the parties' competing legal positions before the Court on an equal procedural footing.

Defendants elected to use their Reply to develop multiple claim-specific grounds and authorities that were not developed in the original seven-page memorandum. A limited response to those issues will assist the Court in determining whether the challenged counts fail under their governing elements rather than solely under the original generalized-information-access theory.

8

No evidentiary hearing, discovery, continuance, or other procedural disruption is necessary.

The proposed surreply is submitted with this Motion so that the Court may evaluate its scope before granting leave.

Permitting it also advances Fed. R. Civ. P. 1 by facilitating a just resolution of a potentially dispositive Rule 12(b)(6) motion upon complete adversarial briefing.

## VI. ALTERNATIVELY, THE COURT SHOULD DISREGARD ANY MATERIALLY EXPANDED GROUND FIRST DEVELOPED IN THE REPLY

If the Court determines that additional briefing is unnecessary, Plaintiff respectfully requests the alternative relief of declining to consider grounds for dismissal materially expanded for the first time in the Reply.

The appropriate solution should not be to permit Defendants to obtain dismissal based upon a claim-specific theory developed only after Plaintiff filed his Opposition while denying Plaintiff any opportunity to address that theory.

DRI LR Cv 7(a)(4) expressly limits expansion in reply. The Court therefore may either permit the narrowly confined surreply or resolve the Motion without relying upon materially expanded reply arguments.

# VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

**A. GRANT Plaintiff leave pursuant to DRI LR Cv 7(a)(5) to file the Limited Surreply attached as Exhibit A;**

**B. DIRECT that the attached Limited Surreply be deemed filed as of the date of the Court's Order, or permit Plaintiff promptly to file it as a separate docket entry;**

**C. ALTERNATIVELY, if leave is denied, decline to consider any ground for dismissal materially expanded or first developed in Defendants' Reply contrary to DRI LR Cv 7(a)(4); and**

**D. GRANT such other and further relief as the Court deems just and appropriate.**

Respectfully submitted,

**MICHAEL ERIC NELSON**
Plaintiff, Pro Se

/s/ Michael Eric Nelson
Michael Eric Nelson
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434  nelsontelco@gmail.com

Dated: August 13, 2026

# CERTIFICATE OF SERVICE

I certify that on August 13, 2026, I served a true and correct copy of the foregoing **Plaintiff's Motion for Leave to File Limited Surreply and Incorporated Memorandum of Law**, together with the proposed Limited Surreply attached as Exhibit A, by first-class United States Mail, postage prepaid, upon:

**Marc DeSisto, Esq.**
**Sarah D. Boucher, Esq.**
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
Counsel for Defendant Town of South Kingstown

**Peter F. Skwirz, Esq.**
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903-2918

Counsel for Defendants Ursillo, Teitz & Ritch, Ltd., Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam J. Sholes

/s/ Michael Eric Nelson
Michael Eric Nelson
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434  nelsontelco@gmail.com

Dated: August 13, 2026