# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v.

C.A. No. 1:26-cv-00352-MRD-AEM

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO; ANDREW M. TEITZ;**
**SCOTT A. RITCH; ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

# PLAINTIFF'S LIMITED SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Michael Eric Nelson, proceeding pro se and pursuant to leave of Court, submits this Limited Surreply in opposition to Defendants' Motion to Dismiss, ECF No. 20.

This Surreply is limited to arguments and authorities materially developed or expanded in Defendants' Reply. It does not repeat Plaintiff's Opposition except where necessary to identify the issue placed in dispute by the Reply.

## I. PRELIMINARY STATEMENT

Defendants' Reply confirms the central dispute.

Plaintiff does **not** assert that the First Amendment creates a generalized entitlement to every government record, and Plaintiff does **not** contend that the

Constitution itself requires every APRA response to bear a particular official's handwritten signature.

The FAC instead alleges that governmental actors retaliated against and selectively burdened Plaintiff because of a course of activity that included public-records requests, criticism of governmental practices, demands for accountability, objections to governmental determinations, and petitions for redress.

The Reply repeatedly reduces those allegations to two materially narrower propositions: a "right to public records" and a demand for "signed" APRA responses. That characterization does not resolve the constitutional claims actually pleaded.

The legal distinction is fundamental. A person may lack an unconditional federal constitutional entitlement to a particular governmental benefit while nevertheless retaining constitutional protection against the government burdening or withholding a governmental benefit **because of protected First Amendment activity**. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011).

The Reply also newly contends that Plaintiff failed to plead protected activity, adverse action, retaliatory causation, sufficient Equal Protection comparators, a protected Due Process interest, constitutionally inadequate process, and other claim-specific elements. Those arguments were not developed in Defendants' opening memorandum.

When the FAC is evaluated under the correct Rule 12(b)(6) standard, and the allegations are considered cumulatively rather than reduced to an unsigned-records-response theory, dismissal of the entire action is unwarranted.

## II. RULE 12(b)(6) REQUIRES PLAUSIBLE PLEADING, NOT PROOF

The Reply states that a retaliation plaintiff must "plead and prove" the elements of the claim. Ultimately, proof will be required. At the present stage, however, Plaintiff is not required to **prove** the case.

Rule 12(b)(6) tests the sufficiency of the pleadings.

The Court must separate factual allegations from legal conclusions, accept well-pleaded factual allegations as true, draw reasonable inferences in Plaintiff's favor, and determine whether those facts make entitlement to relief plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7, 12–13 (1st Cir. 2011).

Plausibility is not a probability requirement. Nor may the Court resolve contested motive or choose Defendants' preferred factual explanation merely because Defendants propose a lawful alternative explanation for the alleged conduct.

The First Circuit has emphasized that the complaint must be considered holistically and that no single allegation need independently establish an element where the

allegations in combination support a plausible inference. *Ocasio-Hernández*, 640 F.3d at 14–15.

Plaintiff's pro se pleading must also be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Rodi v. Southern New England School of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## III. THE REPLY AGAIN CONFLATES THE ABSENCE OF A GENERAL RIGHT TO GOVERNMENT INFORMATION WITH PROTECTION AGAINST RETALIATION

### A. Houchins and Boston Herald address access to information; they do not establish governmental immunity from First Amendment retaliation.

Plaintiff does not dispute the proposition for which Defendants cite *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978), and *In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003): the First Amendment does not create an unrestricted, generalized constitutional right to obtain all information controlled by government.

But the conclusion Defendants attempt to draw from that proposition is substantially broader.

The question presented by Count VI is not merely:

> Did the Constitution independently require the Town to provide a
> particular record?

The pleaded question is:

> Did governmental actors impose or intensify adverse governmental burdens because Plaintiff engaged in protected speech and petitioning?

