# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL NELSON,**
Plaintiff,

v.

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO; ANDREW M. TEITZ;**
**SCOTT A. RITCH; ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

**C.A. No. 1:26-cv-00352-MRD-AEM**

### PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY EXPEDITED MOTION FOR PRESERVATION ORDER AND FOR LEAVE TO CONDUCT NARROWLY TAILORED EARLY DISCOVERY CONCERNING APRA-1280

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully submits this Reply in support of his Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery concerning the creation, export, transmission, and upload history of the APRA-1280 PDF generated on July 21, 2026, and entered into a closed APRA file.

### I. INTRODUCTION

Defendants' Objection should be overruled because Plaintiff does not ask the Court to determine, at this preliminary stage, that anyone **fabricated, falsified,** or

**intentionally backdated** a document. The Motion asks a considerably narrower question:

**who created,**

**exported,**

**transmitted,**

**uploaded,**

**or caused the July 21, 2026 PDF instance of the APRA-1280 response to be generated; from what source file; through what account or system; and why an April 6-dated governmental document was newly exported on July 21, 2026 <u>in close temporal proximity</u> to personal service upon Defendant Adam J. Sholes.**

The presently available evidence establishes a concrete factual predicate for that inquiry. Defendant Sholes was personally served with process on July 21, 2026 at approximately **9:54 a.m.** Ex. A. The disputed APRA-1280 PDF contains independent PDF Info and XMP metadata reflecting creation and modification at approximately **2:24:29 p.m. EDT that same day**. Exs. C, E. Its filename further contains "Updated_Tue_Jul_21_2026_14-25-08." Id. The document nevertheless bears a facial date of April 6, 2026.

The interval between service and export of the PDF instance is approximately four and one-half hours, uploading a facially manipulated document to a closed file.

Temporal proximity alone does not establish causation or wrongdoing. Plaintiff has never needed it to do so. Rather, that unusual chronology, combined with the existence of a newly exported PDF concerning an APRA matter previously closed in April, establishes good cause to preserve the underlying electronic evidence and permit narrowly focused provenance discovery.

Indeed, Plaintiff's forensic evidence expressly recognizes its limitation: the PDF establishes when **that particular PDF instance** was generated or exported, but the PDF alone cannot conclusively establish when the underlying source document was originally drafted or which individual created, approved, transmitted, or uploaded it. Ex. E. The report identifies the native Word document, portal audit logs, email headers, server records, and related electronically stored information as the evidence necessary to resolve those questions.

That limitation is not a weakness in the Motion.

**It is the reason limited discovery is necessary.**

## II. THE RELEVANT FACTUAL SHOWING IS CONCRETE, DOCUMENT-SPECIFIC, AND READILY VERIFIABLE

Plaintiff's Motion is not based upon generalized suspicion. It concerns one specifically identified governmental record and a discrete chronology supported by documentary evidence.

**First,** APRA-1280 was submitted in April 2026. The OpenGov record reflects completion of the APRA Clerk review and closure of APRA-1280 on April 6, 2026 at approximately 8:52 a.m. See Ex. G.

**Second,** the denial correspondence associated with that request bears the facial date **April 6, 2026**.

**Third**, Defendant Sholes was personally served with the Summons, First Amended Complaint, and exhibits on July 21, 2026 at approximately **9:54 a.m.** See Ex. A.

**Fourth,** the later APRA-1280 PDF obtained by Plaintiff contains creation and modification metadata reflecting **July 21, 2026 at 2:24:29 p.m. EDT**, approximately four and one-half hours after service upon Defendant Sholes. See Exs. C, E.

**Fifth,** the forensic report does **not** purport to identify Sholes—or anyone else—as the human author or exporter. The PDF's personal-name metadata identifies only “John,” which the report correctly explains may have derived from an Office user profile, document property, or template and is not a digital signature. See Ex. E.

Thus, the evidence presently establishes neither innocence nor misconduct. It establishes an **unresolved provenance issue** whose answer exists, if it still exists, principally within Defendants' electronically stored information and OpenGov's audit records (digital thumbprints).

That is precisely the type of discrete factual uncertainty for which limited discovery is suited.

## III. RULE 26(d)(1) EXPRESSLY AUTHORIZES COURT-ORDERED EARLY DISCOVERY

Federal Rule of Civil Procedure 26(d)(1) provides that although discovery ordinarily follows the Rule 26(f) conference, discovery may proceed earlier when authorized by the Federal Rules, stipulation, **or court order**.

Accordingly, the absence of a completed Rule 26(f) conference does not deprive this Court of authority to permit limited early discovery. It merely requires Plaintiff to establish good cause for departing from the ordinary sequence.

Although the First Circuit has not articulated a controlling test for Rule 26(d)(1) expedited discovery, courts within this Circuit generally examine whether the requested discovery is reasonable in light of all the circumstances, including its purpose, the potential for preventing irreparable harm, the burden imposed, the degree of prematurity, and the relationship of the discovery to the underlying controversy. See *Four Women Health Services, LLC v. Abundant Hope Pregnancy Resource Center, Inc.*, No. 24-12283, 2024 WL 4425558, at *2 (D. Mass. Oct. 4, 2024); *KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021); *Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals Industries Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011).

