UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ERIC NELSON
*Plaintiff*

v. C.A. No. 1:26-cv-00352-MRD-AEM

URSILLO, TEITZ & RITCH, LTD.; MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH; ADAM J. SHOLES, TOWN OF SOUTH KINGSTOWN, and JANE AND JOHN DOES 1-27
*Defendants*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

## I. Introduction

Defendants, Ursillo, Teitz & Ritch Ltd., Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, Adam J. Sholes, and Town of South Kingstown, Town of South Kingstown, in the above captioned matter submit the instant Memorandum in support of their objection to "*Plaintiff's Motion for Leave to File Supplemental Complaint.*" *See* E.C.F. No. 25. Plaintiff's Motion for Leave to file the proposed Supplemental Complaint should be denied.

## II. Argument

Plaintiff seeks to leave to utilize Rule 15(d) to file an additional, twenty-three (23) page, 215 paragraph supplemental pleading to the First Amended Complaint. Plaintiff's proposal not only repeats his allegations that the Town allegedly used anonymoussalutations in responses to his APRA requests, but also claims that the heading of an APRA response previously sent to Plaintiff was changed before it was uploaded to the OpenGov website after the service of the First Amended Complaint. Plaintiff's Supplemental Pleading alleges that these actions amount to

acts of retaliation against Plaintiff in violation of Plaintiff's First Amendment Rights, violation of his equal protection rights and denial of the right of access to courts.

Notably, Rule 15(d) of the Federal Rules of Civil Procedure is not an open invitation to file supplemental pleadings that subject defendants "to a moving target of litigation" or "bombard the [c]ourt" with filing upon filing.[1] See *Negron v. Turco*, 253 F. Supp. 3d 361, 363 (D. Mass. 2017). Rule 15(d) also cannot be used to add separate, distinct and new causes of action. *Lath v Oak Brook Condominium Owners' Ass'n*, Civil No. 16-cv-463-LM, 2017 WL 2986334, at *2 (D.N.H. July 13, 2017). Rather, Rule 15(d) is intended to allow a party to supplement an existing pleading in order to "set out" a factual "transaction, occurrence, or event that happened after the date" of the complaint. Significantly, Rule 15(d) is intended to "make pleadings a means to achieve an **orderly and fair administration** of justice" by supplementing existing causes of action with facts that occurred after the filing of the original Complaint. See *Griffin v. Cnty. Sch. Bd.,* 377 U.S. 218, 227 (1964) (emphasis added). It must also be recognized, however, that the Federal Rules of Civil Procedure include granting defendants the entitlement to respond to one document rather than the requirement of being subject to multiple pleadings and responses. *Negron*, 253 F. Supp. 3d at 363.

Although the liberal standard afforded to the filing of Amended Complaints governs the filing of a Supplemental Complaint, the standard is not rudderless. *United States ex rel. Est. of Gadbois v. PharMerica Corp.,* 292 F. Supp. 3d 570, 573 (D.R.I. 2017) ("the right to amend or supplement is not absolute, and such motions should not be granted automatically"). Rather, leave to file a Supplemental Complaint is governed by the same standard governing Motions to

[1] Notably, in addition to filing an original Complaint and First Amended Complaint, immediately upon Defendants' filing a Motion to Dismiss in Lieu of Answer, Plaintiff filed six (6) motions addressing various issues such as the correction of summonses, curing service of process, and seeking leave to conduct discovery.

Amend a Complaint. *Letourneau v. Rhode Island Dep't of Corr.,* No. CV 22-285JJM, 2024 WL 4002814, at *2 (D.R.I. Aug. 30, 2024), *report and recommendation adopted,* No. 22-CV-285-JJM-PAS, 2024 WL 4279336 (D.R.I. Sept. 24, 2024). Fed. R. Civ. P. 15(d). This includes Rule 8's requirements that pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" *F.R. Civ. P. 8(a)(2),* and that supplemental pleadings may also be denied when the supplemental pleading is futile.

In the instant case, Plaintiff's Motion for Leave to File a Supplemental Pleading should be denied for a number of reasons. Looking first at Rule 8's short and plain statement requirement, as previously noted in support of Defendants' Motion to Dismiss in Lieu of Answer, Plaintiff has already filed a sixty-eight (68) page, 426-paragraph Amended Complaint. Plaintiff requests leave to add an additional twenty-three (23) pages, with 200+ paragraphs that simply seek to complain that he was mis-identified in salutations as "Ms." and allegations surrounding the subsequent uploading of an APRA response that did not change the Town's substantive response to Plaintiff's APRA request, but simply removed the Municipal Court from the heading. The short and plain statement standard in intended to simply give "the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests," *Gargano v. Liberty International Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (internal quotation marks and citation omitted), along with a "meaningful opportunity to mount a defense. ..." *Conley v. Massachusetts*, Civil Action No. 09–11108–NG, 2009 WL 2096207 at *4 n.5 (D. Mass. July 7, 2009) (internal quotation marks and citation omitted). The specific requirement that the claim should be short is based on the recognition that "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Laurence v. Wall*, No. CA 07–081 ML, 2007 WL 1875794 at *1 (D.R.I. June 27, 2007). The instant Supplemental Pleading, especially

when taken in conjunction with the First Amended Complaint, utterly ignores this short and plain standard, and appears to place unjustified burdens on Defendants. As such, the instant Motion should be denied.

