# EXHIBIT A

**PLAINTIFF'S PROPOSED FED. R. CIV. P. 26(f) CONFERENCE AGENDA**

**==================================**

**PLAINTIFF’S PROPOSED RULE 26(f) CONFERENCE AGENDA**

# United States District Court
# District of Rhode Island

**Michael Eric Nelson, Plaintiff**
v.
**Ursillo, Teitz & Ritch, Ltd., et al., Defendants**

**C.A. No. 1:26-cv-00352-MRD-AEM**

## Fed. R. Civ. P. 26(f); D.R.I. LR Cv 26

## I. Purpose of Conference

The parties shall confer in good faith pursuant to Fed. R. Civ. P. 26(f) concerning:

1. the nature and basis of the claims and defenses;
2. the possibility of narrowing or resolving issues;
3. Rule 26(a)(1) initial disclosures;
4. preservation of discoverable information;
5. electronically stored information (“ESI”);
6. the scope, sequence, timing, and proportionality of discovery;
7. privilege and work-product procedures;
8. proposed Rule 30(b)(6) discovery;
9. anticipated written discovery and depositions; and
10. matters that should be presented to the Court at the Rule 16 scheduling conference.

Plaintiff proposes that any disagreement be specifically identified rather than treated as an agreement merely because it was discussed.

---

## II. Claims and Defenses

The parties should briefly identify their respective positions concerning:

- the claims presently before the Court;
- affirmative defenses;
- jurisdictional issues;
- standing or mootness issues;
- any contention that particular claims are subject to dismissal;
- issues potentially capable of stipulation;
- facts the parties can agree are undisputed; and
- whether any discovery should be phased because of a potentially dispositive threshold issue.

This portion of the conference is intended to identify the subjects requiring discovery and is not intended to serve as a deposition, evidentiary hearing, or waiver of any party's position.

---

## III. Rule 26(a)(1) Initial Disclosures

The parties should establish a date for exchanging Rule 26(a)(1) disclosures.

Unless otherwise stipulated or ordered, Plaintiff proposes disclosures identifying:

### A. Individuals

Each person likely to have discoverable information concerning the claims or defenses, together with the subjects of that information.

### B. Documents and ESI

A description by category and location of documents, electronically stored information, and tangible evidence that may be used to support claims or defenses.

### C. Insurance or Indemnification

Any insurance agreement, municipal risk-pool coverage, indemnification arrangement, or comparable agreement potentially applicable to the claims, to the extent required by Rule 26(a)(1).

### D. Supplementation

The parties acknowledge the continuing obligation under Rule 26(e) to timely supplement disclosures and discovery responses.

---

# IV. PRESERVATION OF EVIDENCE

Because preservation of ESI is expressly contemplated by Rule 26(f), Plaintiff requests confirmation of the preservation measures presently in effect.

## A. Preservation Date

The parties should identify when each contends the duty to preserve potentially relevant evidence arose.

Without waiving any position concerning when that duty legally attached, preservation should encompass relevant information existing from the earliest date litigation was reasonably anticipated through final resolution of this action.

## B. Relevant Custodians

Defendants should identify the principal custodians reasonably likely to possess relevant information, including, as applicable:

- Adam J. Sholes;
- Michael A. Ursillo;
- Andrew M. Teitz;
- Scott A. Ritch;
- Town officials involved in APRA responses;
- Town legal personnel;
- APRA coordinators;
- information-technology personnel;
- OpenGov administrators;
- employees or contractors who created, edited, exported, transmitted, reviewed, approved, or uploaded responsive records; and
- any other person identified through discovery as having custody of relevant information.

Identification of a custodian does not constitute an assertion that the person engaged in wrongdoing.

---

# V. APRA-1280 AND ASSOCIATED ESI

Plaintiff identifies the disputed APRA-1280 PDF and its creation, modification, export, transmission, publication, and upload history as a discrete preservation and discovery subject.

Plaintiff requests confirmation that the following categories are being preserved where they exist:

### A. Original and Native Files

- the native or source document from which the APRA-1280 PDF was generated;
- the PDF in native electronic form;
- all prior or subsequent versions;
- drafts;
- temporary or autosaved versions;
- working copies;
- archived copies; and
- copies maintained in backup systems.

### B. Metadata

Preserve available metadata concerning:

- creation date and time;
- modification date and time;
- last-access information where maintained;
- author;
- creator application;
- PDF producer;
- software version;
- document properties;
- embedded identifiers;
- revision history;
- export information;
- filename history;
- file path;
- file size;
- checksum/hash information where maintained; and

- other system-generated metadata reflecting the document's history.

Plaintiff requests that native metadata not be stripped or altered through conversion to paper, screenshot, flattened PDF, or other less complete format before production.

