UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON
*Plaintiff*

v.

URSILLO, TEITZ & RITCH LTD; MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH; ADAM J. SHOLES; TOWN OF SOUTH KINGSTOWN; and JANE AND JOHN DOES 1-27
*Defendants*

C.A. No. 1:26-cv-00352-MRD-AEM

**DEFENDANTS' MOTION TO STAY FACT DISCOVERY**

Now come the defendants, Ursillo, Teitz & Ritch LTD, Michael A. Ursillo, Andrew M. Tietz, Scott A. Ritch, Adam J. Sholes, and Town of South Kingstown, and hereby move to stay fact discovery in the above-captioned matter pending this Court's decision concerning the Defendants' pending Motion to Dismiss in lieu of answer.

Federal district courts have "the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154 (1st Cir. 1992). A stay must be supported by good cause, reasonable in duration, and "the court must ensure that competing equities are weighed and balanced." *Id.*

Defendants filed a Motion to Dismiss in lieu of answering Plaintiff's First Amended Complaint on July 28, 2026. *See* E.C.F. No. 20. In the twenty-three (23) days since, Plaintiff has not only filed an objection to the Defendants' Motion, but has also filed seven (7) motions of his own:

1. Motion for Order Requiring Designation of Defendants Lead Counsel (E.C.F. No. 21);
2. Motion for Order Permitting and Directing Curative Service of Process Upon Defendant Town of South Kingstown (E.C.F. No. 22);
3. Emergency Expedited Motion for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery (E.C.F. No. 23), which included eight (8) exhibits and three (3) attachments (E.C.F. Nos. 23.1 – 23.9);
4. Motion for Issuance of Replacement Summons and for Leave and Extension of Time to Cure Service of Process Upon Defendant Town of South Kingstown (E.C.F. No. 24);
5. Motion for Leave to File Supplemental Complaint (E.C.F. No. 25);
6. Notice of Filing Proof of Service and Motion to Accept Return of Service as to Defendant Andrew Teitz (E.C.F. No. 26); and
7. Motion for Leave to File Limited Surreply and Incorporated Memorandum of Law (E.C.F. No. 32).

In addition, just one (1) day after Defendants filed their Motion to Dismiss, Plaintiff sent a First Request for Production of Documents to Defendant Town of South Kingstown ("Town"). *See Pl's First Request for Production of Documents to Def. Town of South Kingstown* (July 29, 2026), attached hereto as Exhibit A. This Request contains twelve broad (12) document requests, each of which contains multiple subparts. *See id.* Plaintiff seeks a broad swath of documents concerning his own APRA requests addressed to the Town as well as those submitted by others, including internal communications, legal communications, emails, notes, draft APRA determinations, electronically stored information, all records responsive to APRA requests, and other documents. *See id.*

On August 19, 2026, Plaintiff sent the Town another First Request for Production of Documents. *See First Request for Production of Documents to Defendant Town of South Kingstown* (Aug. 19, 2026), attached hereto as Exhibit B. This request appears to be identical to Plaintiff's initial request for production with one notable exception: Plaintiff added one (1) additional document request containing twenty-two (22) subparts, which seeks myriad documents regarding every APRA request received by the Town during calendar year 2026 to date. *See id.*

One day later, and on the date of the instant Motion to Stay, August 20, 2026, Plaintiff sent an Early Requests for Production of Documents to defendant Adam J. Sholes, which sets forth sixty-seven (67) discrete document requests. *See Pl's Early Request for Production of Documents and Electronically Stored Information Directed to Def. Adam J. Sholes*, (Aug. 20, 2026), attached hereto as Exhibit C. Plaintiff also sent an Early Request for Production of Documents to defendant Scott A. Ritch, which sets forth fifty (50) discrete document requests. *See Pl's Early Request for Production of Documents to Def. Scott a Ritch*, (Aug. 20, 2026), attached hereto as Exhibit D. Defendants expect that additional discovery is forthcoming.

Pared down to bare essence, Plaintiff is displeased that he has received "anonymous" and "unattributed" APRA responses from the Town. The Defendants maintain that Plaintiff's gripe does not amount to a violation of his constitutional rights. The Defendants' Motion to Dismiss is currently pending before this Court and may be dispositive of Plaintiff's case. The arguments in support of Defendants' Motion are legal in nature and, as such, no discovery or factual development is needed before this Court renders its decision. Should this Court decide the pending Motion in favor of Defendants, judgement will enter for Defendants and thus discovery will not commence. At this early stage and with a pending dispositive motion, the far-reaching discovery sought by Plaintiff is simply not proportional to the needs of the case given the amount of time

and resources Defendants will need to expend to respond to Plaintiff's discovery requests. Staying fact discovery for a limited time pending the outcome of Defendants' Motion to Dismiss will not prejudice Plaintiff, as he will have the opportunity to seek discovery should this case proceed.

For these reasons, Defendants respectfully request that this Court stay all fact discovery until Defendants' pending Motion to Dismiss in lieu of answer has been decided.

Respectfully submitted,

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
*/s/ Sarah D. Boucher*
Marc DeSisto, Esq. (#2757)
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
mailto:marc@desistolaw.commarc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam Sholes,
By their Attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 20th day of August 2026 and is available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 20th day of August 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

*/s/ Marc DeSisto*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON,
Plaintiff,

v. Civil Action No. 1:26-cv-00352-MRD-AEM

URSILLO, TEITZ & RITCH, LTD.;
MICHAEL A. URSILLO;
ANDREW M. TEITZ;
SCOTT A. RITCH;
ADAM J. SHOLES;
TOWN OF SOUTH KINGSTOWN; and
JANE AND JOHN DOES 1–27,
Defendants.

## PLAINTIFF’S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TOWN OF SOUTH KINGSTOWN

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff Michael E. Nelson requests that Defendant Town of South Kingstown (“Town”) produce the following documents and electronically stored information (“ESI”) within 30 days of service, at a mutually agreeable time and manner, or as otherwise ordered by the Court.

### I. GENERAL INSTRUCTIONS (INCLUDING PRIVILEGE / PRIVILEGE LOG)

1. These Requests are continuing in nature. If, after responding, the Town obtains or becomes aware of additional responsive documents or ESI, it must promptly supplement its production in accordance with Fed. R. Civ. P. 26(e).
2. If any responsive document or ESI is withheld, in whole or in part, on the basis of attorney–client privilege, work-product doctrine, common-interest or joint-defense doctrine, or any other claim of privilege or immunity (collectively, “Privilege”), Plaintiff does not, by propounding these Requests, seek disclosure of information properly withheld under a valid Privilege. However:
   a. The Town must expressly assert the specific Privilege claimed (e.g., attorney–client, work product, deliberative process); and
   b. In strict compliance with the Fed. R. Civ. P. 26(b)(5), the Town shall serve a detailed privilege log identifying, for each withheld or redacted item:
      1. Bates number(s) or other unique identifier(s);

    2. Date;
    3. Author(s) and their title/position;
    4. All recipients (including cc and bcc) and their titles/positions;
    5. Type of document/ESI (e.g., email, memo, draft letter);
    6. A brief but sufficient description of the subject matter to allow assessment of the claim without revealing privileged content;
    7. The specific Privilege(s) asserted; and
    8. Whether the item is withheld in full or produced in redacted form.
3. The Town shall segregate and produce all non-privileged portions of any responsive document or ESI (e.g., dates, routing, authors/recipients, non-legal attachments) even if other portions are redacted or withheld as privileged.
4. Blanket, categorical, or generalized assertions of Privilege are improper. To the extent the Town believes categorical logging is appropriate for large sets of substantially similar items, it shall first confer in good faith with Plaintiff to seek agreement.
5. Plaintiff reserves all rights to challenge any Privilege assertion that is not properly supported by a timely and adequate log, including seeking in camera review, waiver findings, or other relief.
6. Inadvertent production of privileged material shall be handled under Fed. R. Evid. 502 and any applicable protective order; however, any clawback must be promptly asserted and supported by a supplemental privilege log entry.

## II. DEFINITIONS

For purposes of these Requests:

1. "Town" means the Town of South Kingstown, including all of its departments, offices, boards, commissions, officers, employees, agents, records custodians, contractors, and anyone acting on its behalf.
2. "UTR" means Ursillo, Teitz & Ritch, Ltd., and all of its attorneys and staff when acting for or on behalf of the Town.
3. "Plaintiff's APRA Requests" means all public-records requests submitted by Plaintiff to the Town between January 1, 2026 and July 31, 2026, including but not limited to requests logged without limitation as APRA-1257, 1264, 1265, 1273, 1280, 1281, 1283, 1284, 1286, 1287, 1289, 1290, 1291, 1292, 1293, 1295, 1393, 1394, 1398, 1399, and 1404.
4. "Exhibit A Letter" means the Town's March 23, 2026 unsigned letter on Town letterhead concerning APRA-1257, filed as Document 5-2 and attached as Exhibit A to the First Amended Complaint.

