# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. Civil Action No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S NOTICE OF DELIVERY OF EARLY RULE 34 REQUESTS FOR PRODUCTION PURSUANT TO FED. R. CIV. P. 26(d)(2) IN ADVANCE OF THE PARTIES' RULE 26(f) CONFERENCE DIRECTED TO DEFENDANT ADAM JACOB SHOLES

Plaintiff **Michael E. Nelson**, proceeding *pro se*, respectfully provides Notice to the Court and all parties that Plaintiff has delivered, pursuant to **Federal Rules of Civil Procedure 26(d)(2) and 34**, additional Early Requests for Production of Documents and Electronically Stored Information in advance of the parties' first Rule 26(f) conference.

Specifically, Plaintiff has delivered the following discovery requests to counsel of record:

1. **Plaintiff's Comprehensive Early Requests for Production of Documents and Electronically Stored Information Directed to Defendant Adam J. Sholes Pursuant to Fed. R. Civ. P. 26(d)(2) and 34**; and
2. **Plaintiff's Supplemental Requests for Production of Documents and Electronically Stored Information Directed to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court, Adam J. Sholes, and APRA-1280.**

These Requests concern matters directly implicated by the operative pleadings and related supplemental allegations, including, inter alia, the creation, authorship, review, approval, transmission, maintenance, alteration, electronic provenance, and preservation of governmental records and electronically stored information concerning **APRA-1280**; the April 6, 2026 APRA-1280 response bearing Town of South Kingstown and South Kingstown Municipal Court identification; the subsequent creation, export, modification, and/or upload of an APRA-1280 response on or about July 21, 2026; relevant Municipal Court administrative records; communications involving Defendant Adam J. Sholes; OpenGov audit and access records; document metadata and source files; attribution of governmental determinations; preservation obligations; and the identity of persons participating in the challenged governmental processes.

## I. EARLY DELIVERY PURSUANT TO RULE 26(d)(2)

Federal Rule of Civil Procedure 26(d)(2)(A) expressly permits a party, more than twenty-one (21) days after service of the summons and complaint upon another party, to **deliver requests under Rule 34** before the parties have conducted their Rule 26(f) conference.

Plaintiff has utilized that procedure so that the parties may approach the Rule 26(f) conference with meaningful notice of the principal categories of documentary and electronically stored information implicated by the claims and defenses in this action.

Plaintiff expressly recognizes the distinction between **delivery** and formal **service** established by Rule 26(d)(2).

Pursuant to **Fed. R. Civ. P. 26(d)(2)(B)**, Requests delivered in accordance with Rule 26(d)(2)(A) are **considered served at the first Rule 26(f) conference**.

Accordingly, Plaintiff does not contend by this Notice that the response period prescribed by Rule 34 has commenced merely upon early delivery. Rather, the Requests shall be considered served, and the applicable response period shall commence, in accordance with Rule 26(d)(2)(B) upon the occurrence of the parties' first Rule 26(f) conference.

## II. PURPOSE OF EARLY DELIVERY

Early delivery of these Requests is intended to facilitate an organized, substantive, and productive Rule 26(f) conference and to permit the parties to address discovery issues before unnecessary disputes arise.

The Requests identify subjects that may appropriately be addressed during the Rule 26(f) conference, including:

- the scope and sequencing of documentary discovery;
- identification of relevant custodians;
- preservation of potentially material electronically stored information;
- relevant electronic systems and data repositories;
- OpenGov records and audit histories;
- native-file production;
- preservation and production of reasonably available metadata;
- source documents and revision histories;
- email and governmental communication systems;
- potentially relevant Municipal Court administrative records;
- the form or forms in which ESI should be produced;
- privilege and privilege-log procedures;
- identification of records held by different governmental custodians or systems;

- avoidance of duplicative discovery; and
- reasonable procedures for prompt and orderly production.

Early identification of these matters should facilitate the parties' obligations under Rule 26(f), promote appropriate preservation of evidence, permit informed discussion concerning proportionality and accessibility, and advance the efficient administration of discovery.

## III. MUNICIPAL COURT RECORDS

Plaintiff further clarifies that the South Kingstown Municipal Court is **not separately identified as a Defendant in the present caption**.

