**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL E. NELSON,**
Plaintiff,

v. No. 1:26-cv-00352-MRD-AEM

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO; ANDREW M. TEITZ;**
**SCOTT A. RITCH; ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LIMITED SURREPLY [dkt #32] AND RESPONSE IN OPPOSITION TO DEFENDANTS' AUGUST 17, 2026 OBJECTION [dkt # 33]

Plaintiff Michael Eric Nelson, proceeding pro se, respectfully submits this Reply in support of his Motion for Leave to File Limited Surreply and in response to Defendants' August 17, 2026 Objection.

Defendants' Objection does not rebut the basis for Plaintiff's Motion.

**Instead, it confirms it.**

Plaintiff does **not** contend that a reply memorandum may merely repeat an opening memorandum, nor does Plaintiff contend that Defendants were prohibited from responding to matters presented in Plaintiff's Opposition. The issue is materially narrower: **whether Defendants, while responding to the Opposition, were permitted to transform a seven-page opening memorandum presenting three**

**generalized grounds for dismissal into a sixteen-page Reply presenting multiple additional, claim-specific and independently dispositive grounds that were never developed in the opening motion.**

Local Rule Cv 7(a)(4) answers that question. Defendants quote the Rule in full, but their Objection effectively reads half of its operative language out of existence.

The Rule provides:

> "A reply shall not present matters that do not relate to the response, **or reargue or expand upon the arguments made in support of the motion.**"

DRI LR Cv 7(a)(4) (emphasis added).

Defendants focus exclusively upon the first limitation—whether their Reply "relate[s] to the response"—while ignoring the second: a reply may not "reargue **or expand upon** the arguments made in support of the motion." These are separate restrictions. Compliance with the first does not nullify the second.

The documentary record demonstrates precisely the expansion prohibited by the Rule.

## I. DEFENDANTS QUOTE THE ENTIRE RULE BUT APPLY ONLY HALF OF IT

Defendants' Objection states that because their Reply "responded squarely to the arguments raised by Plaintiff," the Reply necessarily complies with Local Rule 7(a)(4). Defs.' Obj. 1–2.

**That does not follow.**

A reply may plainly **relate to an opposition** and nevertheless **expand materially upon the grounds presented in the opening motion**. If the mere fact that an argument responds to something contained in an opposition were sufficient, the express prohibition against “expand[ing] upon the arguments made in support of the motion” would have virtually no independent operation.

Under Defendants’ construction (strawman strategy), a movant could seek dismissal on a generalized theory, await the nonmovant’s identification of the claim-specific defects in that theory, and then use the reply to supply; as here for the first time, additional element-by-element grounds for dismissal. The nonmovant would have no ordinary opportunity to answer those grounds. That is precisely the briefing asymmetry that the anti-expansion language prevents.

Defendants’ further contention that Plaintiff’s position somehow conflicts with the Rule because a reply should not “rehash” the opening memorandum presents a false choice. A reply need not mechanically repeat an opening brief. It may rebut the opposition, distinguish the authorities cited there, explain why the opposition does not overcome the grounds actually presented, and otherwise respond within the scope of the motion. What it may not do is use the reply as a substitute opening memorandum for additional grounds that were available but undeveloped when dismissal was originally sought.

That distinction gives effect to **all** of Rule 7(a)(4), not merely the portion Defendants choose to emphasize.

It is reinforced by DRI LR Cv 7(a)(2)(A), which requires that the motion state with particularity “the grounds for seeking an order, the relief sought, and the legal argument

necessary to support it." Federal Rule of Civil Procedure 7(b)(1)(B) similarly requires a motion to "state with particularity the grounds for seeking the order."

Those requirements would have little practical significance if materially different grounds could simply be supplied after the opposing party had responded.

## II. A DIRECT COMPARISON OF THE OPENING MEMORANDUM AND REPLY REFUTES DEFENDANTS' ASSERTION THAT NOTHING WAS EXPANDED

Defendants' original Memorandum in Support of Motion to Dismiss was seven pages. Its substantive argument occupied three sections.

**First,** Defendants asserted that there is no generalized federal constitutional right to obtain government information and relied principally upon *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978), *In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003), and Rhode Island APRA authority. Defs.' Mem. 2–3.

**Second,** Defendants argued that R.I. Gen. Laws § 38-2-7 does not expressly require an APRA response to identify or contain the signature of the governmental employee or agent who prepared it. Id. at 4.

**Third,** Defendants argued that because APRA supposedly permitted unidentified official legal determination government responses, the Town's attorneys could not have violated the Rhode Island Rules of Professional Conduct by participating in them. Id. at 5.

That was the developed case for dismissal.

