# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. Civil Action No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S NOTICE OF DELIVERY OF EARLY RULE 34 REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DIRECTED TO DEFENDANT ANDREW MARK TEITZ PURSUANT TO FED. R. CIV. P. 26(d)(2) AND 34 IN ADVANCE OF THE PARTIES' FIRST RULE 26(f) CONFERENCE

Plaintiff **Michael E. Nelson**, proceeding *pro se*, respectfully submits this Notice for the limited purpose of memorializing upon the docket the advance delivery to counsel for Defendant **Andrew Mark Teitz, captioned herein as Andrew M. Teitz ("Teitz")**, of Plaintiff's Comprehensive Early Requests for Production of Documents and Electronically Stored Information pursuant to **Federal Rules of Civil Procedure 26(d)(2) and 34**.

Plaintiff submits this Notice solely to establish an accurate and unambiguous procedural record concerning the fact and legal effect of that advance delivery.

Plaintiff does **not** seek through this Notice an order compelling production, an adjudication concerning the discoverability of any particular category of information, acceleration of Defendant Teitz's Rule 34 response deadline, or any determination concerning the merits of an anticipated discovery objection.

Rather, the underlying Requests have been **delivered in advance of the parties' first Rule 26(f) conference pursuant to the procedure expressly authorized by Rule 26(d)(2)(A)** and, pursuant to Rule 26(d)(2)(B), shall be **considered served at the parties' first Rule 26(f) conference**.

In support of this Notice, Plaintiff states as follows:

## I. ADVANCE DELIVERY OF RULE 34 REQUESTS TO DEFENDANT ANDREW MARK TEITZ

On **August 20, 2026**, Plaintiff delivered to counsel for Defendant Teitz the following discovery instrument:

**PLAINTIFF'S COMPREHENSIVE EARLY REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION DIRECTED TO DEFENDANT ANDREW MARK TEITZ PURSUANT TO FED. R. CIV. P. 26(d)(2) AND 34.**

The Requests were accompanied by correspondence expressly explaining the procedural basis for their advance delivery and specifically advising counsel that Plaintiff does **not** contend that their early delivery constitutes immediate service for purposes of commencing the Rule 34 response period.

The Requests concern documents and electronically stored information bearing upon the factual allegations, transactions, governmental processes, communications, legal-services activities, administrative conduct, and post-filing occurrences identified in Plaintiff's First Amended Complaint and Supplemental Complaint.

Among other matters, the Requests seek nonprivileged information concerning:

a. Defendant Teitz's relationship with Defendant Ursillo, Teitz & Ritch, Ltd. ("UTR") and his representation of the Town of South Kingstown;

b. Defendant Teitz's knowledge of, involvement in, or nonparticipation concerning Plaintiff's APRA requests;

c. communications between Teitz, UTR, Town officials, Defendant Adam Jacob Sholes, and other persons concerning Plaintiff;

d. the March 23, 2026 correspondence concerning APRA-1257;

e. the April 6, 2026 APRA-1280 correspondence bearing Town of South Kingstown and South Kingstown Municipal Court identification;

f. the April 7, 2026 UTR correspondence concerning multiple APRA requests and the associated prepayment and estimated-hours calculations;

g. the factual methodology underlying APRA fee estimates, aggregation, prepayment, and claimed tolling practices;

h. communications concerning unsigned or unattributed governmental and law-firm determinations;

i. the distinction between outside counsel providing legal advice and outside counsel participating in or exercising governmental decision-making authority;

j. Plaintiff's complaints, criticisms, petitioning activity, administrative challenges, and commencement of this federal litigation;

k. post-filing APRA communications;

l. the subsequent treatment of APRA-1280, including document activity occurring on or about July 21, 2026;

m. preservation of potentially relevant documents and electronically stored information;

n. comparator information within Defendant Teitz's possession, custody, or control;

o. Teitz-specific billing records sufficient to establish his participation in subject matters placed in controversy;

p. documents identifying presently unnamed participants or Doe Defendants; and

q. nonprivileged documents supporting Defendant Teitz's own anticipated factual explanations, denials, defenses, or contentions concerning the allegations against him.

