# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. Civil Action No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S NOTICE OF DELIVERY OF EARLY RULE 34 REQUESTS FOR PRODUCTION TO DEFENDANT TOWN OF SOUTH KINGSTOWN CONCERNING THE SOUTH KINGSTOWN MUNICIPAL COURT PURSUANT TO FED. R. CIV. P. 26(d)(2)

Plaintiff **Michael E. Nelson**, appearing pro se, respectfully files this Notice for the limited purpose of advising the Court and preserving an accurate procedural record that, on **August 20, 2026**, Plaintiff delivered to counsel for Defendant **Town of South Kingstown**, pursuant to **Fed. R. Civ. P. 26(d)(2)**, Plaintiff's **First Requests for Production of Documents to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court** ("Early Rule 34 Requests").

Plaintiff files this Notice solely to memorialize the fact, date, nature, and procedural posture of the advance delivery of those discovery requests. **No discovery relief, adjudication, compulsory order, or other affirmative judicial intervention is presently requested by this Notice.**

The underlying Requests for Production themselves are **not being filed with the Court**, consistent with **D.R.I. LR Cv 34(a)**, which provides that, except in connection with motions to compel production, requests for production and the responses or objections thereto ordinarily shall not be filed with the Court.

**PROCEDURAL BASIS FOR ADVANCE DELIVERY**

Federal Rule of Civil Procedure 26(d)(1) establishes the general proposition that discovery ordinarily does not commence before the parties have conferred pursuant to Rule 26(f), subject to the exceptions expressly authorized by the Federal Rules.

Rule 26(d)(2) establishes one such express exception specifically applicable to requests for production under Rule 34.

Pursuant to Rule 26(d)(2)(A), more than twenty-one days after service of the summons and complaint upon a party, a Rule 34 request may be **delivered** to that party by another party in advance of the Rule 26(f) conference.

Rule 26(d)(2)(B), in turn, expressly establishes the operative legal consequence of such advance delivery by providing that an early-delivered Rule 34 request is **considered served at the first Rule 26(f) conference**.

Plaintiff has therefore utilized the procedural mechanism specifically contemplated by Rule 26(d)(2) to place concrete document-production issues before Defendant Town of South Kingstown sufficiently in advance of the parties' initial discovery-planning conference to permit informed discussion concerning the scope, custody, preservation, location, accessibility, form of production, and proportionality of the requested materials.

Consistent with Rule 26(d)(2)(B), Plaintiff does **not** contend that the advance delivery of the Requests on August 20, 2026 constitutes formal service for purposes of commencing Defendant's response period.

Rather, absent agreement of the parties or further Order of this Court, the Requests are deemed served upon the occurrence of the parties' **first Rule 26(f) conference**.

Correspondingly, Rule 34(b)(2)(A) provides that where a Rule 34 request has been delivered pursuant to Rule 26(d)(2), the responding party's written response is due within thirty days following the parties' first Rule 26(f) conference, subject to any shorter or longer period established by stipulation under Rule 29 or by Order of the Court.

Accordingly, this Notice is not intended to accelerate Defendant's formal response deadline beyond that established by the Federal Rules.

**SUBJECT MATTER OF THE EARLY RULE 34 REQUESTS**

The Early Rule 34 Requests are directed to **Defendant Town of South Kingstown** and seek documents and electronically stored information concerning the **South Kingstown Municipal Court**, including responsive records within the Town's possession, custody, or control.

The Requests concern, among other related subjects, the creation, drafting, editing, review, authorization, issuance, transmission, storage, preservation, and electronic provenance of the correspondence dated **April 6, 2026**, identified in Plaintiff's pleadings as the **"Exhibit B Letter,"** together with materials concerning **APRA-1280**.

