# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

**MICHAEL NELSON,**
Plaintiff,

v. Civil Action No. **1:26-cv-00352-MRD-AEM**

**TOWN OF SOUTH KINGSTOWN;**
**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**JANE/JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S RENEWED AND SUPPLEMENTAL MOTION TO ENFORCE LR GEN 206(b)–(c), TO CORRECT AND CONFORM THE OFFICIAL DOCKET AND CM/ECF ATTORNEY-PARTY ASSOCIATIONS, TO RECOGNIZE APPEARANCES ALREADY EFFECTED BY PETER F. SKWIRZ, TO CORRECT ERRONEOUS ATTORNEY ASSOCIATIONS CONCERNING MARC DeSISTO AND SARAH D. BOUCHER, TO REQUIRE DESIGNATION OF LEAD COUNSEL, TO COMPEL FED. R. CIV. P. 7.1 COMPLIANCE, AND TO RESERVE FURTHER RELIEF

Plaintiff **Michael Eric Nelson**, appearing *pro se*, respectfully moves pursuant to Fed. R. Civ. P. 1, 5, 7.1, 11, 79, and 83; LR Gen 205, 206, 305, and 308; LR Cv 5 and 7; and this Court's inherent authority to supervise its docket and enforce its Local Rules, for an Order regularizing and conforming the attorney-of-record information presently associated with Defendants in this action.

This Motion does **not** request that the Court create a new attorney-client relationship, retroactively manufacture an appearance, adjudicate professional misconduct, or presently impose sanctions. Rather, it requests considerably narrower and more ministerial relief: recognition in the Court's official docket of appearances which, under the unambiguous language of **LR Gen 206(b), have already occurred as a matter of law** through attorney Peter F. Skwirz's repeated execution and presentation of substantive filings on behalf of Defendants.

Specifically, attorney **Peter F. Skwirz** has personally signed, joined in, presented, and/or caused to be filed consequential papers appearing at **ECF Nos. 20, 29, 31, 33, 35, and 39**, on behalf of the five represented Defendants—**Ursillo, Teitz & Ritch, Ltd.; Michael A. Ursillo; Andrew M. Teitz; Scott A. Ritch; and Adam J. Sholes**—collectively or in the combinations reflected by those filings. Yet, notwithstanding those repeated manifestations of representation, and notwithstanding Plaintiff's prior July 29, 2026 motion expressly bringing the discrepancy to the Court's attention, see ECF No. 21, the public docket and corresponding attorney-party associations have not, to Plaintiff's understanding, been conformed to identify Attorney Skwirz as counsel representing those parties.

That continuing divergence between the operative filings and the official attorney-of-record information is inconsistent with the plain command of **LR Gen 206(b)**; implicates the docketing requirement of **Fed. R. Civ. P. 79(a)(2)(C)**; creates unnecessary ambiguity concerning service, notice, attorney accountability, lead-counsel responsibility, and party representation; and is especially inappropriate where counsel has repeatedly invoked the authority of this Court through dispositive and consequential

motions while simultaneously remaining administratively unassociated with the parties for whom those filings were executed.

Plaintiff therefore respectfully requests an Order recognizing the appearances already effected by operation of LR Gen 206(b), directing the Clerk to conform the docket and CM/ECF attorney-party associations accordingly, requiring each affected Defendant to identify its designated lead counsel pursuant to LR Gen 206(c), and requiring the corporate Defendant, Ursillo, Teitz & Ritch, Ltd., to comply forthwith with Fed. R. Civ. P. 7.1 if it has not already done so.

## I. PRELIMINARY STATEMENT

This issue should be susceptible to straightforward resolution because the Local Rule governing appearances contains no ambiguity.

**LR Gen 206(b)** provides:

> "The filing of a written entry of appearance or any other document signed on behalf of a party constitutes an entry of appearance for that party."

The Rule further provides:

> "Once counsel enters an appearance for a party, counsel shall be obliged to continue representing that party unless and until allowed to withdraw in accordance with these rules."

Thus, a separately captioned "Notice of Appearance" is not the exclusive means by which counsel enters an appearance in the District of Rhode Island. The Local Rule

deliberately provides an alternative mechanism: **signing and filing any document on behalf of a party.**

Attorney Skwirz has allegedly done precisely that on repeated occasions.

Consequently, the operative question is no longer whether Attorney Skwirz *should now be required to enter an appearance*. The operative question is whether the Court's official docket should be conformed to an appearance that **LR Gen 206(b) already declares to have occurred**.

It should.

The distinction is important. Plaintiff is not asking the Court to impose a novel procedural obligation upon defense counsel. Plaintiff seeks enforcement of the Court's existing rule according to its ordinary and mandatory terms.

