# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. Civil Action No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION INSTANTER AND FOR RECONSIDERATION, MODIFICATION, AND/OR CLARIFICATION OF THE AUGUST 21, 2026 TEXT ORDER GRANTING DEFENDANTS' MOTION TO STAY FACT DISCOVERY, PURSUANT TO FED. R. CIV. P. 54(b), LR Cv 7(a)(3), AND THE COURT'S INHERENT AUTHORITY OVER ITS INTERLOCUTORY ORDERS**

Plaintiff **Michael E. Nelson**, proceeding *pro se*, respectfully moves this Honorable Court for leave to file, **instanter**, his previously unheard Response in Opposition to Defendants' Motion to Stay Fact Discovery [ECF No. 39], and further requests limited reconsideration, modification, and/or clarification of this Court's interlocutory Text Order entered on **August 21, 2026**, which provides in its entirety:

> **“TEXT ORDER granting 39 Motion to Stay Discovery. Plaintiff is directed to refrain from filing notices or motions related to discovery**

> **until after the Court rules on Defendants' Motion to Dismiss (ECF No. 20). So Ordered by District Judge Melissa R. DuBose on 8/21/2026."**

Plaintiff respectfully submits that extraordinary reconsideration is warranted here for an unusual and readily identifiable reason:

**the challenged Order was entered <u>only one day after Defendants filed</u> and mailed their Motion to Plaintiff, before Plaintiff had received or exhausted the ordinary response period prescribed by LR Cv 7(a)(3), and consequently before the Court had the benefit of any adversarial response correcting materially disputed factual and legal predicates upon which Defendants sought the extraordinary remedy of a blanket stay.**

This Motion does not proceed from any assertion that the Court lacks inherent authority to manage its docket, regulate discovery, defer discovery where appropriate, or enter interlocutory case-management orders.

Nor does Plaintiff seek permission to disregard the August 21 Order while this Motion is pending.

Rather, <u>Plaintiff respectfully invokes the Court's continuing authority over its own interlocutory rulings and constitutional procedural due process of law so that the Court may consider matters it necessarily did **not** have before it when the Order was entered; most prominently:</u>

1. that qualifying Requests for Production were expressly delivered pursuant to **Fed. R. Civ. P. 26(d)(2)** and did not impose any then-matured production obligation;

2. that Defendants themselves affirmatively represented in their Motion that "**discovery will not commence**" if their pending Motion to Dismiss succeeds, notwithstanding their simultaneous invocation of the alleged burden of responding to that same not-yet-commenced discovery;
3. that Plaintiff's early requests expressly stated that they were **not considered served until the Rule 26(f) conference** and, in at least one instance, expressly declared that nothing therein demanded production before the time authorized by the Federal Rules;
4. that **LR Cv 26(a)** already permits deferral of the Rule 26(f) conference where a motion filed in lieu of an answer, if granted, would dispose of the entire action, thereby independently postponing any response obligation arising from qualifying Rule 26(d)(2) requests;
5. that **Defendants did not meaningfully confer with Plaintiff before requesting blanket judicial intervention** concerning supposed discovery burdens;
6. that Defendants filed Plaintiff's Requests for Production themselves as Exhibits A through D notwithstanding the restrictions contained in **LR Cv 5(d)** and, more specifically, **LR Cv 34(a)**;
7. that Defendants relied upon the physical volume, number, and subdivisions of those discovery materials as affirmative advocacy supporting the stay;
8. that the seven filings Defendants aggregated as evidence of purported litigation burden were heterogeneous **procedural filings concerning service, preservation, supplementation of pleadings, lead-counsel administration, proof of service,** and completion of Rule 12 briefing—not seven successive discovery applications; and
9. that Defendants used the Motion to Stay as a collateral merits vehicle to reduce Plaintiff's pleaded constitutional controversy to what Defendants characterized as a mere "gripe" concerning anonymous APRA responses, a characterization Plaintiff had no opportunity to answer before relief was granted.

Plaintiff therefore respectfully requests, at minimum, leave to place his Opposition upon the docket so that the record concerning ECF No. 39 is no longer exclusively populated by Defendants' factual, procedural, and substantive characterizations.

