**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MICHAEL ERIC NELSON,**<br>Plaintiff,<br><br>v.<br><br>TOWN OF SOUTH KINGSTOWN; URSILLO, TEITZ & RITCH, LTD.; MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH; ADAM J. SHOLES; and JANE/JOHN DOES 1–27,<br><br>Defendants. | **C.A. No.**<br>1:26-cv-00352-MRD-AEM |

**PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 4(m) AND 6(b)(1)(A) FOR ENLARGEMENT OF TIME TO EFFECT SERVICE UPON <u>DEFENDANT MICHAEL A. URSILLO</u>; FOR LEAVE TO EMPLOY LAWFUL INVESTIGATIVE AND PROFESSIONAL SERVICE MEASURES; AND TO PRESERVE PLAINTIFF'S RIGHT TO RECOVER EXPENSES UNDER FED. R. CIV. P. 4(d)(2) WITH INTEGRATED MEMORANDUM OF LAW CONCERNING THE SAME**

Plaintiff Michael Eric Nelson ("Plaintiff"), appearing pro se, respectfully moves, before expiration of the present service period, for an enlargement through November 30, 2026, within which to effect service of the summons and operative First Amended Complaint upon Defendant Michael A. Ursillo ("Ursillo"). This request arises under Federal Rules of Civil Procedure 4(m), 6(b)(1)(A), 1, and 4(d), and the Court's inherent authority to manage its docket and prevent a party's claims from being defeated by avoidable procedural obstruction.

Plaintiff does not ask the Court to deem actual notice a juridical substitute for service. Nor does Plaintiff ask the Court, on the present record, to adjudicate as an established fact that Ursillo has deliberately evaded service. Plaintiff instead demonstrates diligent, escalating efforts; circumstances supporting a good-faith inference of avoidance; a timely and facially serious Rule 4(d) waiver process whose response period extends beyond the current Rule 4(m) date; the absence of cognizable prejudice from a finite extension; and the need for additional time to engage a licensed private investigator and professional process server to identify a lawful, safe, and effective opportunity for residential service. Ex *abundantia cautela* — out of an abundance of caution — Plaintiff seeks prospective relief now rather than await expiration and then attempt to reconstruct diligence retrospectively.

**RELIEF REQUESTED**

**A.** Enlarge the time to serve Defendant Michael A. Ursillo through and including November 30, 2026, or for such other appropriate period as the Court fixes;

**B.** Find that this motion was made before expiration of the applicable period and that Plaintiff has shown good cause under Rule 6(b)(1)(A) and Rule 4(m), while alternatively exercising the Court's discretion to extend time even absent a mandatory-good-cause determination;

**C.** Permit Plaintiff to employ a licensed investigator, constable, sheriff, or other qualified nonparty process server to conduct lawful address verification and nonintrusive investigation reasonably calculated to identify a time and place for valid service under Rule 4(e);

**D.** Expressly preserve, without presently liquidating or awarding any sum, Plaintiff's right after formal service to seek the expenses recoverable under Rule 4(d)(2), conditioned upon proof that the Rule 4(d)(1) prerequisites were satisfied, that Ursillo failed without good cause to sign and return the waiver, and that the claimed expenses were thereby incurred; and

**E.** Grant such further procedural relief as justice may require, without prejudice to any argument properly arising under Rules 12(g)(2) and 12(h)(1).

## FACTUAL AND PROCEDURAL BASIS

**1.** Plaintiff commenced this civil action on May 29, 2026. Defendant Ursillo is named individually and is alleged to have acted personally, including through legal determinations and communications issued on his law firm's letterhead. The claims against him are therefore not reducible to service upon the Town or upon the law firm as an entity.

**2.** A First Amended Complaint is the operative pleading. Plaintiff understands that amendment does not automatically restart Rule 4(m)'s period as to an originally named defendant and therefore proceeds from the conservative premise that the service period is measured from May 29, 2026.

**3.** Ursillo is a licensed Rhode Island attorney with sophisticated knowledge of civil procedure and governmental representation. Attorney Peter Frederick Skwirz has represented to the Court, through his signature upon at least six separate pleadings, that he acts as counsel for Ursillo in this very action. Those filings demonstrate actual knowledge and active merits participation, although Plaintiff recognizes that actual notice alone ordinarily does not perfect service.

