# EXHIBIT

# A

# To follow…

**PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 4(m) AND 6(b)(1)(A) FOR ENLARGEMENT OF TIME TO EFFECT SERVICE UPON DEFENDANT MICHAEL A. URSILLO; FOR LEAVE TO EMPLOY LAWFUL INVESTIGATIVE AND PROFESSIONAL SERVICE MEASURES; AND TO PRESERVE PLAINTIFF'S RIGHT TO RECOVER EXPENSES UNDER FED. R. CIV. P. 4(d)(2) WITH INTEGRATED MEMORANDUM OF LAW CONCERNING THE SAME**

Gmail

Eric <nelsontelco@gmail.com>

## Formal Request Pursuant to Fed. R. Civ. P. 4(d) and CONFERRAL Prior to Filing Comprehensive Motions (plural)

1 message

**Eric** <nelsontelco@gmail.com> Thu, Aug 20, 2026 at 10:38 AM
To: info@desistolaw.com, marc@desistolaw.com, sarah@desistolaw.com, Peter Skwirz <Peteskwirz@utrlaw.com>

**August 20, 2026**

**VIA ELECTRONIC MAIL**

**Re:** *Michael Eric Nelson v. Town of South Kingstown, et al.*
United States District Court for the District of Rhode Island
Civil Action No. **1:26-cv-00352-MRD-AEM**
**Formal Request Pursuant to Fed. R. Civ. P. 4(d) for Waiver of Service of Summons**

Counsel:

I write concerning Defendant Michael A. Ursillo, who, notwithstanding his present and continuing participation in this litigation through counsel, has not yet been separately subjected to personal service of the summons and operative complaint.

In the interests of procedural economy, proportionality, the conservation of party and judicial resources, and the avoidance of a wholly unnecessary expenditure associated with effectuating formal personal service upon an individual who indisputably possesses actual notice of this action and is already affirmatively participating in its defense, Plaintiff hereby formally requests that Defendant Michael A. Ursillo execute and return a **Waiver of the Service of Summons pursuant to Federal Rule of Civil Procedure 4(d)**.

This request is not merely a matter of professional courtesy. It is consonant with an express obligation imposed by the Federal Rules of Civil Procedure.

### I. RULE 4(d) IMPOSES AN AFFIRMATIVE DUTY TO AVOID UNNECESSARY SERVICE EXPENSES

Federal Rule of Civil Procedure 4(d)(1) provides unequivocally:

> "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."

Fed. R. Civ. P. 4(d)(1) (emphasis added).

The operative terminology is mandatory rather than precatory. The Rule does not merely suggest that a domestic defendant *may*, as a matter of grace, cooperate in

avoiding unnecessary service expenses. It expressly denominates such cooperation as a **"duty."**

The Advisory Committee's explanation of Rule 4(d) is equally instructive. The waiver mechanism was fashioned specifically to **eliminate unnecessary service costs and foster cooperation among adversaries and counsel**. The Rule therefore embodies the broader institutional command of Fed. R. Civ. P. 1 that the Federal Rules be employed to secure the "just, speedy, and inexpensive determination" of every civil action.

That principle has particular salience here. Defendant Ursillo is not an absentee defendant whose whereabouts are unknown; he is not unaware of this proceeding; he is not attempting to determine whether an action has actually been commenced; and he is plainly not in need of formal personal delivery of papers to apprise him of claims of which he and his counsel already possess extensive and demonstrable knowledge.

To the contrary, Mr. Ursillo is already represented in this action, his counsel has participated affirmatively in the litigation, filings have been submitted addressing Plaintiff's motions and substantive allegations, and dismissal of Plaintiff's claims is affirmatively being sought under Rule 12(b)(6).

Under these circumstances, compelling Plaintiff to retain a process server, locate Mr. Ursillo, arrange personal service, incur the corresponding expense, obtain a return of service, and thereafter file proof of that service would accomplish no cognizable notice-related purpose whatsoever. It would constitute precisely the type of redundant and avoidable expenditure that Rule 4(d) was enacted to prevent.

**II. FAILURE TO WAIVE WITHOUT GOOD CAUSE CARRIES EXPRESS COST-SHIFTING CONSEQUENCES**

Rule 4(d)(2) reinforces the foregoing obligation by providing a mandatory consequence where a domestic defendant declines a procedurally compliant waiver request without good cause:

> "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant" the expenses subsequently incurred in effectuating service.

Fed. R. Civ. P. 4(d)(2).

The Rule further encompasses the reasonable expenses associated with any motion necessary to recover those service costs. Fed. R. Civ. P. 4(d)(2)(B).

