UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL E. NELSON
*Plaintiff*

v.

URSILLO, TEITZ & RITCH LTD; MICHAEL A. URSILLO; ANDREW M. TEITZ; SCOTT A. RITCH; ADAM J. SHOLES; TOWN OF SOUTH KINGSTOWN; and JANE AND JOHN DOES 1-27
*Defendants*

C.A. No. 1:26-cv-00352-MRD-AEM

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Now come the Defendants, Ursillo, Teitz & Ritch LTD, Michael A. Ursillo, Andrew M. Teitz, Scott A. Ritch, Adam Sholes, and Town of South Kingstown ("Defendants") and hereby object to Plaintiff, Michael E. Nelson's, Motion for Leave to File Response in Opposition Instanter and for Reconsideration, Modification, and/or Clarification of the August, 21, 2026 Text Order Granting Defendants' Motion to Stay Fact Discovery.

On August 21, 2026, this Court granted the Defendants' Motion to Stay Fact Discovery. *See Text Order* (Aug. 21, 2026). Plaintiff takes issue with this Court's decision for a number of reasons and, consequently, he asks that this Court reconsider its decision. Federal Courts retain discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *See Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994). However, the Supreme Court has cautioned that "courts should be loathe to do so in absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). Thus, a district court should grant a motion

for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (citing *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M.D. Ga. 1997)). Plaintiff's Motion for Reconsideration fails to identify any such circumstances warranting reconsideration of this Court's decision.

As Plaintiff acknowledges, Federal District Courts are afforded broad discretion in managing the cases before them. *See Serrano-Perez v. FMC Corp.*, 985 F.2d 625, 628 (1993). Plaintiff nonetheless raises a number of perceived issues with this Court's decision to temporarily stay fact discovery, beginning with the timing of the Court's order. Specifically, Plaintiff contends that this Court did not afford him an adequate opportunity to object to Defendants' Motion to Stay before granting the same, thus depriving him of his right to due process. However, Plaintiff's disagreement with the timing of a routine, case management ruling does not itself warrant reconsideration absent a sufficient basis to justify disturbing this Court's order, *e.g.*, newly discovered evidence, a change in the law, or clear error. *See Davis*, 89 F. Supp. 2d at 147. Moreover, procedural due process in the context of interlocutory discovery orders does not require the full array of adversarial processes before a court may act. In fact, this Court has the express authority to shorten response periods when warranted. *See* L.R. Cv. 7(a)(3). Moreover, a discovery stay pending the resolution of a dispositive motion is a routine, non-prejudicial case management tool that does not adjudicate any substantive right such that due process might be implicated—it merely defers discovery. *See Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 13 (1st Cir. 2011) (explaining basic guarantee of procedural due process is that, "before a significant deprivation of liberty or property takes place at the state's hands, the affected individual must be forewarned and

afforded an opportunity to be heard at a meaningful time and in a meaningful manner"); *see also Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000) (explaining district courts have "broad discretion to defer pretrial discovery if the record indicates that discovery is unnecessary (or at least, is unlikely to be useful)," in deciding pending dispositive motion).

Plaintiff also complains that Defendants' Motion to Stay misrepresented his early document requests by collapsing the legally distinct events of delivery, service, and maturation of the response obligations under Rule 26(d)(2) of the Federal Rules of Civil Procedure. Even if true, the delivery of voluminous early Rule 34 document requests, regardless of when they technically become "served," imposes real and present burdens on defense counsel who must review, analyze and prepare to respond to those requests. Courts staying discovery pending the outcome of dispositive motions regularly consider anticipated burdens as well as presently enforceable obligations. *See Dynamic Image Tech.*, 221 F.3d at 38 (affirming district court's decision staying pretrial discovery in light of burden of "uncontrolled discovery" on federal government pending resolution of threshold jurisdictional questions).

Plaintiff next asserts that the Defendants violated the mandatory conferral requirement under Rule 26(c)(1) by moving for a stay of fact discovery without first attempting to confer with Plaintiff about any specific discovery dispute. To begin, Plaintiff misunderstands the application of Rule 26(c)(1), which applies specifically to motions for *protective orders* concerning particular discovery disputes, not to motions for a general, limited stay of all discovery. *See* Fed. R. Civ. P. 26(c)(1). In addition, Plaintiff's assertion that Defendants failed to confer with him regarding discovery is simply untrue. Marc DeSisto, counsel for the Defendants, conferred with Plaintiff via telephone conference on July 29, 2026, just one day after Defendants filed their Motion to Dismiss. During this conference, Attorney DeSisto indicated to Plaintiff that the Defendants did not intend

to engage in fact discovery before this Court reached a decision regarding their pending dispositive motion unless the Court directed otherwise. Attorney DeSisto also advised Plaintiff that he could raise the issue of discovery with the Court if Plaintiff disagreed with this approach. Despite this discussion, Plaintiff subsequently sent the Defendants five (5) "early" discovery requests.[1]

