**<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND</u>**

MICHAEL E. NELSON,

Plaintiff,

v. C.A. No. 1:26-cv-00352-MRD-AEM

URSILLO, TEITZ & RITCH, LTD.;

MICHAEL A. URSILLO; ANDREW M. TEITZ;

SCOTT A. RITCH; ADAM J. SHOLES;

TOWN OF SOUTH KINGSTOWN; and

JANE AND JOHN DOES 1-27,

Defendants.

# PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION INSTANTER AND FOR RECONSIDERATION, MODIFICATION, <u>AND/OR CLARIFICATION</u> OF THE AUGUST 21, 2026 TEXT ORDER TO SET RECORD STRAIGHT AND PRESERVE OBJECTION TO DEFENDANTS ACTS IN CONTRAVENTION OF LOCAL RULES & FEDERAL RULES

Plaintiff Michael Eric Nelson ("Plaintiff"), appearing pro se, respectfully submits this Reply in further support of his Motion for Leave to File Response in Opposition Instanter and for Reconsideration, Modification, and/or Clarification of the August 21, 2026 Text Order (ECF No. 47), and <u>in reply to Defendants' Objection filed September 4, 2026.</u>

This Reply is timely under LR Cv 7(a)(4). Defendants served their Objection on September 4, 2026, and Plaintiff submits this Reply within seven days. LR Cv 7(a)(4) authorizes a reply

without requiring a separate motion for leave, provided the reply relates to the response and does not reargue or expand the opening motion. This Reply is confined to the matters Defendants raised, including the status of Plaintiff's early Rule 34 requests, the filing of those requests as exhibits, the July 29 conversation, and the standard governing reconsideration or clarification of an interlocutory case-management order.

**PRELIMINARY STATEMENT**

Defendants' Objection confirms rather than cures the central procedural defects identified in Plaintiff's Motion. Defendants do not dispute that: (1) their Motion to Stay Fact Discovery was filed on August 20, 2026; (2) the Court granted it on August 21, 2026, before expiration of Plaintiff's fourteen-day response period under LR Cv 7(a)(3); (3) the Rule 34 requests upon which Defendants relied had been delivered pursuant to Fed. R. Civ. P. 26(d)(2), but had not yet become served at a Rule 26(f) conference; (4) no Rule 34 response or production obligation had matured; and (5) Defendants placed the requests themselves upon the Court's public docket as exhibits to a motion **that was not a motion to compel production**.

Instead, Defendants contend that counsel's voluntary advance review of lawfully delivered requests constituted a "real and present burden" sufficient to justify a stay, and that placing the requests on the docket as exhibits somehow did not constitute "filing" them. Neither proposition withstands the text of the Federal Rules, the Advisory Committee's explanation of Rule 26(d)(2), or this Court's Local Rules.

Plaintiff does not contend that this Court is categorically without authority to regulate discovery or to maintain a temporary stay as an exercise of case-management discretion. The narrower and dispositive point is that the Court ruled upon a materially incomplete, one-sided record; that Defendants obtained that ruling by treating authorized early delivery as though it were presently

enforceable discovery; and that Defendants placed the underlying Rule 34 requests on the docket contrary to LR Cv 5(d) and LR Cv 34(a). Those circumstances independently warrant leave to file Plaintiff's opposition, consideration of that opposition on its merits, and appropriate modification or clarification even if the Court elects to leave the prospective stay otherwise intact.

The words "motion for leave" in ECF No. 47 were protective, not a concession that Plaintiff's response was late or unauthorized. Plaintiff filed ECF No. 47 on August 28, 2026—eight days after ECF No. 39 and within LR Cv 7(a)(3)'s ordinary fourteen-day response period. The Court's intervening Text Order made a request that the opposition be considered prudent, but it did not convert Plaintiff's timely effort to complete the record into an extraordinary procedural indulgence. Defendants should not be permitted to use that protective request as a threshold distraction from their own filing of Rule 34 materials outside the exception stated in LR Cv 34(a).

Plaintiff attaches as **Exhibit A** the objection he previously tendered to the Clerk for filing after entry of the August 21 Text Order. **<u>The Clerk did not accept that objection for placement on the civil docket</u>**. Exhibit A is submitted here for the limited purposes of establishing that Plaintiff contemporaneously sought to preserve the Local Rule issue, identifying the procedural facts that compelled ECF No. 47 and the present Reply, and allowing the Court to consider the rejected submission in the procedural vehicle now properly before it. Plaintiff does not ask the Court, through this Reply, to adjudicate the separate attorney-disciplinary matters referenced in Exhibit A.

## RELEVANT PROCEDURAL HISTORY

1. Defendants filed their dispositive Motion to Dismiss, ECF No. 20, on July 28, 2026.

2. Defendants represent that Attorney Marc DeSisto spoke with Plaintiff on July 29, 2026 and announced that Defendants did not intend to engage in fact discovery before disposition of ECF No. 20 unless ordered otherwise. As described by Defendants themselves, this was notice of a unilateral position, not a particularized conference concerning the scope, timing, or burden of any then-pending discovery request.

3. More than twenty-one days after service of the summons and complaint upon the applicable parties, Plaintiff delivered early requests for production pursuant to Rule 26(d)(2). By operation of Rule 26(d)(2)(B), those requests would be "considered to have been served at the first Rule 26(f) conference." Until that conference occurred, no Rule 34 response period commenced.

4. On August 20, 2026, Defendants filed ECF No. 39, their Motion to Stay Fact Discovery. Defendants attached Plaintiff's Rule 34 requests as exhibits and relied upon their length and contents as purported evidence of an immediate discovery burden.

5. On August 21, 2026, before Plaintiff's response period under LR Cv 7(a)(3) had expired, the Court entered a Text Order granting ECF No. 39 and directing Plaintiff to refrain from filing notices or motions relating to discovery until resolution of ECF No. 20.

6. Plaintiff thereafter filed ECF No. 47, seeking leave to place his **previously unheard opposition on the record** and requesting reconsideration, modification, **and/or clarification** of the Text Order.

7. Before and in connection with that motion practice, Plaintiff tendered the objection now attached as Exhibit A. The Clerk did not accept it for filing on the civil docket, leaving Plaintiff without a docketed vehicle in which to preserve the objection unless he sought leave, reconsideration, modification, and/or clarification.

8. Defendants filed their present Objection on September 4, 2026. Their Objection addresses the matter almost exclusively as though Plaintiff had requested only complete reversal of the stay, while largely failing to address Plaintiff's alternative requests for leave, clarification, correction of the status of the early requests, and preservation of his objection to Defendants' filing of Rule 34 materials.

