**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL E. NELSON,
Plaintiff,

v.

URSILLO, TEITZ & RITCH, LTD.;
MICHAEL A. URSILLO;
ANDREW M. TEITZ;
SCOTT A. RITCH;
ADAM J. SHOLES;
TOWN OF SOUTH KINGSTOWN; and
JANE AND JOHN DOES 1–27,
Defendants.

Civil Action No. 1:26-cv-00352-MRD-AEM

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)**

Plaintiff Michael E. Nelson, appearing *pro se*, hereby gives notice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure that the above-captioned action is voluntarily dismissed, **without prejudice**, in its entirety and as to all Defendants, including Ursillo, Teitz & Ritch, Ltd.; Michael A. Ursillo; Andrew M. Teitz; Scott A. Ritch; Adam J. Sholes; the Town of South Kingstown; and Jane and John Does 1–27. In support of this Notice, Plaintiff states as follows:

1.Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

2.No Defendant has served an answer to the Complaint (ECF No. 1) or to the First Amended Complaint (ECF No. 5), and no Defendant has served a motion for summary judgment. The only responsive filing by any Defendant is the Motion to Dismiss in Lieu of Answer pursuant to Rule 12(b)(6) (ECF No. 20), filed July 28, 2026. A motion to dismiss under

Rule 12(b)(6) is neither an answer nor a motion for summary judgment and does not terminate a plaintiff's right to dismiss by notice under Rule 41(a)(1)(A)(i).

3.A notice of dismissal under Rule 41(a)(1)(A)(i) is effective upon filing and requires no order of the Court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–95 (1990).

4.Plaintiff has not previously dismissed, in any federal or state court, an action based on or including the claims asserted herein. Accordingly, pursuant to Rule 41(a)(1)(B), this dismissal is without prejudice.

5.Plaintiff expressly reserves, and does not waive, all rights and remedies available under the Rhode Island Access to Public Records Act, R.I. Gen. Laws § 38-2-1 *et seq.*, including without limitation the administrative and judicial remedies set forth in R.I. Gen. Laws §§ 38-2-8 and 38-2-9, and all other claims, rights, and remedies available under state or federal law. Nothing in this Notice shall be construed as an admission of any fact or as a concession regarding the merits of any claim or defense.

6.Plaintiff further reserves his rights under the First Amendment to the United States Constitution and Article I, Section 21 of the Rhode Island Constitution to speak publicly, including through the press and other public forums and media, regarding the practices challenged in this action, specifically the issuance of governmental determinations affecting statutory rights without identification of the responsible governmental actor, which Plaintiff continues to believe is unlawful. Plaintiff's election to dismiss this action without prejudice reflects a choice of forum and remedy, not an abandonment of that position. This action included a claim for First Amendment retaliation (Count VI of the First Amended Complaint), and Plaintiff expressly reserves the right to assert, in any appropriate forum, a claim under 42 U.S.C. § 1983 for retaliation should any Defendant take adverse action against him on account of his

public records requests, his petitioning activity, or his public statements concerning the matters described herein.

7.Plaintiff further notes that, as a self-represented litigant, he has been held to strict compliance with the Local Rules of this Court. On August 17, 2026, a United States Judge entered an Order of Return refusing Plaintiff's tendered Request for Production on the ground that discovery requests "must be served on the opposing party but not filed with the Court." See LR Cv 5(d); LR Cv 34(a). Three days later, on August 20, 2026, Defendants, through three licensed attorneys of record, filed four sets of Plaintiff's early Rule 34 requests delivered under FRCP Rule 26d(2) on the public docket as Exhibits A through D to their Motion to Stay Fact Discovery (ECF No. 39), a motion that was not a motion to compel production, and relied upon those materials to obtain relief against Plaintiff and impermissibly argue their strawman defense. Plaintiff attempted to preserve his objection, yet the filing was rejected by the Court Clerk to that disparity in ECF No. 47 and in his Reply of September 9, 2026, and it remains unresolved. Plaintiff does not assert judicial favoritism as an established fact; he submits that the unequal application of published procedural rules as between self-represented litigants and licensed attorneys, who are officers of the court, is a matter of legitimate public concern, and he intends to exercise his First Amendment rights to bring that concern, together with the practices challenged in this action, to public attention through the press and other public forums. Plaintiff's separate submission concerning attorney conduct under LR Gen 208–210 is not part of this civil action and is unaffected by this Notice. The present misconduct complaint does not encompass the alleged manipulation of closed governmental records approximately four hours after Adam Jacob Sholes was served with notice of this federal action. That matter is expressly preserved for future petitions, any ongoing Department of Justice investigation, and potential separate state and

federal proceedings, given the gravity of altering governmental records after the commencement of federal litigation.

8.Upon the filing of this Notice, all pending motions in this action, including Defendants' Motion to Dismiss (ECF No. 20), are moot.

Plaintiff respectfully requests that the Court Clerk close this case pursuant with this Notice and the Federal Rules.

Respectfully submitted,

/s/

______________________________

MICHAEL E. NELSON
*Plaintiff, Pro Se*
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel: (702) 932-3434

Dated: September 13, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2026, I filed the foregoing Notice of Voluntary Dismissal with the Clerk of the United States District Court for the District of Rhode Island and served a true copy upon the following counsel of record by notice to the Clerk of the Court via ECF.

/s/

______________________________

MICHAEL E. NELSON
*Plaintiff, Pro Se*
33 Hartford Avenue
South Kingstown, Rhode Island 02879
Tel: (702) 932-3434