**<u>Those are different constitutional inquiries.</u>**

First Amendment retaliation is actionable because retaliation can chill the exercise of constitutional rights. *Powell v. Alexander*, 391 F.3d 1, 16–17 (1st Cir. 2004); *Barton*, 632 F.3d at 28–29.

The Supreme Court's unconstitutional-conditions decisions reinforce the distinction. In *Perry*, the Court held that government may not deny a benefit on a basis that infringes constitutionally protected speech even where the claimant lacks an unconditional entitlement to the benefit. 408 U.S. at 597.

The First Circuit has expressly recognized that the absence of an entitlement to the underlying governmental benefit may be irrelevant to a First Amendment retaliation theory even though entitlement can be critical to a procedural-due-process theory. See *Barton*, 632 F.3d 9; see also *Ward v. Hickey*, 996 F.2d 448, 452 (1st Cir. 1993).

Defendants therefore cannot transform the proposition "there is no generalized constitutional right to government information" into the materially different proposition "governmental conduct associated with a public-records process can never constitute retaliation for independently protected speech or petitioning."

**B. The pleaded protected conduct is not limited to the mechanical act of requesting a record.**

The Reply argues from *Allen v. Lang*, 738 F. App'x 934 (10th Cir. 2018), *Rodriguez v. Serna*, 2019 WL 2340958 (D.N.M. June 3, 2019), and *Werner v. Therien*, 2005 WL 1000010 (D. Mass. Mar. 31, 2005), that a request for public records does not itself establish protected First Amendment activity.

Those authorities do not resolve the FAC.

Even assuming arguendo that a **bare, nonexpressive demand for a government record standing alone** were insufficient, <u>the FAC alleges materially more.</u>

<u>Plaintiff alleges that he:</u>

1. repeatedly petitioned governmental institutions;

2. criticized the Town's governmental practices and asserted legal objections;

3. demanded governmental transparency and accountability;

4. objected to anonymous or unattributed governmental determinations;

5. questioned the authority and legality of governmental actions;

6. sought correction of challenged practices;

7. communicated those grievances to governmental officials and counsel; and

8. continued advocating concerning the administration of government.

FAC ¶¶ 327–39 and incorporated factual allegations.

Speech does not lose First Amendment character merely because its subject is a public-records dispute.

Nor does petitioning cease to be petitioning because the requested governmental redress concerns public records.

Thus, even if Defendants ultimately establish that the mechanical submission of an APRA request standing alone receives no independent constitutional protection, that would not establish that Plaintiff's **criticism, objections, accountability demands, and petitions** are categorically unprotected.

**C. DeMartini demonstrates why Defendants' categorical theory is at least not established by controlling First Circuit precedent.**

In *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289–90 (11th Cir. 2019), the Eleventh Circuit recognized that citizens' public-records requests and related lawsuits can constitute protected First Amendment activity.

Plaintiff does not contend that *DeMartini* binds this Court. It does not.

Its significance is narrower: it demonstrates that Defendants' assertion that public-records-related petitioning is **categorically incapable** of receiving First Amendment protection is not a proposition established by *Houchins* or *Boston Herald*.

The decisions principally relied upon by Defendants for the contrary proposition—*Allen*, *Rodriguez*, and *Werner*—are not decisions of the First Circuit Court of Appeals.

More importantly, even accepting their treatment of a bare request for records, none authorizes the Court to disregard separately pleaded criticism, objections, accountability demands, and petitions merely because those activities arose in connection with APRA.

## IV. THE REPLY MATERIALLY NARROWS THE ALLEGED ADVERSE ACTIONS

The Reply argues that a denial or delay of records and the absence of an individual signature are too insignificant to constitute adverse action.

But those are not the only adverse measures alleged.

The FAC alleges a cumulative course of conduct that included, among other things:

- aggregation of distinct public-records requests;
- substantial and allegedly unsupported prepayment demands;
- indefinite or extended tolling;
- allegedly conclusory or unsupported "undue burden" determinations;
- structurally anonymous governmental determinations;
- refusal to identify responsible governmental actors after specific requests for attribution;

- use of multiple governmental or governmental-appearing channels and letterheads;

- continued use of the challenged practices after notice and objection; and

- differential burdens allegedly imposed after Plaintiff became a persistent requester, critic, and petitioner.