Those considerations favor the limited relief requested here.

**A. The Purpose Is Narrow and Legitimate**

The requested discovery is not an attempt to begin full merits discovery prematurely. Plaintiff seeks provenance evidence concerning a single governmental document and a specific electronic event filed into a closed file, more than 100 days later and only 4 and half hours after Defendant Sholes was served.

<u>The central subjects are:</u>

1. the native or source document from which the July 21 PDF was exported;
2. the identity of the person or account that created or exported it;
3. the identity of the person or account that uploaded, replaced, supplemented, or otherwise associated it with APRA-1280;
4. the relevant OpenGov audit/activity logs and attachment/version history;
5. communications concerning the July 21 creation, export, transmission, or upload event;
6. available version history and metadata necessary to establish the document's chain of custody; and
7. the custodians and systems containing those records.

These are identifiable, finite subjects. They are not an invitation to conduct unrestricted discovery into every APRA request, every Town computer, or every communication involving every Defendant.

**B. The Information Cannot Be Reliably Obtained From the PDF Alone**

The forensic report demonstrates why discovery is necessary rather than why it should be denied.

The PDF identifies its July 21 export time but does not contain the native Word-document creation date, original Word revision history, source path, last-saved-by information, or authenticated identity of the person responsible for the export. Ex. E.

Consequently, the provenance question cannot be resolved merely by reexamining the PDF.

The relevant evidence instead resides in sources such as the original DOCX, Microsoft 365 or file-system metadata, version history, email transmission records, OpenGov audit records, upload history, account logs, and related native ESI.

Those materials are overwhelmingly within Defendants' or a third-party service provider's possession, custody, or control. Plaintiff cannot obtain them through public observation of the portal.

**C. The Discovery Is Proportional**

Rule 26(b)(1) permits discovery of relevant, nonprivileged matter proportional to the needs of the case.

Plaintiff is not seeking privileged legal advice, counsel's mental impressions, litigation strategy, or unrestricted access to attorney files. Plaintiff seeks nonprivileged **provenance facts**: dates, identities, accounts, files, versions, transmission events, upload events, and system logs associated with the APRA-1280 document in question filed into a closed APRA file.

Any legitimate privilege may be asserted in the ordinary manner. Privilege does not justify withholding otherwise discoverable nonprivileged metadata or facts merely because an attorney may have participated in the underlying communication or document workflow.

The limited burden necessary to identify and preserve one document's provenance is substantially outweighed by the evidentiary importance of determining how and why the July 21 PDF instance came into existence.

## IV. PRESERVATION SHOULD BE ORDERED EVEN IF THE COURT ELECTS TO DEFER SOME PRODUCTION

Defendants' opposition to early discovery does not provide a sufficient basis to deny preservation.

**Preservation and production are distinct obligations.**

Plaintiff does not contend that a preservation order determines admissibility, proves spoliation, establishes liability, or compels immediate public disclosure of

every preserved item. Preservation simply maintains potentially relevant evidence in its existing form while the litigation proceeds.

That distinction is especially important where the evidence at issue includes native ESI, audit trails, file metadata, version histories, account activity, and third-party platform records that may be difficult or impossible to reconstruct after loss.

Rule 37(e) expressly addresses electronically stored information that should have been preserved in anticipation or conduct of litigation but is lost because reasonable steps were not taken to preserve it. The preferable course is to prevent such a dispute rather than litigate after potentially unique evidence has disappeared.

Defendants have indisputably been placed on notice of this litigation. Defendant Sholes was personally served before the July 21 export event identified in Plaintiff's evidence. There can therefore be no legitimate claim that preservation of records concerning the litigation-related APRA controversy would be unexpected or unduly prejudicial.

<u>At minimum, the Court should require preservation of:</u>

- all native/source versions of the APRA-1280 response;
- all PDF versions and derivatives;
- document metadata and available version histories;
- OpenGov audit, attachment, upload, replacement, modification, access, and account-activity records concerning APRA-1280;

- communications relating to the July 21 generation, export, transmission, upload, replacement, or republication of the document;
- available logs identifying users, accounts, devices, or systems associated with those events; and
- backup or archived copies reasonably accessible in the ordinary course.

A preservation order imposes no obligation that privileged material immediately be disclosed and no finding that misconduct occurred.

**V. THE TEMPORAL PROXIMITY WARRANTS INQUIRY, NOT A PREMATURE FINDING OF WRONGDOING**

Defendants may characterize Plaintiff's Motion as resting upon speculation because temporal proximity does not establish causation.

Plaintiff agrees with the first proposition **and rejects the second.**

Temporal proximity does not establish causation. Plaintiff does not ask the Court to find causation.