But that being said, although *Pro se* Plaintiff takes the position that he is merely seeking to add "facts" that occurred after the filing of the First Amended Complaint, Plaintiff relies in part on actions that occurred prior to the filing the original Complaint. That is, as Plaintiff recognizes, the allegation that the Town mis-identified Plaintiff as "Ms. Nelson" instead of "Mr. Nelson" originally occurred prior to the filing of the First Amended Complaint. See Exhibit A to Plaintiff's Motion, *Proposed Supplemental Complaint*, ¶¶ 100, 101, 102 and 103 (ECF No. 25-2). Although Plaintiff also seeks to add the allegation that the mis-identification continued in subsequent responses after the filing of the First Amended Complaint, the recognition that it occurred prior to the filing of the original pleading, removes it from Rule 15(d) supplemental pleading.

Further, the instant Motion should nevertheless be denied because the proposed Supplemental Complaint is futile. Futility in determining whether to grant a party leave to file a supplemental complaint is assessed "with reference to the Rule 12(b)(6) pleading criteria." *Privitera v. Curran (In re Curran)*, 855 F.3d 19, 28 (1st Cir. 2017)). Thus, an attempt to add a cause of action to a case "is regarded as futile if the proposed [cause of action] fails to state a plausible claim for relief." *Id.* (citing *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)). As previously briefed in support of Defendants' Motion to Dismiss in Lieu of Answer, Plaintiff's *pro se* Complaint can be distilled down to Plaintiff's dissatisfaction with the Town's responses to his various APRA requests. Plaintiff First Amended Complaint primarily takes issue with the Town submitting responses in the name of the Town but without the name and/or signature of

the particular official or employee who authored the responses and seeks to expand the same by claiming that adding the wrong salutation to his numerous requests and potentially uploading the same response on different letterhead amounts to retaliation and equal protection violations. However, to support the same, Plaintiff must identify the deprivation of an underlying constitutional right. *Defendants' Memorandum of Law in Support of Motion to Dismiss (ECF No. 20.1; Defendants' Reply Memorandum of Law in Support of Motion to dismiss (ECF No. 29).*

Contrary to Plaintiff's assertions, the Supplemental Complaint, like the First Amended Complaint fails to state an underlying constitutional violation because there is no federally protected constitutional right to either file or receive public records under APRA, nor is Plaintiff entitled disclosure of the identity of the employee or agent who prepares the denial on behalf of the government agency under Rhode Island General Laws. *Id.* By the same token, Plaintiff's attempt to 'supplement' the Complaint based on the theory that changes were made to the letterhead of the APRA response (although not the substance) fails to state an underlying constitutional violation and thus fails to identify a protected conduct. The attempt to challenge APRA responses that erroneously include the salutation "Ms." instead of "Mr." also fails to identify protected conduct or constitutional deprivation such to warrant a cause of action. Notably, Plaintiff does not appear to allege that he notified the Town of the error or sought to correct the same. In fact, the "nineteen" mis-gendering correspondence were all issued over an eight-day period that occurred within an approximately two-week window, with nine (9) of the correspondences being sent on the same day. See Exhibit A to Plaintiff's Motion, *Proposed Supplemental Complaint*, at ¶¶ 105-124. As such, the instant Motion for Leave to file a

Supplemental Complaint would be futile for failure to state protected conduct or a constitutional deprivation.

Finally, even Plaintiff could identify "protected conduct" by and through such APRA requests and responses, an erroneous salutation on a response to the same and omitting one of the letterheads on the response subsequently uploaded to the OpenGov website can only be classified as *de minimis* and thus not an adverse action in violation of First Amendment guarantees. See e.g. *Falmouth Sch. Dep't v. Doe on behalf of Doe*, 44 F.4th 23, 47 (1st Cir. 2022) (to state a cognizable First Amendment retaliation claim, a plaintiff must plead and prove: (1) that the plaintiff engaged in constitutionally protected conduct; (2) that the plaintiff was subjected to an adverse action by the defendant; and (3) that the protected conduct was a substantial or motivating factor in the adverse action. (quotation omitted)). That is, the Town's actions do not amount to adverse conduct because a person of ordinary firmness would not be deterred by the erroneous salutation on responses, nor would an individual be deterred by the perceived change in letterhead. *Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011) (action must be sufficient to chill a reasonably hardy person, or a person of ordinary firmness, from continuing to exercise constitutional rights).

## III. Conclusion

Accordingly, for all these reasons, Defendants submit that Plaintiff's Motion for Leave to file a Supplemental Complaint should be denied.

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
*/s/ Sarah D. Boucher*
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam Sholes,
By their Attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 17th of August 2026, and available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 17th day of August 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

*/s/ Marc DeSisto*