## C. OpenGov Information

Preserve all available OpenGov information concerning APRA-1280, including:

- upload date and time;
- uploader/account identity;
- audit history;
- modification history;
- access logs where maintained;
- administrative logs;
- publication history;
- replacement or revision history;
- deletion history;
- associated notes;
- internal comments;
- workflow history;
- system notifications; and
- any underlying database information identifying when the document entered the system.

## D. Communications

Preserve communications concerning APRA-1280 or the underlying request, including:

- email;
- text messages;
- SMS/MMS;
- iMessage where applicable;
- Microsoft Teams or comparable messaging;
- internal messaging systems;
- communications through OpenGov;
- attachments;
- forwarded messages;
- calendar entries;
- voicemail where maintained;
- notes; and
- communications on personal devices or accounts used for Town business, to the extent within a Defendant's possession, custody, or control.

## E. Devices and Systems

The parties should identify relevant systems or devices reasonably likely to contain unique responsive ESI, including:

- Town workstations;
- laptops;
- mobile devices;
- network drives;
- email servers;
- Microsoft 365 or comparable cloud systems;
- OpenGov;
- document-management systems;
- shared drives;
- backup systems; and
- relevant personal devices or accounts used to conduct official business, if within a party's possession, custody, or control.

Plaintiff is **not presently requesting wholesale forensic imaging of devices** merely by raising this subject at the Rule 26(f) conference. Plaintiff reserves the right to seek targeted forensic examination or other relief if relevant native evidence, metadata, audit information, or versions cannot otherwise be preserved or produced.

---

# VI. LITIGATION HOLDS AND PRESERVATION PROCEDURES

Without seeking privileged legal advice or privileged communications, Plaintiff proposes that Defendants disclose sufficient nonprivileged information to establish:

1. whether preservation instructions have been implemented;
2. the general categories of custodians covered;
3. the general categories of ESI sources covered;
4. whether automatic deletion or routine destruction affecting relevant sources has been suspended;
5. whether relevant custodians have been instructed to preserve records;
6. whether OpenGov information is subject to automatic deletion, overwriting, or log expiration;
7. whether relevant email, text-message, cloud, backup, or device data is subject to retention limits; and
8. whether any potentially relevant source has already been lost, deleted, overwritten, replaced, destroyed, or become unavailable.

Nothing in this request seeks disclosure of privileged counsel communications or attorney mental impressions.

---

# VII. ESI PRODUCTION PROTOCOL

Plaintiff proposes that ESI be produced in the form in which it is ordinarily maintained or in another reasonably usable format that preserves material metadata.

## A. Native Production

Documents whose authenticity, creation history, revision history, or metadata is material should ordinarily be produced natively or in another format preserving the relevant metadata.

This particularly includes:

- APRA-1280;
- source documents used to create APRA-1280;
- spreadsheets;
- database exports;
- audit logs;
- system logs;
- electronically generated reports; and
- other records for which metadata is material.

## B. Email

Email should, where reasonably practicable, preserve:

- sender;
- recipients;
- CC/BCC;
- sent date/time;
- subject;
- attachment relationships; and
- available message metadata.

## C. Attachments

Attachments should remain associated with their parent communications through metadata, family relationships, or equivalent production methodology.

## D. No Degradation

A record containing material metadata should not be converted solely to a screenshot, scanned image, or flattened representation if that conversion would eliminate discoverable information relevant to its authenticity or chronology.

---

# VIII. SEARCH METHODOLOGY

The parties should discuss whether searches will be conducted through:

- identified custodians;
- date ranges;
- search terms;
- email addresses;
- document identifiers;
- file names;
- APRA request numbers;
- OpenGov transaction identifiers; or
- targeted system searches.

Plaintiff proposes cooperative refinement of searches where doing so materially reduces burden without eliminating relevant information.

Any party claiming that a source is not reasonably accessible because of undue burden or cost should identify the source and explain the nature of the asserted burden with sufficient specificity to permit meaningful discussion.

---

# IX. PRIVILEGE AND WORK PRODUCT

Pursuant to Rule 26(f)(3)(D), as amended effective December 1, 2025, the parties should establish the **timing and method** for compliance with Rule 26(b)(5)(A).

Plaintiff proposes:

1. express identification of documents withheld on privilege or work-product grounds;
2. a privilege log containing sufficient information to evaluate the claim without revealing privileged substance;
3. identification of the privilege asserted;
4. identification of the date, sender/author, recipients, and general subject matter where appropriate;
5. production of nonprivileged attachments to otherwise privileged communications unless independently privileged;
6. agreement concerning inadvertent production; and
7. consideration of a Federal Rule of Evidence 502(d) order governing inadvertent disclosure and clawback.

The parties should identify any disagreement concerning categorical privilege logs, document-by-document logs, timing, or other methodology.