5. “Exhibit B Letter” means the April 6, 2026 unsigned letter on combined Town of South Kingstown / South Kingstown Municipal Court letterhead concerning APRA-1280, filed as Document 5-3 and attached as Exhibit B.
6. “Exhibit C Letter” means the April 7, 2026 unsigned letter on UTR letterhead concerning APRA-1281, 1284, 1286, 1287, 1289, 1290, 1291, 1292, 1293, and 1295, filed as Document 5-4 and attached as Exhibit C.
7. “Exhibit D Letter” means the June 25, 2026 unsigned letter on Town letterhead concerning APRA-1393, 1394, 1398, 1399, and 1404, filed as Document 5-5 and attached as Exhibit D.
8. “Anonymous Determination” means any written APRA response, denial, fee/prepayment notice, tolling/extension notice, or other legal determination that:
   (a) purports to decide, deny, or condition an APRA request or impose search/retrieval fees, and
   (b) contains no handwritten or electronic signature and also fails to identify by name and title the person making the determination.
9. “Document” and “electronically stored information” (“ESI”) are used in the broadest sense under Fed. R. Civ. P. 34 and 26, including, without limitation, emails, word-processing files, PDFs, spreadsheets, logs, notes, memoranda, audio files, and databases.

Unless otherwise specified, the temporal scope is January 1, 2024 through the date of the Town’s response.

---

## III. REQUESTS FOR PRODUCTION

### RFP No. 1 – Complete APRA Files for Plaintiff’s Requests

Produce the complete APRA file for each of Plaintiff’s APRA Requests, including but not limited to:

a. The original request as submitted (including any OpenGov or portal entries);
b. All internal routing slips, logs, tracking spreadsheets, and notes;
c. All internal Town communications (including emails, handwritten notes, or messages) about each request;
d. All communications with UTR or any other outside counsel about each request;
e. All drafts and final versions of any responses, determinations, denials, fee estimates, tolling or extension notices; and
f. Any responsive records identified, regardless of whether they were ultimately produced, redacted, or withheld.

---

**RFP No. 2 – Drafts and Internal Versions of Exhibits A, B, and D**

Produce all documents and ESI constituting, reflecting, or relating to any draft, version, or edit of:

a. The Exhibit A Letter;
b. The Exhibit B Letter (as to the Town's role/content); and
c. The Exhibit D Letter.

This includes:

i. Native word-processing files, redlines, and track-changes versions;
ii. PDFs or other formatted versions;
iii. Any template or form language used; and
iv. Any internal or external communications transmitting, reviewing, or commenting on such drafts.

---

**RFP No. 3 – Communications With UTR Concerning Plaintiff's APRA Requests and Exhibits A–D**

Produce all communications (emails, letters, memoranda, notes, instant messages) between any Town official/employee and any attorney or staff member at UTR that concern:

a. Plaintiff's APRA Requests;
b. The drafting, review, approval, or issuance of the Exhibit A, B, C, or D Letters;
c. The decision to aggregate multiple APRA requests from Plaintiff as a "single request" for fee or timing purposes;
d. The decision to demand prepayment of $2,350.05 (Exhibit C) and/or $3,978.60 (Exhibit D);
e. The decision to toll APRA deadlines pending prepayment; or
f. The decision to allow any of Exhibits A–D to be sent unsigned and without identifying a named decisionmaker.

---

**RFP No. 4 – Town Policies/Guidance on APRA Response Format, Signatures, and Attribution**

Produce all written policies, procedures, manuals, guidance, training materials, or similar documents in effect at any time since January 1, 2020 that address:

a. How APRA responses (including acknowledgments, determinations, denials, fees, tolling, or extensions) are to be formatted;

b. Whether and how APRA responses must be signed (handwritten, electronic, "/s/ Name," etc.);
c. Whether APRA responses must identify by name and/or title the records custodian, decisionmaker, or author; and
d. The use, permissibility, or prohibition of Anonymous Determinations in APRA matters.

---

**RFP No. 5 – Other Anonymous APRA Determinations (Comparative Practice)**

Produce all APRA responses issued by the Town from January 1, 2024 through the present that:

a. Communicate a substantive APRA determination, denial, fee estimate, extension, or tolling notice to any requester; and
b. Are Anonymous Determinations as defined above.

For each such document, also produce any associated cover email or transmittal to the requester (if not incorporated into the letter itself).

---

**RFP No. 6 – Fee, Aggregation, and Tolling Policies and Legal Analyses**

Produce all documents (including legal opinions, memoranda, policy directives, training materials, or guidance) that:

a. Discuss, interpret, or apply R.I. Gen. Laws § 38-2-3 and § 38-2-4 (including fee authority, "single request" rule, aggregation, extensions, and tolling) to the Town's handling of APRA requests;
b. Provide direction or guidance on when and how to aggregate multiple APRA requests from a single requester as one request;
c. Provide direction or guidance on when prepayment estimates should be demanded and how amounts should be calculated; and
d. Address the practice of tolling or suspending statutory APRA deadlines pending payment of prepayment estimates.

---

**RFP No. 7 – Internal Calculations Supporting the 156.67-Hour, 266.24-Hour, and Related Estimates**

Produce all documents and ESI reflecting or relating to:

a. The calculation of the approximate 47 hours of staff/officer time estimated for APRA-1290, 1291, and 1293 (as referenced in Exhibit C);
b. The derivation of the 156.67-hour total estimate in the Exhibit C Letter;

c. The calculation of the 16.64-hour estimate to review 499 emails referenced in the Exhibit D Letter; and
d. The derivation of the 266.24-hour total estimate and corresponding $3,978.60 prepayment demand in Exhibit D.

This includes spreadsheets, worksheets, notes, emails, and any other records documenting how those figures were developed or approved.

---

**RFP No. 8 – Complaints or Concerns About Anonymous Determinations and Double Letterhead**

Produce all documents (including emails, letters, notes, or internal memoranda) reflecting any complaint, objection, concern, or inquiry—by Plaintiff, other members of the public, Town employees, or officials—regarding:

a. The use of unsigned or unattributed APRA determinations;
b. The failure to identify the records custodian or decisionmaker by name in APRA responses;
c. The use of combined Town and South Kingstown Municipal Court letterhead on APRA-related correspondence (including Exhibit B); or
d. The effect of such practices on appeal rights, reviewability, or public perception.

---

**RFP No. 9 – Town's Consideration of Policy Changes, Corrective Action, or Risks**

Produce all documents created on or after March 1, 2026 that discuss, analyze, or evaluate:

a. Whether the Town should modify its APRA practices to require signatures or attribution on APRA determinations;
b. Whether to issue corrective or supplemental letters to Plaintiff identifying the responsible decisionmakers for the determinations reflected in Exhibits A–D;
c. The legal, constitutional, or ethical risks associated with issuing Anonymous Determinations and/or large prepayment demands and aggregation; and
d. Any decisions by Town policymakers or supervisory officials to maintain, change, or discontinue the challenged practices.

---

**RFP No. 10 – Communications Regarding Municipal Court Involvement and Exhibit B**

Produce all Town documents and communications (including emails) that:

a. Refer or relate to the decision to use South Kingstown Municipal Court letterhead, alone or combined with Town letterhead, on the Exhibit B Letter;
b. Reflect communications with Judge Adam J. Sholes or any Municipal Court staff about APRA-1280 or any other APRA request or Exhibit B; or
c. Address who, within the Town or Municipal Court, actually made the legal determinations stated in Exhibit B.

---

**RFP No. 11 – APRA Logs and Sample Responses for Other Requesters (Equal Protection / Comparator Evidence)**

a. Produce any APRA logs, tracking spreadsheets, or summary reports maintained by the Town for the period January 1, 2026 through July 31, 2026 that list, for each APRA request: request number, requester name, date received, subject or brief description, fees assessed or prepayment demanded, and disposition (granted, denied, partial, pending).

b. Produce a sample set of at least twenty (20) APRA responses during that period to requesters other than Plaintiff, selected to demonstrate the Town's ordinary practice regarding:

- Signatures;
- Identification of records custodians or decisionmakers by name and title; and
- Communication of denials or fee estimates.

---

**RFP No. 12 – Non-Privileged Documents Concerning This Lawsuit and Challenged Practices**

Without seeking attorney–client privileged communications or core attorney work product, produce all non-privileged documents and ESI (such as communications among non-attorney staff, minutes, or policy notes) that:

a. Discuss this lawsuit's allegations concerning Anonymous Determinations, the use of double letterhead, fee/aggregation practices, or APRA handling of Plaintiff's requests; and/or
b. Reflect any Town consideration or decision to change, maintain, defend, or critique its APRA practices in light of Plaintiff's allegations.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON,
Plaintiff,

v. **Civil Action No. 1:26-cv-00352-MRD-AEM**

URSILLO, TEITZ & RITCH, LTD.;
MICHAEL A. URSILLO;
ANDREW M. TEITZ;
SCOTT A. RITCH;
ADAM J. SHOLES;
TOWN OF SOUTH KINGSTOWN; and
JANE AND JOHN DOES 1–27,
Defendants.

# PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TOWN OF SOUTH KINGSTOWN Pursuant to Fed. R. Civ. P. 26 and 34

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff Michael E. Nelson requests that Defendant Town of South Kingstown ("Town") produce the following documents and electronically stored information ("ESI") within 30 days of service, at a mutually agreeable time and manner, or as otherwise ordered by the Court.