Accordingly, Plaintiff's Rule 34 requests concerning records associated with the South Kingstown Municipal Court have been directed to **Defendant Town of South Kingstown**, to the extent such records are within the Town's possession, custody, or control.

Nothing in this Notice constitutes a representation that every Municipal Court record is necessarily within the Town's Rule 34 control, nor does Plaintiff waive any right to seek appropriate nonparty discovery pursuant to **Fed. R. Civ. P. 45** should such discovery become necessary.

## IV. SUBSTANTIVE DISCOVERY REQUESTS ARE NOT BEING FILED

Plaintiff files this Notice solely to memorialize the procedural fact of the early delivery of the foregoing Rule 34 Requests.

The substantive Requests for Production themselves are **not being filed with the Court** as part of this Notice.

Plaintiff will retain the Requests, proof of their delivery, and any subsequent responses, objections, productions, privilege logs, and related correspondence in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable order governing discovery.

Should a particular Request, response, objection, or production subsequently become material to a discovery dispute requiring judicial intervention, Plaintiff reserves the right to submit the pertinent discovery materials in accordance with the applicable Rules and orders of this Court.

## V. NO AFFIRMATIVE RELIEF REQUESTED

This Notice does **not** request that the Court presently adjudicate the propriety, scope, relevance, proportionality, discoverability, privilege status, or sufficiency of any particular discovery request.

Nor does Plaintiff seek through this Notice to accelerate any response deadline beyond the time prescribed by the Federal Rules of Civil Procedure.

Rather, this Notice is submitted for the limited administrative and procedural purpose of establishing a clear docket record that Plaintiff has invoked the early-delivery mechanism authorized by **Fed. R. Civ. P. 26(d)(2)** and has provided Defendants with advance notice of significant discovery subjects before the parties' Rule 26(f) conference.

## VI. CONCLUSION

Plaintiff therefore respectfully gives Notice that the foregoing Rule 34 Requests have been delivered to counsel for the respective Defendants in advance of the parties' Rule 26(f) conference pursuant to **Fed. R. Civ. P. 26(d)(2)(A)** and, pursuant to **Rule 26(d)(2)(B)**, shall be considered served at the parties' first Rule 26(f) conference.

Plaintiff submits that this advance delivery will assist the parties in conducting a comprehensive Rule 26(f) conference, addressing preservation and ESI issues intelligently and efficiently, defining the scope and sequencing of discovery, minimizing avoidable disputes, and progressing this action through discovery in an orderly and expeditious manner consistent with **Fed. R. Civ. P. 1**.

Respectfully submitted,

***/s/***

**MICHAEL ERIC NELSON**
Plaintiff, *Pro Se*
33 Hartford Avenue

South Kingstown, Rhode Island 02879
Telephone: 702-932-3434 nelsontelco at gmail.com

Dated: **August 20, 2026**

---

# CERTIFICATE OF SERVICE

I hereby certify that on **August 20, 2026**, I served a true and correct copy of the foregoing **Plaintiff's Notice of Delivery of Early Rule 34 Requests for Production Pursuant to Fed. R. Civ. P. 26(d)(2) in Advance of the Parties' Rule 26(f) Conference** upon all counsel of record by the method authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's electronic filing procedures, as applicable.

I further certify that Plaintiff separately delivered to counsel for the respective Defendants:

1. **Plaintiff's Comprehensive Early Requests for Production of Documents and Electronically Stored Information Directed to Defendant Adam J. Sholes**; and
2. **Plaintiff's Supplemental Requests for Production of Documents and Electronically Stored Information Directed to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court, Adam J. Sholes, and APRA-1280**,

pursuant to **Fed. R. Civ. P. 26(d)(2)(A)**, with such Requests to be considered served at the parties' first Rule 26(f) conference pursuant to **Fed. R. Civ. P. 26(d)(2)(B)**.

**/s/ Michael E. Nelson**
**Michael E. Nelson**
Plaintiff, *Pro Se*

**/s/**

**MICHAEL ERIC NELSON**
Plaintiff, *Pro Se*
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-932-3434 nelsontelco at gmail.com

Dated: **August 20, 2026**