The opening memorandum did **not** separately analyze the constituent elements of First Amendment retaliation; did not argue that Plaintiff failed the objective adverse-action standard; did not contend that Plaintiff's continued persistence defeated adverse action; did not develop retaliatory causation; did not offer "volume, complexity, or subject matter" as competing factual explanations for Defendants' conduct; did not analyze the unconstitutional-conditions doctrine; did not separately analyze the Petition Clause; did not contend that Plaintiff was improperly attempting to imply a private cause of action from APRA's training requirements; did not analyze Monell causation; did not challenge Count VIII for inadequate class-of-one comparators; did not analyze whether Rhode Island supplied constitutionally adequate process; did not apply the "shocks the conscience" standard to Count IX; and did not contend that Count V sought an impermissible advisory opinion or unauthorized private declaratory action concerning professional conduct.

<u>The August 12 Reply did all of those things.</u>

## A. First Amendment retaliation became a new element-by-element dismissal argument.

For the first time, the Reply separately invokes the three elements of First Amendment retaliation and contends that Plaintiff failed adequately to plead constitutionally protected conduct, adverse governmental action, and causation. Defs.' Reply 2–7.

The Reply introduces *Falmouth School Department v. Doe*, 44 F.4th 23 (1st Cir. 2022), *Allen v. Lang*, 738 F. App'x 934 (10th Cir. 2018), *Zesiger v. Board of County*

*Commissioners*, 2026 WL 1784816 (D. Kan. June 22, 2026), *Rodriguez v. Serna*, 2019 WL 2340958 (D.N.M. June 3, 2019), *Werner v. Therien*, 2005 WL 1000010 (D. Mass. Mar. 31, 2005), *Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011), *Shero v. City of Grove*, 510 F.3d 1196 (10th Cir. 2007), and *Eggenberger v. West Albany Township*, 90 F. Supp. 3d 860 (D. Minn. 2015), among other authorities, to develop those independent element-specific arguments.

The opening memorandum did not.

Most strikingly, the Reply argues that Plaintiff's continued filing of APRA requests affirmatively undermines the adverse-action element because Plaintiff personally was not immediately deterred. Defs.' Reply 5 n.2. That proposition appears nowhere in the opening memorandum.

The Reply further adds a causation defense based upon supposed "legitimate administrative considerations such as volume, complexity, or subject matter of his requests." Id. at 7. Those proposed factual explanations likewise appear nowhere in the opening memorandum.

These are not merely additional citations for the proposition that there is no generalized constitutional right to government information. They are different Rule 12(b)(6) arguments directed to different elements of the retaliation cause of action.

**B. The Reply newly develops the unconstitutional-conditions doctrine.**

The opening memorandum did not analyze the unconstitutional-conditions doctrine.

The Reply devotes substantial analysis to *Nieves v. Bartlett*, *Hartman v. Moore*, and *Perry v. Sindermann*, arguing both that the doctrine does not apply and that Plaintiff failed to plead the required causal connection and governmental benefit. Defs.' Reply 5–7.

Whether that argument was prompted by Plaintiff's Opposition does not alter the Rule 7(a)(4) question. The relevant point is that Defendants now seek dismissal upon an independently developed doctrinal ground that formed no part of the legal argument contained in their opening memorandum. The Plaintiff should have the right to respond.

**C. The Petition Clause became a separate dismissal ground only in Reply.**

The original memorandum disposed of the Petition Clause together with numerous other constitutional claims through the generalized *Houchins/Boston Herald* theory.

The Reply, by contrast, creates an independent section captioned "Right to Petition," invokes *Vincent v. Dolan* and *Borough of Duryea v. Guarnieri*, analyzes APRA's appellate procedure, and argues that unidentified APRA responses do not prevent Plaintiff from petitioning for redress. Defs.' Reply 7–8.

Again, that is not repetition of the opening argument. It is a new claim-specific route to dismissal.

**D. The Reply newly recasts APRA's training and authorization provisions as an implied-private-right claim.**

Plaintiff's Opposition expressly stated that §§ 38-2-3(d), 38-2-3.16, 38-2-8(a), and the implementing regulations were relevant to governmental authority, delegation, training, decisional hierarchy, municipal practice, and state action—not that those provisions independently created a federal cause of action.

The Reply nevertheless develops a new argument that statutes and regulations governing those matters do not create an implied private cause of action, citing *Reyes-Garay v. Integrand Assurance Co.*, *Stebbins v. Wells*, and *Roy v. City of Augusta*. Defs.' Reply 8–9.

No implied-private-right analysis appears in the opening memorandum.

**E. The Reply newly provides a Monell analysis.**

The opening memorandum did not analyze the elements of municipal liability under *Monell*.