## II. THE REQUESTS WERE DELIVERED PURSUANT TO THE EXPRESS EARLY-DELIVERY PROCEDURE OF RULE 26(d)(2)

Plaintiff respectfully notes that **Fed. R. Civ. P. 26(d)(1)** establishes the general rule concerning the sequencing of formal discovery before the Rule 26(f) conference.

Rule 26(d)(2), however, creates a specific procedural mechanism for **"Early Rule 34 Requests."**

Rule 26(d)(2)(A) authorizes delivery of a Rule 34 request to a party more than twenty-one days after service of the summons and complaint upon that party.

The Federal Rules therefore expressly distinguish between the **physical or electronic delivery** of qualifying Rule 34 requests before the Rule 26(f) conference and their subsequent **constructive service** at that conference.

Plaintiff has invoked that procedure here.

The advance delivery of the Teitz Requests is consequently neither accidental nor an attempt to circumvent the discovery sequencing provisions of Rule 26. It is an authorized procedural mechanism intended to permit advance consideration of anticipated document discovery.

## III. ADVANCE DELIVERY DOES NOT CONSTITUTE PRESENT SERVICE AND DOES NOT COMMENCE DEFENDANT'S RESPONSE DEADLINE

Plaintiff emphasizes this distinction because the purpose of the present Notice is to create a procedurally accurate docket record rather than generate an artificial discovery controversy.

Rule 26(d)(2)(B) provides that a qualifying early-delivered Rule 34 request is **considered served at the parties' first Rule 26(f) conference**.

Accordingly, Plaintiff expressly disclaims any contention that the advance delivery of these Requests on August 20, 2026 independently commenced Defendant Teitz's Rule 34 response period.

The operative chronology is instead as follows:

1. Plaintiff has **delivered** the Requests in advance pursuant to Rule 26(d)(2)(A);
2. the Requests have thereby been provided to Defendant Teitz for advance review and consideration;
3. the Requests are **not considered served merely by reason of that advance delivery**;
4. pursuant to Rule 26(d)(2)(B), the Requests shall be considered served at the parties' **first Rule 26(f) conference**; and
5. pursuant to Rule 34(b)(2)(A), Defendant's applicable response period shall then be calculated from that conference, absent a stipulation of the parties or contrary order of the Court.

Thus, Plaintiff is not presently asserting that objections are due, production is overdue, any objection has been waived, or that grounds presently exist for a Rule 37 motion to compel.

## IV. THE PURPOSE OF ADVANCE DELIVERY IS TO FACILITATE THE PARTIES' RULE 26(f) CONFERENCE

The procedural distinction described above is important because the early-delivery mechanism serves a substantive case-management purpose.

The Rule 26(f) conference requires considerably more than a perfunctory acknowledgment that discovery will eventually occur.

The parties must address, among other matters, the anticipated subjects of discovery, preservation of discoverable information, electronically stored information, proposed forms of production, privilege and work-product issues, discovery sequencing, limitations, and preparation of an appropriate discovery plan.

Advance delivery of the Teitz Requests allows counsel to evaluate actual discovery categories before the conference rather than attempting to discuss discovery management in an evidentiary vacuum.

The Requests identify, among other things, potentially relevant custodians and repositories involving:

- UTR email systems;
- Town communications;
- communications with Defendant Sholes;
- document-management systems;
- Microsoft Office source documents;
- spreadsheets underlying fee calculations;
- billing systems;
- document metadata;
- electronic communications;
- APRA-related records;
- potentially relevant native files;

- document revision histories;
- electronic preservation requirements; and
- records potentially overlapping among individual and institutional Defendants.

Advance identification of those subjects should permit the parties to discuss intelligently whether production may be sequenced, whether duplication can be reduced, which custodians require preservation, what ESI formats are appropriate, and what privilege protocol will minimize unnecessary disputes.