The Requests further encompass, to the extent discoverable and within Defendant's possession, custody, or control, documents and electronically stored information concerning:

the authorship and preparation of the Exhibit B Letter;

drafts, revisions, redlines, tracked changes, and native electronic versions thereof;

the identity of persons who created, reviewed, edited, approved, authorized, transmitted, uploaded, or otherwise participated in the preparation or dissemination of the Exhibit B Letter;

the use of South Kingstown Municipal Court letterhead, Town of South Kingstown letterhead, or combined governmental letterhead;

the absence of a signature or identification of the author or governmental decision-maker upon the correspondence;

communications among Municipal Court personnel, Town personnel, attorneys, agents, and representatives concerning APRA-1280 or the Exhibit B Letter;

native electronic files and associated metadata;

file-creation, modification, conversion, transmission, and upload information;

OpenGov audit histories and administrative records;

document-management records;

electronic communications relating to the disputed correspondence;

Plaintiff's certified-mail correspondence and records concerning the internal governmental handling thereof;

Municipal Court policies, procedures, practices, templates, and guidance concerning signatures, attribution, authorship, outgoing correspondence, and use of governmental letterhead;

comparator correspondence issued on Municipal Court letterhead;

document-retention and electronically stored information preservation policies;

custodians and repositories reasonably likely to contain responsive information;

and records concerning preservation, deletion, alteration, replacement, modification, or loss of potentially responsive electronically stored information.

The Early Rule 34 Requests have been directed to Defendant Town of South Kingstown specifically insofar as Rule 34(a) requires production of responsive documents and electronically stored information within a responding party's **possession, custody, or control**.

Plaintiff does not, by the form or substance of this Notice, request that the Court presently adjudicate the juridical status of the South Kingstown Municipal Court, determine whether every Municipal Court record sought necessarily falls within Defendant Town of South Kingstown's possession, custody, or control, or resolve any potential question concerning whether some category of information may ultimately require compulsory process pursuant to Fed. R. Civ. P. 45.

Those questions, if actually disputed, may appropriately be addressed first by the parties through the Rule 26(f) conferral process and thereafter through such procedures as may be authorized by the Federal Rules and the Local Rules of this Court.

**PURPOSE OF ADVANCE DELIVERY**

The advance-delivery procedure serves an important case-management function because it enables the parties to address actual, concrete discovery requests during the Rule 26(f) conference rather than discussing discovery solely in generalized or hypothetical terms.

The Early Rule 34 Requests identify several matters that Plaintiff anticipates should appropriately be discussed during the Rule 26(f) process, including:

the identity of relevant custodians;

the location of responsive governmental records;

the existence of native electronic versions of the Exhibit B Letter;

the preservation of metadata and audit information;

the form or forms in which electronically stored information should be produced;

the appropriate treatment of OpenGov records and related audit information;

the identification of potentially responsive email, document-management, network, cloud-storage, and governmental information systems;

reasonable search parameters and custodial limitations;

the treatment of privileged or protected materials;

the preservation of potentially transient electronically stored information;

the potential use of rolling productions;

and any contention by Defendant Town of South Kingstown that particular Municipal Court-related documents are outside its possession, custody, or control.

These issues fall squarely within the subjects contemplated for discussion during the Rule 26(f) conference, particularly insofar as Rule 26(f) requires parties to discuss discovery needs, preservation of discoverable information, electronically stored information, the form of production, privilege issues, and the development of an appropriate discovery plan.

**PRESERVATION OF ELECTRONICALLY STORED INFORMATION**

Plaintiff further notes that the advance delivery of the Early Rule 34 Requests provides Defendant and its counsel with explicit notice of the particular

categories of documents and electronically stored information Plaintiff presently considers relevant to the claims and factual circumstances at issue.

Plaintiff has separately requested that responsive documents and ESI be preserved, including native files, metadata, revision histories, audit trails, OpenGov records, electronic communications, document-management information, transmission records, upload histories, file-replacement information, and other electronically maintained information bearing upon the creation, authorship, chronology, custody, alteration, transmission, publication, or provenance of responsive records.

This Notice does not request that the Court presently enter a preservation order or make any finding concerning compliance with preservation obligations.

Rather, Plaintiff memorializes the advance delivery of the Rule 34 Requests so that the procedural record accurately reflects the date upon which Defendant and its counsel were specifically advised of the categories of information sought and of the anticipated importance of preservation issues to the forthcoming discovery process.