## II. RELEVANT PROCEDURAL HISTORY

On or about July 28, 2026, Attorney Peter F. Skwirz signed and/or participated in a substantive filing on behalf of Defendants notwithstanding the absence, as Plaintiff understood the docket, of a separately docketed appearance associating Attorney Skwirz with those Defendants.

Accordingly, on **July 29, 2026**, Plaintiff filed ECF No. 21, captioned substantially as a:

**Motion for Order Deeming Counsel's July 28, 2026 Filing as an Appearance for Each Identified Defendant, Requiring Designation of Lead Counsel Pursuant to**

**LR Gen 206(c), Requiring Compliance with the Applicable Federal Disclosure Rule, and Clarifying Counsel of Record.**

The docket established **August 12, 2026** as the response deadline.

No substantive opposition addressing the underlying attorney-of-record discrepancy was filed within that period, according to Plaintiff's review of the docket.

More importantly, the circumstances did not remain static after Plaintiff filed ECF No. 21. Attorney Skwirz thereafter continued to sign, present, join, and/or advocate substantive filings on behalf of Defendants.

The relevant filings presently include at least:

- **ECF No. 20**;
- **ECF No. 29**;
- **ECF No. 31**;
- **ECF No. 33**;
- **ECF No. 35**; and
- **ECF No. 39**.

Each Skwirz-signed filing constitutes additional objective record evidence that Attorney Skwirz is functioning as counsel for the Defendants identified in those documents.

More fundamentally, however, each such filing independently implicates LR Gen 206(b), because the Local Rule does not require a particular number, category, or procedural significance of filings. A single qualifying document is enough: the filing of **"any other**

**document signed on behalf of a party constitutes an entry of appearance for that party."**

Accordingly, the procedural record has materially developed since Plaintiff filed ECF No. 21. This Renewed and Supplemental Motion is therefore directed not merely toward the original July 28 filing, but toward a persistent and now unmistakable divergence between the attorney representations embodied in Defendants' operative filings and the attorney-party associations reflected upon the docket.

## III. LR GEN 206(b) PROVIDES THAT ATTORNEY SKWIRZ'S SIGNED FILINGS THEMSELVES CONSTITUTE ENTRIES OF APPEARANCE

The Court need not resort to inference, implied appearance jurisprudence, equitable estoppel, agency principles, or any generalized doctrine concerning participation by counsel. The Local Rule directly resolves the question.

LR Gen 206(b) establishes two alternative means of entering an appearance:

1. filing a written entry of appearance; **or**
2. filing **"any other document signed on behalf of a party."**

Attorney Skwirz's signed filings fall within the second category.

The use of the word **"any"** is expansive, and the phrase **"constitutes an entry of appearance"** is operative rather than precatory. Nothing in the Rule conditions the resulting appearance upon a separate administrative form, subsequent docket

association, approval by opposing counsel, or an additional document denominated "Notice of Appearance."

Accordingly, to the extent Attorney Skwirz signed ECF Nos. 20, 29, 31, 33, 35, and 39 for the Defendants identified therein, he entered appearances for those Defendants by operation of the Court's Local Rule no later than the first such signed filing applicable to each respective Defendant.

This conclusion is reinforced by the second sentence of LR Gen 206(b), which provides that once counsel enters an appearance, counsel remains obligated to continue representing the party unless and until withdrawal occurs in accordance with the Local Rules.

Thus, the appearance created by counsel's signed filing is not ephemeral, informal, or merely evidentiary. It carries a continuing representational obligation.

No withdrawal by Attorney Skwirz appears on the docket. No Order permitting his withdrawal appears to have been entered. Accordingly, the appearances created through his qualifying signed filings remain operative.

## IV. FED. R. CIV. P. 11(a), LR CV 5(a)(5), AND LR GEN 308 CONFIRM THE LEGAL SIGNIFICANCE OF COUNSEL'S SIGNATURE

Federal Rule of Civil Procedure 11(a) provides that:

> "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

Fed. R. Civ. P. 11(a) (emphasis added).

Rule 11 therefore does not treat an attorney's signature upon a federal pleading as an inconsequential drafting notation. The signature is the formal act of an **attorney of record** presenting a paper to the Court.

Similarly, LR Cv 5(a)(5) requires documents filed on behalf of a represented party to be signed by counsel representing that party and requires identifying attorney information to accompany the signature.

LR Gen 308(a) further provides that the electronic filing credentials used to submit a document operate as the filing user's signature for purposes of Rule 11 and all other purposes under the Federal Rules and Local Rules.

And where documents contain multiple attorney signatures, LR Gen 308(c) provides that the filing attorney certifies that the additional identified signatories have expressly agreed to the form and substance of the filing and authorized its submission.

These provisions are mutually reinforcing.