---

## I. THE AUGUST 21 TEXT ORDER IS AN INTERLOCUTORY ORDER SUBJECT TO THE COURT'S CONTINUING AUTHORITY TO RECONSIDER, MODIFY, OR CLARIFY IT

The August 21 Text Order neither adjudicates the merits of Plaintiff's constitutional claims nor terminates this action.

It is an interlocutory case-management order.

Federal Rule of Civil Procedure 54(b) recognizes that an order adjudicating fewer than all claims or all parties' rights and liabilities remains subject to revision before entry of final judgment.

The First Circuit has long recognized the corresponding principle that:

> **"interlocutory orders . . . remain open to trial court reconsideration."**
>
> *Pérez-Ruiz v. Crespo-Guillén*, 25 F.3d 40, 42 (1st Cir. 1994); see also *Harlow v. Children's Hospital*, 432 F.3d 50, 55 (1st Cir. 2005); *Latin American Music Co. v. Media Power Group, Inc.*, 705 F.3d 34 (1st Cir. 2013).

The present Motion therefore does not invoke Fed. R. Civ. P. 59(e), which concerns alteration or amendment of a judgment, nor Rule 60(b), which principally addresses relief from final judgments and orders within its designated framework.

Instead, Plaintiff invokes Rule 54(b), the Court's inherent supervisory authority over its interlocutory orders, and the fundamental institutional interest in ensuring that consequential pretrial rulings rest upon a complete and accurately developed record.

Plaintiff recognizes that reconsideration should not become a mechanism through which a disappointed litigant merely repeats arguments that were already presented and rejected.

That concern is categorically inapplicable here.

**Plaintiff's arguments were NEVER presented before the Order issued.**

Plaintiff does not seek a second adjudication of an argument already considered.

He seeks his **first opportunity to be heard** concerning a contested motion that was granted one day after filing. Procedural due process is implicated as are constitutional rights to fundamental fairness of due process of law.

---

**II. THE TEXT ORDER WAS ENTERED ONE DAY AFTER DEFENDANTS FILED THEIR MOTION AND BEFORE PLAINTIFF'S ORDINARY RESPONSE PERIOD HAD MATERIALLY COMMENCED**

The chronology is dispositive to the present request.

Defendants filed ECF No. 39 on **August 20, 2026**.

Their Certificate of Service states that the filing was made electronically but that a copy was sent to Plaintiff by **regular United States mail on August 20, 2026**.

Plaintiff is not presently authorized to participate as an ordinary electronic filer receiving instantaneous service through ECF.

On **August 21, 2026—one day after Defendants filed and mailed their Motion—the Court granted it.**

LR Cv 7(a)(3) provides that:

> "Any party may file a response to a motion . . . . The response must be filed within 14 days after service of the motion unless the Court shortens or extends the time."

Fed. R. Civ. P. 6(d) additionally provides three days where a prescribed period for action runs from service and service is accomplished by mail under Rule 5(b)(2)(C).

Plaintiff recognizes that LR Cv 7 expressly preserves the Court's authority to shorten a response period.

Plaintiff therefore does **not** contend that the mere fact the Court acted before expiration of fourteen days renders the Order jurisdictionally void.

**The objection is materially narrower.**

Plaintiff had received no antecedent order advising him that the response period was being shortened.

Plaintiff had not waived opposition.

Defendants had not represented that their Motion was unopposed.

There was no preexisting stipulation.

And the Motion contained considerably more than a neutral scheduling request.

**It contained collateral factual and merits assertions directly concerning Plaintiff's conduct and constitutional claims.**

Yet the requested relief was granted essentially contemporaneously with Defendants' mailing of the Motion.

Under those circumstances, equity and orderly adversarial adjudication strongly favor allowing Plaintiff to place his response before the Court now.

---

## III. THE PURPOSE OF THIS MOTION IS TO COMPLETE THE RECORD, NOT TO DISREGARD OR DEFY THE COURT'S ORDER

Plaintiff wishes to make this point unequivocal.

The August 21 Text Order is presently operative.

Plaintiff respects that Order and does not contend that filing this motion authorizes him to resume ordinary discovery.

The present filing necessarily concerns the Order itself because it requests reconsideration and clarification of that Order.

Plaintiff respectfully submits that an order directing a litigant to refrain from filing discovery-related motions cannot reasonably be construed to foreclose the litigant from asking the issuing Court to reconsider, clarify, or delimit that prohibition.