**4.** Plaintiff has attempted on multiple occasions and through multiple channels to resolve service without unnecessary expense, including attempted personal contact, telephone communications, electronic correspondence, and formal requests that Ursillo waive service under Rule 4(d), see exhibits attached herewith.

**5.** On August 20, 2026, Plaintiff transmitted to counsel a formal Rule 4(d) request and subsequent waiver package directed to Ursillo via his phalanx of seasoned, litigation-tested attorneys arrayed against a single, legally untrained pro se litigant. The communication explained the limited effect of waiver, **the duty to avoid unnecessary service expense**, and <u>the potential cost-shifting consequences</u> of an unjustified refusal. A true copy of the August 20 communication is submitted as Exhibit A.

**6.** On August 21, 2026, Plaintiff transmitted a renewed and final conferral demand to Peter Skwirz and the other battle-tested defense counsel with considerable litigation experience, again requesting cooperation and documenting Plaintiff's efforts. A true copy is submitted as Exhibit B.

**7.** The August 20 request afforded Ursillo through September 21, 2026 to return the waiver. Because the minimum response period required by Rule 4(d)(1)(F) necessarily extends beyond August 27, Plaintiff cannot fairly characterize the waiver as finally refused before that date. That temporal collision itself supplies a substantial, nonmanufactured reason for enlargement: Plaintiff should not be penalized for allowing the federally prescribed waiver mechanism to run its course before incurring the very expenses Rule 4(d) was designed to avoid.

**8.** As of the filing of this motion, no executed waiver or substantive commitment to return one has been received. Meanwhile, ordinary efforts to arrange personal service have not succeeded. Plaintiff therefore reasonably believes that residential service may be required and that a licensed investigator may need to verify Ursillo's residence and identify lawful, habitual windows of presence through permissible observation, public-record research, and appropriately circumscribed witness inquiries.

**9.** Plaintiff does not seek authorization for harassment, trespass, deception, surveillance prohibited by law. Any investigator or server will be instructed to comply with federal and Rhode Island law, respect the privacy of third parties, and employ only proportionate measures directed to completing lawful service.

**10.** The requested extension will neither reopen nor enlarge discovery and therefore does not contravene the Court's August 21, 2026 Text Order staying fact discovery. Investigation undertaken solely to locate an unserved defendant for Rule 4 service is procedural service activity, not merits discovery propounded under Rules 26 through 37.

**11.** No cognizable prejudice will befall Ursillo. Through identified counsel he already possesses actual notice, the operative allegations, and an active defense. By contrast, denial would expose Plaintiff to dismissal against a central, individually named defendant despite documented diligence, while rewarding the very noncooperation that Rule 4(d) seeks to discourage.

## MEMORANDUM OF LAW

### I. THE REQUEST IS TIMELY AND SATISFIES RULE 6(b)(1)(A).

Rule 6(b)(1)(A) authorizes an extension, “for good cause,” where the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). This is not a post-deadline plea dependent upon excusable neglect under Rule 6(b)(1)(B). It is a prospective request made on the operative deadline, supported by a concrete record of diligence of ongoing waiver procedures, and the practical need for professional service assistance. *Vigilantibus non dormientibus aequitas subvenit* — equity aids the vigilant, not those who sleep upon their rights. **Plaintiff has acted vigilantly**.

The filing date was May 29, 2026. Ninety days thereafter is August 27, 2026. Plaintiff files now, while the Court retains the uncomplicated authority to enlarge the period prospectively and before any lapse can be characterized as neglect. The requested period is finite, tied to defined service tasks, and substantially less prejudicial than dismissal and refiling and/or appeal both which operate in contravention of FRCP Rule 1, especially here where service is largely ceremonial given the fact Ursillo is actively defending via the multitude of at least six (6) operative pleadings signed by Peter F. Skwirz acting as attorney for attorney Ursillo both of whom are presumed officers of the very court they now *employ gamesmanship* to over complicate the constitutional cause of action against Ursillo who operates a law firm that has intertwined governmental actions on its own letterhead without attribution to which attorney or all of them has entwined themselves acting as agents of the government issuing governmental legal determinations without ability to appeal the same due to lack of attribution.