The United States District Court for the District of Rhode Island has expressly recognized this operation of Rule 4. In *Ryan v. Krause*, No. 1:11-cv-00037, 2012 WL 2923522 (D.R.I. July 17, 2012), the Court explained that Rule 4(d) "encourages defendants to waive service" through the affirmative duty to avoid unnecessary service expenses and recognized that a defendant who refuses a compliant waiver request without good cause becomes responsible for the ensuing expenses of formal service.

Plaintiff is cognizant that an unanswered waiver request does not, standing alone, constitute completed service. See *Ryan*. That is not the proposition advanced here. Rather, Plaintiff is providing Defendant Ursillo the opportunity contemplated by Rule 4(d) to eliminate the need for further formal service altogether and thereby obviate an expenditure that serves no practical purpose under the present procedural circumstances.

**III. DEFENDANT URSILLO'S EXISTING PARTICIPATION IN THE LITIGATION MAKES FORMAL PERSONAL SERVICE PARTICULARLY ANOMALOUS**

The factual circumstances surrounding this request render a refusal especially difficult to reconcile with the purposes underlying Rule 4(d).

Mr. Ursillo is himself a practicing attorney and is associated with a law firm that holds itself out as possessing substantial experience in governmental and municipal representation. He is therefore not an unsophisticated litigant unfamiliar with the significance or consequences of executing a Rule 4(d) waiver.

More importantly, counsel is already actively litigating matters affecting Mr. Ursillo. Defendant has had actual notice of this litigation, access to the operative pleadings, knowledge of the claims asserted, and the benefit of professional representation. The defense has not merely passively monitored the docket; it has invoked the adjudicatory authority of this Court and sought substantive judicial relief.

There consequently exists a substantial incongruity in simultaneously asking this Court to adjudicate whether Plaintiff's allegations survive Rule 12(b)(6), while nevertheless requiring Plaintiff to expend additional resources physically delivering the summons and complaint to a defendant already engaged in seeking judicial disposition of those very allegations.

Rule 4(d) exists to prevent precisely that species of unnecessary formalism.

**IV. FIRST CIRCUIT AUTHORITY FURTHER COUNSELS AGAINST ELEVATING SERVICE FORMALITIES OVER DEFENDANT'S AFFIRMATIVE RULE 12 PARTICIPATION**

There is an additional and independently consequential consideration.

Rule 12(b) expressly distinguishes between a motion for failure to state a claim under Rule 12(b)(6) and a defense predicated upon insufficient process or insufficient service under Rules 12(b)(4) and 12(b)(5). Rule 12(g)(2), together with Rule 12(h)(1), generally requires the latter defenses to be asserted in the defendant's initial Rule 12 defensive motion when they are then available.

The First Circuit has applied that principle directly.

In ***Chute v. Walker*, 281 F.3d 314 (1st Cir. 2002)**, the defendant filed an answer and a Rule 12(b)(6) motion without objecting to service. The First Circuit held that the defendant had thereby **waived the insufficiency-of-service defense**, explaining that

the defendant “waived any insufficiency of service of process objection” by filing his responsive papers without asserting that objection. *Id.* at 320.

The factual and procedural parallel is conspicuous.

Likewise, in ***Mitchell v. Hobbs*, 951 F.2d 417 (1st Cir. 1991)**, the First Circuit recognized that failure to raise insufficiency of service in the initial Rule 12 posture constituted a **“clear waiver under Rule 12(h)(1).”** The Court further observed that submission to the jurisdiction of a federal court may, under appropriate circumstances, occur through litigation conduct itself. *Id.*

See also ***Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983)** (explaining that defendants wishing to preserve objections concerning personal jurisdiction and service must ordinarily present them in their first defensive move); ***Roque v. United States*, 857 F.2d 20, 21 (1st Cir. 1988)** (recognizing waiver of an insufficient-service defense not timely asserted under Rules 12(b) and 12(h)(1)).

Accordingly, **to the extent Defendant Ursillo has authorized, joined in, adopted, or otherwise invoked a Rule 12(b)(6) motion on his individual behalf without contemporaneously preserving an objection under Rule 12(b)(4) or Rule 12(b)(5), Plaintiff expressly reserves the position that any objection predicated upon insufficiency of process or insufficiency of service has already been waived pursuant to Rules 12(g)(2) and 12(h)(1).**

Plaintiff therefore requests execution of the Rule 4(d) waiver **without conceding that further personal service remains legally indispensable in light of Defendant's litigation conduct and the governing First Circuit authorities**.

Rather, Plaintiff seeks the executed waiver out of an abundance of procedural regularity, to eliminate any collateral controversy concerning service, and to permit the parties and this Court to direct their resources toward adjudication of the actual controversies presented in this action.