Plaintiff further argues that the Defendants violated this Court's Local Rules by filing Plaintiff's Requests for Production as exhibits to their Motion to Stay. In support of this argument, Plaintiff relies on Local Rule Cv 34(a), which provides "neither requests for production nor responses or objections thereto shall be filed with the Court." This rule, however, is not intended to prohibit the use of requests for production as exhibits in support of a motion. Instead, this language is in reference to this Court's rule that discovery documents are not to be filed and served through the Court's electronic filing system but rather must be exchanged between and preserved by the parties. *See* L.R. Cv. 5(d). Defendants have not filed any such discovery documents with the Court in this case in violation of the Local Rules. In any event, the requested stay would have been appropriate even if Defendants did not include Plaintiff's discovery requests as exhibits to the same given the pendency of Defendants' motion to dismiss. *See Dynamic Image Tech.*, 221 F.3d at 38. Thus, even if the Defendant somehow violated the Local Rules by attaching Plaintiff's discovery requests as exhibits to their Motion to Stay, that violation does not undermine the substantive basis for the stay. *See id.*

Plaintiff next takes issue with the Defendants' referencing his seven (7) non-discovery filings in a twenty-three (23) day period in support of their Motion to Stay, arguing that this created a "materially distorted impression." However, regardless of how those seven (7) filings were

[1] At the time Defendants filed their Motion to Stay, Plaintiff had sent a total of four (4) Rule 34 requests to the Defendants: two (2) addressed to the Town, one (1) addressed to Defendant Adam J. Sholes, and (1) addressed to Defendant Scott A. Ritch. Plaintiff sent an additional Request for Production of Documents addressed to Defendant Andrew M. Teitz, which contains 139 separate requests, after Defendants filed their Motion to Stay.

categorized, this Court was entitled to consider the overall pace and volume of Plaintiff's litigation activity as relevant context for Defendants' Motion to Stay. Even if some of those filings were not discovery-related, the combination of early Rule 34 requests, various motions, and the pace of filings provided a legitimate basis for the Court to conclude that a temporary stay was warranted to allow orderly resolution of the pending dispositive motion. *See Serrano-Perez*, 985 F.2d at 628 (explaining district courts are afforded a "broad measure of discretion" in managing litigation before them, including the control of pretrial discovery).

Plaintiff further argues that the Defendants' motion improperly served as an "an auxiliary merits brief" by characterizing his constitutional claims as a "gripe" about receiving anonymous and unattributed APRA responses. Defendants' characterization of Plaintiff's claims was not improper; parties routinely summarize the nature of the underlying litigation when seeking a stay. Any disagreement Plaintiff has with Defendants' characterization of his claims is best addressed in his opposition to the Motion to Dismiss, not as a basis to reconsider a discovery stay. Moreover, this Court's entry of the stay does not signal agreement with the Defendants' merits characterizations.

In sum, Plaintiff has failed to demonstrate any "extraordinary circumstances" that might warrant reconsideration or reversal of this Court's order temporarily staying fact discovery. *See Christianson*, 486 U.S. at 817. The rationale for staying fact discovery pending a dispositive motion is that if the motion succeeds, *both* parties will have been spared the expense and burden of unnecessary discovery. This is precisely the kind of proportionality and efficiency consideration that supports a stay. Consequently, Defendants respectfully request that this Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

Defendant,
Town of South Kingstown,
By its Attorneys,

*/s/ Marc DeSisto*
*/s/ Sarah D. Boucher*
Marc DeSisto, Esq. (#2757)
Sarah D. Boucher, Esq. (#10272)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
marc@desistolaw.com
sarah@desistolaw.com

Defendants,
Ursillo, Teitz & Ritch LTD, Michael A Ursillo, Andrew M. Teitz, Scott A. Ritch, and Adam Sholes,
By their Attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz, Esq. #8809
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 4th day of September 2026 and is available for viewing and downloading from the ECF system. I have also caused a copy to be sent via regular mail to the following on this 4th day of September 2026.

Michael Eric Nelson
33 Hartford Avenue
South Kingstown, RI 02879

*/s/ Marc DeSisto*