**ARGUMENT**

## I. THIS REPLY IS EXPRESSLY AUTHORIZED BY LR Cv 7(a)(4) AND REQUIRES NO SEPARATE LEAVE.

LR Cv 7(a)(4) provides that, although a reply is not required, "any reply to a response must be filed within 7 days after service of the response." Defendants filed and served their Objection on September 4, 2026. This Reply is timely. The Rule reserves prior leave only for sur-replies. LR Cv 7(a)(5). Accordingly, no separate motion for leave is required to file this Reply.

This Reply also complies with the Rule's limitation on scope. Defendants expressly addressed: (1) whether Plaintiff should receive leave to place his opposition on the record; (2) the interlocutory-reconsideration standard; (3) the legal effect and asserted burden of early Rule 34 requests; (4) whether attaching those requests to ECF No. 39 violated LR Cv 5(d) or LR Cv 34(a); (5) the July 29 conversation; and (6) Defendants' reliance on unrelated filings and a later Rule 34 delivery. The discussion below responds directly to those arguments. Exhibit A does not introduce a new ground for relief; it documents Plaintiff's contemporaneous attempt to preserve the same Local Rule objection that Defendants address on pages 3-4 of their filing.

## II. PLAINTIFF'S OPPOSITION WAS TIMELY UNDER LR Cv 7(a)(3); THE REQUEST FOR LEAVE WAS PROTECTIVE.

LR Cv 7(a)(3) provides that a party may respond to a motion and that the response "must be filed within 14 days after service of the motion unless the Court shortens or extends the time." Defendants filed ECF No. 39 on August 20, 2026. Plaintiff filed ECF No. 47 on August 28, 2026, within that fourteen-day period. Plaintiff therefore did not allow an opposition deadline to lapse; the motion was decided on August 21, before his ordinary response period had meaningfully begun.

Defendants answer only that the Court possessed authority to shorten the response period. Plaintiff does not dispute that abstract authority. But the Text Order did not say that Plaintiff had defaulted, expressly set a shortened opposition deadline, or state that no timely opposition would be considered. Because ECF No. 47 was filed within the period specified by LR Cv 7(a)(3), its request for leave was procedural caution prompted by the intervening ruling—not an admission that leave was independently required. The Court may therefore deem the opposition timely filed and consider it as part of the record without applying an artificially heightened threshold.

In any event, the existence of discretion to shorten a response period does not establish that the Court had the benefit of the material distinctions omitted from Defendants' presentation, including the differences among delivery, service, and maturation of a Rule 34 response obligation. Nor does it establish that any prejudice would result from considering Plaintiff's opposition now. Granting leave, if the Court concludes leave is necessary, would merely complete the record concerning an interlocutory order and permit the Court to determine whether the order should remain unchanged, be modified, or be clarified.

Defendants' reliance upon *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34 (1st

Cir. 2000), affirmatively supports this distinction. There, the First Circuit emphasized that the plaintiffs failed to file an opposition to the discovery-stay motion under the applicable local response rule and thereby forfeited the issue. *Id.* at 38. Here, Plaintiff did not forfeit an available opportunity; the Court ruled the next day, before the ordinary response period expired. Plaintiff promptly sought leave to supply the opposition that the Court had not yet received.

Plaintiff need not establish a freestanding constitutional deprivation to obtain that modest procedural relief. LR Cv 7(a)(3) authorized the response when filed, and the Court's inherent authority over its interlocutory orders and Fed. R. Civ. P. 54(b) independently provide ample authority to receive the opposition and correct or clarify the record.

## III. DEFENDANTS APPLY AN UNDULY RIGID RECONSIDERATION STANDARD TO A NONFINAL CASE-MANAGEMENT ORDER.

The First Circuit recognizes that interlocutory orders "remain open to trial court reconsideration, and do not constitute the law of the case." *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994). It has further stated that a district court possesses inherent power to reconsider its interlocutory orders and encouraged the exercise of that power "where error is apparent." *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008). Rule 54(b) likewise confirms the Court's authority to revise a nonfinal order before entry of final judgment.

Defendants invoke *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988), without acknowledging its materially different context. *Christianson* concerned the law-of-the-case effect of a jurisdictional transfer determination between coordinate appellate courts. It did not hold that a district court is powerless to clarify a recently entered discovery order after receiving a previously unheard opposition. Indeed, *Christianson* recognized that law of the case expresses a general practice and is not a limit upon judicial power. *Id.* at 817.

Defendants also rely upon *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000), which identifies clear legal error as an express ground for reconsideration. Plaintiff has identified such error: the stay was entered upon a characterization of unserved, unmatured Rule 26(d)(2) requests as presently operative discovery, and the supporting requests were placed on the docket outside the only exception specified by LR Cv 34(a). Thus, even under Defendants' preferred formulation, Plaintiff has identified a legally recognized ground for relief.

More fundamentally, ECF No. 47 requests modification and clarification in the alternative. The Court need not vacate every aspect of the stay to clarify that the early requests were lawfully delivered, had not yet become served, imposed no existing response duty, and should not have been docketed as Rule 34 exhibits.

## IV. THE FEDERAL AND LOCAL RULES ALREADY PRECLUDED ANY MATURED FACT-DISCOVERY OBLIGATION.

*A. Rule 26(d)(2) expressly authorized advance delivery.*

Rule 26(d)(1) generally bars a party from seeking discovery before the Rule 26(f) conference, subject to exceptions authorized by the Rules, stipulation, or court order. Rule 26(d)(2) supplies one such express exception. More than twenty-one days after service of the summons and complaint, a party may **deliver** a Rule 34 request before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(A).

The Rule then states when that advance request becomes legally operative: "The request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B). Delivery and service therefore are deliberately distinct events.

Defendants' argument that Plaintiff delivered requests notwithstanding Attorney DeSisto's July

29 announcement proves no impropriety. A litigant's unilateral declaration that he does not wish to participate in discovery cannot repeal an express procedure authorized by the Federal Rules.

*B. No duty to respond or produce had accrued.*

Rule 34(b)(2)(A) eliminates any possible ambiguity concerning the response date. When a request is delivered under Rule 26(d)(2), the response is due "within 30 days after the parties' first Rule 26(f) conference," unless otherwise stipulated or ordered. Accordingly, when ECF No. 39 was filed:

- the requests had been delivered but not served;
- the Rule 34 response clock had not begun;
- no production deadline existed;
- no response was overdue;
- no waiver of objections could occur; and
- no Rule 37 dispute was ripe.

The stay motion therefore did not suspend a present production obligation. It sought judicial relief from obligations that the Rules had not yet activated.