FAC ¶¶ 209–32, 327–39 and incorporated allegations.

Defendants may dispute whether those allegations are true, retaliatory, administratively justified, or sufficiently serious. But a Rule 12(b)(6) analysis must evaluate the course of conduct actually alleged rather than a narrowed hypothetical consisting solely of "an unsigned APRA response."

**A. The adverse-action inquiry is objective and cumulative.**

The First Circuit asks whether challenged conduct, objectively considered, would deter a reasonably hardy person or person of ordinary firmness from exercising First Amendment rights. *Barton*, 632 F.3d at 28–29.

The First Circuit has also recognized that relatively minor acts may become constitutionally significant when they form part of a retaliatory campaign sufficient to deter ordinary protected activity. Id.; see also *Rivera-Jiménez v. Pierluisi*, 362 F.3d 87, 94–95 (1st Cir. 2004).

The relevant inquiry therefore is not whether each individual letter, fee determination, delay, or administrative act—artificially isolated from all others—independently satisfies the constitutional threshold.

The pleaded course of conduct must be evaluated as a whole.

**B. Plaintiff's actual persistence does not defeat the objective adverse-action element.**

The Reply points out that Plaintiff continued filing APRA requests and suggests this undermines adverse action.

That argument is inconsistent with the objective standard Defendants themselves cite.

The question is not whether this particular Plaintiff proved unusually persistent or refused to be deterred.

The question is whether the alleged governmental conduct would tend to deter a person of ordinary firmness from continuing to exercise protected rights.

A retaliation defendant cannot obtain dismissal merely because the targeted speaker persisted despite the alleged retaliation. Otherwise, the Constitution would protect only speakers who actually surrendered their rights.

Plaintiff's continued requests therefore do not, as a matter of law, negate the adverse-action element.

## V. DEFENDANTS' PROPOSED ADMINISTRATIVE EXPLANATIONS CANNOT SIMPLY BE ACCEPTED AS FACT AT THE PLEADING STAGE

The Reply newly suggests that the challenged conduct resulted from legitimate administrative considerations such as the "volume, complexity, or subject matter" of Plaintiff's requests.

Those may prove to be legitimate factual defenses.

They are not established facts merely because counsel identifies them in a reply memorandum.

The FAC alleges facts offered to support retaliatory motive, including:

- Defendants' knowledge of Plaintiff's protected activity;

- temporal and sequential relationships between criticism or petitioning and challenged governmental responses;

- alleged escalation or continuation of burdens after objections;

- repeated implementation of the challenged practices;

- alleged differential treatment;

- refusal to correct or explain challenged conduct after notice; and

- alleged institutional participation by multiple actors.

FAC ¶¶ 327–39 and incorporated allegations.

At Rule 12(b)(6), the existence of a conceivable lawful explanation does not permit the Court automatically to adopt that explanation over a competing reasonable inference supported by well-pleaded facts.

Plaintiff ultimately will bear the applicable burden of proving causation. *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019); *Hartman v. Moore*, 547 U.S. 250, 259–60 (2006).

But a dispute over whether the actual cause was retaliatory animus, administrative volume, complexity, resource allocation, or some combination thereof is not resolved merely by Defendants asserting their preferred explanation in a memorandum.

## VI. THE PETITION CLAUSE CLAIM IS NOT DEFEATED BY THE FACT THAT APRA PROVIDES AN APPEAL MECHANISM

The Reply acknowledges that the Petition Clause protects expression directed to government seeking redress of grievances. See *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011); *Vincent v. Dolan*, 755 F. Supp. 3d 158, 167 (D.R.I. 2024).