The sequence establishes a question warranting limited investigation:

- **9:54 a.m.: personal service on Defendant Sholes;**
- approximately <u>2:24 p.m.: export of a new APRA-1280 PDF instance</u> facially dated April 6 **into a closed** APRA request file

There may be a wholly innocent explanation. An employee may have re-exported an existing Word document for administrative reasons, into a closed

APRA file manipulating the facial date for some unknown reason. OpenGov may have generated or renamed a file through an ordinary platform process. Another employee may have acted without knowledge of the litigation, by pure coincidence that no changes were made for more than 100 days and then happenstance is Defendant Sholes was served and four and half hours after service an administrative clerk decided to unilaterally manipulate government records in a closed file?

But those possibilities demonstrate why the Court should permit the narrow discovery — not why it should forbid it.

Discovery exists to resolve material factual uncertainty. Plaintiff need not prove the answer before obtaining the evidence uniquely capable of supplying it.

**VI. THE COURT CAN NARROW THE DISCOVERY FURTHER RATHER THAN DENY IT**

If the Court determines that any portion of Plaintiff's proposed discovery exceeds what is necessary at this stage, Plaintiff respectfully requests narrowing rather than outright denial.

Without expanding the relief requested in the original Motion, Plaintiff expressly consents to limiting immediate early discovery to the following:

**First**, one production directed to the native/source APRA-1280 response and its available metadata and version history;

**Second**, the OpenGov audit/activity and attachment history sufficient to identify when the July 21 PDF was uploaded, replaced, added, or otherwise associated with APRA-1280 and by what account;

**Third**, interrogatory responses identifying the person or persons who created/exported and uploaded the July 21 PDF, the source document used, and the system or device used;

**Fourth**, nonprivileged communications necessary to identify the transmission or upload chain for that specific document; and

**Fifth**, if the relevant OpenGov information is not within Defendants' possession, custody, or control, authorization for a narrowly tailored Rule 45 subpoena to OpenGov limited to APRA-1280's attachment, audit, version, upload, and account-activity history.

Such an order would answer the provenance question while avoiding broader merits discovery.

Alternatively, if the Court concludes that production should await the Rule 26(f) conference, Plaintiff respectfully requests that the Court **enter the preservation component immediately** and defer only production.

That alternative would preserve the status quo at minimal burden and protect all parties from a later dispute over whether potentially relevant electronic evidence was lost.

## VII. PLAINTIFF SEEKS EVIDENCE, NOT AN ADVERSE INFERENCE

The Court need not accept Plaintiff's interpretation of the July 21 event to grant relief.

Plaintiff affirmatively requests that the Court make **no present finding** that:

- Defendant Sholes personally created the document;
- any Defendant caused its creation because of service;
- the April 6 facial date was fraudulent;
- the underlying text was first drafted on July 21;
- the PDF metadata is incapable of alteration; or
- any Defendant has engaged in spoliation.

**Those are not predicates for the requested order.**

The appropriate question at this stage is much narrower: whether objective evidence showing a July 21 export of an April 6-dated governmental record, approximately four and one-half hours after service upon a named Defendant, constitutes sufficient good cause to preserve and obtain narrowly tailored provenance evidence that Plaintiff cannot obtain independently.

**It does.**

**VIII. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendants' Objection and:

1. **GRANT** Plaintiff's request for an immediate preservation order concerning the native files, metadata, version histories, communications, portal records, audit logs, and related ESI concerning APRA-1280 and the July 21, 2026 PDF;
2. **GRANT** leave under Fed. R. Civ. P. 26(d)(1) to conduct the narrowly tailored early discovery submitted with Plaintiff's Motion;
3. alternatively, **NARROW** the early discovery to the specific provenance categories identified in Section VI rather than deny discovery entirely;
4. authorize narrowly tailored Rule 45 discovery from OpenGov if necessary to obtain APRA-1280 audit, attachment, version, upload, and account-activity records not available from Defendants;
5. alternatively, if the Court determines that production should await the Rule 26(f) conference, **ENTER THE PRESERVATION ORDER NOW** while deferring production; and
6. grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**/s/ MICHAEL ERIC NELSON** Dated: August 16, 2026

Plaintiff, Pro Se
33 Hartford Avenue

South Kingstown, Rhode Island 02879
Tel.: 702-932-3434 nelsontelco@gmail.com

# CERTIFICATE OF SERVICE

I certify that on August 16, 2026, I served a true and correct copy of the foregoing **Plaintiff's Limited Surreply in Opposition to Defendants' Motion to Dismiss** by serving upon the clerks of the Court and entry of the motion to the ECF system or service upon:

**Marc DeSisto, Esq.**
**Sarah D. Boucher, Esq.**
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
Counsel for Defendant Town of South Kingstown

**Peter F. Skwirz, Esq.**
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903-2918
Counsel for Defendants Ursillo, Teitz & Ritch, Ltd., Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam J. Sholes

/s/ Michael Eric Nelson
Michael Eric Nelson PRO SE
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434 nelsontelco@gmail.com

Dated: August 16, 2026