---

# X. DISCOVERY SCOPE AND PROPORTIONALITY

Discovery shall remain governed by Rule 26(b)(1): nonprivileged information relevant to a claim or defense and proportional to the needs of the case.

For purposes of proportionality, the parties should consider that information concerning municipal systems, internal communications, metadata, audit trails, and document history may reside primarily or exclusively within Defendants' possession or control.

The parties should attempt to distinguish:

- information necessary to resolve the claims;
- duplicative information;
- information available from a less burdensome source; and
- information for which targeted discovery can substitute for broader discovery.

---

# XI. PROPOSED PHASED DISCOVERY

To reduce unnecessary burden, Plaintiff proposes that certain discrete subjects be prioritized.

## Phase One — Preservation, Authenticity, and Document History

Discovery concerning:

- APRA-1280;
- source files;
- metadata;
- OpenGov records;
- audit logs;
- relevant custodians;
- preservation measures;
- the identity of persons participating in creation, review, transmission, approval, or upload of the document; and
- communications concerning the document and underlying APRA request.

## Phase Two — Broader Merits Discovery

Following completion of the discrete document-history discovery, the parties may proceed with broader discovery regarding the claims and defenses.

Plaintiff proposes that phased discovery **not operate as a stay** of unrelated discovery absent agreement or Court order.

---

# XII. RULE 34 REQUESTS FOR PRODUCTION

Plaintiff anticipates serving targeted Rule 34 requests concerning:

1. APRA-1280;
2. native files and versions;
3. metadata;
4. OpenGov records;
5. communications;
6. document-retention policies;
7. preservation policies;
8. relevant system documentation;
9. Town APRA procedures;
10. relevant legal correspondence;

11. records identifying custodians;
12. audit trails; and
13. other records relevant to the claims or defenses.

The parties should discuss whether rolling productions will expedite discovery.

---

# XIII. INTERROGATORIES

Plaintiff anticipates interrogatories identifying:

- persons involved in relevant events;
- custodians;
- systems searched;
- persons involved in APRA-1280's creation or handling;
- persons involved in relevant communications;
- applicable retention policies;
- relevant software and platforms;
- the chronology of material events; and
- the factual basis for material defenses.

---

# XIV. REQUESTS FOR ADMISSION

Plaintiff anticipates targeted requests for admission designed to:

- authenticate documents;
- authenticate communications;
- establish dates;
- establish positions or titles;
- establish use of particular governmental systems;
- narrow uncontested factual issues;
- establish whether specific records are genuine copies;
- identify matters genuinely disputed; and
- reduce unnecessary deposition testimony.

---

# XV. RULE 30(b)(6) DEPOSITION OF THE TOWN

Plaintiff anticipates noticing the Town pursuant to Fed. R. Civ. P. 30(b)(6).

The parties should confer in good faith concerning the matters for examination as required by Rule 30(b)(6).

Proposed subjects include:

### Topic 1 — APRA Administration

The Town's policies, practices, systems, and procedures for receiving, processing, responding to, closing, reopening, modifying, and publishing APRA requests.

### Topic 2 — OpenGov

The Town's use and administration of OpenGov, including account permissions, audit capabilities, upload procedures, modification capabilities, record retention, logging, and preservation.

### Topic 3 — APRA-1280

The creation, handling, review, approval, export, transmission, upload, publication, revision, and retention of APRA-1280 and associated records.

### Topic 4 — Document Creation and Metadata

The applications, systems, and procedures used to create, convert, export, modify, store, or publish the disputed PDF and related records.

### Topic 5 — Custodians

Identification of the persons with knowledge concerning APRA-1280, its underlying records, and its publication.

### Topic 6 — Preservation

The Town's preservation procedures for information relevant to this litigation, excluding privileged legal advice.

### Topic 7 — Retention and Destruction

Applicable retention schedules, automatic-deletion functions, recycling, overwriting, log expiration, and backup practices affecting relevant ESI.

### Topic 8 — Communications Involving Adam J. Sholes

Nonprivileged communications and governmental activities relevant to the pleaded claims involving or referring to Adam J. Sholes, including communications concerning the relevant APRA matter, subject to Rule 26(b)(1).

### Topic 9 — Authenticity and Recordkeeping

The Town's basis for authenticating the disputed records and identifying when, how, and by whom electronically maintained records were created, maintained, exported, or uploaded.

Plaintiff proposes a separate Rule 30(b)(6) meet-and-confer after service of the formal notice to refine the topics and avoid unnecessary disputes.

---

# XVI. INDIVIDUAL DEPOSITIONS

The parties should identify anticipated depositions and discuss reasonable sequencing.

Plaintiff presently anticipates that depositions may include individuals with first-hand knowledge concerning:

- relevant APRA processing;
- document creation;
- OpenGov administration;
- relevant communications;
- relevant legal decisions;
- preservation or IT systems; and
- the events alleged in the pleadings.