## I. GENERAL INSTRUCTIONS (INCLUDING PRIVILEGE / PRIVILEGE LOG)

1. These Requests are continuing in nature. If, after responding, the Town obtains or becomes aware of additional responsive documents or ESI, it must promptly supplement its production in accordance with Fed. R. Civ. P. 26(e).
2. If any responsive document or ESI is withheld, in whole or in part, on the basis of attorney–client privilege, work-product doctrine, common-interest or joint-defense doctrine, or any other claim of privilege or immunity (collectively, "Privilege"), Plaintiff does not, by propounding these Requests, seek disclosure of information properly withheld under a valid Privilege. However:
a. The Town must expressly assert the specific Privilege claimed (e.g., attorney–client, work product, deliberative process); and
b. In strict compliance with the Fed. R. Civ. P. 26(b)(5), the Town shall serve a detailed privilege log identifying, for each withheld or redacted item:

   1. Bates number(s) or other unique identifier(s);
   2. Date;
   3. Author(s) and their title/position;
   4. All recipients (including cc and bcc) and their titles/positions;
   5. Type of document/ESI (e.g., email, memo, draft letter);
   6. A brief but sufficient description of the subject matter to allow assessment of the claim without revealing privileged content;
   7. The specific Privilege(s) asserted; and
   8. Whether the item is withheld in full or produced in redacted form.
3. The Town shall segregate and produce all non-privileged portions of any responsive document or ESI (e.g., dates, routing, authors/recipients, non-legal attachments) even if other portions are redacted or withheld as privileged.
4. Blanket, categorical, or generalized assertions of Privilege are improper. To the extent the Town believes categorical logging is appropriate for large sets of substantially similar items, it shall first confer in good faith with Plaintiff to seek agreement.
5. Plaintiff reserves all rights to challenge any Privilege assertion that is not properly supported by a timely and adequate log, including seeking in camera review, waiver findings, or other relief.
6. Inadvertent production of privileged material shall be handled under Fed. R. Evid. 502 and any applicable protective order; however, any clawback must be promptly asserted and supported by a supplemental privilege log entry.

## II. DEFINITIONS

For purposes of these Requests:

1. “Town” means the Town of South Kingstown, including all of its departments, offices, boards, commissions, officers, employees, agents, records custodians, contractors, and anyone acting on its behalf.
2. “UTR” means Ursillo, Teitz & Ritch, Ltd., and all of its attorneys and staff when acting for or on behalf of the Town.
3. “Plaintiff’s APRA Requests” means all public-records requests submitted by Plaintiff to the Town between January 1, 2026 and July 31, 2026, including but not limited to requests logged without limitation as APRA-1257, 1264, 1265, 1273, 1280, 1281, 1283, 1284, 1286, 1287, 1289, 1290, 1291, 1292, 1293, 1295, 1393, 1394, 1398, 1399, and 1404.
4. “Exhibit A Letter” means the Town’s March 23, 2026 unsigned letter on Town letterhead concerning APRA-1257, filed as Document 5-2 and attached as Exhibit A to the First Amended Complaint.

5. “Exhibit B Letter” means the April 6, 2026 unsigned letter on combined Town of South Kingstown / South Kingstown Municipal Court letterhead concerning APRA-1280, filed as Document 5-3 and attached as Exhibit B.
6. “Exhibit C Letter” means the April 7, 2026 unsigned letter on UTR letterhead concerning APRA-1281, 1284, 1286, 1287, 1289, 1290, 1291, 1292, 1293, and 1295, filed as Document 5-4 and attached as Exhibit C.
7. “Exhibit D Letter” means the June 25, 2026 unsigned letter on Town letterhead concerning APRA-1393, 1394, 1398, 1399, and 1404, filed as Document 5-5 and attached as Exhibit D.
8. “Anonymous Determination” means any written APRA response, denial, fee/prepayment notice, tolling/extension notice, or other legal determination that:
   (a) purports to decide, deny, or condition an APRA request or impose search/retrieval fees, and
   (b) contains no handwritten or electronic signature and also fails to identify by name and title the person making the determination.
9. “Document” and “electronically stored information” (“ESI”) are used in the broadest sense under Fed. R. Civ. P. 34 and 26, including, without limitation, emails, word-processing files, PDFs, spreadsheets, logs, notes, memoranda, audio files, and databases.

Unless otherwise specified, the temporal scope is January 1, 2024 through the date of the Town’s response.

---

## III. REQUESTS FOR PRODUCTION

### RFP No. 1 – Complete APRA Files for Plaintiff’s Requests

Produce the complete APRA file for each of Plaintiff’s APRA Requests, including but not limited to:

a. The original request as submitted (including any OpenGov or portal entries);
b. All internal routing slips, logs, tracking spreadsheets, and notes;
c. All internal Town communications (including emails, handwritten notes, or messages) about each request;
d. All communications with UTR or any other outside counsel about each request;
e. All drafts and final versions of any responses, determinations, denials, fee estimates, tolling or extension notices; and
f. Any responsive records identified, regardless of whether they were ultimately produced, redacted, or withheld.

---

**RFP No. 2 – Drafts and Internal Versions of Exhibits A, B, and D**

Produce all documents and ESI constituting, reflecting, or relating to any draft, version, or edit of:

a. The Exhibit A Letter;
b. The Exhibit B Letter (as to the Town's role/content); and
c. The Exhibit D Letter.

This includes:

i. Native word-processing files, redlines, and track-changes versions;
ii. PDFs or other formatted versions;
iii. Any template or form language used; and
iv. Any internal or external communications transmitting, reviewing, or commenting on such drafts.

---

**RFP No. 3 – Communications With UTR Concerning Plaintiff's APRA Requests and Exhibits A–D**

Produce all communications (emails, letters, memoranda, notes, instant messages) between any Town official/employee and any attorney or staff member at UTR that concern:

a. Plaintiff's APRA Requests;
b. The drafting, review, approval, or issuance of the Exhibit A, B, C, or D Letters;
c. The decision to aggregate multiple APRA requests from Plaintiff as a "single request" for fee or timing purposes;
d. The decision to demand prepayment of $2,350.05 (Exhibit C) and/or $3,978.60 (Exhibit D);
e. The decision to toll APRA deadlines pending prepayment; or
f. The decision to allow any of Exhibits A–D to be sent unsigned and without identifying a named decisionmaker.

---

**RFP No. 4 – Town Policies/Guidance on APRA Response Format, Signatures, and Attribution**

Produce all written policies, procedures, manuals, guidance, training materials, or similar documents in effect at any time since January 1, 2020 that address:

a. How APRA responses (including acknowledgments, determinations, denials, fees, tolling, or extensions) are to be formatted;

b. Whether and how APRA responses must be signed (handwritten, electronic, "/s/ Name," etc.);
c. Whether APRA responses must identify by name and/or title the records custodian, decisionmaker, or author; and
d. The use, permissibility, or prohibition of Anonymous Determinations in APRA matters.

---

**RFP No. 5 – Other Anonymous APRA Determinations (Comparative Practice)**

Produce all APRA responses issued by the Town from January 1, 2024 through the present that:

a. Communicate a substantive APRA determination, denial, fee estimate, extension, or tolling notice to any requester; and
b. Are Anonymous Determinations as defined above.

For each such document, also produce any associated cover email or transmittal to the requester (if not incorporated into the letter itself).

---

**RFP No. 6 – Fee, Aggregation, and Tolling Policies and Legal Analyses**

Produce all documents (including legal opinions, memoranda, policy directives, training materials, or guidance) that:

a. Discuss, interpret, or apply R.I. Gen. Laws § 38-2-3 and § 38-2-4 (including fee authority, "single request" rule, aggregation, extensions, and tolling) to the Town's handling of APRA requests;
b. Provide direction or guidance on when and how to aggregate multiple APRA requests from a single requester as one request;
c. Provide direction or guidance on when prepayment estimates should be demanded and how amounts should be calculated; and
d. Address the practice of tolling or suspending statutory APRA deadlines pending payment of prepayment estimates.

---

**RFP No. 7 – Internal Calculations Supporting the 156.67-Hour, 266.24-Hour, and Related Estimates**

Produce all documents and ESI reflecting or relating to:

a. The calculation of the approximate 47 hours of staff/officer time estimated for APRA-1290, 1291, and 1293 (as referenced in Exhibit C);
b. The derivation of the 156.67-hour total estimate in the Exhibit C Letter;

c. The calculation of the 16.64-hour estimate to review 499 emails referenced in the Exhibit D Letter; and
d. The derivation of the 266.24-hour total estimate and corresponding $3,978.60 prepayment demand in Exhibit D.

This includes spreadsheets, worksheets, notes, emails, and any other records documenting how those figures were developed or approved.

---

**RFP No. 8 – Complaints or Concerns About Anonymous Determinations and Double Letterhead**

Produce all documents (including emails, letters, notes, or internal memoranda) reflecting any complaint, objection, concern, or inquiry—by Plaintiff, other members of the public, Town employees, or officials—regarding:

a. The use of unsigned or unattributed APRA determinations;
b. The failure to identify the records custodian or decisionmaker by name in APRA responses;
c. The use of combined Town and South Kingstown Municipal Court letterhead on APRA-related correspondence (including Exhibit B); or
d. The effect of such practices on appeal rights, reviewability, or public perception.

---

**RFP No. 9 – Town's Consideration of Policy Changes, Corrective Action, or Risks**

Produce all documents created on or after March 1, 2026 that discuss, analyze, or evaluate:

a. Whether the Town should modify its APRA practices to require signatures or attribution on APRA determinations;
b. Whether to issue corrective or supplemental letters to Plaintiff identifying the responsible decisionmakers for the determinations reflected in Exhibits A–D;
c. The legal, constitutional, or ethical risks associated with issuing Anonymous Determinations and/or large prepayment demands and aggregation; and
d. Any decisions by Town policymakers or supervisory officials to maintain, change, or discontinue the challenged practices.