The Reply does. It argues that Count III is derivative, invokes *Burns v. City of Worcester*, and separately argues that the alleged municipal practice is lawful under state law and therefore insufficient to establish municipal liability, relying upon *Surplus Store & Exchange, Inc. v. City of Delphi*. Defs.' Reply 9–10.

That is a distinct claim-specific ground for dismissal that was not developed in the original motion.

**F. The Reply newly attacks comparator pleading under the Equal Protection Clause.**

The original memorandum did not analyze a class-of-one claim, comparator similarity, or the sufficiency of Plaintiff's comparator allegations.

The Reply devotes approximately two pages to those matters, invokes the *Twombly/Iqbal* pleading framework and multiple authorities, and argues that Plaintiff's allegations concerning similarly situated persons are too conclusory to sustain Count VIII. Defs.' Reply 10–12.

Indeed, the Reply goes so far as to state that Plaintiff's allegations are "insufficient to overcome summary judgment," id. at 10–11, notwithstanding that no Rule 56 motion is before the Court.

Whatever the ultimate merits of the comparator issue, it is indisputably an analysis that was absent from the opening memorandum.

**G. Procedural and substantive Due Process likewise receive new, independent analyses.**

The original memorandum placed the Due Process claims into the same generalized proposition that no constitutional right to government information exists.

The Reply **newly** argues that Plaintiff failed to identify a protected life, liberty, or property interest; that Rhode Island's APRA review procedures provide constitutionally

adequate process; and that the alleged conduct cannot satisfy the substantive-due-process “shocks the conscience” standard. Defs.’ Reply 12–14.

Those are distinct constitutional tests. They are not equivalent to the opening contention that no generalized right to government information exists.

**H. Even the professional-conduct ground materially changes.**

The opening memorandum’s professional-conduct argument was simple: because APRA supposedly permits anonymous responses, counsel’s participation in them necessarily complied with the Rules of Professional Conduct. Defs.’ Mem. 5.

The Reply adds a materially different ground: that Plaintiff allegedly seeks an impermissible advisory opinion and that there is no private right of action for declaratory relief concerning professional misconduct, relying upon *Belanger v. Kazarosian*. Defs.’ Reply 14–15.

Whether Count V ultimately survives is not the present issue. The present issue is that this additional ground for dismissal was first developed in the Reply.

**III. DEFENDANTS’ AUGUST 17 OBJECTION DOES NOT ANSWER A SINGLE ONE OF THESE COMPARISONS**

Plaintiff’s Motion for Leave did not merely announce in conclusory fashion that Defendants had “expanded” their position.

It specifically identified the newly developed issues, the doctrines involved, and the substantial body of authority introduced for the first time in the Reply.

Defendants’ August 17 Objection does not address those examples individually.

It does not identify where the opening memorandum analyzed the objective adverse-action standard.

It does not identify where the opening memorandum argued that Plaintiff’s persistence defeated adverse action.

It does not identify where the opening memorandum asserted “volume, complexity, or subject matter” as a causation defense.

It does not identify where the opening memorandum analyzed the unconstitutional-conditions doctrine.

It does not identify where the opening memorandum challenged class-of-one comparator specificity.

It does not identify where the opening memorandum argued that APRA's appellate structure supplied a constitutionally adequate process.

It does not identify where the opening memorandum applied the substantive-due-process conscience-shocking standard.

It does not identify where the opening memorandum argued that APRA’s training provisions could not create an implied private cause of action.

And it does not identify where the opening memorandum asserted that Count V sought an impermissible advisory opinion or unauthorized private declaratory action.

Defendants instead offer the categorical conclusion that they "responded squarely" to Plaintiff's Opposition and therefore complied with the Rule.

That conclusion avoids the very comparison Local Rule 7(a)(4) requires.

The issue is not whether the new arguments bear some relationship to Plaintiff's Opposition. Of course they do. The issue is whether they **materially expanded the grounds and legal arguments contained in Defendants' original motion while seeking dismissal upon those additional grounds**.

The filings themselves answer that question.

**IV. THE FIRST CIRCUIT'S TREATMENT OF REPLY-ONLY ARGUMENTS REINFORCES THE NEED FOR AN OPPORTUNITY TO RESPOND**

The First Circuit has repeatedly cautioned against adjudication based upon arguments first developed in reply. See *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 788 F.3d 25, 29 (1st Cir. 2015); see also *United States v. Casillas-Montero*, 152 F.4th 306, 320 n.8 (1st Cir. 2025).

Most recently, in *American Federation of Government Employees Local 2305 v. United States Department of Veterans Affairs*, No. 26-1321 (1st Cir. May 16, 2026), the First Circuit again stated that it does not consider arguments raised for the first time in a reply brief, citing *Casillas-Montero*.