## V. THE EARLY REQUESTS DO NOT "ACTIVATE" GENERAL DISCOVERY BEFORE THE RULE 26(f) CONFERENCE

For the avoidance of any conceivable procedural ambiguity, Plaintiff further confirms that advance delivery of the Teitz Requests does **not** constitute an assertion that general discovery has otherwise commenced.

Plaintiff does not contend that Rule 26(d)(2):

a. authorizes immediate compulsory production merely because an early Rule 34 request has been delivered;

b. accelerates the response period prescribed by Rule 34(b)(2)(A);

c. authorizes premature enforcement proceedings;

d. independently authorizes depositions, interrogatories, or other discovery otherwise governed by Rule 26(d);

e. modifies the permissible scope of discovery under Rule 26(b)(1);

f. alters any applicable scheduling provision;

g. supersedes an order of this Court; or

h. eliminates the parties' obligation to participate meaningfully in their first Rule 26(f) conference.

Instead, Plaintiff has utilized Rule 26(d)(2) precisely as contemplated by its text: to place a Rule 34 request before the responding party sufficiently in advance that it may be reviewed and intelligently discussed when the parties confer.

## VI. THE UNDERLYING REQUESTS ARE NOT BEING FILED WITH THIS NOTICE

Plaintiff further advises the Court that the substantive Rule 34 Requests themselves are **not being filed as an attachment to this Notice**.

The Requests were delivered directly to counsel.

Plaintiff understands that discovery requests and responses ordinarily are not filed with the Court except when they become relevant to a discovery motion or the Court otherwise directs their filing.

Accordingly, Plaintiff submits only this Notice to establish the procedural fact that qualifying early Rule 34 Requests were delivered to Defendant Teitz.

Should any particular Request, response, objection, privilege assertion, or production subsequently become relevant to a properly presented discovery dispute, Plaintiff

reserves the right to submit the pertinent portions at that time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable Court order.

## VII. NO PRESENT ADJUDICATION OF THE MERITS OR SCOPE OF THE REQUESTS IS SOUGHT

Plaintiff does not ask the Court through this Notice to determine whether any particular Request is relevant, proportional, overbroad, unduly burdensome, privileged, protected, duplicative, or otherwise discoverable.

Those questions, should they genuinely arise, are appropriately addressed in the first instance through the mechanisms contemplated by Rules 26, 34, and 37, including reasonable conferral between the parties.

Likewise, Plaintiff does not ask the Court presently to approve or "pre-clear" the substantive Requests.

The Notice is procedural rather than adjudicative.

Its limited purposes are to:

1. establish that advance delivery occurred;
2. identify the discovery instrument delivered;
3. establish that Plaintiff is proceeding under Rule 26(d)(2);
4. clarify that Plaintiff does not treat advance delivery as immediate operative service;

5. clarify that the Rule 34 response period has not been accelerated;
6. preserve an accurate chronology of discovery administration; and
7. facilitate the parties' forthcoming Rule 26(f) conference.

**VIII. PRESERVATION REMAINS A DISTINCT CONSIDERATION**

Although Plaintiff does not presently seek compulsory production, the advance Requests identify categories of potentially discoverable information that may require appropriate preservation.

That distinction is particularly important where electronically stored information may be subject to routine deletion, overwriting, modification, account migration, metadata alteration, document-version replacement, or other technological processes.

Nothing in Plaintiff's recognition that Defendant's production deadline has not commenced should therefore be interpreted as consent to the destruction of otherwise discoverable information after a preservation obligation has arisen.

Plaintiff anticipates that preservation—including reasonable preservation of relevant email, source documents, billing information, native files, metadata, and other ESI—will be one of the subjects addressed at the parties' Rule 26(f) conference.

**IX. THE ADVANCE DELIVERY IS INTENDED TO REDUCE RATHER THAN GENERATE DISCOVERY MOTION PRACTICE**

Plaintiff respectfully submits that the advance-delivery procedure should promote efficient case administration.