**COMPLIANCE WITH D.R.I. LR CV 34(a)**

Plaintiff specifically distinguishes between the filing of this procedural **Notice** and the filing of the underlying discovery requests.

D.R.I. LR Cv 34(a) provides that, except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.

Accordingly, Plaintiff does **not** attach the Early Rule 34 Requests to this Notice and does **not** request that the Clerk docket the underlying discovery requests as discovery papers.

This Notice instead memorializes only the occurrence of their delivery to opposing counsel and identifies the procedural authority pursuant to which that delivery occurred.

The Notice is therefore intended solely to maintain an accurate chronological record of relevant procedural events in this action while respecting the Local Rule governing the non-filing of discovery materials.

**NO PRESENT MOTION OR REQUEST FOR RELIEF**

For avoidance of ambiguity, **this filing is a Notice and not a motion to compel, motion for expedited discovery, motion for preservation relief, or request that the Court determine the sufficiency, proportionality, discoverability, custody, or merits of any individual production request.**

Plaintiff presently seeks **no Order from the Court** as a consequence of this Notice.

Plaintiff respectfully anticipates that the parties will address the Early Rule 34 Requests, together with any reasonable concerns regarding their scope, custodians, repositories, electronic production specifications, preservation, privilege, and proportionality, during the forthcoming Rule 26(f) conference and through the good-faith conferral procedures contemplated by the Federal and Local Rules.

Should a concrete discovery controversy thereafter arise that cannot be resolved through appropriate conferral, Plaintiff reserves the right to invoke such procedures and seek such relief as may then be available under Rules 26, 34, 37, and 45, the Local Rules of this Court, any applicable scheduling or pretrial orders, and other governing authority.

**NOTICE**

Accordingly, Plaintiff respectfully **NOTIFIES THE COURT** that:

On **August 20, 2026**, Plaintiff delivered to counsel for Defendant Town of South Kingstown **Plaintiff's First Requests for Production of Documents to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court** pursuant to **Fed. R. Civ. P. 26(d)(2)**;

the Requests were delivered in advance of the parties' initial Rule 26(f) conference pursuant to the early-delivery procedure expressly authorized by Rule 26(d)(2);

pursuant to Rule 26(d)(2)(B), the Requests are **not deemed served until the parties' first Rule 26(f) conference**;

pursuant to Rule 34(b)(2)(A), absent stipulation or Court Order providing otherwise, Defendant's thirty-day period for serving responses and objections will therefore run following the parties' first Rule 26(f) conference;

the underlying Requests for Production are **not being filed with this Notice**, consistent with D.R.I. LR Cv 34(a);

and **no affirmative relief or judicial action is presently requested**.

Plaintiff respectfully submits this Notice so that the docket accurately reflects the advance delivery and procedural status of this discovery and so that there can be no later uncertainty regarding the date, nature, or procedural basis of Plaintiff's early Rule 34 delivery.

Respectfully submitted,

***/s/***

**MICHAEL ERIC NELSON**
Plaintiff, *Pro Se*
33 Hartford Avenue

South Kingstown, Rhode Island 02879
Telephone: 702-932-3434 nelsontelco at gmail.com

Dated: **August 21, 2026**

---

# CERTIFICATE OF SERVICE

I hereby certify that on **August 21, 2026**, a true and correct copy of the foregoing **Plaintiff's Notice of Delivery of Early Rule 34 Requests for Production to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court Pursuant to Fed. R. Civ. P. 26(d)(2)** was served upon all counsel of record by the means authorized and/or established for service in this action.

I further certify that the underlying Early Rule 34 Requests referenced herein were separately delivered to counsel for Defendant Town of South Kingstown in accordance with Fed. R. Civ. P. 26(d)(2), and are not attached to or filed as part of this Notice in accordance with D.R.I. LR Cv 34(a).

**/s/**

**MICHAEL E. NELSON**
Plaintiff, Pro Se
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702-932-3434 nelsontelco at gmail.com

Dated: **August 21, 2026**