An attorney cannot logically be treated as sufficiently authorized to:

- execute a motion on behalf of a Defendant;
- certify representations to the Court under Rule 11;

- advocate the filing;
- request consequential judicial relief;
- bind the represented party through litigation positions; and
- invoke the adjudicatory authority of the United States District Court,

while the official attorney-party association simultaneously fails to identify that same attorney as representing the Defendant for whom those acts were undertaken.

The Local Rules eliminate that anomaly by declaring that the signed filing **is itself an appearance**.

## V. FED. R. CIV. P. 79 EXPRESSLY REQUIRES APPEARANCES TO BE ENTERED UPON THE CIVIL DOCKET

This is not solely a matter of aesthetic docket organization.

Fed. R. Civ. P. **79(a)(2)(C)** specifically requires that **“appearances”** be entered upon the civil docket.

Rule 79(a) obligates the Clerk to maintain the civil docket as the formal record of proceedings and requires, inter alia, the chronological entry of papers filed, process, proofs of service, **appearances**, orders, verdicts, and judgments.

The District of Rhode Island’s electronic-filing rules likewise give the electronic record formal juridical significance.

**LR Gen 305(c)** provides that when a document is electronically filed, the electronic recording stored by the Court constitutes the **official record**, and the filing party is bound by the document as filed.

The interaction between Rule 79, LR Gen 305, and LR Gen 206 is therefore direct:

- LR Gen 206(b) establishes **when an appearance occurs**;
- Rule 79(a)(2)(C) provides that **appearances belong on the civil docket**; and
- LR Gen 305(c) identifies the Court's electronic record as the **official record**.

Where the operative filings establish an appearance but the attorney-party association does not correspondingly identify that appearance, conforming relief is appropriate.

Plaintiff therefore respectfully requests that the Court direct the Clerk to associate Attorney Peter F. Skwirz with every Defendant for whom he has entered an appearance under LR Gen 206(b), effective as of the first qualifying filing he signed on behalf of each such Defendant.

Such relief would not retroactively create an event that never occurred. It would cause the official record to accurately memorialize an event that, under the Local Rule, already occurred.

## VI. ACCURATE IDENTIFICATION OF COUNSEL IS MATERIAL TO SERVICE AND THE ORDERLY ADMINISTRATION OF THE ACTION

The identity of counsel of record is not academic.

Fed. R. Civ. P. **5(b)(1)** provides that where a party is represented by an attorney, service under Rule 5 ordinarily must be made upon the attorney rather than upon the represented party.

Accordingly, accurate counsel-of-record information bears directly upon:

- service;
- notice;
- identification of persons authorized to speak for a party;
- conferral obligations;
- electronic notifications;
- calculation and administration of deadlines;
- responsibility for filings;
- scheduling;
- professional accountability;
- discovery communications when discovery proceeds; and
- identification of the attorney possessing primary litigation responsibility.

Those functions are especially significant in a multi-defendant action involving a municipal entity, a corporate law firm, several individual attorneys, and multiple overlapping legal positions.

Ambiguity concerning which lawyers formally represent which Defendants unnecessarily complicates litigation and creates precisely the kind of procedural uncertainty that the appearance and lead-counsel rules are designed to prevent.

## VII. LR GEN 206(c) MANDATES THE DESIGNATION OF ONE LEAD ATTORNEY FOR EACH PARTY

LR Gen 206(c) independently provides:

> "Each party shall designate one attorney to act as lead counsel for the case. Lead counsel shall have primary responsibility for the case."

The provision is mandatory.

It does not state that parties *may* designate lead counsel. It provides that each party **"shall"** do so.

The designation serves an evident case-management function. Indeed, LR Cv 16(c) requires lead counsel to attend the initial scheduling conference unless excused.

Accordingly, once the Court recognizes the appearances already established under LR Gen 206(b), each affected Defendant should be required to identify the attorney designated as its lead counsel pursuant to LR Gen 206(c).

Where several Defendants elect to designate the same attorney, they may presumably do so consistent with applicable ethical and conflict-of-interest requirements. But the Local Rule nevertheless requires an ascertainable designation **for each party**.

Plaintiff therefore respectfully requests that the Court order the affected Defendants, within seven (7) days or such other period as the Court deems appropriate, to file a notice identifying:

1. every attorney presently representing each Defendant;

2. the date upon which each attorney first appeared;
3. the Defendant or Defendants represented by each attorney; and
4. the attorney designated as lead counsel for each Defendant under LR Gen 206(c).

## VIII. THE CORPORATE DEFENDANT'S RULE 7.1 DISCLOSURE OBLIGATION SHOULD ALSO BE REGULARIZED

Defendant **Ursillo, Teitz & Ritch, Ltd.** is identified in this action as a nongovernmental corporate entity.