Such a construction would effectively immunize the interlocutory order from ordinary reconsideration simply because the order itself restricts filings touching upon discovery.

Plaintiff therefore seeks leave where necessary and does not presume an entitlement to disregard the Court's directive.

---

## IV. THE COURT DID NOT HAVE THE BENEFIT OF THE CRITICAL DISTINCTION BETWEEN EARLY RULE 34 “DELIVERY” AND LEGAL “SERVICE”

The central substantive premise requiring reconsideration concerns the temporal operation of **Fed. R. Civ. P. 26(d)(2)**.

Rule 26(d)(2)(A) specifically permits qualifying Rule 34 requests to be **delivered** more than twenty-one days after service of the summons and complaint notwithstanding that the parties' first Rule 26(f) conference has not occurred.

Rule 26(d)(2)(B) then provides:

> **“The request is considered to have been served at the first Rule 26(f) conference.”**

Rule 34(b)(2)(A) completes the architecture by providing that a response to a request delivered under Rule 26(d)(2) is ordinarily due **within thirty days after the parties' first Rule 26(f) conference**, absent stipulation or Court order.

This architecture establishes three legally distinct events:

**delivery;**

**service;**

and

**maturation of the response obligation.**

Defendants' Motion materially collapsed those distinctions.

They counted early requests and their subparts as evidence of immediate burden, when in fact no burden existed, Defendants did so without acknowledging that the qualifying Rule 26(d)(2) requests were not presently served (only delivered) and did not presently require production ergo creating no burden upon the defendants nor the Court.

## V. DEFENDANTS' OWN EXHIBITS EXPRESSLY INFORMED THEM THAT NO PREMATURE PRODUCTION WAS BEING DEMANDED

The Scott Ritch Requests Defendants themselves filed as Exhibit D make the problem particularly apparent.

Those Requests expressly stated that:

- they were being timely delivered pursuant to Rule 26(d)(2);
- they would be considered served at the parties' first Rule 26(f) conference;
- written responses would thereafter become due under Rule 34(b)(2)(A); and
- **"Nothing in these Requests is intended to demand production before the time authorized by the Federal Rules."**

The Adama Jacob Sholes Requests similarly identified themselves as early requests pursuant to Rule 26(d)(2) and expressly stated that they would be considered served at the Rule 26(f) conference.

Thus, Defendants possessed documentary notice that the Requests upon which they relied as supposed evidence of present burden did not purport to compel immediate production.

Plaintiff respectfully submits that this is a material predicate the Court should consider now that Plaintiff has an opportunity to respond.

Plaintiff previously without the benefit of receipt of the 21 August 2026 Order filed an OBJECTION to the irregular use of Early Rule 34 Requests sent under Rule 26D(2) by the Defendants for purposes other than the Local Rules permit. That objection and notice of filing Attorney Misconduct, sent to the Clerk of the Court under separate cover in accordance with the Rules of the Court, under Local Rule Gen. 210 was tendered to the Clerk of Court on 26 August 2026.

The OBJECTION and notice of LR Gen. 210 filing is titled: *PLAINTIFF'S NOTICE OF SEPARATE LR GEN 210 ATTORNEY-MISCONDUCT SUBMISSION; OBJECTION TO DEFENDANTS' FILING AND USE OF EARLY RULE 34 MATERIALS UNDER RULE 26(d)(2) CONTRARY TO LR CV 5(d) AND LR CV 34(a); AND PRESERVATION OF OBJECTION UPON THE CIVIL DOCKET*

Plaintiff contends that the OBJECTION preserves the irregular conduct in direct contravention of the rules by Defendants in contravention of Local Rules and the disproportionate, disparate treatment of the parties where the Plaintiff is non-legally educated and pro se and the defendants are a governmental entity, a law firm and four (4) purportedly licensed attorneys

represented by three (3) more purported licensed attorneys who are apparently held to a lesser standard than the non legally educated layman Pro Se Plaintiff who is held to an exacting standard of the Local Rules.

---

### VI. DEFENDANTS' MOTION CONTAINS A MATERIAL INTERNAL CONTRADICTION CONCERNING WHETHER DISCOVERY HAD EVEN COMMENCED

Defendants' own words are particularly probative.

They argued:

> *"Should this Court decide the pending Motion in favor of Defendants, judgment will enter for Defendants and thus discovery will not commence."*

Defendants nevertheless proceeded immediately to argue that the "time and resources" they would expend responding to Plaintiff's discovery justified a blanket stay.