**II. RULE 4(m) MANDATES AN APPROPRIATE EXTENSION UPON GOOD CAUSE AND PERMITS ONE AS A MATTER OF DISCRETION IN ANY EVENT.**

Rule 4(m) provides two complementary avenues. If good cause exists, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011). Separately, the Rule empowers the Court to order service within a specified time, and the Supreme Court has recognized that district courts possess discretion to enlarge the service period even without good cause. *Henderson v. United States, 517 U.S. 654, 662–63 (1996).*

Good cause is established here by the concatenation of circumstances, not by rhetoric: Plaintiff sought waiver to avoid needless expense; prevent the necessity of additional motion practice; supplied formal written notice; pursued follow-up conferral on multiple occasions waiting a week prior to asking for judicial intervention; has not remained inert; faces a waiver-response period extending beyond the Rule 4(m) date; has encountered unsuccessful ordinary service efforts through the formidable and institutionally experienced opposing counsels representing two law firms with three attorneys and support staff refusing to confer or waive the largely ceremonial service of the operative complaint; moves before expiration; and identifies specific additional measures reasonably calculated to complete service via enhanced investigatory personnel. This is not inadvertence or garden-variety procrastination. It is ongoing diligence confronted by an unusual procedural incongruity where at least three (3) attorneys representing two (2) distinct law firms have refused conferral and refused response to multiple comprehensive written requests at conferral to avoid the filing of this very motion.

Even if the Court concludes that the present showing falls short of mandatory good cause, the discretionary factors decisively favor a finite enlargement: Ursillo has actual notice; identified counsel has repeatedly litigated for him; no default is sought; no evidence suggests prejudice to his ability to defend; Plaintiff is pro se but has conscientiously attempted compliance; and dismissal would elevate form over a merits determination without advancing any legitimate notice interest. *Fiat justitia ruat caelum* does not mean that procedure is dispensable; it means that procedure should serve justice rather than become its instrument of defeat.

**III. THE RECORD SUPPORTS FURTHER LAWFUL SERVICE EFFORTS WITHOUT REQUIRING A PREMATURE FINDING OF INTENTIONAL EVASION**

Plaintiff's inability to complete service, viewed beside Ursillo's sophisticated status, actual knowledge, active representation, his gaggle of attorneys refusing human decency of conferral as contemplated by Federal and Local Rule and nonresolution of repeated waiver communications, supports a reasonable inference that ordinary methods may remain ineffective. The Court need not find subjective intent today. It need only determine whether additional time and proportionate means are warranted. *Nemo ex suo delicto meliorem suam condicionem facere potest*; no one should improve his position through his own wrong; captures the equitable concern, but the requested relief remains modest: time to accomplish unquestionably valid service.

Service at an individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there is expressly authorized by Rule 4(e)(2)(B); personal delivery is authorized by Rule 4(e)(2)(A); and Rule 4(e)(1) incorporates methods permitted by the law of the forum state or the state where service is made. A

professional investigator and process server may lawfully verify the proper location and pursue these prescribed methods. Plaintiff asks only for the temporal opportunity to do so.

## IV. ACTIVE REPRESENTATION NEGATES PREJUDICE BUT DOES NOT, BY ITSELF, SUBSTITUTE FOR SERVICE.

The Supreme Court describes service as the formal event marking a court's assertion of authority over a named defendant. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)*. Plaintiff therefore does not ask the Court to collapse actual notice into service. That formal distinction, however, does not erase the equitable significance of counsel's six or more filings for Ursillo. Those filings establish that the requested extension causes no surprise, informational disadvantage, or impairment of defense. They also underscore why residential service has become largely ceremonial in its notice function while remaining procedurally important to eliminate collateral controversy, especially where Ursillo through Skwirz acting as legal counsel for him has reserved certain defenses related to service of the operative complaint.

Plaintiff further preserves, but need not obtain adjudication of, any contention that an available Rule 12(b)(4) or 12(b)(5) defense from Ursillo's first Rule 12 motion and thereby forfeited under Rules 12(g)(2) and 12(h)(1). See Chute v. Walker, 281 F.3d 314, 319–20 (1st Cir. 2002); Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991). Proceeding with service *ex abundanti cautela* is not a concession that such a defense remains preserved.