## V. WAIVER DOES NOT FORFEIT SUBSTANTIVE DEFENSES

There can be no legitimate concern that execution of the waiver would compromise Defendant Ursillo's substantive defenses.

Rule 4(d)(5) expressly provides:

> “Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.”

Nor does execution of the waiver relinquish any substantive defense otherwise available under Rule 12, save for an objection predicated upon the absence of a summons or formal service itself.

Thus, the requested waiver does not require Defendant Ursillo to concede the sufficiency of Plaintiff's allegations, concede liability, abandon any Rule 12(b)(6) argument, or otherwise alter his litigation position on the merits.

The waiver accomplishes one thing only: **it eliminates an unnecessary and economically wasteful formality where the defendant already has actual notice and is already defending the litigation.**

## VI. PROFESSIONAL AND PROCEDURAL ECONOMY WARRANT IMMEDIATE COOPERATION

The requested accommodation is particularly reasonable in view of Mr. Ursillo's professional status.

As a licensed attorney who holds himself out, individually and through his firm, as experienced in governmental and municipal legal affairs, Mr. Ursillo can reasonably be expected to appreciate both the literal command and institutional purpose of Rules 1 and 4(d). Requiring an opposing pro se litigant to incur needless process-server expenses merely to accomplish the physical delivery of papers already possessed and being actively litigated would constitute an exercise in procedural formalism wholly disconnected from the notice function service is intended to fulfill.

Nothing is gained by such an undertaking.

No additional notice is conveyed.

No substantive defense is preserved by refusing a Rule 4(d) waiver.

No jurisdictional concession arises merely from executing the waiver.

No legitimate litigative objective is advanced.

The only practical consequence would be the unnecessary consumption of Plaintiff's resources, followed by a potential application for the mandatory cost-shifting relief contemplated by Rule 4(d)(2).

Plaintiff respectfully submits that neither the Federal Rules nor principles of professional cooperation favor such a circuitous result.

## VII. FORMAL REQUEST AND DEADLINE FOR RETURN OF WAIVER

Accordingly, Plaintiff formally requests that counsel obtain Defendant **Michael A. Ursillo's execution of the enclosed Waiver of the Service of Summons** and return the executed waiver to Plaintiff.

Consistent with Rule 4(d)(1)(F), Defendant is afforded not less than thirty days from transmission of this request. Plaintiff therefore requests that the executed waiver be returned **on or before September 21, 2026**.

This correspondence is intended to accompany and constitute part of Plaintiff's formal Rule 4(d) waiver package, including, as applicable:

1. the Notice of a Lawsuit and Request to Waive Service of a Summons;
2. a copy of the operative First Amended Complaint;

3. a copy of the issued summons for Michael A. Ursillo;
4. two copies of the Waiver of the Service of Summons; and
5. a prepaid means for returning the executed waiver.

Upon receipt of the executed waiver, Plaintiff will promptly file it with the Clerk of the United States District Court for the District of Rhode Island, thereby eliminating any necessity for further personal service upon Mr. Ursillo.

If Defendant Ursillo declines to execute the waiver, Plaintiff respectfully requests that counsel advise Plaintiff **in writing of the specific good cause asserted for that refusal**, so that Plaintiff may evaluate the necessity of arranging formal service and preserve an appropriate record concerning the expenses thereby occasioned.

Should Defendant fail, without good cause, to execute and return a procedurally compliant waiver within the period prescribed by Rule 4(d), Plaintiff expressly reserves the right to effectuate formal service and thereafter seek recovery of all recoverable service expenses pursuant to **Fed. R. Civ. P. 4(d)(2)(A)**, together with any additional recoverable expenses contemplated by **Rule 4(d)(2)(B)**.

Nothing contained herein should be construed as a concession that Defendant Ursillo has preserved any defense under Rules 12(b)(2), 12(b)(4), or 12(b)(5), particularly to the extent his authorized counsel has already invoked Rule 12(b)(6) without contemporaneously presenting such defenses. Plaintiff expressly reserves all arguments arising under Rules 12(g) and 12(h), including the First Circuit authorities cited above.

This request is instead transmitted in a good-faith effort to eliminate an unnecessary collateral procedural controversy, conserve the resources of all parties, conform the proceedings to Rules 1 and 4, and advance this litigation toward resolution of its substantive issues.

I trust that Defendant Ursillo and counsel will recognize that execution of the waiver represents the procedurally economical, legally contemplated, and professionally appropriate course under the circumstances.

Please govern yourselves accordingly.

Respectfully,

**Michael Eric Nelson**
Plaintiff, Pro Se

--
Michael Nelson
702-WEB-3434

Please consider the environment before printing this email

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.