*C. LR Cv 26(a) independently permitted deferral of the Rule 26(f) conference.*

LR Cv 26(a) ordinarily requires a Rule 26(f) conference within fourteen days after the last answer or responsive pleading has been filed by all parties against whom claims have been asserted. It further provides that, when a motion filed in lieu of an answer would dispose of the entire action if granted, the conference may be deferred until after the subsequent answer or pleading is filed.

Defendants repeatedly characterize ECF No. 20 as a dispositive motion whose success would

terminate the action. On that premise, LR Cv 26(a) already provided the procedural mechanism for deferring the conference and, consequently, the constructive service and response dates associated with Plaintiff's early Rule 34 requests. Defendants identify no imminent conference, matured deadline, default, motion to compel, or threatened enforcement requiring emergency judicial intervention on August 20, 2026.

*D. Advance review is an intended feature of Rule 26(d)(2), not an unauthorized discovery burden*

Defendants contend that early delivery imposed a "real and present burden" because counsel would have to "review, analyze and prepare to respond." Defendants' Objection at 3. That contention mistakes the intended operation of the Rule for a defect.

The Advisory Committee explained that delivery does not count as service, that the response period does not begin until the Rule 26(f) conference, and that the amendment was designed to facilitate focused discussion at that conference. The Committee further explained that discussion may produce changes in the requests and referred expressly to the opportunity for "advance scrutiny" of the delivered requests. Fed. R. Civ. P. 26(d)(2) advisory committee's note to 2015 amendment.

Thus, advance review and potential revision are not harms external to Rule 26(d)(2); they are among its central purposes. If Defendants believed particular requests were disproportionate, duplicative, or insufficiently particularized, the contemplated process was to identify those concerns during the Rule 26(f) conference, seek consensual revisions, stipulate to a response schedule, or—if an actual dispute later matured—seek particularized protective relief. The Rules did not require Defendants to prepare immediate responses, search for documents, collect electronically stored information, or produce anything merely because the requests had been delivered.

## V. DEFENDANTS' EXHIBIT THEORY IS CONTRARY TO THE PLAIN TEXT AND DEFINITIONS OF THE LOCAL RULES.

Defendants acknowledge that they attached Plaintiff's Rule 34 requests to ECF No. 39. They nevertheless assert that they "have not filed any such discovery documents with the Court" because LR Cv 34(a) supposedly is "not intended to prohibit the use of requests for production as exhibits in support of a motion." Defendants' Objection at 4. Defendants cite no rule, order, decision, or commentary supporting that proposed exhibit exception.

*A. LR Cv 5(d) and LR Cv 34(a) expressly prohibit the filing that occurred.*

LR Cv 5(d) provides:

> Unless otherwise ordered by the Court, disclosures made under Fed. R. Civ. P. 26(a)(1)-(3), notices of deposition, deposition transcripts, interrogatories, requests for production, requests for admission, and answers and responses thereto, shall not be filed with the Court.

LR Cv 34(a) is still more specific:

> Except in connection with motions to compel production, neither requests for production nor responses or objections thereto shall be filed with the Court.

ECF No. 39 was a motion to stay fact discovery, not a motion to compel production. Defendants did not obtain an order authorizing the requests to be filed before placing them on the docket. The filing therefore falls outside both the general authorization in LR Cv 5(d) and the sole subject-specific exception stated in LR Cv 34(a).

Defendants' construction would replace "motions to compel production" with "any motion for which a party wishes to use the requests as exhibits." That is not interpretation; it is textual

enlargement of an express exception. If attachment to any motion were sufficient, LR Cv 34(a)'s specifically enumerated motion-to-compel exception would be rendered largely superfluous.

*B. The Local Rules expressly define exhibits as filed documents.*

Defendants' attempt to distinguish between filing discovery materials independently and attaching them to a motion is foreclosed by the Local Rules' definitions.

LR Gen 101(f)(5) defines "Document" to mean "any written matter filed by or with the Court," expressly including "exhibits." LR Gen 101(f)(9) separately defines a "Main Document" and states that attachments and exhibits are not part of the main document. The Rules thus recognize exhibits as docketed documents distinct from the principal motion; they do not treat exhibits as invisible or legally unfiled.

LR Gen 305(a) then provides that electronic filing of a document through ECF, together with transmission of the Notice of Electronic Filing, "constitutes filing for all purposes" and constitutes entry on the docket maintained by the Clerk. Defendants transmitted Plaintiff's requests through ECF as exhibits to ECF No. 39. Under the Court's own definitions, the requests were filed.

*C. Federal Rule 5(d)(1)(A) does not erase LR Cv 34(a).*

Federal Rule 5(d)(1)(A) establishes the general federal limitation that discovery requests and responses must not be filed until they are used in the proceeding or the Court orders filing. It does not confer an affirmative right to docket discovery materials whenever a party elects to characterize them as useful. Rule 83(a)(1) authorizes district courts to adopt consistent local rules governing their practice, and this Court adopted the more specific filing directives contained in LR Cv 5(d) and LR Cv 34(a).

The Local Rules are entirely workable alongside Rule 5(d)(1)(A): discovery requests ordinarily

remain with the parties; when their text is necessary to adjudicate a motion to compel production, LR Cv 34(a) permits their filing; and the Court may otherwise order filing when required. None of those conditions existed here.

*D. The Clerk's refusal of Plaintiff's earlier filing confirms that the nonfiling rule was being applied in this action.*

Exhibit A records that Plaintiff previously attempted to place a Rule 34 request on the docket and received an August 17, 2026 Order of Return instructing that discovery requests must be served on the opposing party but not filed with the Court. Three days later, Defendants docketed four sets of Plaintiff's Rule 34 requests as exhibits to ECF No. 39. The Clerk later declined to accept Plaintiff's contemporaneous objection, now Exhibit A, after entry of the August 21 Text Order. Plaintiff does not ask the Court to infer favoritism from these events. He asks for an express and evenhanded resolution of the rule question Defendants themselves have now joined: whether attaching requests for production to a motion to stay constitutes filing them notwithstanding LR Gen 101(f)(5), LR Gen 305(a), LR Cv 5(d), and LR Cv 34(a). Exhibit A establishes that Plaintiff preserved this issue promptly and did not manufacture it in reply.

*E. The August 21 Text Order did not retroactively authorize Defendants' August 20 filing.*

The Text Order was entered after Defendants had already placed the Rule 34 requests on the docket. It prospectively stayed fact discovery and directed Plaintiff to refrain from filing discovery-related notices or motions. It did not state that Defendants had complied with LR Cv 5(d) or LR Cv 34(a), did not authorize the previously filed exhibits, and did not suspend the Local Rules *nunc pro tunc*.

Defendants therefore cannot use the relief obtained through ECF No. 39 as retroactive absolution for the method by which the underlying requests were placed before the Court.