It nevertheless argues that Plaintiff's Petition Clause theory fails because an APRA requester may challenge a denial without knowing the identity of the individual author.

That does not address the claim as pleaded.

Count II, read together with Count VI and the incorporated factual allegations, does not assert merely that Plaintiff was physically or jurisdictionally incapable of lodging an APRA appeal.

It alleges burdens and retaliation arising from Plaintiff's petitioning activity itself.

**The Petition Clause does not guarantee success upon a petition.** But the absence of a right to a favorable response does not create a governmental privilege to retaliate against the act of petitioning.

See *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Boyle v. Burke*, 925 F.2d 497, 505–06 (1st Cir. 1991).

The existence of APRA administrative review likewise does not require exhaustion before a plaintiff may pursue an otherwise cognizable § 1983 constitutional claim. *Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982).

Sections 38-2-8 and 38-2-9 may supply remedies for a statutory APRA violation. They do not, simply by existing, immunize independently unconstitutional retaliation.

## VII. PLAINTIFF DOES NOT ASSERT THAT APRA'S TRAINING AND AUTHORIZATION PROVISIONS CREATE AN IMPLIED FEDERAL CAUSE OF ACTION

The Reply devotes substantial analysis to the proposition that statutes or regulations governing governmental personnel do not automatically create private causes of action.

That proposition answers a claim Plaintiff has not made.

Plaintiff does not contend that:

1.  every failure to comply with R.I. Gen. Laws § 38-2-3.16 automatically violates the Fourteenth Amendment;

2.  the Attorney General's APRA training regulations independently create a § 1983 cause of action; or

3.  a training or certification violation standing alone entitles Plaintiff to federal damages.

Plaintiff cited those provisions for a different purpose.

Rhode Island's APRA scheme distinguishes persons possessing authority to grant or deny access; requires training and certification of persons possessing that authority; provides for a designated public-records officer or unit; and establishes review of subordinate determinations by the chief administrative officer.

See R.I. Gen. Laws §§ 38-2-3(d), 38-2-3.16, 38-2-8(a).

Those provisions are relevant to such factual and legal questions as:

● who exercised governmental authority;

- whether authority was delegated;

- whether an actor functioned as a governmental decisionmaker rather than merely private counsel;

- whether a challenged practice was institutional;

- whether governmental supervisors possessed knowledge of or ratified the practice;

- whether the same process was administered similarly to other requesters; and

- whether outside counsel participated in governmental decisionmaking under color of state law.

Plaintiff's reliance upon the statutes for those purposes does not attempt to manufacture an implied cause of action from a training regulation.

The Reply therefore attacks a broader position than Plaintiff has taken.

## VIII. MONELL DOES NOT FAIL UNLESS THE COURT FIRST DETERMINES THAT NO UNDERLYING CONSTITUTIONAL VIOLATION IS PLAUSIBLY PLEADED

Plaintiff does not dispute that municipal liability under 42 U.S.C. § 1983 requires an underlying constitutional violation.

See *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978).

But that principle means Count III is derivative of a viable constitutional claim; it does not independently establish that Count VI fails.

If the Court concludes that the FAC plausibly states First Amendment retaliation, the remaining Monell question is whether the FAC plausibly alleges that the challenged conduct resulted from municipal policy, custom, persistent practice, ratification, or an act attributable to a final policymaker. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–84 (1986).

The FAC alleges repeated conduct across multiple requests and dates, continuation after notice, participation through governmental channels, supervisory knowledge, and institutional acceptance or ratification. FAC ¶¶ 154–77, 233–58.

Defendants cite *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788 (7th Cir. 1991), for the proposition that municipal enforcement of state law ordinarily is not itself an actionable municipal policy.

But Plaintiff does not allege that the constitutional violation consists simply of the Town "enforcing APRA."

He alleges that the Town maintained or ratified a **retaliatory or selectively burdensome manner of administering governmental processes** because of protected conduct.