Specific deposition decisions may appropriately await initial document production and Rule 30(b)(6) testimony.

---

# XVII. THIRD-PARTY DISCOVERY

The parties should identify foreseeable third-party discovery.

Possible Rule 45 discovery may include records from vendors, service providers, or other entities maintaining unique relevant data that is not reasonably available from the parties.

Before seeking duplicative third-party discovery, Plaintiff proposes first determining whether the information can be obtained from a party.

---

# XVIII. EXPERT DISCOVERY

The parties should discuss whether expert testimony may be required concerning:

- digital forensics;
- PDF metadata;
- electronic document authentication;
- information systems;
- government recordkeeping; or
- other specialized matters.

Plaintiff proposes that expert disclosure deadlines be set after sufficient fact discovery has occurred to permit meaningful expert analysis.

---

# XIX. DISCOVERY DEADLINES

Plaintiff proposes that the parties discuss and provide positions concerning:

- deadline for Rule 26(a)(1) disclosures;
- commencement of written discovery;
- completion of Phase One discovery;
- Rule 30(b)(6) deposition date;
- fact-discovery cutoff;
- expert disclosure dates;
- rebuttal expert dates;
- expert-deposition cutoff;
- dispositive-motion deadline; and
- any other date the parties believe should be included in a Rule 16 scheduling order.

Plaintiff does not propose an artificially compressed schedule that would interfere with meaningful production of native ESI.

---

## XX. DISCOVERY DISPUTES AND MEET-AND-CONFER PROCEDURE

Before bringing an ordinary discovery dispute to the Court, the parties should make a genuine effort to resolve it.

Plaintiff proposes that discovery correspondence:

1. identify the specific request or issue;
2. identify the specific objection;
3. explain the basis for each party's position;
4. propose a practical resolution where possible; and
5. identify issues remaining unresolved after conferral.

Nothing in this procedure limits a party's ability to seek emergency relief where evidence is at imminent risk of loss or destruction.

---

# XXI. PROTECTIVE ORDER

The parties should identify whether a Rule 26(c) protective order is actually necessary.

If confidentiality protection is sought, Plaintiff proposes that:

- confidentiality designations be narrowly tailored;
- public governmental records not automatically be designated confidential merely because they are produced in discovery;
- confidentiality not be used to prevent lawful use of information already publicly available;
- challenges to confidentiality designations be permitted; and
- sealing of judicial records remain subject to applicable law and Court order rather than private designation alone.

---

# XXII. SETTLEMENT OR NARROWING OF ISSUES

Consistent with Rule 26(f), the parties should discuss whether:

- any claim or defense can be resolved;
- factual issues can be stipulated;

- authenticity can be stipulated;
- particular custodians can be eliminated from discovery;
- particular discovery can be narrowed;
- mediation would presently be productive; or
- settlement discussions should occur after completion of specified threshold discovery.

Participation in this discussion shall not constitute waiver of any claim, defense, objection, or settlement privilege.

---

# XXIII. MATTERS FOR RULE 16 CONFERENCE

The parties should identify areas of agreement and disagreement for presentation to the Court, including:

- preservation disputes;
- ESI production format;
- privilege-log protocol;
- scope of Phase One discovery;
- discovery sequencing;
- Rule 30(b)(6) timing;
- discovery deadlines;
- disputed proportionality issues;
- protective-order issues; and
- any request for expedited or limited discovery.

---

# XXIV. RECORD OF AGREEMENTS AND DISAGREEMENTS

At the conclusion of the conference, Plaintiff proposes that the parties memorialize by email or other writing:

**Agreed Matters:**
Each agreement reached concerning disclosures, preservation, ESI, production format, discovery sequencing, deadlines, or other subjects.

**Disputed Matters:**
Each proposal rejected or left unresolved, together with each party's position.

**Preservation Issues:**
Any source of potentially relevant ESI identified as lost, unavailable, automatically deleted, overwritten, inaccessible, or at risk of loss.

**Follow-Up Obligations:**
Any information counsel agrees to obtain from the client, Town personnel, IT personnel, OpenGov administrators, vendors, or other custodians following the conference.

---

# XXV. RESERVATION OF RIGHTS

Participation in the Rule 26(f) conference does not waive any party's claims, defenses, privileges, objections, rights under Rules 16, 26, 30, 33, 34, 36, 37, or 45, or right to seek appropriate relief from the Court.

Plaintiff specifically reserves the right to seek appropriate preservation, discovery, forensic, evidentiary, or remedial relief if subsequent information establishes that material ESI has been lost, destroyed, altered, overwritten, or rendered unavailable.

---

PROPOSED By:

By: /s/ Michael Eric Nelson
**Michael Eric Nelson**
Plaintiff, Pro Se