---

**RFP No. 10 – Communications Regarding Municipal Court Involvement and Exhibit B**

Produce all Town documents and communications (including emails) that:

a. Refer or relate to the decision to use South Kingstown Municipal Court letterhead, alone or combined with Town letterhead, on the Exhibit B Letter;
b. Reflect communications with Judge Adam J. Sholes or any Municipal Court staff about APRA-1280 or any other APRA request or Exhibit B; or
c. Address who, within the Town or Municipal Court, actually made the legal determinations stated in Exhibit B.

---

**RFP No. 11 – APRA Logs and Sample Responses for Other Requesters (Equal Protection / Comparator Evidence)**

a. Produce any APRA logs, tracking spreadsheets, or summary reports maintained by the Town for the period January 1, 2026 through July 31, 2026 that list, for each APRA request: request number, requester name, date received, subject or brief description, fees assessed or prepayment demanded, and disposition (granted, denied, partial, pending).

b. Produce a sample set of at least twenty (20) APRA responses during that period to requesters other than Plaintiff, selected to demonstrate the Town's ordinary practice regarding:

- Signatures;
- Identification of records custodians or decisionmakers by name and title; and
- Communication of denials or fee estimates.

---

**RFP No. 12 – Non-Privileged Documents Concerning This Lawsuit and Challenged Practices**

Without seeking attorney–client privileged communications or core attorney work product, produce all non-privileged documents and ESI (such as communications among non-attorney staff, minutes, or policy notes) that:

a. Discuss this lawsuit's allegations concerning Anonymous Determinations, the use of double letterhead, fee/aggregation practices, or APRA handling of Plaintiff's requests; and/or
b. Reflect any Town consideration or decision to change, maintain, defend, or critique its APRA practices in light of Plaintiff's allegations.

**RFP No. 13 - Every APRA request made by any person or entity during 2026 and the response provided by defendant Town of South Kingstown to each APRA Request**

## REQUEST FOR PRODUCTION NO. 13 — 2026 APRA REQUESTS AND COMPLETE RESPONSE FILES

Produce every Access to Public Records Act ("APRA") request received by Defendant Town of South Kingstown during calendar year 2026, from January 1, 2026 through the date applicable to this Request, regardless of the identity of the requester, the subject matter of the request, the Town department or official to which the request was directed, or the manner in which the request was submitted, together with the complete administrative and response record associated with each such APRA request.

For each APRA request, produce, without limitation:

1. The original APRA request, including all attachments, exhibits, supplemental submissions, amendments, modifications, clarifications, narrowing communications, or subsequent correspondence from the requester;
2. The date and method by which the Town received the request, including any electronic submission record, OpenGov submission record, email transmission, portal entry, date stamp, or other record establishing the date and time of receipt;
3. The APRA request number, tracking number, OpenGov number, case number, or other identifying number assigned by the Town;
4. Every acknowledgment of receipt transmitted by the Town or any Town employee, official, attorney, agent, contractor, department, or representative concerning the request;
5. Every substantive or procedural response provided by the Town, whether characterized as an acknowledgment, preliminary response, interim response, extension, fee estimate, request for clarification, request for narrowing, partial response, supplemental response, final response, denial, partial denial, closure notice, or other communication concerning disposition of the request;
6. Every notice extending the Town's time to respond, including the stated factual and legal basis for the extension and the date upon which the extension was issued;
7. Every estimate of fees, costs, search time, retrieval time, review time, redaction time, copying charges, electronic-production costs, or other charges, including any revised estimate;
8. Every itemization, calculation, worksheet, time estimate, or other document provided to the requester explaining or supporting any fee or cost imposed or proposed by the Town;

9. Documents sufficient to identify the Town employee, official, department, attorney, agent, contractor, or other person responsible for processing, reviewing, searching for records, approving, modifying, or issuing the response to each request;
10. Every record actually produced to the requester, including attachments, responsive documents, electronic files, photographs, audio recordings, video recordings, body-worn-camera recordings, correspondence, spreadsheets, reports, PDFs, native electronic files, or links through which responsive records were made available;
11. Every record produced with a redaction, together with the response, notice, correspondence, or other document identifying the statutory exemption or other legal authority asserted as the basis for each redaction;
12. Every complete or partial denial, including all documents communicating the denial and identifying each statutory exemption, privilege, legal authority, or other justification asserted for withholding responsive records;
13. Every response stating or representing that the Town possessed, maintained, located, or could locate no records responsive to the request;
14. Every response asserting that a request was vague, overly broad, unduly burdensome, duplicative, cumulative, insufficiently specific, or required clarification, narrowing, modification, or additional information from the requester;
15. Every communication between the Town and the requester concerning the APRA request, including emails, letters, OpenGov messages, portal communications, notices, and other written or electronic correspondence concerning the scope, processing, status, cost, production, denial, modification, withdrawal, or closure of the request;
16. Documents sufficient to show the date upon which responsive records were actually produced, the date upon which the request was considered completed or closed, and the disposition assigned to the request;
17. Documents sufficient to show whether the request was granted in full, granted in part, denied in part, denied in full, withdrawn, abandoned, closed for nonpayment, closed following clarification or narrowing, or otherwise disposed of;
18. Any administrative appeal, petition for review, request for reconsideration, or challenge submitted to the Town concerning its handling of the APRA request, together with the Town's response thereto;
19. Any complaint concerning the request submitted to or received from the Rhode Island Office of the Attorney General, to the extent maintained by the Town as part of or in connection with the particular APRA request, together with any Town response concerning that complaint;

20. Any supplemental production, corrected response, revised response, replacement document, additional production, or subsequent communication issued after the Town initially represented that the request had been completed or closed;
21. The electronic APRA/OpenGov transaction or activity history for each request, to the extent maintained, showing dates of submission, assignment, reassignment, status changes, responses, uploads, document additions or replacements, closure, reopening, or other recorded activity associated with the request; and
22. Any index, spreadsheet, database export, log, register, report, or other compilation maintained by the Town identifying APRA requests received during 2026, including, where maintained, the APRA number, requester, date received, subject or description, department assigned, employee assigned, response deadline, extension date, fee estimate, date completed, and final disposition.

For purposes of this Request, the term "response" shall be construed broadly to include every written or electronically recorded communication by which the Town acknowledged, processed, extended, estimated costs for, clarified, narrowed, partially fulfilled, fulfilled, denied, partially denied, supplemented, corrected, reopened, or closed an APRA request.

This Request specifically includes APRA requests received or processed through OpenGov or any other electronic records-request portal, as well as requests received by email, mail, hand delivery, facsimile, or any other means and subsequently treated by the Town as requests under the Rhode Island Access to Public Records Act.

Responsive electronically stored information should be produced in the form in which it is ordinarily maintained or in a reasonably usable electronic form, with identifying information sufficient to associate each request with its corresponding response, production, fee estimate, extension, denial, and disposition.

To the extent Defendant contends that any portion of this Request is objectionable, Defendant is requested to identify with specificity the portion objected to and produce all responsive materials not encompassed by the objection, rather than withholding the entirety of the responsive category.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. C.A. No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S EARLY REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DIRECTED TO DEFENDANT ADAM J. SHOLES PURSUANT TO FED. R. CIV. P. 26(d)(2) AND 34

Plaintiff **Michael E. Nelson**, proceeding *pro se*, pursuant to Federal Rules of Civil Procedure 26(b), 26(d)(2), 26(e), 34, and all other applicable Rules, hereby delivers these Requests for Production of Documents and Electronically Stored Information to Defendant **Adam J. Sholes**.

These Requests are directed toward evidence relevant to the allegations and defenses arising from the First Amended Complaint, the proposed Supplemental Complaint, the April 6, 2026 APRA-1280 determination bearing Town of South Kingstown and South Kingstown Municipal Court letterhead, the subsequent creation and/or export and upload of a materially reformatted APRA-1280 PDF on or about July 21, 2026, Plaintiff's protected petitioning and public-records activity, alleged anonymous or unattributed governmental decision-making, municipal policy and practice, knowledge, motive, causation, ratification, preservation, and the identity of presently unknown governmental participants.

To the extent these Requests are delivered before the parties' first Rule 26(f) conference, they are delivered pursuant to **Fed. R. Civ. P. 26(d)(2)** and shall be considered served at the first Rule 26(f) conference as provided by Rule 26(d)(2)(B).