Those appellate decisions do not themselves establish the standard governing leave under DRI LR Cv 7(a)(5), but they reflect the same basic adversarial principle embodied

expressly in this Court's Local Rule: a party should not obtain dispositive relief based upon a materially developed argument first presented after the opposing party's principal opportunity to respond has passed.

The First Circuit has likewise recognized district courts' discretion over surreply briefing and the connection between newly raised reply arguments and the need for an opportunity to respond. See *Holsum de Puerto Rico, Inc. v. ITW Food Equipment Group LLC*, 63 F.4th 1 (1st Cir. 2024).

## V. THE PROPOSED SURREPLY IS NOT AN ATTEMPT TO OBTAIN "THE LAST WORD"

Defendants' characterization of Plaintiff's Motion as an attempt merely to obtain "the last word" is unsupported by the record.

Plaintiff did not file a surreply as of right. He followed DRI LR Cv 7(a)(5), sought prior leave, submitted the proposed filing so that the Court could evaluate its scope in advance, expressly limited it to matters developed or expanded in the Reply, and requested no separate evidentiary hearing or additional discovery.

The proposed Surreply responds directly to the Reply's **newly** developed protected-conduct authorities, adverse-action analysis, persistence argument, causation analysis, administrative explanations, Petition Clause analysis, implied-private-right argument, Monell analysis, comparator challenge, Due Process arguments, and revised professional-conduct theory.

It introduces no new evidence outside the Rule 12(b)(6) record and does not purport to amend the FAC through briefing.

That is not an attempt to obtain an unrestricted additional round of briefing. It is an attempt to ensure that, if the Court considers Defendants' expanded grounds, those grounds are subjected to adversarial presentation before they are used to dismiss constitutional claims.

If the Court concludes that the proposed Surreply is broader in length than necessary, Plaintiff respectfully requests, in the alternative, permission to file a shortened surreply restricted to the specific expanded matters identified above rather than denial of any opportunity to respond.

## VI. DEFENDANTS CANNOT HAVE BOTH THE EXPANDED REPLY AND THE DENIAL OF ANY RESPONSE TO IT

The procedural alternatives are straightforward.

If Defendants' Reply truly does no more than defend the grounds developed in their opening memorandum, the Court may adjudicate the Motion upon those original grounds.

If, however, the Court intends to consider the independent claim-specific grounds developed in the Reply protected conduct, adverse action, causation, comparator specificity, adequate process, conscience-shocking conduct, Monell sufficiency, implied private rights, or the newly asserted professional-conduct grounds—fundamental

fairness and orderly motion practice favor permitting Plaintiff a confined opportunity to address them.

What should not occur is the asymmetrical result Defendants request: permitting Defendants to obtain dismissal upon independently dispositive theories developed only after Plaintiff filed his Opposition while simultaneously denying Plaintiff any opportunity to answer those theories.

DRI LR Cv 7(a)(4) expressly forecloses expansion in reply. DRI LR Cv 7(a)(5) supplies the procedural mechanism by which the Court may permit a controlled surreply. The two provisions operate coherently together.

**VII. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**A. DENY Defendants' August 17, 2026 Objection;**

**B. GRANT Plaintiff's Motion for Leave to File Limited Surreply pursuant to DRI LR Cv 7(a)(5);**

**C. DIRECT that Plaintiff's previously submitted Limited Surreply be deemed filed, or permit Plaintiff promptly to file it as a separate docket entry;**

**D. ALTERNATIVELY, should the Court determine that the proposed Surreply should be further narrowed, GRANT Plaintiff leave to file a shortened surreply confined specifically to the claim-specific grounds materially developed for the first time in Defendants' August 12 Reply;**

**E. IN THE FURTHER ALTERNATIVE, if the Court denies leave to file any surreply, DECLINE TO CONSIDER any ground for dismissal materially developed or first presented in Defendants' Reply contrary to DRI LR Cv 7(a)(4); and**

**F. GRANT such other and further relief as the Court deems just and appropriate.**

Respectfully submitted,

**/s/ MICHAEL ERIC NELSON**
Plaintiff, Pro Se

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434
nelsontelco@gmail.com

Dated: August 21, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on **21 August 2026**, I served a true and correct copy of the foregoing **Plaintiff's Reply in Support of Motion for Leave to File Limited Surreply and Response to Defendants' August 17, 2026 Objection** upon all counsel of record by the method required by the Federal Rules of Civil Procedure and the Local Rules of this Court, including serving to the Clerk of the Court for entry on ECF to the case docket.

/s/ Michael Eric Nelson
**Michael Eric Nelson**

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel.: 702-932-3434
nelsontelco@gmail.com