By permitting Defendant Teitz and his counsel to review the Requests before the Rule 26(f) conference, the parties may identify:

- requests susceptible to reasonable clarification;
- potentially duplicative institutional and individual custodians;
- ESI sources requiring preservation;
- native-format production issues;
- appropriate privilege-log procedures;
- reasonable sequencing;
- proportionality questions;
- whether search methodology can be agreed upon;
- whether particular categories can be produced through a common repository; and
- other matters capable of resolution without judicial involvement.

The result should be a more focused Rule 26(f) conference and a reduced likelihood of avoidable discovery disputes.

**X. PROCEDURAL CONFIRMATION**

Plaintiff therefore respectfully provides formal Notice that:

**A.** Plaintiff delivered his Comprehensive Early Rule 34 Requests for Production of Documents and Electronically Stored Information to Defendant Andrew Mark Teitz on **August 20, 2026**;

**B.** the Requests were delivered pursuant to **Fed. R. Civ. P. 26(d)(2)(A)**;

**C.** Plaintiff does not contend that advance delivery constitutes present operative service;

**D.** pursuant to **Fed. R. Civ. P. 26(d)(2)(B)**, the Requests shall be considered served at the parties' first Rule 26(f) conference;

**E.** Defendant Teitz's Rule 34 response period shall thereafter be determined pursuant to **Fed. R. Civ. P. 34(b)(2)(A)**, absent stipulation or Court order;

**F.** Plaintiff presently seeks no order compelling production;

**G.** Plaintiff presently seeks no judicial determination concerning individual objections or the substantive scope of the Requests;

**H.** the underlying discovery Requests themselves have not been filed with this Notice; and

**I.** the advance delivery is intended to facilitate a substantive, informed, efficient, and productive Rule 26(f) conference.

**XI. CONCLUSION**

WHEREFORE, Plaintiff **Michael E. Nelson** respectfully submits this Notice to memorialize and confirm upon the docket that Plaintiff has delivered to Defendant **Andrew Mark Teitz** comprehensive early Rule 34 Requests for Production of Documents and Electronically Stored Information pursuant to **Fed. R. Civ. P. 26(d)(2)** in advance of the parties' first Rule 26(f) conference.

Plaintiff respectfully submits that the procedure employed preserves the distinction carefully drawn by the Federal Rules between **advance delivery** and **operative service**, provides Defendant with meaningful advance notice of anticipated documentary discovery, facilitates informed discussion of preservation and ESI matters, and promotes the orderly administration of discovery consistent with **Fed. R. Civ. P. 1**.

**No substantive relief from the Court is presently requested.**

Respectfully submitted,

**MICHAEL E. NELSON**
Plaintiff, Pro Se
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-932-3434  nelsontelco at gmail.com

Dated: **August 21, 2026**

---

# CERTIFICATE OF SERVICE

I hereby certify that on **August 21, 2026**, I served a true and correct copy of the foregoing **Plaintiff's Notice of Delivery and Confirmation of Early Rule 34 Requests for Production of Documents and Electronically Stored Information Directed to Defendant Andrew Mark Teitz Pursuant to Fed. R. Civ. P. 26(d)(2) and 34 in Advance of the Parties' First Rule 26(f) Conference** upon all counsel of record by the method authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's electronic filing procedures, as applicable.

I further certify that Plaintiff separately delivered to counsel for Defendant Andrew Mark Teitz the underlying:

**Plaintiff's Comprehensive Early Requests for Production of Documents and Electronically Stored Information Directed to Defendant Andrew Mark Teitz Pursuant to Fed. R. Civ. P. 26(d)(2) and 34.**

The underlying Requests themselves are not attached to or filed with this Notice.

Plaintiff further confirms that the Requests were delivered pursuant to Rule 26(d)(2)(A) and shall be considered served at the parties' first Rule 26(f) conference pursuant to Rule 26(d)(2)(B).

***/s/***

**MICHAEL E. NELSON**
Plaintiff, Pro Se
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-932-3434 nelsontelco at gmail.com

Dated: **August 21, 2026**