Fed. R. Civ. P. **7.1(a)(1)** requires a nongovernmental corporate party to file a disclosure statement that:

**(A)** identifies any parent corporation and any publicly held corporation owning 10 percent or more of its stock; or

**(B)** states that no such corporation exists.

Critically, Rule 7.1(b)(1) provides that the disclosure statement must be filed:

> "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."

Thus, the disclosure obligation is temporally connected to the corporation's first participation before the Court.

Furthermore, LR Gen 205(a)(3) provides that a corporation may not appear *pro se*. The corporate Defendant therefore necessarily participates through licensed counsel.

To the extent Ursillo, Teitz & Ritch, Ltd. has appeared through Attorney Skwirz or other counsel but has not filed the disclosure required by Rule 7.1(a)(1), the Court should direct compliance forthwith.

Plaintiff emphasizes that Rule 7.1 is not a private discovery mechanism. The Advisory Committee has explained that corporate disclosure assists courts in identifying financial relationships relevant to judicial disqualification. Compliance therefore protects the integrity of the adjudicatory process independently of the merits of Plaintiff's claims.

To the extent Plaintiff's prior ECF No. 21, its docket description, or any associated submission inadvertently referred to **Fed. R. Civ. P. 71** rather than **Fed. R. Civ. P. 7.1**, Plaintiff respectfully identifies and corrects that scrivener's error herein. The corporate disclosure provision at issue is **Rule 7.1**.

## IX. FIRST CIRCUIT PRECEDENT RECOGNIZES THE COURT'S AUTHORITY TO REQUIRE COMPLIANCE WITH ITS LOCAL RULES

The Court possesses ample authority to provide the limited corrective relief requested.

The First Circuit has repeatedly recognized that district courts possess broad authority to administer and enforce their local procedural rules.

In **Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.**, 26 F.3d 220, 224 (1st Cir. 1994), the Court of Appeals explained that:

“District courts enjoy broad latitude in administering local rules”

and are entitled to demand adherence to the specific mandates contained therein.

See also **United States v. Roberts**, 978 F.2d 17, 20 (1st Cir. 1992); **Clausen v. Sea-3, Inc.**, 21 F.3d 1181, 1197 (1st Cir. 1994); **Witty v. Dukakis**, 3 F.3d 517, 519 (1st Cir. 1993); **Mendez v. Banco Popular de P.R.**, 900 F.2d 4, 7 (1st Cir. 1990).

More recently, the First Circuit reiterated that district courts may insist upon compliance with specific local-rule requirements. **Melino v. Boston Medical Center**, No. 24-1527, slip op. at 8 (1st Cir. Jan. 29, 2025) (reaffirming the broad latitude afforded district courts in administering local rules and their authority to demand adherence to mandatory local procedural requirements).

The relief requested here is far less consequential than dismissal, exclusion, striking, or sanctions. Plaintiff merely asks the Court to apply LR Gen 206 according to its express terms and to ensure that the official docket reflects the resulting appearances.

## X. THE COURT ALSO POSSESSES INHERENT AUTHORITY TO CONFORM AND MANAGE ITS OWN DOCKET

Independent of the Local Rules, federal courts possess inherent authority to manage their proceedings and records so as to achieve the orderly administration of justice.

In **Dietz v. Bouldin**, 579 U.S. 40, 45–47 (2016), the Supreme Court reaffirmed the longstanding principle that federal district courts possess inherent powers necessary to

manage their own affairs and their dockets toward the orderly and expeditious disposition of cases.

See also **Link v. Wabash R.R. Co.**, 370 U.S. 626, 630–31 (1962) (recognizing authority necessarily vested in courts to manage their affairs so as to achieve orderly and expeditious disposition); **Landis v. North American Co.**, 299 U.S. 248, 254 (1936).

Rule 1 complements that authority by directing that the Federal Rules be construed, administered, and employed by the Court and the parties to secure the **just, speedy, and inexpensive determination** of every action.

Regularizing representation before further consequential litigation occurs advances those purposes.

## XI. THE REPEATED NATURE OF THE FILINGS MAKES CORRECTIVE RELIEF PARTICULARLY APPROPRIATE

Were this a circumstance involving a single isolated signature, a recently retained lawyer, a technical delay of several hours, or a docketing discrepancy immediately corrected after notice, Plaintiff might reasonably regard the matter as administrative and immaterial.

That is no longer the record presented here.

Plaintiff previously brought the matter expressly to the Court's attention through ECF No. 21.

The response period expired.

Thereafter, Attorney Skwirz allegedly continued participating as substantive counsel through multiple additional filings, including ECF Nos. 29, 31, 33, 35, and 39.

Thus, the discrepancy has persisted not merely across time but across consequential litigation events.