## The juxtaposition matters.

If, according to Defendants themselves, discovery had **not commenced**, and qualifying early Rule 34 requests had not become served, then the supposed immediate production burden was not an extant obligation, as there was no burden.

It was an anticipated future burden contingent upon:

1. survival of Plaintiff's claims;
2. occurrence of the Rule 26(f) conference;
3. maturation of the Requests;
4. whatever narrowing or sequencing resulted from the Rule 26(f) process; and
5. whatever objections Defendants ultimately asserted to particular requests.

Plaintiff respectfully submits that an anticipated contingent burden materially differs from the present hardship ordinarily invoked to justify extraordinary protective relief.

---

## VII. LR Cv 26(a) ALREADY PROVIDED DEFENDANTS SUBSTANTIAL TEMPORAL PROTECTION

The District's Local Rules independently diminish the necessity for blanket relief.

LR Cv 26(a) permits deferral of the Rule 26(f) conference where a motion filed in lieu of an answer would, if granted, dispose of the entire case.

The consequences are straightforward:

1. Rule 26(d)(2) permits qualifying early delivery;
2. delivery does not constitute service;
3. LR Cv 26(a) permits deferral of the conference at which service would occur;
4. no ordinary Rule 34 response period therefore begins merely because the Requests were delivered;
5. if the pending Motion to Dismiss terminates the action before the conference occurs, those response obligations never mature in this action.

Defendants thus sought a judicial stay protecting them from timing obligations already substantially deferred through operation of the governing rules.

Plaintiff should have been permitted to identify that point before the extraordinary blanket relief was entered.

---

## VIII. DEFENDANTS DID NOT FIRST ENGAGE PLAINTIFF IN A MEANINGFUL DISCOVERY CONFERRAL

Defendants never first identified to Plaintiff any concrete discovery dispute supposedly requiring immediate judicial intervention.

Plaintiff received no request to:

- withdraw a specific EARLY RFP sent pursuant with FRCP Rule 26d(2);
- narrow a date range;
- limit a custodian;
- reduce repositories;
- modify search terms;
- phase discovery;
- defer particular categories;
- establish an ESI protocol;
- modify metadata requirements;
- establish privilege procedures;
- consolidate overlapping requests; or
- stipulate voluntarily to a temporary sequencing arrangement.

Instead, Defendants proceeded directly to Court, without mandatory conferral.

To the extent Defendants' requested blanket prohibition against discovery functioned substantively as Rule 26(c)-type protective relief, Rule 26(c)(1) expressly requires good-faith conferral or an attempt at conferral before judicial intervention.

Even if the Court regards Defendants' filing exclusively as a request invoking inherent stay authority, the absence of antecedent conferral remains materially relevant to necessity, good cause, proportionality, and whether a genuine controversy incapable of informal resolution existed at all.

---

## IX. DEFENDANTS FILED THE REQUESTS FOR PRODUCTION THEMSELVES DESPITE THE EXPRESS LOCAL-RULE RESTRICTIONS UPON SUCH FILINGS DEMONSTRATING DELIBERATE MISCONDUCT

Defendants' Motion also presents an unresolved Local Rule issue Plaintiff had no opportunity to address.

LR Cv 5(d) generally provides that Requests for Production and other enumerated discovery materials “shall not be filed with the Court” unless otherwise ordered.

More particularly, **LR Cv 34(a)** provides:

> **“Except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.”**

ECF No. 39 is **not a motion to compel production.**

Nevertheless, Defendants filed Plaintiff's RFPs as Exhibits A through D.

They did not merely cite particular disputed requests.

They placed the discovery documents themselves into the judicial record and then relied upon their length and numerical quantity as advocacy supporting extraordinary relief, in direct contravention of the Local Rules of the Court.

**Plaintiff respectfully requests reconsideration or clarification concerning whether those materials were properly filed and whether they should be treated as substantive evidence of burden.**

---

## X. DEFENDANTS' CHARACTERIZATION OF PLAINTIFF'S DOCKET ACTIVITY REQUIRES CONTEXT

Defendants emphasized that Plaintiff had filed seven matters in approximately twenty-three days.

The number, standing alone, creates a materially distorted impression.