## V. RULE 4(d)(2) COSTS SHOULD BE PRESERVED, NOT PREMATURELY AWARDED.

Rule 4(d)(1) imposes upon a qualifying domestic individual "a duty to avoid unnecessary expenses of serving the summons." If a defendant, without good cause, fails to sign and return a compliant waiver, Rule 4(d)(2) directs that the Court "must impose" the expenses later incurred in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. The rule's architecture is sequential: compliant request; unjustified nonreturn; completed formal service; and then an application proving causation and amount.

Accordingly, Plaintiff does not request an advisory or premature monetary award. He asks the Court to preserve the issue expressly, without prejudice, so that investigative and process-server expenses caused by a failure to waive may later be sought. The Court may then determine, whether good cause existed for nonreturn, which expenditures were actually necessary to make service, and what amount is recoverable. Such preservation avoids conflating a prospective enlargement motion with a mature cost application.

**VI. THE MERITS CONTEXT CONFIRMS THE PERSONAL NATURE OF THE CLAIMS BUT SHOULD NOT CONTROL THIS PROCEDURAL MOTION.**

Plaintiff alleges that Ursillo personally participated in a course of governmental legal decisionmaking affecting Plaintiff's asserted constitutional and due-process rights, including legal determinations communicated on Ursillo, Teitz & Ritch letterhead without attribution sufficient, in Plaintiff's view, to identify the responsible decisionmaker or provide a meaningful avenue of judicial review. Those allegations are disputed and remain for adjudication on the pleadings and a developed record. Their limited relevance here is that Ursillo is sued in an individual capacity for alleged personal

conduct; service upon the municipal defendant or law-firm entity cannot safely be presumed to complete service upon him individually.

The Court need not assess the truth of those allegations to grant this motion. The issue is simply whether a diligent plaintiff should receive a finite opportunity to perfect service upon a sophisticated defendant who is already represented and defending. *Res inter alios acta* does not decide the merits, and neither should a service enlargement become a surrogate merits adjudication.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enlarge the time for service upon Defendant Michael A. Ursillo through November 30, 2026; authorize Plaintiff to pursue lawful, proportionate professional investigative and service measures; preserve without premature adjudication Plaintiff's right to seek expenses under Rule 4(d)(2); and grant such other relief as is just.

**Respectfully submitted,**

**/s/**

MICHAEL ERIC NELSON
Plaintiff, Pro Se
33 Hartford Avenue
Wakefield, Rhode Island 02879
Telephone: 702-932-3434
Email: nelsontelco@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, I served a true and correct copy of the foregoing Motion, Memorandum, Declaration, Proposed Order, and Exhibits A–B by electronic mail to the Clerk of the Court to be placed on the civil docket and generate CM/ECF notice.

/s/
MICHAEL ERIC NELSON

33 Hartford Avenue
Wakefield, Rhode Island 02879
Telephone: 702-932-3434
Email: nelsontelco@gmail.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL ERIC NELSON, Plaintiff,

v. C.A. No. 1:26-cv-00352-MRD-AEM

TOWN OF SOUTH KINGSTOWN, et al., Defendants.

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion Pursuant to Fed. R. Civ. P. 4(m) and 6(b)(1)(A) for Enlargement of Time to Effect Service Upon Defendant Michael A. Ursillo, and for good cause shown, it is hereby ORDERED:

**1.** Plaintiff's deadline to effect service of the summons and operative complaint upon Defendant Michael A. Ursillo is enlarged through and including November 30, 2026.

**2.** Plaintiff may employ any lawful method of service authorized by Federal Rule of Civil Procedure 4(e), including a qualified nonparty process server, and may undertake lawful and proportionate address-verification measures for that purpose.

**3.** This Order does not adjudicate whether Defendant evaded service, whether any Rule 12 defense has been waived, or whether Plaintiff is entitled to expenses under Rule 4(d)(2). Any timely application for Rule 4(d)(2) expenses is preserved without prejudice and must be supported by competent proof after formal service.

SO ORDERED.

Date: ____________________ ________________________________

United States District Judge

**<u>EXHIBIT INDEX</u>**

Exhibit A — August 20, 2026 Formal Request Pursuant to Fed. R. Civ. P. 4(d) and Conferral Prior to Filing Comprehensive Motions.

Exhibit B — August 21, 2026 Final Attempt at Conferral and Request Before Initiating Formal Notice and Motions to the Court.