*F. Defendants' harmlessness argument concerns remedy, not compliance.*

Defendants alternatively argue that the stay would have been appropriate even without the exhibits and that any Local Rule violation therefore would not undermine the stay's substantive basis. Defendants' Objection at 4. That assertion confirms that the issues are analytically distinct. If the stay did not depend upon the exhibits, then striking or disregarding them will not prejudice Defendants or impair whatever independent case-management rationale supports the stay. Conversely, the possibility that the Court could have entered the same stay on a different record does not transform a prohibited filing into a permitted one. At a minimum, the Court should clarify that it did not rely upon the contents or numerical volume of the prematurely docketed requests and should direct compliance with LR Cv 5(d) and LR Cv 34(a) going forward.

## VI. *DYNAMIC IMAGE TECHNOLOGIES* DOES NOT VALIDATE DEFENDANTS' CHARACTERIZATION OF THE EARLY REQUESTS OR THEIR FILING OF THE EXHIBITS.

*Dynamic Image Technologies* establishes that district courts possess broad discretion over the timing of discovery. Plaintiff does not dispute that general principle. The case does not, however, establish the materially different propositions for which Defendants employ it.

First, *Dynamic Image* involved claims against the United States under the Federal Tort Claims Act and a threshold challenge to subject-matter jurisdiction. The First Circuit emphasized the special threat presented by uncontrolled discovery against the federal sovereign while dispositive jurisdictional questions remained unresolved. 221 F.3d at 38. This case does not involve the United States, an FTCA waiver, or the same sovereign-immunity considerations.

Second, the plaintiffs in *Dynamic Image* sought to conduct discovery before resolution of the jurisdictional motion but never explained how the requested discovery would bear upon the

jurisdictional issue. *Id.* Here, Plaintiff did not demand immediate responses or production. He employed the advance-delivery mechanism expressly authorized by Rule 26(d)(2).

Third, *Dynamic Image* relied upon the plaintiffs' failure to oppose the stay motion within the available local-rule period. *Id.* Plaintiff here was not afforded the ordinary response period before the Court ruled and promptly sought leave to complete the record.

Finally, *Dynamic Image* says nothing about LR Cv 5(d), LR Cv 34(a), early Rule 34 delivery, the constructive-service provision in Rule 26(d)(2)(B), or whether discovery requests may be docketed as exhibits to a motion other than a motion to compel. It supports the Court's general discretion, but it does not answer the procedural questions raised in ECF No. 47.

## VII. THE JULY 29 CONVERSATION, AS DESCRIBED BY DEFENDANTS, WAS NOT A PARTICULARIZED EFFORT TO RESOLVE THE DISPUTE PRESENTED IN ECF NO. 39.

Defendants assert that Rule 26(c)(1)'s conferral requirement applies only to motions concerning "particular discovery disputes" and not to a general stay. The practical effect of ECF No. 39, however, was protective: Defendants requested an order relieving them from all fact-discovery activity pending disposition of ECF No. 20. The function of requested relief, not merely the title assigned to the motion, is relevant when determining whether the protections and good-cause principles of Rule 26(c) apply.

Even accepting Defendants' premise that ECF No. 39 arose exclusively from the Court's inherent case-management authority, the nature of the parties' communications remains pertinent to the discretionary equities. Defendants describe the July 29 call as one in which Attorney DeSisto announced that Defendants did not intend to engage in discovery and told Plaintiff he could raise the matter with the Court if he disagreed. Defendants do not represent that they:

- identified a specific request believed to be disproportionate;
- proposed revisions to any request;
- proposed a stipulated deferral of the Rule 26(f) conference;
- proposed a stipulated extension or suspension of future response dates;
- distinguished preservation and Rule 26(f) planning from enforceable discovery;
- requested that Plaintiff refrain from docketing the requests themselves; or
- attempted to reach agreement before filing ECF No. 39.

A unilateral declaration followed by an invitation for the opposing party to litigate the issue is not the same as an attempt to resolve the dispute without judicial action. This is particularly so where the Federal and Local Rules already supplied mechanisms for deferring service and response obligations.

## VIII. DEFENDANTS' RELIANCE UPON UNRELATED FILINGS AND THE LATER TEITZ DELIVERY DOES NOT CURE THE ORIGINAL RECORD.

Defendants now expressly describe the seven filings referenced in ECF No. 39 as Plaintiff's "seven (7) non-discovery filings." Defendants' Objection at 4. That characterization confirms Plaintiff's contention that the original motion aggregated legally distinct docket activity to create an impression of escalating discovery burden. Non-discovery motions and notices do not accelerate Rule 34 response dates, expand the scope of discovery, or create a production obligation.

The Court unquestionably may manage the overall pace of litigation. But unrelated filings cannot transform delivered Rule 26(d)(2) requests into served discovery or justify filing the requests themselves contrary to the Local Rules. If the Court has concerns about the number or frequency of docket filings, that concern can be addressed directly and prospectively without altering the

legal status of early Rule 34 deliveries.

Defendants' footnote concerning the request addressed to Defendant Andrew M. Teitz likewise requires precision. Defendants state that the Teitz request, containing separately numbered requests, was delivered after Defendants filed ECF No. 39. They do not state that it was delivered after the August 21 Text Order. The available request is dated August 20, 2026—before entry of the August 21 order. The footnote therefore does not establish disobedience of the stay.

Nor could a delivery occurring after ECF No. 39 retroactively supply the evidentiary basis for representations made in that motion. At most, it is later material presented in opposition to reconsideration. Its numerical length does not alter the operation of Rule 26(d)(2), and Defendants remain free to raise particularized scope and proportionality concerns at the procedurally appropriate time.

## IX. DEFENDANTS' MERITS CHARACTERIZATION WAS UNNECESSARY TO A NEUTRAL DISCOVERY-STAY REQUEST.

Defendants defend their characterization of Plaintiff's constitutional claims as a "gripe" by asserting that parties routinely summarize the underlying litigation when requesting a stay. A neutral summary may be appropriate; a pejorative merits characterization is not necessary to identify the procedural posture or to establish discovery burden.

Plaintiff does not request that the Court adjudicate the merits of his constitutional claims through this Reply. He requests only that the Court recognize that Defendants chose to inject a merits characterization into a discovery motion and then used Plaintiff's unanswered early requests as exhibits supporting that presentation. Correcting that characterization in Plaintiff's opposition

does not convert ECF No. 47 into an improper merits brief; it completes a record that previously contained only Defendants' description.

## X. NARROWLY TAILORED RELIEF IS AVAILABLE EVEN IF THE COURT MAINTAINS THE PROSPECTIVE STAY.

Defendants repeatedly argue that a temporary stay is a permissible case-management device. That proposition does not require wholesale denial of ECF No. 47. The Court may preserve its intended pause in fact discovery while correcting the collateral procedural consequences of the August 21 Text Order.