Whether Plaintiff can prove municipal policy, custom, causation, or final-policymaker involvement is a separate question from whether the generalized access-to-information rule extinguishes the claim at pleading.

## IX. THE REPLY'S NEW CLASS-OF-ONE ARGUMENT SHOULD BE CONSIDERED COUNT-SPECIFICALLY

The Reply newly provides a substantial class-of-one analysis and argues that Count VIII fails because Plaintiff has not pleaded sufficiently particularized similarly situated comparators.

Plaintiff recognizes that a class-of-one theory requires intentional differential treatment of sufficiently similarly situated persons without a rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Back Beach Neighbors Committee v. Town of Rockport*, 63 F.4th 126, 129–33 (1st Cir. 2023).

The FAC alleges that the Town did not uniformly administer the challenged anonymous or structurally opaque response practices to all requesters and instead particularly employed those practices against Plaintiff or persons perceived as persistent, critical, or adversarial. FAC ¶¶ 354–62.

Whether those allegations identify comparators with sufficient specificity is a question properly addressed under Count VIII's governing elements—not under *Houchins*.

Notably, the Reply states that Plaintiff's allegations are "insufficient to overcome summary judgment." Reply at 10–11.

There is no Rule 56 motion presently before the Court.

The pending motion arises under Rule 12(b)(6). Plaintiff therefore is not presently required to produce summary-judgment evidence demonstrating comparator similarity.

If the Court concludes that Count VIII nevertheless lacks the degree of comparator specificity required even at the pleading stage, that would identify a **potentially curable pleading deficiency in Count VIII**, not a basis for dismissing the entire FAC under the generalized-information-access doctrine.

Plaintiff accordingly reiterates his request that any such deficiency be addressed without prejudice and with an opportunity to seek amendment pursuant to Rule 15 and DRI LR Cv 15.

## X. THE REPLY'S NEW DUE-PROCESS ANALYSIS DOES NOT DISPOSE OF THE FIRST AMENDMENT CLAIMS

### A. Procedural due process presents a distinct protected-interest inquiry.

The Reply now argues that Plaintiff lacks a constitutionally protected life, liberty, or property interest and that APRA's review provisions provide adequate process.

Those questions are materially different from the First Amendment retaliation inquiry.

The First Circuit's treatment of unconstitutional-conditions principles underscores the distinction: the absence of an entitlement to a governmental benefit may be decisive in a Due Process analysis while not foreclosing a retaliation claim premised upon

constitutionally impermissible motive. See *Barton*, 632 F.3d 9; *Perry*, 408 U.S. at 597–99.

Thus, even if this Court ultimately determines that Count I does not identify a constitutionally protected property or liberty interest sufficient to support an independent procedural-due-process cause of action, that finding would not extinguish Count VI.

Plaintiff further does not contend that the mere existence of an unidentified APRA response automatically establishes a federal Due Process violation.

The APRA hierarchy and authority provisions are relevant to the pleaded questions of process, delegation, review, and governmental action. If the Court requires further specification of the protected interest underlying Count I, Plaintiff requests an opportunity to cure that count rather than dismissal of the entire action with prejudice.

**B. The demanding substantive-due-process standard likewise concerns Count IX, not every constitutional claim.**

Plaintiff acknowledges that substantive due process imposes a demanding "conscience-shocking" standard. *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998); *Pagán v. Calderón*, 448 F.3d 16, 32 (1st Cir. 2006).

If the Court determines that the allegations of Count IX do not satisfy that demanding standard, that is a count-specific determination.

It does not follow that protected speech, petitioning, retaliation, municipal liability, or joint-action claims necessarily fail.

The Reply therefore cannot use the demanding substantive-due-process standard as a substitute for analyzing the distinct First Amendment claims under their own elements.

## XI. THE ACCESS-TO-COURTS THEORY SHOULD LIKEWISE BE ADDRESSED UNDER ITS OWN ELEMENTS

The Reply suggests in a footnote that the absence of an identified APRA decisionmaker cannot interfere with court access because an APRA action may be brought against the municipality.