# I. DEFINITIONS

1. **"Sholes," "You," and "Your"** mean Defendant **Adam J. Sholes**, individually and in any official, governmental, judicial, administrative, advisory, or other capacity relevant to the matters pleaded in this action, including information within Your possession, custody, or control.
2. **"Plaintiff" or "Nelson"** means Michael E. Nelson.
3. **"Town"** means the Town of South Kingstown, Rhode Island, including its officers, employees, departments, officials, agents, records custodians, contractors, and persons acting on its behalf.
4. **"Municipal Court"** means the South Kingstown Municipal Court, including its judges, clerks, employees, personnel, agents, records systems, correspondence systems, and persons acting or purporting to act under its authority.
5. **"UTR"** means Ursillo, Teitz & Ritch, Ltd., including Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, and other attorneys, employees, or agents of that firm acting for the Town or any Defendant.
6. **"APRA-1280"** means Plaintiff's Access to Public Records Act request submitted through the Town's public-records system on or about April 3, 2026 and assigned request number APRA-1280.
7. **"Original April 6 Response" or "Exhibit B"** means the April 6, 2026 APRA-1280 response bearing both Town of South Kingstown and South Kingstown Municipal Court identification or letterhead and attached as Exhibit B to Plaintiff's First Amended Complaint.
8. **"July 21 Updated PDF"** means the APRA-1280 response file created, exported, generated, modified, transmitted, or uploaded on or about July 21, 2026, including the file identified as or substantially similar to **APRA-1280_response_Updated_Tue_Jul_21_2026_14-25-08.pdf**, which bears an April 6, 2026 facial date while omitting the Municipal Court identification appearing upon the earlier version.
9. **"OpenGov" or "Portal"** means the electronic public-records platform used by the Town for receiving, processing, tracking, responding to, modifying, or maintaining APRA requests.
10. **"Document"** shall be construed broadly and includes every writing, record, communication, photograph, memorandum, draft, note, letter, calendar entry, report, log, spreadsheet, database entry, recording, image, PDF, word-processing file, source file, or tangible record within the scope of Rule 34.
11. **"ESI"** means electronically stored information of every kind, including email, text messages, SMS/MMS messages, instant messages, Microsoft Teams or comparable messages, electronic notes, Word files, PDFs, cloud records, audit logs, database entries, metadata, access histories, revision histories, server logs, file-system information, and electronically stored attachments.
12. **"Communication"** means every transmission or exchange of information, including email, text message, telephone memorandum, voicemail, letter, instant message, portal

communication, meeting note, handwritten note, memorandum, or communication through another person.

13. **"Concerning"** means referring to, relating to, describing, discussing, memorializing, constituting, evidencing, reflecting, supporting, contradicting, or arising from.
14. **"Metadata"** includes, where maintained in the ordinary course, author, creator, last-saved-by information, creation date, modification date, access date, filename, original filepath, document identifiers, revision history, user account information, software information, transmission information, and comparable system-generated information.
15. **"Anonymous or Unattributed Determination"** means an official governmental communication containing a substantive public-records determination, legal conclusion, denial, fee determination, procedural instruction, extension, or comparable governmental decision that does not identify by name and title the individual responsible for the determination.

# II. GENERAL INSTRUCTIONS

1. Produce all responsive Documents and ESI within Your possession, custody, or control after a reasonable inquiry.
2. These Requests are continuing within the meaning of Rule 26(e).
3. Each Request shall be answered separately. If no responsive document exists, state that fact.
4. If only a portion of a Request is objectionable, produce all responsive material to the unobjectionable portion.
5. Documents maintained electronically should be produced in native or reasonably usable electronic form. Documents whose metadata, provenance, revision history, or electronic characteristics are material to a Request shall be produced in native form with associated metadata preserved.
6. The Original April 6 Response, July 21 Updated PDF, their source documents, drafts, versions, and related files should be produced in their **native original electronic format**, without conversion, reprinting, rescanning, or metadata stripping.
7. Email should be produced with sender, recipients, cc/bcc information, date/time, subject, attachments, and available message-header information preserved.
8. Where responsive ESI exists on a personal device, personal email account, cloud account, or messaging platform used to transact the governmental business at issue, the Request extends only to responsive governmental or case-related information and does not seek unrelated personal material.
9. Nothing herein requests disclosure of attorney-client privileged communications or protected attorney work product. If material is withheld under an asserted privilege or protection, provide the information required by Rule 26(b)(5)(A) sufficient to evaluate the claim, including the date, type of document, author, recipients, general subject matter, and privilege asserted.
10. Preservation shall extend to native files, source files, relevant metadata, backups, audit histories, logs, and prior versions where reasonably accessible.

11. Unless otherwise stated, the relevant period is **January 1, 2025 through the date of production**.

# III. REQUESTS FOR PRODUCTION

## A. SHOLES'S POSITION, AUTHORITY, AND MUNICIPAL COURT RESPONSIBILITIES

**RFP No. 1.**
Produce all nonprivileged documents sufficient to establish Your appointment, position, duties, responsibilities, and authority with respect to the South Kingstown Municipal Court during 2025 and 2026.

**RFP No. 2.**
Produce all policies, rules, directives, procedures, administrative orders, or other documents governing Your authority to approve, authorize, prohibit, or regulate use of South Kingstown Municipal Court letterhead.

**RFP No. 3.**
Produce all documents identifying the persons who, during 2026, possessed authority or technical ability to create, modify, access, reproduce, or transmit correspondence using South Kingstown Municipal Court letterhead.

**RFP No. 4.**
Produce all documents concerning any delegation by You of authority to Town personnel, Municipal Court personnel, attorneys, or others to use Municipal Court letterhead.

**RFP No. 5.**
Produce all documents concerning whether APRA-1280 was ever assigned to, referred to, docketed by, reviewed by, or treated as a matter of the Municipal Court.

**RFP No. 6.**
Produce all documents concerning whether the Municipal Court possessed any records responsive to APRA-1280 or had any substantive records-custodian responsibility concerning APRA-1280.

## B. ORIGINAL APRA-1280 RESPONSE AND EXHIBIT B

**RFP No. 7.**
Produce every copy of APRA-1280 and every attachment to APRA-1280 that came into Your possession, custody, or control.

**RFP No. 8.**
Produce every draft, version, revision, redline, markup, working copy, PDF, Word document,

template, or other iteration of the Original April 6 Response that came into Your possession, custody, or control.

**RFP No. 9.**
Produce the native source file or files from which the Original April 6 Response was generated, including any DOC, DOCX, ODT, template, or comparable source file.

**RFP No. 10.**
Produce all available metadata, document properties, version history, revision history, autosave history, or comparable information associated with the Original April 6 Response or its source file.

**RFP No. 11.**
Produce all Communications between You and any Town official, Municipal Court employee, UTR attorney, records custodian, or other person concerning drafting, reviewing, editing, approving, transmitting, or issuing the Original April 6 Response.

**RFP No. 12.**
Produce all Documents identifying every person who authored, drafted, edited, reviewed, approved, authorized, transmitted, or caused the transmission of the Original April 6 Response.

**RFP No. 13.**
Produce all Documents concerning the decision to place South Kingstown Municipal Court identification, logo, address, contact information, or letterhead upon the Original April 6 Response.

**RFP No. 14.**
Produce all Documents reflecting whether You authorized, approved, acquiesced in, objected to, or subsequently ratified the use of Municipal Court letterhead upon the Original April 6 Response.

**RFP No. 15.**
Produce all nonprivileged Documents relied upon in making the factual determination that responding to APRA-1280 would impose an "undue burden" upon the Town.

**RFP No. 16.**
Produce all Documents reflecting any search, inquiry, consultation, database review, or factual investigation undertaken before the statement that responsive information or a responsive compiled document did not exist.

**RFP No. 17.**
Produce all Documents concerning who made the substantive determinations communicated in the Original April 6 Response.

**RFP No. 18.**
Produce all Documents concerning the method, date, time, account, user, or system through which the Original April 6 Response was transmitted or uploaded on or about April 6, 2026.

## C. PLAINTIFF'S OBJECTIONS AND NOTICE CONCERNING EXHIBIT B

**RFP No. 19.**
Produce Plaintiff's certified correspondence to You concerning the Original April 6 Response, Municipal Court letterhead, or the absence of an identified author or decisionmaker, together with all envelopes, delivery records, routing records, scans, attachments, and internal forwarding records in Your possession.

**RFP No. 20.**
Produce all Communications concerning Plaintiff's request that the author, reviewer, approver, or decisionmaker responsible for the Original April 6 Response be identified.

**RFP No. 21.**
Produce all Documents concerning any investigation, inquiry, consultation, or review undertaken after Plaintiff questioned the authorship or authorization of the Original April 6 Response.

**RFP No. 22.**
Produce all Documents concerning any contemplated or actual corrective, clarifying, supplemental, or replacement response to APRA-1280 before July 21, 2026.

## D. KNOWLEDGE OF THIS FEDERAL ACTION AND SERVICE UPON SHOLES

**RFP No. 23.**
Produce all nonprivileged Documents sufficient to establish the date and time You first learned of this federal action.

**RFP No. 24.**
Produce all nonprivileged Documents sufficient to establish the date and time You first learned that You were personally named as a Defendant.

**RFP No. 25.**
Produce all nonprivileged Documents sufficient to establish the date and time You learned that process had been or would be served upon You.

**RFP No. 26.**
Produce all Communications sent or received by You between **July 20 and July 23, 2026** concerning Plaintiff, this action, APRA-1280, the Original April 6 Response, Municipal Court letterhead, or the OpenGov record for APRA-1280.

**RFP No. 27.**
Produce all Communications between You and the Town between July 20 and July 23, 2026 concerning Plaintiff, this action, APRA-1280, or the Original April 6 Response.

**RFP No. 28.**
Produce all Communications between You and UTR or any individual Defendant between July 20 and July 23, 2026 concerning APRA-1280 or any modification, correction, replacement, republication, or upload of the APRA-1280 response, subject to any properly asserted privilege and corresponding privilege log.

**RFP No. 29.**
Produce all nonprivileged Communications between You and any Rhode Island Department of Public Safety or Rhode Island State Police employee between July 20 and July 23, 2026 concerning Plaintiff, service of process in this action, APRA-1280, or the Town of South Kingstown.