The resulting record now presents three simultaneous propositions:

1. Attorney Skwirz has repeatedly signed and advocated papers on behalf of Defendants;
2. LR Gen 206(b) expressly provides that such conduct **constitutes an entry of appearance**; yet
3. the docket, according to Plaintiff's review, does not presently identify Attorney Skwirz as representing those same Defendants.

Those propositions should be reconciled.

## XII. THE NEED FOR A CLEAR AND TRANSPARENT RECORD IS HEIGHTENED BY THE NATURE OF THIS ACTION

Plaintiff recognizes that the merits of this Motion do not depend upon whether Plaintiff ultimately prevails upon the constitutional claims pleaded in the First Amended Complaint.

Nevertheless, the nature and procedural posture of this action underscore the importance of maintaining an unambiguous record of representation.

This litigation concerns, inter alia, allegations of persistent governmental retaliation arising from the exercise of First Amendment petitioning activity, public-records activity under Rhode Island's Access to Public Records Act, communications with municipal officials, and related allegedly retaliatory governmental conduct.

Plaintiff contends that the action presents substantial and potentially first-impression questions concerning whether a prolonged and coordinated course of governmental conduct, rather than a single isolated adverse act, may constitute actionable or declarable retaliation for persistent exercise of constitutional petitioning and public-records rights.

Plaintiff further recognizes that whether any particular issue ultimately qualifies as one "of first impression" is for the Court—not Plaintiff—to determine.

The present Motion therefore does not ask the Court to prejudge that characterization.

Rather, Plaintiff submits only that an action involving novel constitutional theories, multiple governmental and attorney Defendants, contested governmental record practices, and consequential motions affecting the future course of the litigation warrants an especially clear record concerning **who represents whom, who is responsible for filings, and which attorney possesses primary responsibility for each represented Defendant**.

The integrity of that administrative record serves all parties and the Court alike.

## XIII. THIS MOTION SEEKS REGULARIZATION, NOT SANCTIONS

Plaintiff deliberately seeks corrective relief before punitive relief.

No sanctions are requested through this Motion.

Plaintiff recognizes, in particular, that a party-initiated motion seeking sanctions under Fed. R. Civ. P. 11(c)(2) must be made separately from other motions and must comply with Rule 11's procedural requirements, including the applicable safe-harbor provision.

This Motion therefore should not be construed as a Rule 11(c)(2) sanctions motion.

Nevertheless, Plaintiff respectfully preserves and does not waive any right that may later exist, upon an adequate factual record and compliance with all applicable procedural prerequisites, to seek appropriate relief arising from continued noncompliance after notice, including relief available under:

- the Federal Rules of Civil Procedure;
- the Local Rules of this Court;
- 28 U.S.C. § 1927, to the extent legally applicable;
- the Court's inherent authority;
- LR Gen 208 and LR Gen 209; and
- any other applicable authority.

That reservation is particularly appropriate because LR Gen 209(c)(2) identifies an intentional violation of the Local Rules or an Order of the Court as conduct potentially within the Court's disciplinary authority.

See also **Chambers v. NASCO, Inc.**, 501 U.S. 32, 43–46 (1991) (discussing federal courts' inherent authority concerning abuses of the judicial process).

Plaintiff does not ask the Court to make any finding of intentional misconduct now.

Instead, Plaintiff requests that the Court first establish a clear directive governing representation and docket regularity. If Defendants and counsel comply, the present controversy can end without collateral sanctions litigation.

That is the preferable course.

## XIV. THE REQUESTED RELIEF IS NARROW, ADMINISTRATIVE, AND NONPREJUDICIAL

The relief sought imposes no cognizable prejudice upon Defendants.

If Attorney Skwirz represents the affected Defendants—as his repeated signatures and filings facially represent—then conforming the docket merely makes the official record accurately reflect an existing fact and an appearance already created under LR Gen 206(b).

If Defendants contend that Attorney Skwirz does **not** represent one or more of those Defendants, then the need for judicial clarification is even greater, because the Court and Plaintiff are entitled to know the authority under which pleadings were signed and presented on that Defendant's behalf.

Either way, clarification is warranted.

Similarly, requiring lead-counsel designation imposes no new substantive burden; it simply enforces LR Gen 206(c).

Requiring a Rule 7.1 disclosure imposes no novel obligation upon the corporate Defendant; it enforces an existing Federal Rule.

Thus, this Motion does not seek tactical advantage. It seeks procedural regularity.