<u>The filings Defendants identified included:</u>

| ECF | Filing | Principal Subject |
|---|---|---|
| 21 | Motion concerning designation of lead counsel | Representation/case administration |
| 22 | Motion concerning curative service upon Town | Service of process |
| 23 | Preservation order/limited early discovery | Preservation and narrow discovery |
| 24 | Replacement summons/extension concerning Town | Service of process |
| 25 | Leave to file supplemental complaint | Pleading |
| 26 | Proof of service concerning Teitz | Service |
| 32 | Leave to file limited surreply | Rule 12 briefing |

The aggregation therefore combines fundamentally **different procedural subjects.**

**Service filings are not discovery filings.**

A supplemental-pleading motion is not discovery.

Proof of DELIVERY is not discovery.

A motion seeking leave to complete dispositive-motion briefing is not discovery.

The Court was entitled to know **WHY** those filings appeared before deciding whether their numerical existence established burdensome conduct.

Plaintiff was never afforded that opportunity before the August 21 Order was entered.

---

### XI. THE PROCEDURAL CONTEXT OF THOSE FILINGS IS MATERIAL

Certain filings were undertaken because Defendants had raised, preserved, or failed definitively to resolve issues concerning sufficiency of service and related procedural matters.

Where subsequent action by Defendants or the Court renders a service motion moot, that subsequent development does not retroactively establish that the filing was frivolous when made.

Similarly, a pro se litigant seeking leave to file a limited surreply does not engage in abusive litigation merely because the opposing party objects to the requested surreply.

Plaintiff respectfully requests an opportunity to place that context on the record before his litigation conduct is implicitly evaluated through raw docket-entry arithmetic.

---

### XII. DEFENDANTS USED THE MOTION TO STAY AS A COLLATERAL VEHICLE FOR MERITS ADVOCACY

Defendants did not limit ECF No. 39 to scheduling and expense.

<u>They told the Court:</u>

> *"Pared down to bare essence, Plaintiff is displeased that he has received 'anonymous' and 'unattributed' APRA responses from the Town."*

They referred to Plaintiff's constitutional controversy as a "gripe" and asserted that it does not constitute a violation of constitutional rights.

**Plaintiff disputes that characterization.**

The operative constitutional controversy concerns substantially more than an abstract preference that correspondence bear a particular signature.

The pleaded theories encompass allegations concerning **governmental retaliation**, **protected petitioning activity, public-records activity, governmental decisionmaking**, **differential treatment, municipal participation and ratification, governmental policy or custom**, **identity and authority of governmental actors, and unconstitutional related conduct.**

Whether those theories survive Rule 12 is presently before this Court on ECF No. 20.

A discovery-management motion should not become an auxiliary merits brief through which Defendants first reduce Plaintiff's constitutional theories to a materially attenuated proposition a strawman of their own creation and thereafter attack the proposition of their own formulation.

At minimum, once Defendants chose to inject those collateral merits assertions into ECF No. 39, basic fairness favors allowing Plaintiff to place his responsive characterization of the case upon the record.

---

## XIII. THE ABSENCE OF AN OPPORTUNITY TO RESPOND IS PARTICULARLY CONSEQUENTIAL BECAUSE THE TEXT ORDER RESTRICTS PLAINTIFF'S FUTURE ACCESS TO MOTION PRACTICE CONCERNING DISCOVERY

The August 21 Text Order does more than suspend affirmative production.

It provides:

> *“Plaintiff is directed to refrain from filing notices or motions related to discovery until after the Court rules on Defendants' Motion to Dismiss.”*

Plaintiff respectfully requests clarification concerning the scope of this directive.

Plaintiff understands and will comply with an order prohibiting repetitive ordinary discovery notices or motions while the stay remains operative.

However, the language potentially encompasses filings that are qualitatively different from ordinary affirmative discovery.

Plaintiff therefore requests clarification that the Order does not prohibit:

1. a motion seeking reconsideration or clarification of the Order itself;
2. a filing necessary to preserve appellate or other review rights;
3. an opposition to a discovery-related filing initiated by Defendants;
4. a request for emergency preservation relief where concrete evidence demonstrates imminent loss or destruction;
5. a filing specifically invited or ordered by the Court;
6. good-faith conferral correspondence;
7. stipulations concerning preservation or future discovery procedure; or
8. a motion for leave where genuinely unforeseen circumstances warrant judicial consideration.