Plaintiff respectfully requests that the Court:

1. grant leave and deem Plaintiff's response in opposition to ECF No. 39 filed instanter;
2. reconsider, modify, and/or clarify the August 21, 2026 Text Order to state that Plaintiff's qualifying Rule 26(d)(2) requests were lawfully delivered but had not been served before the first Rule 26(f) conference;
3. clarify that, before the stay, no Rule 34 response or production deadline had matured and that the stay does not operate as a finding that Plaintiff violated Rule 26(d)(1) by employing Rule 26(d)(2);
4. strike or disregard the Rule 34 requests attached to ECF No. 39, or direct Defendants to refile ECF No. 39 without those exhibits, because LR Cv 34(a) permits filing requests for production only in connection with motions to compel production and no prior order authorized their filing;
5. clarify that the Court did not rely upon improperly docketed discovery materials as proof of a presently enforceable discovery burden;

6. direct all parties—not Plaintiff alone—to comply prospectively with LR Cv 5(d), LR Cv 34(a), and the prohibition against filing discovery materials except as those Rules or a specific court order permit;
7. clarify that preservation duties, reasonable litigation holds, and any future Rule 26(f) planning required by rule or court order remain distinct from active fact discovery; and
8. accept Exhibit A as the rejected, contemporaneous objection Plaintiff attempted to place on the docket and deem the Local Rule objection preserved as of the date it was tendered to the Clerk; and
9. grant such other relief as the Court deems just and appropriate.

These alternatives preserve the Court's discretion while preventing the stay from being construed as retroactive authorization for Defendants' filing conduct or as an adjudication that Plaintiff's authorized early deliveries were improper.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendants' Objection, grant ECF No. 47, deem Plaintiff's opposition to ECF No. 39 filed instanter, accept Exhibit A as the contemporaneous objection previously tendered to the Clerk, and reconsider, modify, and/or clarify the August 21, 2026 Text Order as set forth above. In the alternative, should the Court elect to maintain the prospective stay of fact discovery, Plaintiff requests that the Court grant the narrower corrective and clarifying relief requested in Section X.

Respectfully submitted,

**/s/**

**MICHAEL ERIC NELSON**

Plaintiff, Pro Se

Michael Eric Nelson

33 Hartford Avenue

South Kingstown, Rhode Island 02879

702.932.3434

Nelsontelco @gmail.com

Dated: September 9, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I caused a true and correct copy of the foregoing Plaintiff's Reply in Further Support of His Motion for Leave to File Response in Opposition Instanter and for Reconsideration, Modification, and/or Clarification of the August 21, 2026 Text Order, together with Exhibit A, to be served upon all counsel of record by serving the same to the Clerk of the Court for entry upon the public docket and service via ECF.

/s/

Michael Eric Nelson

33 Hartford Avenue

South Kingstown, Rhode Island 02879

702.932.3434

Nelsontelco @gmail.com

Dated: September 8, 2026

**EXHIBIT A**

**Plaintiff's Notice of Separate LR Gen 210 Attorney-Misconduct Submission; Objection to Defendants' Filing and Use of Early Rule 34 Materials Under Rule 26(d)(2) Contrary to LR Cv 5(d) and LR Cv 34(a); and Preservation of Objection Upon the Civil Docket**

**Document tendered to the Clerk and not accepted for filing on the civil docket.**

# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

**MICHAEL E. NELSON,**
Plaintiff,

v. C.A. No. **1:26-cv-00352-MRD-AEM**

**URSILLO, TEITZ & RITCH, LTD.;**
**MICHAEL A. URSILLO;**
**ANDREW M. TEITZ;**
**SCOTT A. RITCH;**
**ADAM J. SHOLES;**
**TOWN OF SOUTH KINGSTOWN; and**
**JANE AND JOHN DOES 1–27,**

Defendants.

## PLAINTIFF'S NOTICE OF SEPARATE LR GEN 210 ATTORNEY-MISCONDUCT SUBMISSION; OBJECTION TO DEFENDANTS' FILING AND USE OF EARLY RULE 34 MATERIALS UNDER RULE 26d(2) CONTRARY TO LR CV 5(d) AND LR CV 34(a); AND PRESERVATION OF OBJECTION UPON THE CIVIL DOCKET

Plaintiff Michael E. Nelson, proceeding pro se, respectfully submits this Notice and Objection concerning Defendants' August 20, 2026 Motion to Stay Fact Discovery.

Plaintiff files this document for three limited purposes:

1. to preserve his objection to Defendants' filing and use of Plaintiff's Rule 34 discovery materials;
2. to advise the Court that the professional-conduct aspects of that conduct have been separately submitted for consideration under **D.R.I. LR Gen 208–210**; and

3. to preserve the materially significant disparity between the Court's **August 17, 2026 refusal of Plaintiff's substantially similar Early Rule 34 filing (26d(2))** and Defendants' August 20 filing of four sets of Rule 34 materials.

The separate disciplinary complaint is **not attached** to this Notice because Plaintiff seeks to respect the preliminary confidentiality contemplated by LR Gen 216(a)(1). Formal grievance has been tendered to the Clerk for service upon ALL active US District Court Judges pursuant with local rule via formal written complaint sent via *CERTIFIED UNITED STATES POSTAL SERVICE:* *9214890142980495342730* - US District of Rhode Island Federal Court (Attn: Clerk of the Court).

## I. PLAINTIFF'S AUGUST 17 RULE 34 FILING WAS EXPRESSLY REFUSED

On **August 17, 2026**, Plaintiff attempted in good faith to submit a Request for Production to the Court.

Plaintiff is unrepresented and lacks formal legal training.

The Court issued an **Order of Return** expressly refusing the submission.

The Order identified the submission as a "Request for Production," invoked the prohibition against filing Rule 34 discovery, and separately directed:

**"Discovery requests must be served on the opposing party but not filed with the Court."**

The Order further identified the motion-to-compel circumstance in which pertinent discovery may appropriately accompany a filing.

The Order bears the signature of a United States Judge and is dated August 17, 2026.

Plaintiff attaches that Order as **Exhibit 1**.

## II. THREE DAYS LATER DEFENDANTS FILED FOUR SETS OF PLAINTIFF'S RULE 34 MATERIALS

On **August 20, 2026**, Defendants filed their Motion to Stay Fact Discovery.

Defendants did not merely notify the Court that Plaintiff had transmitted anticipated discovery materials. Rather, they affirmatively invoked those preliminary Rule 26(d)(2) requests as a purported basis for extraordinary judicial intervention, notwithstanding that the requests imposed no then-mature discovery obligation, created no present Rule 34 response burden, and therefore presented no cognizable discovery hardship requiring relief from the Court. Nor did Defendants undertake any meaningful good-faith meet-and-confer effort before seeking such extraordinary relief, thereby bypassing the ordinary procedural mechanisms intended to permit parties to identify, narrow, and potentially resolve discovery-related concerns without unnecessary judicial involvement.