That addresses only one aspect of Count VII.

The FAC alleges that the challenged anonymity impaired Plaintiff's ability to:

- identify relevant governmental actors and potential witnesses;
- determine who actually exercised governmental authority;
- identify persons possessing knowledge of search efforts and decisional processes;
- determine whether private counsel advised the government or personally exercised governmental authority; and
- frame meaningful administrative and judicial challenges.

FAC ¶¶ 340–53.

Plaintiff recognizes that an access-to-courts claim is subject to the requirements identified in *Christopher v. Harbury*, 536 U.S. 403, 413–18 (2002), including an adequately identified underlying claim and actual or prospective impairment.

If the Court determines that greater specificity is necessary concerning the predicate claim or actual injury, Plaintiff requests leave to cure that pleading issue.

But the fact that the Town itself can be named as an APRA defendant does not resolve every allegation contained in Count VII.

## XII. THE PROFESSIONAL-CONDUCT ISSUE DOES NOT WARRANT DISMISSAL OF THE CONSTITUTIONAL CLAIMS

The Reply argues that the Rhode Island Rules of Professional Conduct do not themselves create a private civil cause of action and that this Court should not issue an abstract advisory opinion declaring professional misconduct.

Plaintiff's Opposition substantially narrowed this issue already.

Plaintiff does not seek private damages created solely by the Rules of Professional Conduct.

Rather, the professional-conduct allegations are asserted insofar as they may bear upon:

1. counsel's alleged participation in governmental action;
2. the distinction between providing private legal advice and exercising governmental decisional authority;
3. the alleged joint-action theory;

4. the nature and attribution of governmental communications; and

5. any ancillary matter appropriately within the Court's supervisory authority.

If Count V is improperly denominated as an independent substantive cause of action, Plaintiff requests that the Court construe it as requested ancillary relief or relevant allegations, or dismiss that count without prejudice, rather than allowing the issue to extinguish the separately pleaded constitutional claims.

## XIII. THE REPLY DOES NOT DEFEAT THE JOINT-ACTION THEORY MERELY BY RECHARACTERIZING THE UNDERLYING CONSTITUTIONAL CLAIM

Private attorneys do not become state actors merely because they represent a municipality.

Plaintiff does not argue otherwise.

But private persons may act under color of state law where they are willful participants in joint activity with governmental actors. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937–42 (1982); *Estades-Negroni v. CPC Hospital San Juan Capestrano*, 412 F.3d 1, 4–5 (1st Cir. 2005).

Count X alleges coordinated drafting, approval, issuance, and maintenance of challenged governmental determinations and identifies alleged overt acts associated with Town, municipal, and law-firm communications. FAC ¶¶ 376–86.

Whether counsel merely advised governmental clients or instead participated in the exercise of governmental authority is a question different from whether APRA expressly requires a signature.

Accordingly, if an underlying constitutional claim survives, Count X cannot be dismissed solely on the original premise that the Constitution does not independently guarantee access to all government information.

## XIV. THE COURT SHOULD NOT CONVERT POSSIBLE COUNT-SPECIFIC DEFICIENCIES INTO DISMISSAL OF THE ENTIRE ACTION

The Reply's expanded analysis itself demonstrates why dismissal of the entire FAC under a single generalized-information-access theory would be inappropriate.

Different counts require different elements.

A deficiency concerning:

- comparator specificity in Count VIII;
- identification of a protected Due Process interest in Count I;
- the predicate injury supporting Count VII;
- the conscience-shocking standard under Count IX;
- the characterization of professional-conduct allegations in Count V; or
- the breadth of requested declaratory relief,

does not establish that Plaintiff failed to plead retaliation under Count VI.

Nor does it establish that a derivative Monell or joint-action theory necessarily fails if an underlying constitutional claim survives.