**RFP No. 30.**
Produce all nonprivileged Communications between You and **Colonel Darnell S. Weaver, Major Peter J. Cambio, or their offices** between July 20 and July 23, 2026 concerning Plaintiff, service of process, this action, APRA-1280, or communications with South Kingstown.

## E. JULY 21 UPDATED APRA-1280 PDF

**RFP No. 31.**
Produce every copy of the July 21 Updated PDF in Your possession, custody, or control.

**RFP No. 32.**
Produce every draft, source document, intermediate file, temporary file, working copy, autosaved version, or other predecessor from which the July 21 Updated PDF was created or exported.

**RFP No. 33.**
Produce the native Microsoft Word or other source file used to generate the July 21 Updated PDF.

**RFP No. 34.**
Produce all metadata, document properties, revision histories, version histories, autosave information, and file-system information associated with the source file and July 21 Updated PDF.

**RFP No. 35.**
Produce all Documents identifying the individual, user account, Microsoft Office profile, computer, workstation, virtual machine, or other device used to create or export the July 21 Updated PDF.

**RFP No. 36.**
Produce all Documents identifying any individual associated with the metadata author or creator designation **"John"** appearing in or associated with the July 21 Updated PDF.

**RFP No. 37.**
Produce all Documents showing the creation, export, modification, saving, or transmission of the July 21 Updated PDF on July 21, 2026.

**RFP No. 38.**
Produce all drafts, redlines, tracked-change versions, document-comparison outputs, or other Documents reflecting changes between the Original April 6 Response and the July 21 Updated PDF.

**RFP No. 39.**
Produce all Documents concerning the decision to remove, omit, alter, or replace the Municipal Court heading, logo, contact information, or identification appearing upon the Original April 6 Response.

**RFP No. 40.**
Produce all Documents reflecting any request, instruction, authorization, recommendation, approval, or direction by You concerning removal of the Municipal Court identification from the APRA-1280 response.

**RFP No. 41.**
Produce all Documents concerning why a document generated, modified, exported, or uploaded on or about July 21, 2026 retained or displayed the facial date **April 6, 2026**.

**RFP No. 42.**
Produce all Communications concerning creation, editing, export, review, approval, transmission, or upload of the July 21 Updated PDF.

## F. OPENGOV AND ELECTRONIC PROVENANCE

**RFP No. 43.**
Produce all Documents in Your possession, custody, or control reflecting the upload, replacement, modification, republication, or attachment of the July 21 Updated PDF to APRA-1280 within OpenGov.

**RFP No. 44.**
Produce all OpenGov notifications, automated emails, alerts, portal messages, or other system-generated communications received by You concerning APRA-1280 from July 20 through July 23, 2026.

**RFP No. 45.**
Produce all Documents reflecting any access by You to APRA-1280, the Town's OpenGov portal, or any electronic record associated with APRA-1280 between July 1 and July 31, 2026.

**RFP No. 46.**
Produce all Documents in Your possession identifying any person who informed You that the APRA-1280 portal record had been modified, updated, supplemented, or republished on July 21, 2026.

**RFP No. 47.**
Produce all forensic reports, metadata examinations, integrity checks, hash calculations, document comparisons, internal IT analyses, or technical investigations commissioned, obtained, or reviewed by You concerning the July 21 Updated PDF.

## G. PRESERVATION AND LITIGATION HOLD

**RFP No. 48.**
Without requesting privileged legal advice, produce nonprivileged Documents sufficient to identify the date upon which You were instructed or otherwise became obligated to preserve Documents or ESI concerning this litigation.

**RFP No. 49.**
Produce nonprivileged Documents sufficient to identify the custodians, devices, email accounts, messaging systems, cloud systems, and categories of data placed under preservation with respect to Your records concerning Plaintiff, APRA-1280, and this action.

**RFP No. 50.**
Produce all nonprivileged Documents reflecting any deletion, loss, destruction, automatic deletion, replacement, overwrite, migration, account closure, device replacement, or inability to preserve responsive information after You received notice of this litigation.

**RFP No. 51.**
Produce all nonprivileged Documents sufficient to identify any device used by You between April 1 and July 31, 2026 to conduct communications concerning APRA-1280 or South Kingstown Municipal Court business relevant to Plaintiff.

## H. ANONYMOUS OR UNATTRIBUTED GOVERNMENTAL DETERMINATIONS

**RFP No. 52.**
Produce all policies, directives, training materials, procedures, or guidance available to You concerning whether official Municipal Court correspondence to members of the public must identify its author, approver, decisionmaker, or responsible governmental official.

**RFP No. 53.**
Produce all Documents concerning any complaint, criticism, concern, or inquiry received by You from January 1, 2025 through the present regarding unsigned or unattributed governmental determinations using Municipal Court identification or letterhead.

**RFP No. 54.**
Produce all Documents concerning any corrective policy, instruction, training, supervision, or administrative change considered or implemented after Plaintiff questioned the Original April 6 Response.

**RFP No. 55.**
Produce all APRA-related correspondence in Your possession from January 1, 2025 through the present, sent to persons other than Plaintiff, that used South Kingstown Municipal Court letterhead or purported to communicate an APRA determination on behalf of the Municipal Court.

## I. POST-FILING APRA COMMUNICATIONS AND REQUESTER-PROFILE ISSUES

**RFP No. 56.**
Produce all Documents in Your possession concerning the post-June 29, 2026 APRA communications to Plaintiff identified in the Supplemental Complaint, including APRA Nos. 1415, 1435, 1439, 1440, 1445, 1448, 1455, 1457, and 1458.

**RFP No. 57.**
Produce all Communications sent or received by You concerning the use of the designation or salutation **"Ms. Nelson"** in Town governmental correspondence directed to Plaintiff.

**RFP No. 58.**
Produce all Documents reflecting whether You reviewed, approved, transmitted, were copied upon, or otherwise participated in any post-filing APRA communication directed to Plaintiff.

**RFP No. 59.**
Produce all Documents in Your possession concerning the source, requester profile, template field, database entry, workflow, or other mechanism by which the salutation or honorific used for Plaintiff was generated.

## J. PRIOR NOTICE CONCERNING APRA INTERPRETATION

**RFP No. 60.**
Produce Your copy of the **August 14, 2025 correspondence from the ACLU of Rhode Island concerning an APRA determination associated with You**, including all attachments and transmittal information in Your possession.

**RFP No. 61.**
Produce nonprivileged Documents sufficient to establish whether and when You received, reviewed, responded to, or otherwise became aware of that August 14, 2025 correspondence.

**RFP No. 62.**
Produce all nonprivileged policies, directives, training materials, or governmental guidance

concerning APRA interpretation, segregability, categorical withholding, or governmental records-access obligations that You received or reviewed as a consequence of, or in response to, that correspondence.

### K. DUAL GOVERNMENTAL COMMUNICATION SYSTEMS

**RFP No. 63.**
Produce all Documents reflecting Your use of a Rhode Island Department of Public Safety or Rhode Island State Police email account, device, communications system, or office resource to conduct South Kingstown Municipal Court business concerning Plaintiff or APRA-1280.

**RFP No. 64.**
Produce all Communications from April 1 through July 31, 2026 between Your Department of Public Safety or Rhode Island State Police account and any Town official, Municipal Court employee, or UTR attorney concerning Plaintiff or APRA-1280, subject to any properly asserted privilege.

### L. IDENTIFICATION OF RESPONSIBLE PARTICIPANTS

**RFP No. 65.**
Produce all Documents sufficient to identify every person known to You who participated in drafting, editing, reviewing, approving, transmitting, uploading, replacing, modifying, or preserving either the Original April 6 Response or the July 21 Updated PDF.

**RFP No. 66.**
Produce all Documents sufficient to identify every person known to You who possessed access credentials or technical permissions capable of modifying or uploading the APRA-1280 response within the relevant Town or Municipal Court systems during July 2026.

**RFP No. 67.**
Produce all Documents sufficient to identify any presently unnamed person whom You contend bears responsibility, in whole or in part, for the acts concerning APRA-1280 alleged against You or the Municipal Court in the First Amended or Supplemental Complaint.

## IV. FORM OF PRODUCTION

For the Original April 6 Response, July 21 Updated PDF, source documents, OpenGov exports, databases, spreadsheets, and other electronically significant material, Plaintiff specifically requests production in native format preserving reasonably available metadata.

Nothing herein requires creation of metadata that does not exist.

Where Documents are ordinarily maintained with family relationships, attachments, or parent-child associations, those relationships should be preserved.

If a responsive file has been modified after commencement of this litigation, produce the presently available file together with any reasonably accessible preserved prior version.

# V. RESERVATION AND SUPPLEMENTATION

Plaintiff expressly reserves the right to serve additional discovery as permitted by the Federal Rules of Civil Procedure, any scheduling order, and further developments in the evidentiary record.

These Requests are continuing and shall be supplemented pursuant to Fed. R. Civ. P. 26(e).

Respectfully submitted,

Respectfully submitted,

***/s/***

**MICHAEL ERIC NELSON**
Plaintiff, *Pro Se*
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-932-3434  nelsontelco at gmail.com

Dated: **August 20, 2026**

# EXHIBIT D

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL NELSON,**
Plaintiff,

v. **C.A. No. 1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO; ANDREW M. TEITZ;**
**SCOTT A. RITCH; ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S FIRST EARLY REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCOTT A. RITCH PURSUANT TO FED. R. CIV. P. 26(d)(2) AND 34

Plaintiff **Michael Eric Nelson**, proceeding pro se, pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(d)(2), 26(e), and 34, hereby delivers his First Request for Production of Documents and Electronically Stored Information to Defendant **Scott A. Ritch**.