## XV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff **Michael Eric Nelson** respectfully requests that this Honorable Court enter an Order:

**A.** GRANTING this Renewed and Supplemental Motion;

**B.** DETERMINING that, pursuant to LR Gen 206(b), Attorney **Peter F. Skwirz** entered an appearance for each Defendant on whose behalf he signed, presented, joined, or filed ECF Nos. **20, 29, 31, 33, 35, and 39**, with the appearance for each respective Defendant effective no later than the first qualifying Skwirz-signed filing submitted on that Defendant's behalf;

**C.** DIRECTING the Clerk of Court to conform the official docket and CM/ECF attorney-party associations to reflect Attorney Skwirz's representation of each Defendant for whom an appearance has been effected under LR Gen 206(b);

**D.** DIRECTING that the docket reflect the effective date of each such appearance as the date of the first qualifying Skwirz-signed document filed for the respective Defendant;

**E.** ORDERING Attorney Skwirz and/or Defendants, within seven (7) days, to identify affirmatively each Defendant presently represented by Attorney Skwirz;

**F.** ORDERING each represented Defendant, within seven (7) days, to identify all attorneys presently representing that Defendant and to designate one attorney as **lead counsel** pursuant to LR Gen 206(c);

**G.** ORDERING that any attorney whose appearance has been effected under LR Gen 206(b) remain counsel of record unless and until that appearance is withdrawn in conformity with LR Gen 206(d);

**H.** ORDERING Defendant **Ursillo, Teitz & Ritch, Ltd.**, to file the disclosure statement required by Fed. R. Civ. P. 7.1(a)(1) within seven (7) days, if such a compliant disclosure has not already been filed;

**I.** CLARIFYING that any reference in Plaintiff's prior ECF No. 21 or its docket description to Fed. R. Civ. P. "71," insofar as such reference was intended to concern corporate disclosures, should be understood as a scrivener's error referring to **Fed. R. Civ. P. 7.1**;

**J.** DIRECTING that future filings identify with clarity the Defendant or Defendants on whose behalf each attorney signs and appears;

**K.** DIRECTING that all future filings comply with Fed. R. Civ. P. 11(a), LR Cv 5(a)(5), LR Gen 206, and LR Gen 308;

**L.** PRESERVING, without presently adjudicating, Plaintiff's right to seek such further relief as may become legally appropriate should the docket irregularity or noncompliance persist following an Order of the Court;

**M.** DECLARING expressly that the present Motion does **not** request sanctions under Fed. R. Civ. P. 11(c)(2) and that no sanctions determination is presently necessary to grant the requested docket-regularization relief; and

**N.** GRANTING such other and further relief as this Court deems just, equitable, necessary, and appropriate to ensure the accuracy of the official record and orderly administration of this action.

**XVI. LR CV 7(c) STATEMENT REGARDING HEARING**

Plaintiff does not believe that an evidentiary hearing is necessary because the relevant evidence consists principally of documents already appearing upon the Court's docket and the operation of the Local and Federal Rules upon those filings.

Plaintiff respectfully requests oral argument only if the Court concludes that argument would materially assist its resolution of the Motion.

Respectfully submitted,

/s/

**MICHAEL ERIC NELSON**
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated: August 26, 2026**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I caused a true and correct copy of the foregoing to be served upon all counsel of record by virtue of presentment to the Clerk of the Court for filing within the docket of the referenced matter.

***/s/***

**MICHAEL ERIC NELSON**
Plaintiff, Pro Se

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated 26 August 2026**

Exhibit 1 to follow, Civil Docket Sheet obtained via third party from PACER

Exhibit 1 to follow, Civil Docket Sheet obtained via third party from PACER

Query Reports Utilities Help Log Out

Pro Se Plaintiff

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00352-MRD-AEM

Nelson v. Town of South Kingstown et al
Assigned to: District Judge Melissa R. DuBose
Referred to: Magistrate Judge Amy E. Moses
Cause: 42:1983 Civil Rights Act

Date Filed: 05/29/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Michael Eric Nelson** represented by **Michael Eric Nelson**
33 Hartford Ave
South Kingstown, RI 02879
702-932-3434
PRO SE

V.

**Defendant**

**Town of South Kingstown** represented by **Marc DeSisto**
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
401-272-4442
Fax: 401-533-9848
Email: marc@desistolaw.com
*ATTORNEY TO BE NOTICED*

**Sarah D. Boucher**
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
401-272-4442
Email: sarah@desistolaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ursillo, Teitz & Ritch Ltd** represented by **Marc DeSisto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah D. Boucher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Michael A. Ursillo** | represented by | **Marc DeSisto**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sarah D. Boucher**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Andrew M. Teitz** | represented by | **Marc DeSisto**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sarah D. Boucher**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Scott A. Ritch** | represented by | **Marc DeSisto**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sarah D. Boucher**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**John and Jane Does**
*1-27*