Without such clarification, Plaintiff risks violating the Order merely by attempting to determine what the Order permits, and requesting reconsideration to allow for **fundamental constitutional due process of law**, even handed adjudication of the legal dispute without limitation, prevention of materially disparate treatment of adversaries where the Plaintiff is nonlegally educated only being able to read and write and the defendants are a governmental entity, four Officers of the Court who are represented by two law firms and three more officers of the court, seven (7) expertly

legally trained officers of the court are reviewing and strategizing against a single non legally educated layman.

---

**XIV. PRESERVATION SHOULD BE EXPRESSLY DISTINGUISHED FROM AFFIRMATIVE PRODUCTION**

Plaintiff further requests clarification that the stay does not diminish preexisting preservation obligations.

The anticipated evidence includes electronically stored information whose persistence may depend upon retention practices, system architecture, account changes, device replacement, portal history, audit logs, version history, metadata, and routine electronic processes. The Court is already aware the defendants appear via prima facie evidence to have manipulated closed governmental files just hours after service of the complaint, demonstrating the urgent need for preservation order in this constitutional crisis causing the constitutional cause of the instant complaint.

A temporary stay of affirmative production does not necessarily extinguish obligations to preserve potentially relevant evidence, for which an order is needed given the defendants documented appearance of manipulation (backdating) of closed official governmental records.

Plaintiff therefore requests clarification that the August 21 Order does not authorize or excuse:

- destruction;
- alteration;
- overwriting;

- deletion;
- disposal;
- metadata stripping;
- BACKDATING;
- elimination of historical versions;
- MANIPULATION of existing records;
- loss of audit information; or
- failure reasonably to preserve relevant ESI.

**Plaintiff does not seek production of that material through this Motion.**

He seeks only preservation of the status quo while affirmative discovery is stayed.

---

**XV. PLAINTIFF'S DUE-PROCESS CONCERN IS NARROW AND REMEDIABLE**

Plaintiff does not contend that every interlocutory discovery ruling constitutionally requires oral argument or an evidentiary hearing.

Nor does Plaintiff question this Court's authority to shorten a briefing schedule where circumstances require expedition.

The present concern is narrower.

Defendants placed materially disputed factual descriptions of Plaintiff's conduct and constitutional theories before the Court.

The Motion was mailed to Plaintiff on August 20.

The requested relief was granted on August 21.

Plaintiff therefore had no meaningful opportunity to respond before an order materially restricting discovery and discovery-related filings was entered.

Longstanding procedural-due-process principles recognize the centrality of notice and an opportunity to be heard at a meaningful time and in a meaningful manner. See

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Plaintiff does not ask the Court to resolve a broad constitutional question unnecessarily. A substantially narrower remedy eliminates the constitutional due process concern: **permit Plaintiff to file the opposition he was never afforded an opportunity to present and reconsider or clarify the Order with the benefit of both sides' positions.**

---

## XVI. PLAINTIFF'S REQUEST FOR LEAVE SHOULD BE GRANTED EVEN IF THE COURT ULTIMATELY MAINTAINS THE STAY

The request for leave is analytically distinct from the ultimate merits of reconsideration. The Court may, after considering Plaintiff's Opposition, determine that judicial economy nevertheless warrants some temporary limitation upon discovery.

Plaintiff respectfully submits that such an outcome would still be procedurally superior to leaving the matter upon a one-sided record.

Defendants' descriptions of Plaintiff's constitutional case would then have an answer.

Defendants' characterization of his filings would have context.

The legal distinction between early delivery and service would be identified.

The Local Rule concerning filing RFPs would be before the Court.

Preservation concerns would be preserved.

And any subsequent review would occur on a complete record.

Thus, even if the Court declines to vacate the stay, Plaintiff respectfully requests that his proposed Opposition be accepted **instanter** and deemed part of the record relating to ECF No. 39.