<u>Defendants affirmatively incorporated actual Rule 34 materials in their filing as:</u>

- Exhibit A;
- Exhibit B;
- Exhibit C; and
- Exhibit D.

Defendants described the requests in their Motion, counted their requests and subparts, emphasized their numerical breadth, characterized them as “far-reaching,” and invoked the alleged time and resources required to respond as grounds for staying all fact discovery.

The filing bears electronic signatures for attorneys **Marc DeSisto, Sarah D. Boucher, and Peter F. Skwirz**, representing Defendants through two separate law firms.

The filing of the Rule 34 materials therefore was deliberate rather than accidental.

Whether that deliberate act also constituted a knowing or intentional violation is a matter Plaintiff has submitted separately for review under LR Gen 210.

---

## III. THE LOCAL RULES FACIALLY PROHIBIT THE FILING

**LR Cv 5(d)** provides that requests for production and other enumerated discovery documents are **not to be filed with the Court** unless otherwise ordered.

**LR Cv 34(a)** is more specific and provides that requests for production are **not** to be filed **except in connection with motions to compel production**.

Defendants' August 20 Motion was not a motion to compel, nor could it be claimed.

It was expressly a **Motion to Stay Fact Discovery**.

Plaintiff therefore objects to the filing of the Rule 34 materials and preserves his position that their docketing was contrary to the facial requirements of LR Cv 5(d) and LR Cv 34(a), and their filing materially prejudiced Plaintiff, in part because defendants used the filing for other purposes, specifically to make collateral attack on the Plaintiff’s constitutional cause of action, denying the Plaintiff an equal opportunity to respond.

---

## IV. EXHIBITS C AND D HAD NOT EVEN BEEN DEEMED SERVED

Asserted discovery-burden rationale is particularly problematic as to Exhibits C and D.

Those requests were expressly delivered pursuant to **Fed. R. Civ. P. 26(d)(2)** before the parties' first Rule 26(f) conference.

Rule 26(d)(2) allows advance **delivery**.

It does not make the request immediately served.

Under Rule 26(d)(2)(B), the request is considered served only at the **first Rule 26(f) conference**.

Rule 34(b)(2)(A) then provides that the written response to an early-delivered request is due **30 days after that conference**, absent stipulation or Court order.

Therefore, when Defendants filed their Motion on August 20:

- Exhibits C and D had not yet been deemed served;
- no Rule 34 response clock had begun;
- no response was overdue;
- no production obligation arising from those requests had matured;
- no objection deadline had expired;
- no Rule 37 dispute existed; and
- Plaintiff could not have compelled responses to them on the basis of an expired deadline.

The requests themselves expressly advised Defendants of this procedural status.

## V. RULE 26(d)(2) EXISTS TO FACILITATE THE RULE 26(f) DISCUSSION THAT HAD NOT YET OCCURRED

The Advisory Committee's explanation of Rule 26(d)(2) confirms that advance delivery exists to promote **focused discussion during the Rule 26(f) conference**. The Committee expressly recognizes that the conference may produce **changes to the requests**. The rule 26d(2) materials are filed early to allow parties opportunity to create preservation demands within their organizations (government), especially here when significant evidence exists of manipulation of closed government records.

That is significant.

The early requests supplied Defendants advance notice so they could arrive at Rule 26(f) prepared to discuss:

- relevance;
- scope;
- proportionality;
- custodians;
- temporal limitations;
- ESI;
- preservation;
- privilege;
- production format;
- sequencing; and
- reasonable narrowing or modification.

Accordingly, the numerical scope of Exhibits C and D did not necessarily represent the discovery that ultimately would proceed.

The Federal Rules specifically contemplated a process of **advance scrutiny followed by discussion and potential modification before the response obligation matured.**

**VI. DEFENDANTS CONVERTED AND EFFECTIVELY WEAPONIZED PRELIMINARY RULE 26(d)(2) MATERIALS INTO EVIDENCE OF A PRESENT BURDEN**

This sequence is central to Plaintiff's objection.

Defendants took discovery documents that:

- had merely been advance-delivered;
- had not yet been deemed served;
- imposed no matured response obligation;
- imposed no matured production obligation;
- were not the subject of a Rule 37 dispute;
- and existed specifically to facilitate Rule 26(f) discussion as contemplated by the Federal Rules under Rule 26d(2);

and placed those documents upon the <u>public docket</u> as evidence supposedly establishing a present discovery burden, when in fact according to the Federal and Local Rules no burden existed, demonstrating lack of candor with the Court.

Defendants then emphasized their length and complexity to obtain affirmative relief restricting future discovery, creating appearance to negate preservation obligations, to use them and their motion for collateral attack purposes to attack the merits of this constitutional cause of action based upon defendants repeated course of conduct in retaliation for exercise of first amendment rights among other alleged illegal purposes.

Plaintiff therefore respectfully submits that Defendants **converted — and effectively weaponized — preliminary Rule 26(d)(2) materials as purported evidence of a current burden at the very point when the Federal Rules contemplated discussion, scrutiny, and potential narrowing rather than production.**

This is materially different from showing the Court an overdue discovery request in connection with a ripe discovery dispute.

There was no overdue response.

There was no failure to produce.

**There was no mature Rule 34 controversy concerning** Exhibits C or D.

There had not even been the initial Rule 26(f) conference at which those requests first would be deemed served, and the parties afforded the opportunity to discuss and narrow the scope where appropriate.

Defendants did not attempt any prior conferral with the Plaintiff prior to filing their motion for extraordinary relief.

## VII. NO FILING OF THE ACTUAL DISCOVERY DOCUMENTS WAS NECESSARY TO ADVISE THE COURT OF ANTICIPATED FUTURE DISCOVERY

Plaintiff does not contend that the Court lacks inherent authority to manage anticipated discovery.

Defendants could have advised the Court that Plaintiff had delivered substantial anticipated Rule 34 requests and argued that future discovery should be stayed.

That proposition did not require them necessarily to place the complete Rule 34 documents upon the public docket.

The pertinent distinction therefore is between:

**seeking prospective case-management relief**, and

**filing actual Rule 34 materials that the Local Rules facially direct parties not to file outside the specified motion-to-compel context.**

The absence of any mature Rule 34 obligation substantially weakens any argument that filing the complete requests was procedurally necessary or proper and instead the filing is in direct contravention of the Local Rules of the Court.