Rule 15(a)(2) directs that leave to amend be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Supreme Court has cautioned against dismissing otherwise viable civil-rights allegations merely because a plaintiff imperfectly identifies the governing legal theory. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam).

And Plaintiff's pro se status requires liberal construction of the operative allegations without relieving Plaintiff of substantive pleading requirements. *Erickson*, 551 U.S. at 94; *Rodi*, 389 F.3d at 13.

Accordingly, if the Court concludes that any distinct count requires greater factual specificity or doctrinal clarification, Plaintiff respectfully requests that the Court identify the deficiency count by count and permit Plaintiff to seek amendment in compliance with DRI LR Cv 15 rather than dismiss potentially curable claims with prejudice.

## XV. CONCLUSION

Defendants' Reply does not establish that Plaintiff claims a generalized constitutional entitlement to every government record.

To the contrary, Plaintiff has repeatedly disclaimed that theory.

The principal constitutional allegation is that governmental actors allegedly responded to Plaintiff's speech, criticism, objections, accountability demands, requests, and petitions with a cumulative course of selectively burdensome governmental conduct.

Whether Plaintiff ultimately can prove retaliatory motive, causation, municipal policy, comparator similarity, joint participation, or the other disputed facts is not before the Court on Rule 12(b)(6).

The absence of a generalized constitutional right to government information does not itself answer those distinct questions.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**A. DENY Defendants' Motion to Dismiss, ECF No. 20;**

**B. specifically reject Defendants' contention that *Houchins v. KQED* and *In re Boston Herald* categorically preclude a First Amendment retaliation claim arising from Plaintiff's pleaded requests, criticism, objections, accountability demands, and petitioning;**

**C. determine that the FAC's alleged adverse actions must be evaluated cumulatively rather than reduced solely to denial, delay, or absence of a signature;**

**D. reject the contention that Plaintiff's actual persistence categorically defeats the objective adverse-action standard;**

**E. decline at Rule 12(b)(6) to treat Defendants' asserted administrative explanations concerning volume, complexity, or subject matter as established facts defeating the pleaded inference of retaliatory motive;**

**F. recognize that Plaintiff invokes APRA's authorization, training, designation, and decisional-hierarchy provisions as relevant to governmental authority, delegation, policy, joint action, and differential treatment—not as an independently implied federal cause of action;**

**G. preserve Count III to the extent a viable underlying constitutional violation and municipal policy, custom, practice, ratification, or final-policymaker action are plausibly alleged;**

**H. preserve Count X to the extent Plaintiff plausibly alleges joint governmental action causing a surviving constitutional injury;**

**I. address any perceived deficiency in Counts I, V, VII, VIII, IX, or XI separately under the elements governing that particular count rather than treating such deficiency as a basis to dismiss the entire FAC;**

**J. alternatively, dismiss no potentially curable claim with prejudice without affording Plaintiff a reasonable opportunity to move for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) and DRI LR Cv 15; and**

**K. grant such other and further relief as the Court deems just and appropriate.**

Respectfully submitted,

**/s/ MICHAEL ERIC NELSON**
Plaintiff, Pro Se

/s/ Michael Eric Nelson
Michael Eric Nelson
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434  nelsontelco@gmail.com

Dated: August 13, 2026

# CERTIFICATE OF SERVICE

I certify that on August 13, 2026, I served a true and correct copy of the foregoing **Plaintiff's Limited Surreply in Opposition to Defendants' Motion to Dismiss** by serving upon the clerks of the Court and entry of the motion to the ECF system for service upon:

**Marc DeSisto, Esq.**
**Sarah D. Boucher, Esq.**
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
Counsel for Defendant Town of South Kingstown

**Peter F. Skwirz, Esq.**
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903-2918
Counsel for Defendants Ursillo, Teitz & Ritch, Ltd., Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam J. Sholes

/s/ Michael Eric Nelson
Michael Eric Nelson PRO SE
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434  nelsontelco@gmail.com

Dated: August 13, 2026