### I. EARLY DELIVERY PURSUANT TO RULE 26(d)(2)

Defendant Scott A. Ritch was personally served with the summons and complaint on **July 11, 2026, at approximately 3:04 p.m.**, at **40 Boyden Road, Wrentham, Massachusetts 02093-1886**, by personal service accomplished by handing the documents to an individual identified as Scott A. Ritch.

Proof Colorado, LLC additionally mailed a copy of the documents by Certified Mail to **40 Boyden Road, Wrentham, Massachusetts 02093-1886**, on July 11, 2026, under tracking number **9214890260895000779121**.

More than twenty-one days have therefore elapsed since service of the summons and complaint upon Defendant Ritch.

Federal Rule of Civil Procedure 26(d)(2)(A) expressly permits a Rule 34 request to be **delivered to a party more than twenty-one days after the summons and complaint have been served upon that party**, notwithstanding that the parties have not yet conducted their Rule 26(f) conference.

Accordingly, these Requests are timely **delivered pursuant to Rule 26(d)(2)** in advance of the Rule 26(f) conference.

Pursuant to Rule 26(d)(2)(B), these Requests shall be **considered served at the parties' first Rule 26(f) conference**. Pursuant to Rule 34(b)(2)(A), Defendant Ritch's written responses and objections shall therefore be due **within thirty (30) days after the parties' first Rule 26(f) conference**, unless the parties stipulate otherwise or the Court orders otherwise.

Nothing in these Requests is intended to demand production before the time authorized by the Federal Rules. Plaintiff expressly reserves the right to seek expedited production of particular materials by agreement or Court order where necessary to prevent loss, alteration, destruction, or spoliation of evidence.

## II. DEFINITIONS

For purposes of these Requests:

**1. "Ritch," "You," or "Your"** means Defendant Scott A. Ritch and includes documents or electronically stored information within his possession, custody, or control, including information maintained through accounts, devices, systems, law-firm resources, cloud-storage services, or other repositories to which he has a legal right or practical ability to obtain access.

**2. "UTR"** means Ursillo, Teitz & Ritch, Ltd., including its attorneys, employees, agents, contractors, information-technology personnel, and records maintained on its systems.

**3. "Town"** means the Town of South Kingstown, Rhode Island, including its Town Council, Town Manager, Police Department, employees, officers, agents, attorneys, consultants, contractors, and persons acting on its behalf.

**4. "Plaintiff" or "Nelson"** means Michael Eric Nelson.

**5. "Communication"** means every transmission or exchange of information by any means, including email, text message, SMS, MMS, iMessage, telephone, voicemail,

letter, memorandum, Microsoft Teams, Slack, Signal, WhatsApp, social-media message, direct message, electronic portal, OpenGov communication, meeting, or other written, oral, or electronic exchange.

**6. "Document"** is used in the broad sense contemplated by Rule 34 and includes writings, correspondence, emails, messages, memoranda, notes, drafts, reports, photographs, recordings, spreadsheets, databases, PDFs, word-processing files, calendar entries, logs, audit records, electronically stored information, metadata, and every other recorded form of information.

**7. "APRA"** means the Rhode Island Access to Public Records Act and any request for public records submitted by Plaintiff to the Town or any Town department or agency.

**8. "APRA-1280"** means the public-records matter identified by the Town and/or OpenGov as APRA Request No. 1280, including every request, response, letter, PDF, attachment, draft, revision, export, upload, replacement document, metadata record, audit record, or electronic file associated with it.

**9. "OpenGov"** means the electronic public-records portal or related software used by the Town for receiving, processing, tracking, responding to, or publishing APRA requests and responses.

**10. "Sholes"** means Defendant Adam J. Sholes.

**11. "DPS"** means the Rhode Island Department of Public Safety.

**12. "RISP"** means the Rhode Island State Police.

**13. "Concerning"** means referring to, relating to, discussing, describing, reflecting, evidencing, mentioning, evaluating, or bearing upon the identified subject.

Unless otherwise specified, the relevant period for these Requests is **January 1, 2026 through the date of production**.

**III. GENERAL INSTRUCTIONS**

1. Produce all responsive documents within Your possession, custody, or control.
2. These Requests encompass electronically stored information located on business computers, personal computers used for business purposes, mobile telephones, tablets, email accounts, cloud accounts, messaging platforms, removable storage devices, servers, backups, and other repositories reasonably accessible to You.

3. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered Requests.
4. Electronically stored information should be produced in its **native or original electronic format where reasonably practicable**, together with reasonably available metadata sufficient to identify creation date, modification date, author, custodian, file name, file path, and other ordinary file-system information.
5. Emails should, where reasonably practicable, be produced in **.EML, .MSG, or other native email format** preserving sender, recipient, CC/BCC information, transmission dates and times, attachments, and message headers.
6. Native electronic files, including Word documents, spreadsheets, PDFs, images, audio recordings, and video recordings, shall not be converted into a format that removes metadata or materially reduces their evidentiary content.
7. For any PDF or other document relevant to APRA-1280, produce the **original/native electronic file**, not merely a newly printed, scanned, flattened, or re-created copy.
8. If any responsive document has been deleted, destroyed, altered, overwritten, lost, or rendered inaccessible, identify the document, its custodian, the approximate date of the loss or alteration, the circumstances surrounding it, and any available backup or alternate source.
9. If a Request is objected to only in part, produce all non-objected-to responsive material.
10. Any objection shall be stated separately and specifically as required by Fed. R. Civ. P. 34(b)(2) and DRI LR Cv 34(b), including whether responsive material is being withheld on the basis of the objection.
11. If responsive information is withheld under a claim of attorney-client privilege, work-product protection, or other recognized protection, comply with Fed. R. Civ. P. 26(b)(5)(A) and provide sufficient information to permit Plaintiff and, if necessary, the Court to evaluate the assertion without revealing the privileged substance itself.
12. These Requests are continuing in nature. Defendant shall supplement or correct his responses as required by Fed. R. Civ. P. 26(e).

## IV. REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce all documents and communications sent, received, authored, reviewed, maintained, or possessed by You **concerning Michael Eric Nelson** from January 1, 2026 through the present.

### REQUEST FOR PRODUCTION NO. 2

Produce all communications between You and any officer, employee, official, agent, attorney, or representative of the **Town of South Kingstown concerning Plaintiff**.

**REQUEST FOR PRODUCTION NO. 3**

Produce all communications between You and **Michael A. Ursillo, Andrew M. Teitz, Adam J. Sholes, or any other attorney associated with UTR** concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 4**

Produce all documents and communications concerning **Plaintiff's APRA requests**, including discussions regarding how such requests should be processed, answered, denied, narrowed, delayed, estimated, charged, redacted, consolidated, closed, or otherwise handled.

**REQUEST FOR PRODUCTION NO. 5**

Produce all documents and communications concerning **APRA-1280**.

**REQUEST FOR PRODUCTION NO. 6**

Produce every version of every document, PDF, letter, attachment, draft, response, or electronic file associated with **APRA-1280**, including drafts and superseded versions.

**REQUEST FOR PRODUCTION NO. 7**

Produce the **native electronic file and associated metadata** for every version of the document represented as an APRA-1280 response bearing, referring to, or associated with the date **April 6, 2026**.

**REQUEST FOR PRODUCTION NO. 8**

Produce all documents identifying the **author, creator, drafter, reviewer, approver, editor, exporter, converter, uploader, publisher, or modifier** of any APRA-1280 document.

**REQUEST FOR PRODUCTION NO. 9**

Produce all records reflecting the **creation date, modification date, export date, PDF-generation date, upload date, publication date, replacement date, or deletion date** of any electronic document associated with APRA-1280.

**REQUEST FOR PRODUCTION NO. 10**

Produce all OpenGov or other system **audit logs, activity histories, change logs, upload logs, access logs, revision histories, user histories, or administrative records** concerning APRA-1280 that are within Your possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

Produce all communications concerning the **creation, modification, export, upload, posting, replacement, supplementation, or publication of APRA-1280**.

**REQUEST FOR PRODUCTION NO. 12**

Produce all communications concerning APRA-1280 occurring on or after **July 21, 2026**.

**REQUEST FOR PRODUCTION NO. 13**

Produce all communications between You and **Adam J. Sholes** concerning Plaintiff, this litigation, any APRA request submitted by Plaintiff, or any document responsive to an APRA request submitted by Plaintiff.

**REQUEST FOR PRODUCTION NO. 14**

Produce all documents and communications concerning **service of process upon Adam J. Sholes on July 21, 2026**, including any communication occurring after notice of that service.

**REQUEST FOR PRODUCTION NO. 15**

Produce all communications between You and Adam J. Sholes from **July 21, 2026 through July 23, 2026** concerning Plaintiff, the Town, this action, APRA-1280, OpenGov, or any Town public-record response.

**REQUEST FOR PRODUCTION NO. 16**

Produce all communications between You and any employee, official, attorney, or representative of the **Rhode Island Department of Public Safety or Rhode Island State Police** concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 17**

Produce all communications concerning whether Adam J. Sholes contacted, should contact, or did contact any person at DPS or RISP concerning Plaintiff or this litigation.