**Defendant**

| | | |
|---|---|---|
| **Adam J. Sholes** | represented by | **Marc DeSisto**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sarah D. Boucher**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2026 | 20 | MOTION to Dismiss *in Lieu of Answer*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Town of South Kingstown. **Responses due by 8/11/2026.** (Attachments: # 1 Supporting Memorandum)(DeSisto, Marc) (Entered: 07/28/2026) |
| 07/29/2026 | 21 | MOTION for Order Deeming Counsel's July 28, 2026 Filing as An Appearance for Each Identified Defendant *Requiring Designation of Lead Counsel Pursuant to LR Gen 206(c), Requiring Compliance with Fed. R. Civ. P. 71, and Clarifying Counsel of Record* filed by Michael Eric Nelson. **Responses due by 8/12/2026.** (Attachments: # 1 Email)(Gonzalez Gomez, Viviana) (Entered: 07/29/2026) |
| 07/30/2026 | 22 | MOTION for An Order Permitting and Directing Curative Service of Process Upon Defendant Town of South Kingstown Pursuant to Fed. R. Civ. P. 4(j)(2), For Reissuance of |

| | | |
|---|---|---|
| | | Summons if Necessary, and For Extension of Time to Cure Any Service Defect filed by Michael Eric Nelson. **Responses due by 8/13/2026.** (Attachments: # 1 Exhibit A, # 2 Email)(Gonzalez Gomez, Viviana) (Entered: 07/30/2026) |
| 07/30/2026 | 23 | Emergency Expedited MOTION *for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, and Upload of Backdated Apra-1280 PDF in Close Temporal Proximity to Service on Adam J. Sholes* filed by Michael Eric Nelson. **Responses due by 8/13/2026.** (Attachments: # 1 Index of Exhibits A thru H, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Email)(Hill, Cherelle) (Entered: 07/30/2026) |
| 07/30/2026 | 24 | MOTION *for Issuance of Replacement Summons*, MOTION for an Extension of Time *to Cure Service of Process Upon Defendant Town of South Kingstown Pursuant to Fed.R.Civ. 4(a), 4(j)(2) and 4(m)* filed by Michael Eric Nelson. **Responses due by 8/13/2026.** (Attachments: # 1 Exhibit A, # 2 Proposed AO 440 Summons, # 3 Proof, # 4 Email)(Hill, Cherelle) (Entered: 07/30/2026) |
| 07/31/2026 | 25 | MOTION for Leave to File Document *Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d), Fed. R. Civ. P. 1, and DRI LR Cv 15* filed by Michael Eric Nelson. **Responses due by 8/14/2026.** (Attachments: # 1 Supporting Memorandum of Law and Proposed Order, # 2 Exhibit A - Proposed Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d), # 3 Email)(Gonzalez Gomez, Viviana) (Entered: 07/31/2026) |
| 08/04/2026 | 26 | MOTION *Regarding Service of Process Upon Defendant Andrew Mark Teitz* filed by Michael Eric Nelson. **Responses due by 8/18/2026.** (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/04/2026) |
| 08/05/2026 | 27 | RESPONSE In Opposition to 20 MOTION to Dismiss *in Lieu of Answer* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Michael Eric Nelson. **Replies due by 8/12/2026.** (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/05/2026) |
| 08/12/2026 | 28 | RESPONSE In Opposition to 21 MOTION for Order Deeming Counsel's July 28, 2026 Filing as An Appearance for Each Identified Defendant *Requiring Designation of Lead Counsel Pursuant to LR Gen 206(c), Requiring Compliance with Fed. R. Civ. P. 71, and Clarifying Counsel of Re filed by Town of South Kingstown.* ***Replies due by 8/19/2026.*** *(Attachments: # 1 Designation of Lead Counsel)(DeSisto, Marc) (Entered: 08/12/2026)* |
| 08/12/2026 | 29 | REPLY to Response re 27 Response to Motion, filed by Scott A. Ritch, Adam J. Sholes, Andrew M. Teitz, Town of South Kingstown, Michael A. Ursillo, Ursillo, Teitz & Ritch Ltd. (DeSisto, Marc) (Entered: 08/12/2026) |
| 08/13/2026 | 30 | RESPONSE In Support to 22 MOTION for An Order Permitting and Directing Curative Service of Process Upon Defendant Town of South Kingstown Pursuant to Fed. R. Civ. P. 4(j)(2), For Reissuance of Summons if Necessary, and For Extension of Time to Cure Any Service Defect filed by Town of South Kingstown. **Replies due by 8/20/2026.** (DeSisto, Marc) (Entered: 08/13/2026) |