---

## XVII. ALTERNATIVE NARROWING AND CLARIFICATION WOULD ADDRESS THE COURT'S CASE-MANAGEMENT CONCERNS WITHOUT PREJUDICING PLAINTIFF

<u>Should the Court elect to maintain a temporary stay, Plaintiff requests that it be modified or clarified to provide that:</u>

**A.** qualifying early Rule 34 requests delivered pursuant to Rule 26(d)(2) were not improper merely because they were delivered before the Rule 26(f) conference;

**B.** such qualifying Requests are not considered served until that conference;

**C.** early delivery itself does not constitute a finding of discovery abuse;

**D.** Defendants presently need not respond to stayed discovery;

**E. all parties remain obligated to preserve potentially relevant evidence;**

**F.** preservation obligations encompass reasonably relevant native files, metadata, audit trails, logs, revision histories, prior versions, communications, and other ESI;

**G.** the parties remain free to confer voluntarily concerning preservation and eventual discovery management;

**H.** Plaintiff may seek reconsideration or clarification of the stay itself;

**I.** Plaintiff may respond to any discovery-related filing initiated by Defendants;

**J.** Plaintiff may seek leave of Court where an unforeseen and concrete preservation emergency arises;

**K.** no individual RFP has presently been adjudicated irrelevant, disproportionate, privileged, or otherwise improper merely because the stay was entered;

**L.** the Court's acceptance of Exhibits A through D does not constitute an adjudication that their filing complied with LR Cv 5(d) and LR Cv 34(a); and

**M.** Plaintiff retains the right promptly to pursue proportional discovery concerning any claims surviving ECF No. 20.

---

## XVIII. PLAINTIFF INTENTIONALLY DOES NOT SEEK SANCTIONS THROUGH THIS MOTION

Plaintiff has separately initiated good-faith conferral concerning Defendants' handling of the discovery materials and their failure to confer before seeking the stay.

Plaintiff does **not** presently ask this Court to convert this reconsideration motion into a sanctions proceeding.

The applicable standards under **Rules 26 and 37, 28 U.S.C. § 1927,** the Court's inherent authority, and the Local Rules raise analytically distinct questions and procedural safeguards.

Plaintiff expressly reserves whatever rights may properly exist concerning those matters following completion of conferral.

**This restraint is deliberate.**

Defendants have invoked the number of Plaintiff's filings as criticism.

Plaintiff therefore seeks to consolidate the immediate corrective relief into **one procedurally focused motion**, rather than multiplying collateral proceedings unnecessarily.

---

## XIX. RECONSIDERATION IS WARRANTED BECAUSE THE COURT DID NOT HAVE THE BENEFIT OF ADVERSARIAL PRESENTATION BEFORE ENTERING THE ORDER

This case presents none of the ordinary objections to reconsideration.

Plaintiff is not repackaging an argument the Court rejected.

Plaintiff is not submitting evidence he strategically withheld.

Plaintiff is not attempting endlessly to relitigate an adverse result.

His opposition did not exist on the record because **the Court ruled the day after the Motion was filed and mailed**.

The present request therefore serves the institutional purpose of reconsideration of interlocutory orders: ensuring that a ruling capable of revision before final judgment does not remain predicated upon a record that was materially incomplete at the time of decision.

The First Circuit's recognition that interlocutory orders remain open to reconsideration is particularly apposite where new adversarial material becomes available not through tactical delay, but **because the party was never afforded the ordinary opportunity to present it in the first instance.**

---

## XX. CONCLUSION

The Court undoubtedly possesses substantial discretion to manage discovery.

Plaintiff's Motion does not challenge that proposition.

The issue is whether that discretion should now be revisited with the benefit of facts and law that were never presented before the August 21 Text Order issued.

Defendants filed ECF No. 39 on August 20.

They certified service upon Plaintiff by regular mail on that same date.

The Court granted the requested blanket stay one day later.

Defendants' Motion characterized Plaintiff's litigation conduct, characterized his substantive constitutional theories, presented unserved early Rule 34 requests as evidence of burden, filed those discovery materials upon the docket, and sought a restriction extending not only to affirmative discovery but to Plaintiff's future filing of discovery-related notices and motions.

**The plaintiff had no opportunity to answer any of it.**

The proposed Opposition will establish that qualifying early Rule 34 delivery did not itself create immediate response obligations; that Defendants themselves acknowledged discovery had not commenced; that LR Cv 26(a) already afforded significant temporal protection; that no meaningful pre-motion conferral occurred; that LR Cv 34(a) materially restricts filing Requests for Production upon the docket; that most of the seven filings Defendants counted were unrelated to ordinary discovery; and that Defendants' collateral characterization of Plaintiff's constitutional action is disputed.

Plaintiff respectfully submits that the Court should consider those matters.

Whether the Court ultimately vacates the stay, narrows it, clarifies it, or maintains much of it, the adjudicative record should reflect the positions of **both sides**.

**WHEREFORE**

Plaintiff **Michael E. Nelson**, proceeding pro se, respectfully requests that this Honorable Court:

**A. GRANT** Plaintiff leave to file **instanter** his previously unheard Response in Opposition to Defendants' Motion to Stay Fact Discovery [ECF No. 39], submitted contemporaneously herewith or attached as Exhibit A;

**B. DEEM** Plaintiff's Opposition timely for purposes of completing the record, particularly because ECF No. 39 was filed and mailed on August 20, 2026 and adjudicated on August 21, 2026 before Plaintiff's ordinary response period had expired;

**C. RECONSIDER** the August 21, 2026 Text Order pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority over interlocutory orders;

**D. VACATE** the blanket stay upon reconsideration if the Court concludes that Defendants failed to demonstrate good cause, present hardship, proportionality, or necessity on a complete record;

**E. ALTERNATIVELY MODIFY** the stay so that it is narrowly tailored to actual case-management requirements rather than imposing a categorical prohibition upon all discovery-related motions and notices;

**F. CLARIFY** that qualifying Rule 34 requests delivered pursuant to Rule 26(d)(2) do not become served until the parties' first Rule 26(f) conference and do not impose immediate production obligations merely upon delivery;

**G. CLARIFY** that the August 21 Order does not constitute an adjudication that Plaintiff's early Rule 34 requests were improper, abusive, irrelevant, or disproportionate;

**H. CLARIFY** that the Order does not diminish any party's preexisting obligation to preserve potentially relevant documents and ESI;

**I. CLARIFY** that preservation obligations encompass native files, reasonably available metadata, revision histories, audit trails, logs, prior versions, communications, and other relevant electronically stored information;

**J. CLARIFY** that Plaintiff may file a motion seeking reconsideration, modification, clarification, appellate preservation, or Court-authorized emergency preservation relief notwithstanding the general prohibition upon discovery-related filings;

**K. REVIEW** whether Defendants' filing of Plaintiff's Requests for Production as Exhibits A through D was consistent with LR Cv 5(d) and LR Cv 34(a), and provide such corrective treatment as the Court determines appropriate;

**L. DECLINE** to treat the raw number of Plaintiff's procedurally heterogeneous filings as evidence of discovery burden without considering their respective procedural purposes;

**M. ACCEPT** Plaintiff's Response in Opposition as part of the record whether or not the Court ultimately elects to maintain some form of temporary stay;

**N. PRESERVE** Plaintiff's ability promptly to pursue proportional discovery concerning all claims surviving Defendants' Motion to Dismiss;

**O. GRANT** oral argument pursuant to LR Cv 7(c), if the Court concludes oral presentation would materially aid resolution; and

**P. GRANT** such other and further relief as this Honorable Court determines just, equitable, and appropriate.

**REQUEST FOR ORAL ARGUMENT PURSUANT TO LR Cv 7(c)**

Plaintiff respectfully requests oral argument because this Motion concerns the interaction among the Court's August 21 Text Order, LR Cv 7(a)(3), Fed. R. Civ. P. 6(d), 26(d)(2), 26(f), 34(b)(2)(A), and 54(b), together with LR Cv 5(d), 26(a), and 34(a), and because Plaintiff was not afforded an opportunity for written adversarial presentation before ECF No. 39 was granted.

Plaintiff estimates that approximately **twenty (20) minutes** would be sufficient for oral argument.

Respectfully submitted,

**/s/**

**Michael Eric Nelson**
Michael Eric Nelson, Plaintiff *Pro Se*

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated: August 27, 2026**

**CERTIFICATE OF SERVICE**

I hereby certify that on 27 August, 2026, a true and correct copy of the foregoing **Plaintiff's Motion for Leave to File Response in Opposition Instanter and for Reconsideration, Modification, and/or Clarification of the August 21, 2026 Text Order Granting Defendants' Motion to Stay Fact Discovery**, together with all accompanying materials, was served upon all counsel of record by tendering the same to the Clerk of the Court for entry upon the docket and transmittal

**/s/ Michael E. Nelson**
MICHAEL E. NELSON
Plaintiff, Pro Se

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated: August 27, 2026**