## VIII. THE AUGUST 17 AND AUGUST 20 EVENTS CREATE A DIRECT APPEARANCE OF UNEVEN APPLICATION

The chronology is unusually stark:

**August 17, 2026**

The unrepresented Plaintiff attempts to file Early Rule 34 Request for Production.

The Court refuses and returns it, specifically instructing that discovery requests must be delivered (served) rather than filed. Plaintiff only delivered the Early Rule 34 requests and did so pursuant with Federal Rule 26d(2).

**August 20, 2026**

Defendants, represented by three licensed attorneys from two firms, file four sets of Plaintiff's Rule 34 materials, delivered to them under Rule 26d(2) and use those documents to obtain affirmative relief against Plaintiff, while collaterally attacking Plaintiff's constitutional cause of action, recharacterizing as something it is not thereby attacking the strawman of their own invention, not the actual constitutional controversy.

<u>The comparison involves:</u>

- the same litigation;
- the same Local Rules;
- substantially the same category of material;
- and events only three days apart.

Plaintiff does **not** allege judicial favoritism or discrimination as an established fact. Plaintiff respectfully submits that the record creates an objectively serious appearance of **materially uneven procedural application unless a legally cognizable distinction explains the disparate treatment.**

If such a distinction exists, transparent identification of that distinction would resolve the appearance of asymmetry, and promote public confidence in the judiciary.

If none exists, Plaintiff respectfully preserves this objection to the unequal procedural consequence, and the allowance of collateral attack on the Plaintiff's constitutional

cause of action, as demonstrated by the defendants filing that is also presented for the impermissible purpose of support of their motion to dismiss.

## IX. THE DISPARITY PRODUCED A SUBSTANTIVE LITIGATION CONSEQUENCE

This was not merely a technical docketing difference.

Plaintiff was prevented from placing his Early Rule 34 material before the Court because it was deemed discovery and a District Judge made an order to this effect as attached hereto as Exhibit 1.

Three days later, Defendants placed Plaintiff's discovery before the Court themselves and asked the Court to draw from its scope an inference **adverse to Plaintiff.**

Thus, Plaintiff was effectively prohibited from filing his discovery under the discovery-nonfiling rule while Defendants thereafter used substantially the same class of material **against him**, while also collaterally attacking the constitutional cause of action and impermissibly supporting their strawman caricature characterization of Plaintiff’s constitutional cause of action.

That circumstance heightens the importance of determining which rule governs and applying the rules evenhandedly.   As the present posture leaves the pro se non-legally educated layman Plaintiff at an impossible disadvantage having to follow rules which are not followed by the licensed attorneys who are officers of the Court.

## X. PLAINTIFF ACKNOWLEDGES DEFENDANTS' POTENTIAL RULE 5(d)(1)(A) ARGUMENT *AS A SORT OF DEFENSE*

For completeness, Plaintiff recognizes that **Fed. R. Civ. P. 5(d)(1)(A)** generally permits filing discovery materials when they are used in a court proceeding. Defendants may contend that because they chose to use Plaintiff's requests to support their Motion to Stay, Rule 5(d)(1)(A) authorized their filing. Plaintiff preserves the contrary position that this District's **LR Cv 34(a)** is more specific and expressly limits filing requests for production to only the motion-to-compel context.

<u>Plaintiff therefore respectfully preserves the question:</u>

**Does a party avoid (evade) LR Cv 34(a)'s express nonfiling rule merely by electing to use otherwise nonfiled Rule 34 requests as evidence in a motion seeking different relief?**

Plaintiff further notes that this question is particularly important because the Court's August 17 Order (attached) had just applied the discovery-nonfiling rule directly to Plaintiff.  **Chronology shows disproportionate treatment of adversaries.**

Plaintiff does not represent that this interpretive issue has already been adjudicated.

He asks only that it not be resolved implicitly and unevenly, nor allow the defendants collateral attack on Plaintiff’s constitutional cause of action to remain absent a formal response and opportunity to be heard via procedural due process of law.

**XI. SEPARATE LR GEN 210 SUBMISSION**

Plaintiff gives notice that the professional-conduct aspects of the foregoing circumstances have been separately submitted through the Clerk for consideration under **LR Gen 208–210**, sent via CERTIFIED USPS Mail to the Court.

<u>The separate submission asks the disciplinary authority to determine, inter alia:</u>

- whether the filing violated LR Cv 5(d) and/or LR Cv 34(a);
- whether any violation was knowing or intentional;
- whether Respondents knew of the August 17 Order;
- whether Respondents possessed a reasonable good-faith Rule 5(d) basis;
- whether filing the complete preliminary requests was reasonably necessary;
- and whether the use of those materials served any improper litigation purpose.

Plaintiff does not ask this public Notice itself to adjudicate attorney discipline.

## XII. LR GEN 210 AND LR GEN 216 WARRANT SEPARATE TREATMENT OF THE DISCIPLINARY COMPLAINT

LR Gen 210 does not appear to prescribe a standardized private attorney-misconduct complaint form or specific public docketing procedure.

Instead, allegations may come before the "Court"—defined for purposes of LR Gen 210 as the active district judges—**"whether by complaint or otherwise."**

Plaintiff therefore has tendered the separate submission through the Clerk for appropriate administrative routing to all active US District Court Judges per Local Rules.

Because **LR Gen 216(a)(1)** separately addresses the nonpublic treatment of preliminary LR Gen 210(b) materials before formal disciplinary proceedings commence, Plaintiff has deliberately not attached the disciplinary complaint itself to this public filing.

## XIII. POTENTIAL IMPROPER PURPOSE IS PRESERVED BUT NOT PREJUDGED

Plaintiff preserves the question whether the filing of preliminary Rule 26(d)(2) materials served any purpose beyond legitimate case management, including unnecessarily:

- burdening Plaintiff;
- increasing expense;

- causing delay;
- embarrassing or intimidating an unrepresented litigant;
- creating an adverse judicial characterization before initial Rule 26(f) conference;
- allowing impermissible collateral attack on Plaintiff's constitutional cause of action;
- or obtaining a procedural advantage from materials Plaintiff himself had just been prohibited from filing.

Plaintiff does **not** assert subjective bad faith or improper purpose as an established fact through this Notice, though preserves the objection and facts of the filing. Those issues require evidentiary determination, possible show cause hearing(s) and evidentiary hearing(s) and have been presented separately for appropriate judicial review.

**XIV. PUBLIC-IMPORTANCE CONTEXT**

The underlying action concerns Plaintiff's allegations involving **unattributed governmental legal determinations, governmental public-records practices, protected petitioning activity, and alleged <u>First Amendment retaliation,</u> among other allegations and claims.**

Those allegations remain subject to adjudication.

Plaintiff nevertheless submits that litigation concerning governmental transparency and constitutional petitioning rights particularly benefits from a procedural record demonstrating that published rules are applied through transparent and identifiable standards and evenly to both represented and unrepresented parties.

Neither Plaintiff nor Defendants should receive preferential procedure.

The same rules should govern both absent a legally meaningful distinction.

## XV. PLAINTIFF'S INTEGRATED OBJECTION

Plaintiff therefore expressly **objects** to:

1. Defendants' filing of Plaintiff's Early Rule 34 requests as Exhibits A–D;
2. reliance upon those discovery materials contrary to the facial language of LR Cv 5(d) and LR Cv 34(a);
3. characterization of preliminary Rule 26(d)(2) requests as evidence of a mature present discovery burden;
4. any suggestion that the numerical scope of advance-delivered requests represented discovery necessarily would proceed unchanged after Rule 26(f);
5. any reliance upon Exhibits C and D as evidence of overdue or presently due discovery obligations when those requests had not yet been deemed served;
6. any procedural treatment under which Plaintiff's own Rule 34 filing is rejected while represented Defendants may file substantially similar materials without an identified legal distinction; and
7. any inference that Plaintiff consented to, waived, or acquiesced in Defendants' filing merely by failing immediately to seek additional relief.

## XVI. PRESERVATION OF THE RECORD

Plaintiff expressly preserves all arguments concerning:

- LR Cv 5(d);
- LR Cv 34(a);
- Fed. R. Civ. P. 5(d)(1)(A);
- Fed. R. Civ. P. 26(d)(1) and (2);
- Fed. R. Civ. P. 34(b)(2)(A);
- the August 17 Order of Return;
- the proper use of preliminary Rule 26(d)(2) requests;
- evenhanded application of the Federal and Local Rules;
- the asserted burden underlying Defendants' Motion to Stay;
- all appropriate corrective relief;
- all appropriate appellate or other review; and
- the separate professional-conduct issues submitted pursuant to LR Gen 210.

## XVII. LIMITED REQUEST TO THE COURT

Plaintiff respectfully requests that, to the extent the Court considers or relies upon

Exhibits A–D in adjudicating Defendants' Motion to Stay, the Court first consider:

1. the August 17 Order refusing Plaintiff's substantially similar discovery filing;
2. LR Cv 5(d) and LR Cv 34(a);
3. the fact Exhibits C & D had not been deemed served when Defendants filed;
4. the absence of any matured Rule 34 response or production obligation;
5. the purpose of Rule 26(d)(2) in facilitating Rule 26(f) discussion and possible modification; and
6. the apparent tension between LR Cv 34(a) and Defendants' potential reliance upon Fed. R. Civ. P. 5(d)(1)(A).

Plaintiff further respectfully requests that no adverse inference concerning discovery burden be drawn merely from the pre-conference numerical scope of preliminary Rule 26(d)(2) materials without accounting for their actual procedural status.

---

**CONCLUSION**

Plaintiff's objection rests upon a narrow and documented proposition.

**Defendants deliberately filed and effectively weaponized preliminary Rule 26(d)(2) materials as evidence of a current burden at a point when those requests had not even been deemed served, generated no mature Rule 34 response or production obligation, and existed specifically to facilitate the Rule 26(f) discussion that had not yet occurred.**

Three days earlier, Plaintiff’s substantially analogous Rule 34 filing was expressly rejected by judicial order on the ground that discovery requests are to be served upon the parties rather than filed with the Court. That order, attached hereto, materially underscores the apparent disparity in procedural treatment: the unrepresented and legally untrained pro se Plaintiff is held to exacting compliance with procedural requirements, while multiple licensed attorneys are seemingly afforded substantially

greater latitude to disregard those same filing conventions and applicable Local Rules without comparable consequence.

Plaintiff therefore respectfully places this objection upon the civil docket, preserves all corresponding rights and arguments, and separately refers to the attorney-conduct aspects of the matter for neutral review under LR Gen 208–210.

Respectfully submitted,

/s/

**MICHAEL ERIC NELSON**
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated: August 24, 2026**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I caused a true and correct copy of the foregoing **Plaintiff's Notice of Separate LR Gen 210 Attorney-Misconduct Submission; Objection to Defendants' Filing and Use of Rule 34 Materials Contrary to LR Cv 5(d) and LR Cv 34(a); and Preservation of Objection Upon the Civil Docket** to be served upon all counsel of record by virtue of presentment to the Clerk of the Court for filing within the docket of the referenced matter.

**/s/**

**MICHAEL ERIC NELSON**
Plaintiff, Pro Se

33 Hartford Avenue
South Kingstown, Rhode Island 02879
Telephone: 702.932.3434 nelsontelco at gmail.com

**Dated 26 August 2026**

**EXHIBITS ANNEXED HERETO (EXHIBIT 1)**

**Exhibit 1** — August 17, 2026 Order of Return, to immediately follow

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TO: Michael Eric Nelson  Clerk CH

RE: Request for Production

Nelson VS Town of South Kingstown et al

I have reviewed your document(s) presented to the Clerk's Office on 8/17/2026 and have made the following determination:

- [ ] I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Clerk's Office.
- [x] Your document(s) are hereby refused and returned to you for the following reasons(s):

- [ ] 1. Pleadings, motions, other papers are not signed in accordance with (DRI LR Gen 308), (Fed.R. Civ. P. 11(a)), (DRI, LR Cv 5(a)(5)), (DRI LR Cr 57(a)(4)).
- [ ] 2. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (DRI LR Cv 7(a)).
- [ ] 3. New Cases must be accompanied by:
  a) Civil Cover Sheet (DRI LR Cv 5 (b));
  b) Summons (Fed. R. Civ. P. 4(a),(b));
  c) Filing fee of $402.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241 or an application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915;
  d) Original Complaint.
- [ ] 4. Papers will not be accepted for filing without a certificate of service. (DRI LR cv 5.1(b)), (DRI LR Gen 309(c)), (Fed. R. Cv. P. 5(d))
- [x] 5. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses, and Objections (Fed. R. Civ. P. 26(a), 34, and 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37(a)(2)), shall file all pertinent portions of discovery material with the motion and copies(DRI LR Cv 37 (a)).
- [ ] 6. All Checks must be made payable to the **Clerk, U.S. District Court.**
- [ ] 7. Motions to Appear Pro Hac Vice not in the proper form and/or does not include payment in the amount of $50.00 and/or does not include a full explanation as to questions answered affirmatively by prospective admittee. (DRI LR Gen 204)
- [ ] 8. Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties. (DRI LR Cv 5 (a)(1)).
- [x] 9. Discovery requests must be served on the opposing party but not filed with the Court

Enter:

[signature]

United States Judge

Date: August 17, 2026