**REQUEST FOR PRODUCTION NO. 18**

Produce all communications between You and **Town Manager James M. Manni** concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 19**

Produce all communications between You and **Police Chief Matthew C. Moynihan** or any South Kingstown Police Department employee concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 20**

Produce all communications between You and **Megan Renshaw** or any person responsible for processing Town APRA requests concerning Plaintiff or Plaintiff's APRA requests.

**REQUEST FOR PRODUCTION NO. 21**

Produce all documents and communications concerning the preparation, review, approval, issuance, or transmission of any **unsigned, unattributed, or attorney-generated correspondence** sent to Plaintiff by or on behalf of the Town.

**REQUEST FOR PRODUCTION NO. 22**

Produce all documents sufficient to identify the person or persons who **authored, dictated, drafted, revised, approved, or directed the issuance** of each Town legal correspondence sent to Plaintiff that did not identify its individual author.

**REQUEST FOR PRODUCTION NO. 23**

Produce all documents and communications concerning the decision to address Plaintiff as **"Ms. Nelson," "Ms. Michael Nelson," or by any other female title or gender designation**, including communications concerning Plaintiff's objections to or requests for correction of such designation.

**REQUEST FOR PRODUCTION NO. 24**

Produce all communications concerning Plaintiff's **federal lawsuit, threatened litigation, complaints, petitions, APRA complaints, Attorney General complaints, or other efforts to seek judicial or governmental redress**.

**REQUEST FOR PRODUCTION NO. 25**

Produce all communications in which any person discussed Plaintiff's **public criticism of the Town, public-record requests, litigation activity, complaints, social-media activity, press activity, advocacy, or petitions**.

**REQUEST FOR PRODUCTION NO. 26**

Produce all communications in which any person discussed taking, considering, recommending, or coordinating any **adverse, restrictive, deterrent, punitive, retaliatory, or discouraging action** toward Plaintiff because of Plaintiff's public-record requests, complaints, litigation, petitions, public criticism, or other protected activity.

**REQUEST FOR PRODUCTION NO. 27**

Produce all communications in which Plaintiff was characterized using terms concerning his **mental state, dangerousness, credibility, stability, temperament, threat level, propensity for violence, or similar characterization**, regardless of whether You agreed with the characterization.

**REQUEST FOR PRODUCTION NO. 28**

Produce all documents and communications concerning any dissemination by You, UTR, the Town, or persons acting with them of information about Plaintiff to any **law-enforcement agency, hospital, healthcare entity, governmental agency, insurer, attorney, or other third party**.

**REQUEST FOR PRODUCTION NO. 29**

Produce all communications between You and **South County Hospital, South County Health, their employees, attorneys, agents, insurers, or representatives** concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 30**

Produce all documents and communications concerning any **no-trespass notice, access restriction, exclusion directive, warning letter, behavioral restriction, or similar measure** involving Plaintiff of which You were informed or in which You participated.

**REQUEST FOR PRODUCTION NO. 31**

Produce all documents and communications concerning any request, recommendation, instruction, or discussion to **preserve, delete, destroy, alter, overwrite, replace,**

**remove, conceal, archive, or modify documents or electronically stored information concerning Plaintiff or this litigation**.

**REQUEST FOR PRODUCTION NO. 32**

Produce all **litigation-hold notices, preservation notices, document-retention instructions, or preservation directives** issued or received by You concerning Plaintiff or this action, excluding only privileged substantive legal advice contained therein and subject to an appropriate privilege assertion.

**REQUEST FOR PRODUCTION NO. 33**

Produce all documents sufficient to identify the **custodians, devices, email accounts, messaging accounts, cloud accounts, servers, and electronic systems** used by You for communications concerning Plaintiff or the subject matter of this litigation.

This Request does not seek passwords, authentication credentials, or unrelated private information.

**REQUEST FOR PRODUCTION NO. 34**

Produce all nonprivileged communications between You and any Defendant in this action concerning the **filing, amendment, service, allegations, claims, defenses, evidence, or factual circumstances underlying this lawsuit**.

**REQUEST FOR PRODUCTION NO. 35**

Produce all communications between You and any **nonparty** concerning this litigation or its factual subject matter.

**REQUEST FOR PRODUCTION NO. 36**

Produce all documents You contend support any factual assertion that **Plaintiff's allegations against You are inaccurate, unfounded, misleading, or false**.

**REQUEST FOR PRODUCTION NO. 37**

Produce all documents You contend support any **affirmative defense** You have asserted or intend to assert in this action.

**REQUEST FOR PRODUCTION NO. 38**

Produce all documents You may rely upon in support of any contention that Your conduct toward Plaintiff was **authorized, lawful, justified, objectively reasonable, or undertaken without retaliatory or discriminatory purpose**.

**REQUEST FOR PRODUCTION NO. 39**

Produce all documents concerning any policies, procedures, instructions, training, or guidance upon which You relied regarding the Town's processing of **APRA requests, communications with APRA requesters, preservation of public records, production of electronic records, or use of OpenGov**.

**REQUEST FOR PRODUCTION NO. 40**

Produce all communications concerning any decision to **withhold, redact, delay, deny, alter, supplement, replace, or withdraw** records responsive to an APRA request submitted by Plaintiff.

**REQUEST FOR PRODUCTION NO. 41**

Produce all documents reflecting any **search terms, custodians, date ranges, mailboxes, systems, databases, or repositories** searched in responding to Plaintiff's APRA requests where You participated in or directed the search.

**REQUEST FOR PRODUCTION NO. 42**

Produce all documents and communications concerning any **fee estimate, cost estimate, search-time calculation, review-time calculation, or redaction-time calculation** supplied to Plaintiff in connection with an APRA request.

**REQUEST FOR PRODUCTION NO. 43**

Produce all documents concerning the factual basis for any representation made to Plaintiff regarding the **number of hours, pages, records, employees, custodians, searches, or costs** associated with responding to his APRA requests.

**REQUEST FOR PRODUCTION NO. 44**

Produce all communications concerning whether Plaintiff's multiple APRA requests should be **aggregated, consolidated, combined, treated collectively, or conditioned upon payment relating to another request**.

**REQUEST FOR PRODUCTION NO. 45**

Produce all documents and communications concerning any request or instruction to use **Municipal Court, Town Solicitor, police, governmental, or other official authority or letterhead** in communications directed to Plaintiff.

**REQUEST FOR PRODUCTION NO. 46**

Produce all communications concerning whether correspondence or governmental action directed toward Plaintiff might **discourage, burden, deter, intimidate, or otherwise affect Plaintiff's exercise of rights to petition, obtain public records, criticize government, communicate with government officials, or pursue litigation**.

**REQUEST FOR PRODUCTION NO. 47**

Produce all documents identifying every person whom You believe possesses material information concerning **Your involvement in the events alleged in Plaintiff's operative complaint**.

**REQUEST FOR PRODUCTION NO. 48**

Produce all documents and ESI that You have provided, transmitted, or identified to any other Defendant in this action concerning Plaintiff or the allegations contained in the operative complaint.

**REQUEST FOR PRODUCTION NO. 49**

Produce all recordings, notes, memoranda, calendar entries, meeting notes, telephone logs, call histories, or contemporaneous records memorializing any **meeting or oral communication concerning Plaintiff**.

**REQUEST FOR PRODUCTION NO. 50**

Produce all other nonprivileged documents in Your possession, custody, or control that You presently believe are **relevant to any claim or defense in this action and that have not otherwise been produced in response to the foregoing Requests**.

**V. PRIVILEGE AND WITHHOLDING**

For any responsive material withheld on the basis of attorney-client privilege, work-product protection, or another recognized protection, Defendant shall comply with Fed. R. Civ. P. 26(b)(5)(A).

Without disclosing privileged substance, the identification should provide information sufficient to assess the claim of protection, including as appropriate:

- date;
- type of document or communication;
- author or sender;
- recipient(s);
- general subject matter;
- privilege or protection asserted; and
- sufficient information to permit assessment of the claim.

The existence of an attorney-client relationship does not excuse production of responsive **nonprivileged underlying facts, communications with nonclients or third parties, factual records, metadata, audit records, or other discoverable materials** merely because an attorney possessed, transmitted, or reviewed them.

## VI. PRESERVATION

Plaintiff requests that Defendant continue to preserve all documents and electronically stored information potentially responsive to these Requests, including native files, metadata, email, text messages, mobile-device data, cloud data, OpenGov-related records, audit logs, backups, and historical versions of documents.

This paragraph is not intended to enlarge the scope of Rule 34 but to avoid destruction or alteration of potentially discoverable information while these Requests and the litigation remain pending.

## VII. METHOD OF PRODUCTION

Plaintiff requests that electronic production be made by secure electronic transfer, email where volume permits, or another mutually agreeable electronic method.

Files should retain their original file names where reasonably practicable and should not be unnecessarily converted, flattened, rescanned, or otherwise processed in a manner that destroys reasonably available metadata.

If the volume of responsive ESI requires an alternative production protocol, Plaintiff is willing to address reasonable technical arrangements during the Rule 26(f) conference.

Respectfully submitted,

**/s/ MICHAEL ERIC NELSON** Dated: August 20, 2026

Plaintiff, Pro Se
33 Hartford Avenue

South Kingstown, Rhode Island 02879
Tel.: 702-932-3434  nelsontelco@gmail.com