| 08/13/2026 | 31 | RESPONSE In Opposition to 23 MOTION *for Preservation Order and for Leave to Conduct Narrowly Tailored Early Discovery Concerning the Creation, Export, and Upload of Backdated Apra-1280 PDF in Close Temporal Proximity to Service on Adam J. Sholes* filed by Adam J. Sholes, Andrew M. Teitz, Town of South Kingstown, Michael A. Ursillo, Ursillo, Teitz & Ritch Ltd. **Replies due by 8/20/2026.** (Attachments: # 1 Supporting Memorandum)(DeSisto, Marc) (Entered: 08/13/2026) |
| 08/13/2026 | 32 | MOTION for Leave to File Document - *Limited Sur-Reply, and Incorporated Memorandum of Law* filed by Michael Eric Nelson. **Responses due by 8/27/2026.** |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Limited Sur-Reply, # 2 Email)(Gonzalez Gomez, Viviana) (Entered: 08/13/2026) |
| 08/17/2026 | 33 | RESPONSE In Opposition to 32 MOTION for Leave to File Document - *Limited Sur-Reply, and Incorporated Memorandum of Law* filed by Scott A. Ritch, Adam J. Sholes, Andrew M. Teitz, Town of South Kingstown, Michael A. Ursillo, Ursillo, Teitz & Ritch Ltd. **Replies due by 8/24/2026.** (DeSisto, Marc) (Entered: 08/17/2026) |
| 08/17/2026 | 34 | REPLY to Response re 31 Response to Motion,, filed by Michael Eric Nelson. (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/17/2026) |
| 08/17/2026 | 35 | RESPONSE In Opposition to 25 MOTION for Leave to File Document *Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d), Fed. R. Civ. P. 1, and DRI LR Cv 15* filed by Scott A. Ritch, Adam J. Sholes, Andrew M. Teitz, Town of South Kingstown, Michael A. Ursillo, Ursillo, Teitz & Ritch Ltd. **Replies due by 8/24/2026.** (Attachments: # 1 Supporting Memorandum)(DeSisto, Marc) (Entered: 08/17/2026) |
| 08/19/2026 | 36 | REPLY to Response re 35 Response to Motion, filed by Michael Eric Nelson. (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/19/2026) |
| 08/19/2026 | 37 | NOTICE OF FILING *Proposed Fed. R. Civ. P. 26(f) Conference Agenda*, by Michael Eric Nelson. (Attachments: # 1 Exhibit A - Proposed Rule 26(f) Conference Agenda, # 2 Email) (Gonzalez Gomez, Viviana) (Entered: 08/19/2026) |
| 08/19/2026 | 38 | NOTICE of Delivery of Early Rule 34 Requests for Production to Defendant Town of South Kingstown Pursuant to Fed. R. Civ. P. 26(d)(2), filed by Michael Eric Nelson. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 08/19/2026) |
| 08/20/2026 | 39 | MOTION to Stay *Fact Discovery* filed by Scott A. Ritch, Adam J. Sholes, Andrew M. Teitz, Town of South Kingstown, Michael A. Ursillo, Ursillo, Teitz & Ritch Ltd. **Responses due by 9/3/2026.** (DeSisto, Marc) (Entered: 08/20/2026) |
| 08/20/2026 | 40 | SUMMONS Returned Executed by Michael Eric Nelson. Andrew M. Teitz served on 7/27/2026, answer due 8/17/2026. (Urizandi, Nissheneyra) (Entered: 08/20/2026) |
| 08/20/2026 | 41 | NOTICE of Delivery of Early Rule 34 Requests for Production Directed to Defendant Scott A. Ritch Pursuant to Fed. R. Civ. P. 26(d)(2), filed by Michael Eric Nelson. (Attachments: # 1 Email) *Docket text corrected 8/20/2026 to correct typo*. (Gonzalez Gomez, Viviana) (Entered: 08/20/2026) |
| 08/20/2026 | 42 | NOTICE of Delivery of Early Rule 34 Requests for Production Pursuant to Fed. R. Civ. P. 26(d)(2) in Advance of the Parties' Rule 26(f) Conference Directed to Defendant Adam Jacob Sholes, filed by Michael Eric Nelson. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 08/20/2026) |
| 08/21/2026 | 43 | REPLY to Response re 33 Response to Motion, filed by Michael Eric Nelson. (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/21/2026) |
| 08/21/2026 | 44 | NOTICE: of Delivery of Early Rule 34 Requests for Production of Documents and Electronically Stored Information Directed to Defendant Andrew Mark Teitz Pursuant to Fed.R.Civ.P 26(d)(2) and 34 in Advanced of the Parties' First Rule 26(f) Conference by Michael Eric Nelson (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/21/2026) |
| 08/21/2026 | 45 | NOTICE: of Delivery of Early Rule 34 Request for Production to Defendant Town of South Kingstown Concerning the South Kingstown Municipal Court Pursuant to FED. R. CIV. P. 26(d)(2) by Michael Eric Nelson (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 08/21/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/26/2026 06:41:17 | | | |
| **PACER Login:** | statisto | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00352-MRD-AEM Starting with document: 20 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |